**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MICHAEL RUBIN, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

MF GLOBAL, LTD., MAN GROUP PLC, KEVIN R. DAVIS, AMY S. BUTTE, ALISON J. CARNWATH, CHRISTOPHER J. SMITH, CHRISTOPHER BATES, HENRI J. STEENKAMP and EDWARD L. GOLDBERG,

Defendants.

---

Case No.  1:2008-cv-02233  (VM)


Class Action

---

### NOTICE OF MOTION AND MOTION OF THE SHEET METAL WORKERS PENSION PLAN OF NORTHERN CALIFORNIA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

**WOLF POPPER LLP**
Robert C. Finkel
Natalie M. Mackiel*
(SDNY admission pending, admitted NY)
845 Third Avenue
New York, NY 10022
(212) 759-4600

Attorneys for Movant and
Proposed Lead Counsel for the Class

Doc. 160546

PLEASE TAKE NOTICE that pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Sheet Metal Workers Pension Fund of Northern California ( "Sheet Metal Workers") will move this Court, at the United States Courthouse, located at 500 Pearl St., Courtroom 20B, New York, New York 10007, for an order: (1) appointing the Sheet Metal Workers to serve as Lead Plaintiff, (2) approving the Sheet Metal Workers' selection of Wolf Popper LLP to serve as Lead Counsel in this action, and (3) for such other and further relief as is just.

In support of its motion, the Sheet Metal Workers respectfully submits: (1) a Memorandum of Law, dated May 9, 2008; and (2) the Declaration of Robert C. Finkel, dated May 9, 2008.

The Sheet Metal Workers respectfully requests oral argument on the motion.

Dated: May 9, 2008

Respectfully submitted,

**WOLF POPPER LLP**

By: /s/ Robert C. Finkel

Robert C. Finkel (2373)
Natalie M. Mackiel (1948)
845 Third Avenue
New York, NY 10022
(212) 759-4600

Attorneys for Movant and
Proposed Lead Counsel for the Class

Doc. 160546

- 1 -

## **PROOF OF SERVICE**

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action. I am employed with Wolf Popper LLP, whose offices are located in the City and State of New York. My business address is: 845 Third Avenue, New York, NY 10022.

That on May 9, 2008, I served the foregoing documents entitled: NOTICE OF MOTION AND MOTION OF THE SHEET METAL WORKERS PENSION PLAN OF NORTHERN CALIFORNIAFOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL in this action, in particular on the following counsel for Defendants:

Bernard W. Nussbaum
David B. Anders
Won S. Shin
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
(212) 403-1365
Fax: (212) 403-2000
Email: bwnussbaum@wlrk.com

Elaine Patricia Golin
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
(212)-715-3269
Fax: (212)-715-8000
Email: EPGolin@wlrk.com

*Attorneys for Defendants MF Global, Ltd.,*
*Kevin R. Davis, Amy S. Butte, Alison J.*
*Carnwath, Christopher J. Smith, Christopher*
*Bates, Henri Steenkamp and Edward*
*Goldberg*

Brendan M. Schulman
Marshall Howard Fishman
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
(2120 474-1000
Fax: (212) 715-8220
Email: bschulman@kramerlevin.com
mfishman@kramerlevin.com

*Attorneys for Defendant Amy S. Butte*

BY ELECTRONIC MEANS:  I caused the above-referenced document to be uploaded onto the ECF system for the United States District Court, Southern District of New York.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct.

Executed on May 9, 2008, at New York, New York.

/s/ Robert C. Finkel

Robert C. Finkel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL RUBIN, Individually and On Behalf
of All Others Similarly Situated,

                        Plaintiff,

        v.

MF GLOBAL, LTD., MAN GROUP PLC,
KEVIN R. DAVIS, AMY S. BUTTE, ALISON J.
CARNWATH, CHRISTOPHER J. SMITH,
CHRISTOPHER BATES, HENRI J.
STEENKAMP and EDWARD L. GOLDBERG,

                 Defendants.

Case No.  1:2008-cv-02233 (VM)

Class Action

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
THE SHEET METAL WORKERS PENSION PLAN OF NORTHERN CALIFORNIA
FOR APPOINTMENT AS LEAD PLAINTIFF
AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

WOLF POPPER LLP
Robert C. Finkel (RF 2373)
Natalie M. Mackiel (NM 1948)*
(*SDNY admission pending, admitted NY)
845 Third Avenue
New York, NY 10022
(212) 759-4600

Attorneys for Movant and
Proposed Lead Counsel for the Class

Doc. 160514

## I.  **PRELIMINARY STATEMENT**

This memorandum of law is filed by the Sheet Metal Workers Pension Plan of Northern California ("Sheet Metal Workers") in support of its motion, pursuant to §27 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act (the "PSLRA"), for an order: (a) appointing the Sheet Metal Workers as Lead Plaintiff in this action and in any consolidated related action; and (b) approving its selection of Wolf Popper LLP as Lead Counsel.[1]

The Sheet Metal Workers invests the retirement assets of its members employed in the building and construction trade throughout Northern California.  The Sheet Metal Workers has over 10,000 participants and over $1 billion in assets.

## II.  **INTRODUCTION**

This action alleges that the Registration Statement and Prospectus issued in connection with the Initial Public Offering ("IPO") of MF Global, Ltd. ("MF Global" or the "Company"), contained untrue statements of material fact or omitted to state material facts required to be stated therein or necessary to make the statements therein not misleading in violation of §§ 11, 12(a)(2) and 15 of the Securities Act of 1933, as amended (the "Securities Act"), 15 U.S.C §§ 77k, 77l and 77o.  The action seeks relief on behalf of all purchasers of MF Global common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with the Company's IPO on or about July 19, 2007 and through February 28, 2008 (the "Class" and the "Class Period" respectively).

In class actions filed under the foregoing provisions of the federal securities laws, the PSLRA requires that courts appoint as Lead Plaintiff the member or members of the class that have satisfied certain procedural prerequisites and also constitute the "most adequate representative(s)"

---

[1] The Certification of Bruce Word  is annexed as Exhibit 1 to the accompanying Declaration of Robert C. Finkel (the "Finkel Decl.").

of the prospective class. As set forth below, the Sheet Metal Workers incurred losses of approximately $340,000 in MF Global common stock during the class period and amply satisfies all of the criteria for selection as Lead Plaintiff.

The Sheet Metal Workers also respectfully requests that the Court approve its selection of Lead Counsel, in accordance with the PSLRA. The law firm selected by the Sheet Metal Workers, Wolf Popper LLP, has extensive experience in securities class action litigation and is well-qualified to represent the interests of all Class Members.

The Sheet Metal Workers is aware of five related actions filed in the Southern District of New York,[2] consolidated by Orders of the Court in the individual cases and in the consolidated case, ordering that "all filings in connection with the consolidated action be docketed against the remaining lower number case, 08 Civ. 2233 [Rubin v. MF Global, Ltd. et al]."[3]

## III.    STATEMENT OF FACTS

MF Global is a publicly owned brokerage firm. It provides execution and clearing services for exchange-traded and over-the-counter derivative products, as well as non-derivative foreign exchange products and securities in the cash market. MF Global is registered in Hamilton, Bermuda, with its principal corporate offices at 717 Fifth Avenue, 9th Floor New York, New York 10022. MF Global sold more than 107 million shares of common stock in it July 19, 2007 IPO at $30 per share.

Plaintiffs in the consolidated actions allege that the Registration Statement and Prospectus issued in connection with MF Global's Initial Public Offering on or about July 19, 2007 contained

---

[2] Rubin v. MF Global, Ltd. et al, No. 1:2008-cv-02233; Katz v. MF Global, Ltd. et al, No. 1:2008-cv-02802; Sunshine Wire and Cable Defined Benefit Pension Plan Trust v. MF Global Ltd et al, No. 1:2008-cv-02867; Matassa v. MF Global Ltd et al, No. 1:2008-cv-02895; Rudnick v. MF Global, Ltd. et al, No. 1:2008-cv-03359.

[3] Orders dated March 31, 2008, April 7, 2008, April 9, 2008, and April 15, 2008 signed by Hon. Victor Marrero.

untrue statements of material fact or omitted to state material facts required to be stated therein or necessary to make the statements therein not misleading. The Registration Statement and Prospectus included statements that materially misrepresented MF Global's risk management policies, procedures and systems; falsely represented that it monitors clients' open positions and margin levels on a real-time basis; failed to disclose that the Company's risk management controls were suspended or eliminated to speed up certain trades; and failed to disclose that the Company eliminated credit and risk analysis, buying power limits and controls which allowed  MF Global representatives to place orders disregarding margin requirements.  As a result of the foregoing, the Registration Statement and Prospectus were false and misleading at all relevant times.

On February 28, 2008, prior to the opening of trading, MF Global issued a press release announcing that it was taking a $141.5 million bad debt provision because an MF Global employee trader, Evan Dooley, lost almost $150 million in the commodities market by taking a large un-hedged position consisting of thousands of wheat contracts valued at hundreds of millions of dollars on the Chicago Board of Trade.

MF Global also hosted a conference call on February 28, during which, according to a February 29, Wall Street Journal article, Defendant Davis, MF Global CEO, "acknowledged that existing internal controls could have stopped Mr. Dooley's trades from being processed – but were turned off in a few cases to allow for speedier transactions by brokers at the firm who traded for themselves or took customer orders by phone."  Davis went on to admit that it "was a mistake" to allow some offices not to have buying power controls.

Following the announcements, Fitch Ratings issued a Negative Rating Watch and a managing director noted, "[t]his does open the view that their customers are taking more risk than we thought."  Bank of America stated, "[t]he questions raised around the company's risk-

management practices are likely to keep the stock depressed for quite some time." Credit Suisse stated that "the magnitude of the loss is clearly disconcerting to us and calls into question the degree of risk taking and risk management at [MF Global]." As a result of these disclosures, MF Global stock plummeted over 27%, or $8.00 a share on February 28, 2008, fell an additional $3.64 on February 29, 2008, and traded at an average price of $13.26 per share from February 28, 2008 through May 8, 2008.

## IV.    ARGUMENT

### A.    THE SHEET METAL WORKERS SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1.    The Sheet Metal Workers Satisfies The Procedural Requirements Of The PSLRA

Under the provisions of the PSLRA, a person or group of persons seeking to serve as Lead Plaintiff must fulfill certain procedural prerequisites prior to being appointed to serve in such a capacity. Plaintiffs who commence securities class actions must publish a notice to the class, within twenty days of filing the action, informing class members of the pendency of the action and their right to file a motion for appointment as Lead Plaintiff. See 15 U.S.C. §77z-1(a)(3)(A)(i). Within sixty days after that publication of notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiffs. Id.

On March 6, 2008, the first action against defendants was filed. On March 10, 2008, the initial notice was published and disseminated over *Businesswire*, a widely circulated, international, business-oriented wire service. A copy of this notice is attached as Exhibit 2 to the Finkel Decl. The motion of the Sheet Metal Workers, which is being submitted to this Court on May 9, 2008, is timely because it is being made within sixty days after publication of the initial notice.

##### a.    The Sheet Metal Workers Constitutes The "Most Adequate Plaintiff"

The PSLRA mandates that, not more than ninety days after publication of the initial notice

of pendency, a court shall consider any motion made by any class member, and appoint as Lead Plaintiff the member(s) of the class that the court determines to be most capable of adequately representing the interests of class members.  See 15 U.S.C. §77z-1(a)(3)(B)(i).  Under the PSLRA, such persons are referred to as the "most adequate plaintiff."  Id.  The statute requires that courts presume that the most adequate plaintiff is the person or group of persons that:

(aa)    has either filed the complaint or made a motion in response to a notice . . .;
(bb)    in the determination of the Court, has the largest  financial interest in the relief sought by the class; and
(cc)    otherwise satisfies the requirements of Rule 23 of  the Federal Rules of Civil Procedure.

The Sheet Metal Workers is entitled to this presumption and is demonstrably the most adequate plaintiff.

### b.    The Sheet Metal Workers Has Made A Timely Motion For Appointment as Lead Plaintiff

The Sheet Metal Workers has fulfilled the first prong of the test for most adequate plaintiff. It has attested to its willingness to serve as representative on behalf of the Class, and has made this motion. See Finkel Decl., Exhibit 1.  The Sheet Metal Workers also submitted a pre-motion letter, dated May 2, 2008, to the Court in accordance with Section II.A. of the Individual Practices of United States District Judge Victor Marrero.  A copy of this communication is attached as Exhibit 3 to the Finkel Decl.  Therefore this element is satisfied.

### c.    The Sheet Metal Workers Has The Largest Financial Interest

The second prong of the test for the "most adequate plaintiff" requires the Court to appoint as lead plaintiff the class member who "has the largest financial interest in the relief sought by the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

The Sheet Metal Workers believes that it has the largest financial interest in the relief sought by the Class.  It purchased a total of 33,975 shares of MF Global common stock traceable to the July

19, 2007 Registration Statement, and has sustained losses of approximately $340,000 as a result of

Defendants' false and misleading statements.  The Sheet Metal Workers is unaware of any person

who has a larger financial interest in the relief sought by the Class.  A chart quantifying the losses

of The Sheet Metal Workers is attached as Exhibit 4 to the Finkel Decl.

### d.        The Sheet Metal Workers Otherwise Satisfies Rule 23

In addition to the aforementioned requirements, 15 U.S.C. §7z-1(a)(3)(B)(iii)(I)(cc) dictates

that the proposed Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the

Federal Rules of Civil Procedure."  To satisfy Rule 23, persons seeking class certification must

demonstrate that: the number of class members is so large that joinder of all class members is

impracticable; common issues of law and fact exist and predominate over individual questions; the

class representatives are typical of class members; the class representatives will fairly and

adequately protect the interests of the class; and a class action is superior to individual actions.  See

Fed. R. Civ. P. 23(a) and (b)(3).  For purposes of a motion for appointment of lead plaintiff, a

movant need only make a preliminary showing that he or she satisfies Rule 23.  See In re Fuwei

Films Securities Litigation, No. 07 Civ. 9416 RJS, 2008 WL 216289, *4 (S.D.N.Y. Jan. 24, 2008)

("in deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary

showing that the adequacy and typicality requirements under Rule 23 have been met"), citing to

Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc., 229 F.R.D. 395,

412 (S.D.N.Y. 2004).

Of the prerequisites to class certification set forth in Rule 23, only the typicality and

adequacy prongs are implicated in any consideration of the "most adequate plaintiff."  This is made

clear by the PSLRA, which provides that the presumption in favor of the most adequate plaintiff

may be rebutted only upon proof that this individual or group:

(aa) will not fairly and adequately protect the interest of the class; or
(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §77z-1(a)(3)(B)(iii)(II). Consequently, in deciding a motion for appointment of Lead Plaintiff, inquiry should be limited to the typicality and adequacy prongs of Rule 23(a). See Corwin v. Seizinger., No. 07 Civ. 6728 DC, 2008 WL 123846, *2 (S.D.N.Y. Jan. 8, 2008) ("As for the requirements of Rule 23, at this stage a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.").

### (1)    The Sheet Metal Workers Fulfills The Typicality Requirement

The typicality requirement of Rule 23(a)(3) is satisfied when each class member's claims arise from the same course of events and each class member makes similar arguments to prove the defendants' liability. See Constance Sczesny Trust, at 324; see also In re Oxford Health Plans, Inc., Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[Typicality is satisfied where the claims] arise from the same conduct from which the other class members' claims and injuries arise.") citing In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir.1992).

The Sheet Metal Workers seeks to represent a Class of persons who purchased MF Global common stock traceable to the July 19, 2007 Registration Statement during the Class Period and were damaged thereby. The Sheet Metal Workers satisfies the typicality requirement because it: (i) purchased MF Global common stock during the Class Period; (ii) traceable to July 19, 2007 Prospectus containing materially false and misleading statements caused to be issued by the defendants during the Class Period; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by the Sheet Metal Workers arise "from the same event or course of conduct that give rise to claims of other class members and the claims are based on the same legal theory." Walsh v. Northrop Grumman Corp., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

### (2)    The Sheet Metal Workers Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." Adequacy depends upon the existence of common interests between the class members and the representative party and a showing of a willingness of the representative party to vigorously prosecute the action on behalf of the class members. In re Espeed, Inc. Sec. Litig., 232 F.R.D. 95, 103 (S.D.N.Y. 2005).

Here, the interests of the Sheet Metal Workers are clearly aligned with the members of the Class, and there is no evidence of any antagonism between their interests and the Class. As detailed above, the Sheet Metal Workers shares identical questions of law and fact with the members of the Class, and its claims are typical of the claims of other Class members. Further, the Sheet Metal Workers has already demonstrated their interest in pursuing this action on behalf of the Class by signing the Certification attesting to their willingness to assume the responsibilities of Class representative, and by informing the Court of its intention to file the motion.

The Sheet Metal Workers is the victim of the same fraud as all other Class members, and its claims raise similar questions of law and fact as those of all Class members. To further its own interests, the Sheet Metal Workers will necessarily have to advance the interests of all Class members. The Sheet Metal Workers have already demonstrated that it is committed to vigorously prosecuting claims on behalf of the Class, by retaining counsel experienced in complex class litigation and by executing the Certification attesting to their willingness to serve as Class representatives. The Sheet Metal Workers will adequately represent the interests of Class members.

### B.    THE COURT SHOULD APPROVE THE SHEET METAL WORKERS' CHOICE OF COUNSEL

Pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class. The proposed Lead Plaintiff has selected Wolf

Popper LLP as lead counsel to prosecute the action. Wolf Popper LLP has been highly successful in prosecuting securities fraud class action litigation, as outlined in its firm's resume annexed as Exhibit 5 to the Finkel Decl. Thus, the Court may be assured that by granting this motion, the members of the Class will receive the highest caliber legal representation available.

## V.    CONCLUSION

For of the foregoing reasons, the Sheet Metal Workers respectfully requests that the Court grant its motion for appointment as Lead Plaintiff and appointment of the counsel it has selected as Lead Counsel for all plaintiffs and Class members in connection with these proceedings.

Dated: May 9, 2008                              Respectfully submitted,
                                                **WOLF POPPER LLP**

                                                By: /s/ Robert C. Finkel

                                                Robert C. Finkel (RF 2373)
                                                Natalie M. Mackiel (NM 1948)
                                                845 Third Avenue
                                                New York, NY 10022
                                                (212) 759-4600

                                                Attorneys for The Sheet Metal Workers and
                                                Proposed Lead Counsel for the Class

## PROOF OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action.  I am employed with Wolf Popper LLP, whose offices are located in the City and State of New York.  My business address is: 845 Third Avenue, New York, NY 10022.

That on May 9, 2008, I served the foregoing documents entitled: MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE SHEET METAL WORKERS PENSION PLAN OF NORTHERN CALIFORNIA FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL in this action, in particular on the following counsel for Defendants:

Bernard W. Nussbaum
David B. Anders
Won S. Shin
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
(212) 403-1365
Fax: (212) 403-2000
Email: bwnussbaum@wlrk.com

Brendan M. Schulman
Marshall Howard Fishman
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
(2120 474-1000
Fax: (212) 715-8220
Email: bschulman@kramerlevin.com
mfishman@kramerlevin.com

Elaine Patricia Golin
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
(212)-715-3269
Fax: (212)-715-8000
Email: EPGolin@wlrk.com

*Attorneys for Defendant Amy S. Butte*

*Attorneys for Defendants MF Global, Ltd.,
Kevin R. Davis, Amy S. Butte, Alison J.
Carnwath, Christopher J. Smith, Christopher
Bates, Henri Steenkamp and Edward Goldberg*

BY ELECTRONIC MEANS:  I caused the above-referenced document to be uploaded onto the ECF system for the United States District Court, Southern District of New York.

Doc. 160514

- 10 -

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct.

Executed on May 9, 2008, at New York, New York.

/s/  Robert C. Finkel

Robert C. Finkel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL RUBIN, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

MF GLOBAL, LTD., MAN GROUP PLC, KEVIN R. DAVIS, AMY S. BUTTE, ALISON J. CARNWATH, CHRISTOPHER J. SMITH, CHRISTOPHER BATES, HENRI J. STEENKAMP and EDWARD L. GOLDBERG,

Defendants.

Case No. 1:2008-cv-02233 (VM)

Class Action

---

### DECLARATION OF ROBERT C. FINKEL IN SUPPORT OF MOTION OF THE SHEET METAL WORKERS PENSION PLAN OF NORTHERN CALIFORNIA FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL

I, Robert C. Finkel, declare as follows:

1.     I am a partner of the law firm of Wolf Popper LLP, counsel for the Sheet Metal Workers Pension Plan of Northern California ("Sheet Metal Workers"). I submit this Declaration in support of the Motion of the Sheet Metal Workers to be appointed as Lead Plaintiff, and for approval of Lead Plaintiff's selection of Lead Counsel.

2.     Attached as Exhibit 1 is a true and correct copy of the signed Certification of Bruce Word, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1(a)(2).

3.     Attached as Exhibit 2 is a true and correct copy of the initial notice to class members

Doc. 160540

by Weiss & Lurie that was published on March 10, 2008, on *Business Wire*, advising the public of the pendency of a class action filed on behalf of shareholders of MF Global, Ltd. ("MF Global" or the "Company") .

      4.     Attached as Exhibit 3 is a true and correct copy of the facsimile confirmation of the pre-motion letter, dated May 2, 2008, sent to the Court in accordance with Section II.A. of the Individual Practices of United States District Judge Victor Marrero.

      5.     Attached as Exhibit 4 is a true and correct copy of a chart of the transactions of the Sheet Metal Workers in MF Global common stock and its approximate losses on purchases made during the period July 19, 2007 through February 28, 2008, inclusive (the "Class Period").

      6.     Attached as Exhibit 5 is a true and correct copy of the firm biography for Wolf Popper LLP, the law firm Sheet Metal Workers asks the Court to approve as Lead Counsel.

I hereby declare under penalty of perjury under the laws of the United States and the laws of the State of New York that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on May 9, 2008, at New York, New York.

/s/ Robert C. Finkel

Robert C. Finkel

## PROOF OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action. I am employed with Wolf Popper LLP, whose offices are located in the City and State of New York. My business address is: 845 Third Avenue, New York, NY 10022.

That on May 9, 2008, I served the foregoing documents entitled: DECLARATION OF ROBERT C. FINKEL IN SUPPORT OF MOTION OF THE SHEET METAL WORKERS PENSION PLAN OF NORTHERN CALIFORNIA FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL in this action, in particular on the following counsel for Defendants:

Bernard W. Nussbaum
David B. Anders
Won S. Shin
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
(212) 403-1365
Fax: (212) 403-2000
Email: bwnussbaum@wlrk.com

Elaine Patricia Golin
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
(212)-715-3269
Fax: (212)-715-8000
Email: EPGolin@wlrk.com

*Attorneys for Defendants MF Global, Ltd.,
Kevin R. Davis, Amy S. Butte, Alison J.
Carnwath, Christopher J. Smith, Christopher
Bates, Henri Steenkamp and Edward
Goldberg*

Brendan M. Schulman
Marshall Howard Fishman
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
(2120 474-1000
Fax: (212) 715-8220
Email: bschulman@kramerlevin.com
mfishman@kramerlevin.com

*Attorneys for Defendant Amy S. Butte*

Doc. 160540

-i-

BY ELECTRONIC MEANS:  I caused the above-referenced document to be uploaded onto

the ECF system for the United States District Court, Southern District of New York.

I declare under penalty of perjury under the laws of the United States and the State of New

York that the foregoing is true and correct.

Executed on May 9, 2008, at New York, New York.

/s/ Robert C. Finkel

Robert C. Finkel

**Exhibit 1**

## LEAD PLAINTIFF CERTIFICATION

Bruce Word, on behalf of the Sheet Metal Workers Pension Plan of Northern California ("Sheet Metal Workers"), hereby states:

1.      I am the Co-Chair for the Sheet Metal Workers. As the Co-Chair, I am authorized to execute this certification on the Sheet Metal Workers' behalf.

2.      I have authorized the filing of the lead plaintiff motion on behalf of the Sheet Metal Workers.

3.      The Sheet Metal Workers did not purchase any shares of MF Global Ltd. common stock at the direction of counsel or in order to participate in this private action.

4.      During the Class Period alleged in this Action (July 19, 2007 through February 28, 2008), the Sheet Metal Workers made the following transactions in MF Global Ltd. common stock:

### See Attachment

5.      The Sheet Metal Workers has served or has sought to serve as a representative party on behalf of a class, in the following action under the federal securities laws during the last three years:  In re Smith & Wesson Holding Corp. Sec. Litig., Civil Action No. 07-30238 (D. Mass.).

6.      The Sheet Metal Workers will not accept any payment for serving as a representative party on behalf of a class except to receive its pro rata share of any recovery, or as ordered or approved by the Court, including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _28_ th day of April, 2008

_____
Bruce Word

Doc. 160506

SHEET METAL WORKERS PENSION PLAN OF NORTHERN CALIFORNIA

**Trading In MF Global Ltd. Common Stock**
**Class Period July 19, 2007 through February 28, 2008**

| | PURCHASES | | | SALES | |
|---|---|---|---|---|---|
| Date | Shares | Price | Date | Shares | Price |
| 7/18/07 | 1910 | 30 | | | |
| | | | 7/19/07 | 1910 | 27.629 |
| 9/28/07 | 780 | 29 | | | |
| 9/28/07 | 860 | 29 | | | |
| 10/3/07 | 2700 | 30.065 | | | |
| 10/3/07 | 10700 | 29.935 | | | |
| 10/16/07 | 6000 | 30.293 | | | |
| | | | 11/6/07 | 100 | 30.27 |
| 11/19/07 | 25 | 27.6 | | | |
| | | | 12/14/07 | 2100 | 29.944 |
| 1/9/2008 | 3700 | 29.162 | | | |
| 2/7/2008 | 7300 | 28.243 | | | |

**Exhibit 2**

Powered by

**Business Wire** 

Search Results for Google

| Sharing | March 10, 2008 02:17 PM Eastern Daylight Time |
| --- | --- |

**Sharing**

- Digg
- del.icio.us
- Newsvine
- Reddit
- Google
- Yahoo
- Permalink

# Weiss & Lurie Announces Class Action Suit Against MF Global, Ltd.

NEW YORK--(BUSINESS WIRE)--The law firm of Weiss & Lurie announces that on March 6, 2008, it filed a class action lawsuit on behalf of purchasers of the common stock of MF Global, Ltd., ("MF" or the "Company") (NYSE:MF), in its Initial Public Offering on July 19, 2007 and on the open market through February, 28, 2008 (the "Class Period").

Other law firms, who do not represent MF clients and have not filed lawsuits, but have sought to piggyback on the work done and complaint filed by Weiss & Lurie, have published misleading notices to solicit clients. Those notices are published by lawyers in search of litigation. This notice is being disseminated pursuant to federal law in order to advise shareholders of the actual filing of the lawsuit and their rights in connection therewith.

The complaint asserts claims against defendants MF, Man Group Plc, Kevin R. Davis, Amy S. Butte, Alison J. Carnwath, Christopher J. Smith, Christopher Bates, Henri J. Steenkamp and Edward L. Goldberg for violations of Sections 11, 12(2) and 15 of the Securities Act of 1933. The complaint alleges that the Registration Statement and Prospectus issued in connection with the IPO were materially false and misleading. The action is pending in the United States District Court for the Southern District of New York as civil action number 08-cv-2233 before the Honorable Victor Marrero.

Plaintiff is represented by the law firm of Weiss & Lurie, which possesses significant experience and expertise in prosecuting class actions on behalf of shareholders in federal and state courts throughout the United States. Weiss & Lurie has been collectively responsible for recovering more than a billion dollars on behalf of class members.

If you bought MF securities between July 19, 2007 and February 28, 2008, you may move the court no later than May 9, 2008, to serve as a lead plaintiff of the class. To serve as a lead plaintiff, you must meet certain legal requirements. A lead plaintiff is a representative party that acts on behalf of other class members in directing the litigation. To be appointed a lead plaintiff, the Court must determine that the class member's claim is typical of the claims of other class members, and that the class member will adequately represent the class. Under certain circumstances, one or more class members may together serve as a "lead plaintiff." Your ability to share in any recovery is not, however, affected by the decision whether or not to serve as a lead plaintiff. You may retain Weiss & Lurie or other counsel of your choice, to serve as your counsel in this action.

If you wish to receive an investor package or if you wish to discuss this action, have any questions concerning this notice or your rights or interests with respect to this matter, or if you have any information you wish to provide to us, please contact:

Joseph H. Weiss, James E. Tullman, and/or Richard A. Acocelli, (888) 593-4771 or (212) 682-3025, via Internet electronic mail at infony@weisslurie.com or by writing Weiss & Lurie, The French Building, 551 Fifth Avenue, Suite 1600, New York, New York 10176.

 Print

**Contacts**

Weiss & Lurie
Joseph H. Weiss, James E. Tullman,
Richard A. Acocelli
888-593-4771 or 212-682-3025
infony@weisslurie.com



Terms of Use   |   ©2008 Business Wire

Exhibit 3

7000037000                                                    P.01/01

# TRANSACTION REPORT

MAY/02/2008/FRI 04:44 PM

BROADCAST

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|----------|----------|------|-----------|---|------|
| 001 | MAY/02 | 04:36PM | 12128056382 | 0:00:49 | 4 | MEMORY  OK | SG3 | 0679 |
| 002 | | 04:37PM | 12126823010 | 0:01:02 | 4 | MEMORY  OK | ECM | 0679 |
| 003 | | 04:39PM | 12123715969 | 0:01:24 | 4 | MEMORY  OK | ECM | 0679 |
| 004 | | 04:40PM | 12128837057 | 0:01:11 | 4 | MEMORY  OK | ECM | 0679 |
| 005 | | 04:42PM | 12124032000 | 0:00:55 | 4 | MEMORY  OK | SG3 | 0679 |
| 006 | | 04:43PM | 12127158220 | 0:01:22 | 4 | MEMORY  OK | G3 | 0679 |
| | TOTAL | | | 0:06:43 | 24 | | | |

LAW OFFICES
WOLF POPPER LLP
845 Third Avenue
New York, New York  10022

TEL: (212) 759-4600
FAX: (212) 486-2093

Sender's Direct Phone: (212) 451-9620
Secretary's Direct Phone: (212) 451-9613

## FAX COVER SHEET

| | | | |
|---|---|---|---|
| **FROM:** | Robert C. Finkel, Esq. | | |
| **DATE:** | May 2, 2008 | **CASE:** | MF Global, Ltd. |
| **TO:** | Hon. Victor R. Marrero, Esq.<br>United States District Judge | **Fax:** | 212.805.6382 |
| **cc:** | | | |
| **TO:** | James Evan Tullman, Esq.<br>Joseph H. Weiss, Esq.<br>Richard Adam Acocelli, Jr., Esq. | **FAX:** | 212.682.3010 |
| **FIRM:** | WEISS & LURIE | | |
| **TO:** | Richard Speirs, Esq.<br>Shaye J. Fuchs, Esq. | **FAX:** | 212.371.5969 |
| **FIRM:** | ZWERLING, SCHACHTER & ZWERLING | | |
| **TO:** | Lynda J. Grant, Esq.<br>S. Douglas Bunch, Esq.<br>Steven Jeffrey Toll, Esq. | **FAX:** | 212.883.7057 |
| **FIRM:** | COHEN, MILSTEIN, HAUSFELD & TOLL, PL.L.C. | | |
| **TO:** | Bernard W. Nussbaum, Esq.<br>David B. Anders, Esq.<br>Won S. Shin, Esq. | **FAX:** | 212.403.2000 |
| **FIRM:** | WACHTELL, LIPTON, ROSEN & KATZ | | |
| **TO:** | Elaine Patricia Golin, Esq.<br>Brendan M. Schulman, Esq.<br>Marshall Howard Fishman, Esq. | **FAX:** | 212.715.8220 |

LAW OFFICES
**WOLF POPPER LLP**
845 Third Avenue
New York, New York 10022
Sender's Direct Phone: (212) 451-9620
Secretary's Direct Phone: (212) 451-9613

TEL: (212) 759-4600
FAX: (212) 486-2093

## FAX COVER SHEET

| | | | |
|---|---|---|---|
| **FROM:** | Robert C. Finkel, Esq. | **CASE:** | MF Global, Ltd. |
| **DATE:** | May 2, 2008 | | |
| **TO:** | Hon. Victor R. Marrero, Esq.<br>United States District Judge | **Fax:** | 212.805.6382 |
| **cc:** | | | |
| **TO:** | James Evan Tullman, Esq.<br>Joseph H. Weiss, Esq.<br>Richard Adam Acocelli, Jr., Esq. | **FAX:** | 212.682.3010 |
| **FIRM:** | WEISS & LURIE | | |
| **TO:** | Richard Speirs, Esq.<br>Shaye J. Fuchs, Esq. | **FAX:** | 212.371.5969 |
| **FIRM:** | ZWERLING, SCHACHTER & ZWERLING | | |
| **TO:** | Lynda J. Grant, Esq.<br>S. Douglas Bunch, Esq.<br>Steven Jeffrey Toll, Esq. | **FAX:** | 212.883.7057 |
| **FIRM:** | COHEN, MILSTEIN, HAUSFELD & TOLL, PL.L.C. | | |
| **TO:** | Bernard W. Nussbaum, Esq.<br>David B. Anders, Esq.<br>Won S. Shin, Esq. | **FAX;** | 212.403.2000 |
| **FIRM:** | WACHTELL, LIPTON, ROSEN & KATZ | | |
| **TO:** | Elaine Patricia Golin, Esq.<br>Brendan M. Schulman, Esq.<br>Marshall Howard Fishman, Esq. | **FAX:** | 212.715.8220 |
| **FIRM:** | KRAMER LEVIN NAFTALIS & FRANKEL, LLP | | |

The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited.

**MESSAGE:**

58161.1

**TOTAL NUMBER OF PAGES (including cover sheet):** __4__

LAW OFFICES

# WOLF POPPER LLP

845 THIRD AVENUE

NEW YORK, N.Y. 10022-6601

(212) 759-4600

DIRECT DIAL:  212.451.9620

FACSIMILE: (212) 486-2093

WWW.WOLFPOPPER.COM

Direct e-mail: rfinkel@wolfpopper.com

May 2, 2008

By Facsimile (212) 805-6382

Hon. Victor R. Marrero
United States District Court Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Suite 660
New York, New York 10007

Re:    **Michael Rubin v. MF Global, Ltd. et al. No. 1:2008-cv-02233**

Dear Judge Marrero:

We represent the Sheet Metal Workers Pension Fund of Northern California ("Sheet Metal Workers"), an investor in MF Global, Ltd. common stock. Currently pending before Your Honor is the above consolidated action brought pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

Pursuant to Section 27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(3)(B), as amended by the PSLRA, we intend to file a motion with this court on May 9, 2008, on behalf of the Sheet Metal Workers, for an order (1) appointing the Sheet Metal Workers to serve as Lead Plaintiff; and (2) approving the Sheet Metal Workers' selection of Wolf Popper LLP to serve as Lead Counsel in the above action.

The first of the actions against defendants was filed on March 6, 2008 and an initial notice was published and disseminated on March 10, 2008. Pursuant to the PSLRA, motions for Lead Plaintiff must be filed within sixty days of the initial notice. Thus, motions in this matter must be filed on or before May 9, 2008. We intend to make the motion returnable on Wednesday, June 4, 2008 or on such other date as is convenient to the court.

Doc. 160594

WOLF POPPER LLP

Hon. Victor R. Marrero
United States District Court Judge
May 2, 2008
Page 2

We respectfully request Your Honor's permission to file that motion.

Respectfully submitted,

Robert C. Finkel

RCF:rd
cc:
James Evan Tullman, Esq.
Joseph H. Weiss, Esq.
Richard Adam Acocelli, Jr., Esq.
Weiss & Lurie
Fax: 212 682 3010
*Counsel for Plaintiff MichaelRubin*

Richard Speirs, Esq.
Shaye J. Fuchs, Esq.
Zwerling, Schachter & Zwerling
Fax: 212-371-5969
*Counsel for Consolidated Plaintiff Nanette Katz*

Lewis Kahn, Esq.
Kim Elaine Miller, Esq.
Kahn Gauthier Swick, LLC
Fax: (504) 455-1498
*Counsel for Consolidated Plaintiff Frank Matassa*

Lynda J. Grant, Esq.
S. Douglas Bunch, Esq.
Steven Jeffrey Toll, Esq.
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
Fax: 212-883-7057

*Counsel for Consolidated Plaintiff Sunshine Wire and Cable Defined Benefit Plan Trust*

Doc. 160594

WOLF POPPER LLP

Hon. Victor R. Marrero
United States District Court Judge
May 2, 2008
Page 3


Bernard W. Nussbaum, Esq.
David B. Anders, Esq.
Won S. Shin, Esq.
Wachtell, Lipton, Rosen & Katz
Fax: (212) 403-2000

Elaine Patricia Golin, Esq.
Brendan M. Schulman, Esq.
Marshall Howard Fishman, Esq.
Kramer Levin Naftalis & Frankel, LLP
Fax: (212) 715-8220
*Counsel for Defendants*

Exhibit 4

# SHEET METAL WORKERS PENSION PLAN OF NORTHERN CALIFORNIA

**Trading In MF Global Ltd. Common Stock**
**Class Period July 19, 2007 through February 28, 2008**

| PURCHASES | | | | SALES | | | |
|---|---|---|---|---|---|---|---|
| Date | Shares | Price | | Date | Shares | Price | |
| 7/18/07 | 1910 | 30 | $57,300 | 7/19/07 | 1910 | 27.629 | $52,771 |
| 9/28/07 | 780 | 29 | $22,620 | | | | |
| 9/28/07 | 860 | 29 | $24,940 | | | | |
| 10/3/07 | 2700 | 30.065 | $81,176 | | | | |
| 10/3/07 | 10700 | 29.935 | $320,305 | | | | |
| 10/16/07 | 6000 | 30.293 | $181,758 | 11/6/07 | 100 | 30.27 | $3,027 |
| 11/19/07 | 25 | 27.6 | $690 | 12/14/07 | 2100 | 29.944 | $62,882 |
| 1/9/2008 | 3700 | 29.162 | $107,899 | | | | |
| 2/7/2008 | 7300 | 28.243 | $206,174 | 3/7/08 | 28300 | 18.5 | $523,550 |
| Totals | 33975 | | $1,002,861 | Totals | 32,410 | | $642,231 |
| | | | | Holdings | | | $20,746 |
| | | | | | | | $662,977 |

Net Purchases         1565 (33975-32410)
Set-Out Price         13.26 (Based on average price from close of trading on February 28, 2008 through May 8, 2008)
Value of End Period Holdings    $20,746

NET LOSS         $339,884

**Exhibit 5**

**Wolf Popper LLP**

## BIOGRAPHICAL SKETCH OF WOLF POPPER LLP

Wolf Popper LLP ("Wolf Popper" or "the Firm") is a nationally recognized law firm with decades of experience in the field of securities and consumer class actions and securities derivative actions. Since the Firm was founded in 1945, Wolf Popper has been a leader in efforts to protect the interests of defrauded investors and consumers, prosecuting hundreds of actions under federal and state laws throughout the United States. The Firm's efforts have resulted in the recovery of billions for aggrieved parties.

The Firm also has a substantial practice in corporate and commercial law. Wolf Popper's commercial litigation practice encompasses the representation of defendants as well as plaintiffs. The Firm's corporate practice includes business transactions, and the law of foreign missions. Among the Firm's clients are domestic and international individuals and businesses, and foreign missions to the United Nations.

The Firm's members have been on the faculty of the Practicing Law Institute and are active members in a variety of professional legal associations, including serving on or chairing a number of committees of such associations. The Firm's members include graduates from the law schools of Harvard, Columbia, and New York University, and many of the Firm's members have written extensively on a variety of subjects for numerous professional associations and legal periodicals. Many of the Firm's current and former members have held responsible positions in government both at the federal and the state level. For example, Benedict Wolf (now deceased) was the First Secretary and Chief Trial Examiner of the National Labor Relations Board, and Martin Popper (now deceased) was a consultant to the U.S. Delegation to the Founding Conference of the United Nations and was vice-president of the Consular Law Society.

Wolf Popper has an exemplary record in its representation of plaintiffs, and the skill and experience of the attorneys at the Firm have been repeatedly recognized by Courts throughout the country. In recognition of its high standing at the bar, Courts have frequently appointed Wolf Popper to serve as lead or co-lead counsel in complex, multi-party actions, including securities and antitrust actions. Recently five Wolf Popper attorneys were selected as New York "Super Lawyers"® for 2007. This selection represents the top 5% of attorneys practicing in New York City. Robert M. Kornreich, Marian P. Rosner, Robert C. Finkel, and Patricia I. Avery were recognized in the Securities Litigation category and Lester L. Levy was recognized in the Consumer and Class Action category.

Wolf Popper has achieved notable and significant successes over the years, some of which are detailed below. Most recently, the Firm was appointed by the Honorable Sidney H. Stein of the United States District Court for the Southern District of New York as Co-Lead Counsel in an ERISA action brought on behalf of participants and beneficiaries who acquired interests in Citigroup common stock through certain Citigroup 401(k) employee benefit plans. The action alleges that defendants breached their fiduciary duties under ERISA by imprudently investing participants' assets in Citigroup common stock despite the fact that such investment posed an undue risk due to, inter alia, (i) Citigroup's underwriting of subprime and "low documentation" loans, (ii) undisclosed losses owing to such

Doc.

Wolf Popper LLP
Page -2-

subprime loans and (iii) Citigroup's involvement in issuing commercial paper through off-balance-sheet structured investment vehicles (SIVs).

A sample of some of the outstanding recoveries achieved and decisions obtained by the Firm is described below.

*Securities Actions:*

- In the <u>Motorola Securities Litigation</u>, 03C287 (RRP) (N.D. Ill.), Wolf Popper represented the Lead Plaintiff, the State of New Jersey, Department of Treasury, Division of Investment. On the eve of trial, the defendants paid $190,000,000 to the class to resolve the federal securities litigation. This recovery was obtained after more than four years of litigation. During the litigation, Wolf Popper, among other things, defeated Motorola's motion to dismiss the complaint (2004 U.S. Dist. LEXIS 18250 (Sept. 9, 2004, N.D. Ill.)) and Motorola's motions for summary judgment (2007 U.S. Dist. LEXIS 9530 (Feb. 8, 2007, N.D. Ill.)).

- In <u>Thurber v. Mattel</u>, Master File No. CV-99-10368-MRP(CWx) (C.D. Cal.) (§10(b) claims) and <u>Dusek v. Mattel</u>, Master File No. CV-99-10864-MRP(CWx) (C.D. Cal.) (§14(a) claims), Wolf Popper was a member of the Executive Committee of Plaintiffs' counsel, but was also specifically appointed by the Federal Court to have primary responsibility for the prosecution of the <u>Dusek v. Mattel</u> §14(a) claims. After more than three years of extremely hard-fought litigation, including two rounds of motions to dismiss, the production of millions of documents, and the taking or defending of more than 40 depositions, both cases settled for the aggregate sum of $122 million, with $61 million allocated for the <u>Dusek v. Mattel</u> §14(a) claims, believed to be the largest settlement of a § 14(a) case. Upon approving the settlement, the Judge complimented counsel saying that the settlement was an "awfully good result." The Judge also specifically found that "Wolf Popper LLP vigorously prosecuted the <u>Dusek</u> action and zealously represented the interests of the <u>Dusek</u> class members" and that Wolf Popper zealously performed in a "very capable and professional manner."

- In <u>Middlesex Retirement System v. Quest Software, Inc.</u>, No. 06-06863-DOC(RNBx) (C.D. Cal.), Wolf Popper was appointed lead counsel in a federal securities class action against Quest Software, Inc. ("Quest"), a company that designs, develops, distributes and supports software products. The case is based on allegations that Quest issued materially false and misleading statements to cover up its failure to account properly for backdated stock options, causing Quest's operating and net income to be overstated and its stock price to be artificially inflated. Following comprehensive briefing opposing defendants' motion to dismiss, the Court on October 22, 2007, denied virtually all of defendants' motion. The litigation is proceeding.

- Wolf Popper LLP was a co-lead settlement counsel for the plaintiff class in <u>In re Service Corporation Internat'l</u>, Civil Action No. H-99-280 (S.D. Tex.). The action alleged that defendants made material misrepresentations in connection with Service Corp.'s January 1999 stock-for-stock acquisition of Equity Corp. International. Based on the strength of the amended complaint, and presentation at mediation sessions, Wolf Popper recovered $63 million for the plaintiff class. The settlement, approved in 2004, was an extraordinary recovery inasmuch as there were no allegations of insider trading, a SEC investigation, or an accounting restatement, and the District Court had spent over four years deliberating

Doc.

Wolf Popper LLP
Page -3-

over defendants' motion to dismiss the complaint, lessening plaintiffs' leverage in settlement negotiations.

- In <u>Stanley v. Safeskin</u>, Lead Case No. 99cv454-BTM(LSP) (S.D. Cal.), Wolf Popper served as Court-appointed Co-lead Counsel for Plaintiffs, in which the Court approved a $55 million settlement in favor of plaintiffs on March 20, 2003. The Honorable Barry T. Moskowitz thereafter complimented Plaintiffs' Co-Lead Counsel, noting his "incredible respect for the work that the lawyers did." Describing Plaintiffs' counsel as "highly skilled in these cases," Judge Moskowitz commented that he was "kind of looking forward to trying this case, because it would have the best lawyers in the country trying this case. . . ." The Court subsequently further complimented Co-Lead Counsel, stating that "competency is too weak of a word -- the extraordinary ability of these firms * * * I really thought that the Plaintiffs' law firms in this case not only had extraordinary ability to deal with the complicated factual issues -- and it certainly was a difficult case, and you should be applauded in that regard." Paying Plaintiffs' Co-Lead Counsel perhaps an ultimate compliment, the Court further said, "From the plaintiffs' perspective -- and I say this for all the firms -- you handled it on a much higher plane, probably on a textbook or ideal plane. If they would teach people how it should be done in law school, this would be the example of, how the lawyers handle this case."

- In <u>Buxbaum v. Deutsche Bank, A.G.</u>, 98 Civ. 8460 (JGK) (S.D.N.Y.), Wolf Popper recovered $58 million as co-lead counsel in a major securities fraud action against Deutsche Bank, A.G. and its senior officer. The action alleged that Deutsche Bank defrauded Bankers Trust shareholders by misrepresenting the status of takeover negotiations for Deutsche Bank to acquire Bankers Trust. The District Court's opinion denying defendants' motion to dismiss is reported at Fed. Sec. L. Rep. (CCH) ¶90,969 (S.D.N.Y. 2000). The decision denying defendants' motion for summary judgment is reported at 2002 U.S. Dist. LEXIS 1893 (S.D.N.Y., Jan. 30, 2002). The $58 million recovery, obtained on the eve of trial, was equivalent to approximately 48% of the class' maximum possible recovery, and approximately 96% of the class' most likely recovery.

- In <u>In re Sunbeam Sec. Litig.</u>, 98-8258-Civ.-Middlebrooks (S.D. Fl.), Wolf Popper was appointed co-lead counsel. The case was brought against Sunbeam, its auditors, and former officers and directors of the company, including "Chainsaw" Al Dunlap. Plaintiffs reached a partial settlement with Sunbeam's auditors, Arthur Andersen, for $110 million - one of the largest settlements ever with an accounting firm in a securities class action - and reached a separate settlement with the individual defendants that included more than $18 million in cash plus a separate $13 million recovery from the company's excess insurance policies.

- In <u>In re Providian Financial Sec. Litig.</u>, MDL No. 1301 (E.D. Pa.), Wolf Popper was co-lead counsel for the plaintiff class and obtained a $38 million recovery from the defendants. The Court, in approving the settlement in June 2002, remarked on the "extremely high quality" and "skill and efficiency" of plaintiffs' counsel's work, which the Court stated it had seen throughout the litigation. The Court also noted the "extremely high quality" of Wolf Popper's work is reflected in the result which it obtained and in the fact that it is a nationally prominent firm with extensive experience in the field.

Doc.

Wolf Popper LLP
Page -4-

- Wolf Popper was co-lead counsel in In re FTD.com, Inc. Shareholder Litig., C.A. No. 19458-NC (Del. Ch.), an action in Delaware Chancery Court that alleged that members of the board of directors of FTD.com abused their control of the company by taking FTD.com private under terms advantageous to them but not to FTD.com's public shareholders. After mediation, co-lead counsel obtained a recovery which came to more than 99% of the damages claimed by members of the class.

- In Danis v. USN Communications, Inc., No. 98 C 7482 (N.D. Ill., May 30, 2001), the Court recently approved a settlement Wolf Popper obtained of approximately $45 million for investors, expressly thanking Plaintiffs' co-lead counsel "for all the work you have done and constructive results."

- In an arbitration before a court appointed arbitrator in Retsky Family Limited Partnership v. Price Waterhouse LLP, No. 97 C 7694 (N.D. Ill., June 18, 2001), after a full hearing and several days of testimony, the arbitrator awarded plaintiffs the total damages claimed.

- Wolf Popper achieved a benefit of over $50 million in the settlement of the litigation over the merger of the American Stock Exchange and the NASD in Philipson v. American Stock Exchange, 98 Civ. 4219 (DC) (S.D.N.Y., Transcript of Proceedings, February 18, 1999, at 8-11), in which the Court complimented the Firm for its "terrific job" in negotiating a "substantial [recovery]."

- Wolf Popper was co-lead counsel in In re Chambers Development Co. Sec. Litig., C.A. No. 92-0679 (W.D. Pa.) that resulted in a $95 million cash settlement for the class in 1996.

- Wolf Popper was the Chair of Plaintiffs' Executive and Scheduling Committees in the consolidated litigation arising out of the national scandal at Wedtech Corporation. In re Wedtech Sec. Litig., M 21-36 (LBS) MDL 735 (S.D.N.Y.). The action was settled in 1992 for $77.5 million, one of the then largest settlements in a securities fraud action.

- Wolf Popper served as co-lead counsel in In re Prime Motor Inns Shareholder Litig., Master File No. 90-87 (DRD) (D.N.J.). At the conclusion of the case in 1993, Judge Debevoise complimented plaintiffs' counsel, stating, "The plaintiffs' attorneys have performed their work aggressively, skillfully and with good effect."

- Wolf Popper served as a member of Plaintiffs' Executive Committee and as Plaintiffs' Lead Settlement Counsel in In re Gulf Oil/Cities Service Tender Offer Litig., 82 Civ. 5253 (MBM) (S.D.N.Y.), where a settlement of $34 million, achieved only after the case was fully prepared for trial, was approved by the Court in May 1992.

- Wolf Popper was the plaintiffs' co-trial counsel in Bella Abzug, et ano. v. Kerkorian, et al., CA 000981, Superior Court, Los Angeles, California, which was settled during trial in October 1990 for $35 million.

- Wolf Popper was the plaintiffs' co-lead counsel in a litigation that resulted in the then largest recovery in the history of securities class actions. In re The Standard Oil Company/British Petroleum Litig., Consolidated Case No. 12676, Court of Common Pleas, Cuyahoga County, Ohio,

Doc.

Wolf Popper LLP
Page -5-

plaintiffs' counsel negotiated and obtained a benefit for the class in excess of $600 million. In its ruling which approved in full counsels' application for attorneys' fees, the Court commented favorably on the quality of co-lead counsel:

> The professional skill required to achieve the resultant benefits to this Class has been evidenced on nearly a daily basis by this Court.

> As a result of this professional skill and excellent representation, these benefits to the Class would not have otherwise been achieved.

> The Court has fully weighed in its decision the benefits bestowed on the Class. At this juncture the Court finds that the benefit is unprecedented.

• Wolf Popper was co-lead counsel in the case producing the largest recovery in a securities class action prior to the Standard Oil litigation. In Joseph, et al v. Shell Oil Company, et al., Consolidated Civil Action No. 7450 (Del. Ch., April 19, 1985), the plaintiff stockholders successfully petitioned the Delaware Chancery Court to enjoin the proposed merger of Shell Oil Company and Royal Dutch Petroleum Company, 482 A.2d 335, Del. Ch. 1984). In approving the $205 million recovery in the Shell Oil Litigation, Vice Chancellor Maurice Hartnett stated: "The results achieved in this case for the class are outstanding."

• Wolf Popper played a major role in representing the rights of shareholders in the notorious Boesky/Drexel/Milken trading scandal involving Ivan F. Boesky, Dennis B. Levine, Kidder Peabody & Co. Incorporated, Goldman, Sachs & Co., Drexel, Michael R. Milken, and others. These actions arose from the illegal use by various individuals of non-public information about publicly traded corporations, conveyed to them from high level executives at these large investment firms, to reap illicit profits for personal gain. Wolf Popper was appointed co-lead counsel in several of these actions, including the Boesky insider trading class litigation pending in the Southern District of New York, to represent classes of shareholders who suffered losses as a result of these illicit activities. In re Ivan F. Boesky Sec. Litig., MDL 732, MDL-21-45-MP (S.D.N.Y.). The Firm is also one of the lead counsel in the Drexel/Milken litigation also pending in the Southern District of New York. In re Drexel Burnham Lambert Group Inc., et al., Debtors, 90 Civ. 6954 (MP), 90-B-10421 (FGC) (S.D.N.Y.). After intensive litigation, the Firm helped recover in excess of $800 million for investors. In the global settlement of these Milken related litigations, the Court specifically certified a worldwide class of investors after notice was given throughout the world, in addition to publications in newspapers worldwide.

• Wolf Popper was a court-appointed co-lead counsel representing a class of Salomon Brothers securities purchasers who brought an action under the federal securities laws arising out of violations of rules of the United States Department of the Treasury in connection with certain auctions of government securities, In re Salomon Brothers Inc. Sec. Litig., 91 Civ. 5442 (RPP) (S.D.N.Y.). The litigation ultimately settled for over $54 million.

Doc.

Wolf Popper LLP
Page -6-

●     The Firm was co-lead counsel for plaintiffs in litigation involving the alleged "greenmail" of Walt Disney Company by Saul Steinberg and his Reliance Group, Heckmann v. Ahmanson, C.A. 000851 (Superior Court, Cal.) (co-lead counsel for derivative actions). There the Los Angeles Superior Court in September 1989 approved a settlement providing for a cash payment of $45 million plus the therapeutic benefit of the termination of certain defendants' claim for rescission which potentially would have cost the company in excess of a billion dollars.

Numerous other cases in which the Firm acted as sole lead or co-lead counsel for plaintiffs resulted in multi-million dollar settlements in favor of plaintiffs, including, for example:

- In re Grand Casinos, Inc. Sec. Litig., Master File No. 4-96-890 (JRT/RLE) (settled in August 2001; in one of the very early decisions under the Private Securities Litigation Reform Act of 1995, the court sustained various claims finding that plaintiffs met rigorous pleading standards of the then new Act, 988 F. Supp. 1270 (D. Minn. 1997));
- Jonas v. Aspec Technology, Inc., Lead Case No. CV775037 (Superior Court of the State of California, County of Santa Clara (approved in 2001);
- In re Adac Laboratories Sec. Litig., Master File No. C-98-4934-MHP;
- In re Exide Corp. Sec. Litig., 98-CV-60061-AA (E.D. Mich.)
- In re Archer Daniels Midland Co. Securities Litig., (C.D. Ill.) ($30 million recovery approved in 1997);
- In re JWP, Inc. Sec. Litig., Master File No. 92 Civ. 5815 (S.D.N.Y.) (recovery of $36.2 million from officers, directors, and outside auditors, approved in 1996);
- Polikoff v. Eamer, Case No. BC039354 (Superior Court, Los Angeles, Cal.) ( equitable and therapeutic relief in addition to substantial damages approved in 1996);
- PS Group Inc. Sec. Litig., Master File No. 93-2046 (C.D. Ill., October 1995) (approved in 1995);
- In re Pacific Enterprises Sec. Litig., CV920841 JSL (EEx) (C.D. Ca., March 28, 1994) ($35 million recovery approved in 1994)(where the Judge complimented plaintiffs' co-lead counsel as being "outstanding lawyers" who "could not be improved on for this kind of litigation," and "this group of lawyers merits [respect].");
- In re American Business Computers Corporation Sec. Litig., Docket No. MDL 913 (CLB) (S.D.N.Y.)
- In re McDonnell Douglas Equipment Leasing Sec. Litig., MDL No. 873 (S.D.N.Y.)(the Court described the Firm as "experienced and competent counsel");
- In re: Fleet/Norstar Sec. Litig., C.A. No. 90-0173-B (FJB)(D.R.I.);
- In re Marion Merrell Dow Inc. Sec. Litig., Master File No. 92-0609-CV-W-6 (W.D. Mo.);
- Hwang v. Smith Corona Corp., CA B 89-450 (TFGD) (D. Conn.) ($24.5 million recovery);
- Pill v. Metromedia, (Del. Ch. Court);
- Watkins v. Beatrice, (Del. Ch. Court) ($190 million recovery);
- In re International Systems & Controls Sec. Litig., MDL 440 (S.D. Tex.) (recovery for the class members of 100% of their damages);
- American Southwest Mortgage Sec. Litig., Civ. 89-462 TUC RMB (D. Az. 1992);
- Seidman v. Stauffer Chemical Co., (D.Conn.);
- Flohr v. Borman's, (S.D.N.Y.) (recovery for class members of over 90% of their damages);

Wolf Popper LLP
Page -7-

- In re Elscint, Ltd. Sec. Litig., MDL 675 (D. Mass.);
- Zinberg v. Washington Bancorp, Inc., (D.N.J.) (recovery for the class members of 200% of their damages);
- In re Philips N.V. Sec. Litig., Master File 90 Civ. 3044 (RPP) (S.D.N.Y.);
- Rand v. Lorimar, 88 Civ. 3179 (LLS) (S.D.N.Y.);
- In re Jefferson Smurfit Corporation Shareholders' Litig., consolidated C.A. No. 11006 (Del. Ch.);
- In re National Education Corp. Sec. Litig., Master File No. SACV-89-405-AHS (RWRX) (C.D. Cal.);
- In re Phillips Petroleum Sec. Litig., Master File No. Misc. 85-75-MMS (D. Del.);
- Fine, et al. v. Houston Oil Trust, et al., C.A. No. H-82-551 (S.D. Tex.) (settlement of approximately $45 million);
- In re Beverly Enterprises Sec. Litig., Master File No. CV-88-01189 (RSWL) (Tx) (C.D. Cal.);
- In re Tenneco Inc. Sec. Litig., Master File No. H-912010 (S.D. Tex.) ($50 million settlement);
- In re Telerate, Inc. Shareholders Litig., Civil Action No. 1115 (consolidated) (Del. Ch.) (acquiring company required to pay $3 more per share);
- In re Henley Manufacturing Corporation Shareholders Litig., Consolidated Civil Action No. 10445 (Del. Ch.) (class recovery of $10 per share increase in tender offer price, a $26 million benefit, plus additional therapeutic benefits);
- In re Kaypro Corporation Shareholder Litig., Master File No. 84-2091 N(M) (S.D. Cal.);
- Rand v. Lorimar Telepictures Corp., 88 Civ. 3179 (LLS) (S.D.N.Y.);
- Grobow v. Dingman, Civil No. 575076 (Superior Court, Cal.) and Civil No. 87-0889 JLI (IEG) (S.D. Cal.) (settlement, comprised of monetary and equitable relief, valued by experts at in excess of $52 million, of federal and state class and derivative actions);
- In re E.F. Hutton Banking Practices Litig., MDL No. 649 (WK);
- Weinberger v. Shumway, Civil No. 547586 (Superior Court., Cal.);
- In re Saxon Sec. Litig., 82 Civ. 3103 (S.D.N.Y.);
- Rubenfeld and Polikoff v. Harte-Hanks Communications, Inc. Civil Action Nos. 7558, 7565 (Del. Ch.);
- Bacine v. Scharffenberger, C.A. 7862 (Del. Ch.);
- In re Itel Sec. Litig., C-79-2168A (N.D. Cal.) ($40 million recovery);
- In re United States Surgical Corp., (D. Conn. No. B-83-775);
- In re Digital Equipment Corporation Sec. Litig., Master File No. CA 83-3255 Y (D. Mass.).

*Consumer Class Actions:*

Wolf Popper's strong presence in prosecuting class actions on behalf of defrauded consumers has similarly resulted in the return of millions of dollars to thousands of victims of unfair business practices. These litigations in which the Firm served as sole lead or co-lead counsel include, among others:

- In re Coordinated Title Insurance Cases, Index No.009600/03 (Sup. Ct., Nassau County, NY), a New York consumer fraud action brought against various Title Insurance Companies for their failure to charge the discounted rate for title insurance premiums in qualified refinancing transactions

Doc.

Wolf Popper LLP
Page -8-

and their failure to provide borrowers with notice of the discount. In approving the settlement of over $31 million, one of the largest consumer class actions in the history of that court, at the hearing held on July 29, 2005, the court stated:

> And it's this Court's very strong opinion that what we have had before us on all sides – Plaintiffs' side, which involves two firms, and the Defendants, eight Defendants which involve five firms representing the eight different Defendants – was lawyering of the highest quality. It's always enjoyable for the Court to have high quality lawyering in front of it. It's always my opinion that it raises the level of the Bench when the lawyers before it proceed in a very high fashion, which has happened in this case.

- **Sims v. First Consumers National Bank**, Index No. 01/604536 (Sup. Ct., NY County), this consumer fraud action challenged the misleading disclosure of fees in fine print in connection with the issuance of the bank's credit cards. The lower court's dismissal of the action was unanimously reversed by the appellate court and the action was settled in 2005 with a recovery of 100% of the damages for the class.

- **Canning v. Concord EFS, Inc.**, Docket No. L-6609-02 (Super. Ct., NJ, Law Division, Camden County), a consumer fraud action brought in New Jersey on behalf of recipients of certain public assistance benefits who were being illegally surcharged to access their benefits through ATM machines. The settlement, approved in May 2005, provided for a recovery of 90% of the surcharges and an injunction halting the illegal surcharging.

- **Taylor v. American Bankers Insurance Group, Inc.**, 700 N.Y.S.2d 458 (App. Div., 1st Dept.1999), in which the Firm successfully defended against an appeal by defendants of the certification of a nationwide class on behalf of consumers who alleged that defendants had violated §§349 and 350 of the General Business Law by misleading consumers about the purchase of insurance and improperly denying insurance claims. The Firm achieved a complete recovery for class members as defendants agreed to pay class members' disputed coverage claims in full, as well as revise their solicitations to prevent a recurrence.

- **Champod v. Iomega Corp.**, No. 98/600887 (Sup. Ct, N.Y. Cty. 1999), in which purchasers of computer storage devices alleged that the product could not read certain tapes that it was advertised as being capable of reading, and that they were improperly charged for customer assistance calls. The Firm achieved a settlement that provided a software fix to correct the problem with reading the tapes or, if not corrected, ultimately provided for a return of the product; the Firm also obtained a refund of 50% of the charges for the customer assistance calls.

- **Princeton Economics Group, Inc. v. American Telephone & Telegraph Co.**, Civil Action No. L-91-3221 (N.J. Super. Ct. 1995), the largest class action ever brought in New Jersey State Court. The action, based upon AT&T's marketing and sales of a telephone system that it advertised as well suited to small businesses because of its "conference call" features, revealed that the phone system did

Doc.

Wolf Popper LLP
Page -9-

not function as advertised. The participants to calls could not hear each other because the conference feature lacked amplification. This litigation resulted in a settlement valued by the Court at $85-90 million. At the conclusion of the case, the Court noted the complexity and difficulty of the issues involved and favorably commented that, "[i]f not for the skill and experience of class counsel, a settlement may not have been reached or, if it had been reached, may have resulted in a significantly diminished recovery for the class."

- Tanzer v. HIP, (1997 WL 773695), in a unanimous decision obtained by the Firm, the New York Court of Appeals, New York's highest court, upheld a class action complaint on behalf of insureds who had been denied medical insurance coverage. The Firm subsequently obtained partial summary judgment against HIP for breach of HIP's contract with its health insurance subscribers for failing to reimburse the subscribers for anesthesia-related expenses in conjunction with surgical procedures performed in New York State since June 7, 1993. Tanzer v. HIP, Index No. 114263-95, slip op., January 27, 1999. Ultimately, a settlement was reached which paid members of the class 100% of their damages.

- Feinberg v. Empire Blue Cross-Blue Shield Consumer Litig., 88 Civ. 2532 (RO) (S.D.N.Y.), in which participants in a Blue Cross Blue Shield medical insurance program alleged that the program breached its contract with customers by paying subscribers amounts below the "usual and customary" rates that it represented it would pay in its contract of insurance. The action was ultimately settled with Empire agreeing to reimburse subscribers.

### Transactional Litigation

Wolf Popper's transactional litigation department has represented plaintiffs in Delaware and other states' courts when investors in merged or acquired companies are offered inadequate compensation for their stock or are provided inadequate information to allow such investors to make an informed decision whether to vote for such a transaction, tender their shares in a tender offer, or seek appraisal. Examples of merger and acquisition litigation challenging such transactions where Wolf Popper acted as lead or co-lead counsel and contributed to the benefit include:

- Rice v. Lafarge North America, Inc., Civ. No. 268974-V (Md. Cir.) ($383 million aggregate benefit)
- In re Aramark Corp. Shareholders Litig., Consol. C.A. No. 2117-N (Del. Ch.) ($222 million aggregate benefit).
- In re Nortek, Inc. Shareholder Litig., Consol. C.A. No. 19538-NC (Del. Ch.) ($63 million aggregate benefit)
- In re New Valley Corp. Shareholder Litig., Consol. C.A. No. 1678-N (Del. Ch.) ($28 million aggregate benefit).
- In re Net2Phone, Inc. Shareholders Litig., Consol. C.A. No. 1467-N (Del. Ch.)
- In re William Lyon Homes Shareholder Litig., Consol. C.A. No. 2015-N (Del. Ch.)
- In re ftd.com Inc. Shareholder Litig., Consol. C.A. No. 19458 (Del. Ch.)

Wolf Popper has served as lead or co-lead counsel in other cases challenging transactions involving, among others: The Topps Co., EDO Corp., James River Group, Inc., CentraCore Properties

Doc.

Wolf Popper LLP
Page -10-

Trust, Bioenvision, Inc., Mossimo, Inc., Genencor International Inc., Uni-Marts, Inc., Nassda Corp., and Chaparral Steel, Co.

*Antitrust Actions:*

Wolf Popper's antitrust department has represented plaintiffs nationwide in price fixing cases and other violations of the federal antitrust laws. For example, in In the Matter of the Ocean Shipping Antitrust Litig., MDL 395 (S.D.N.Y.) Wolf Popper was co-lead counsel and recovered over $50 million on behalf of transatlantic shippers of goods who brought an action against the leading carriers of containerized shipping in the United States-Europe trade for conspiracy to fix the charges made for shipping services. The Firm served as lead or co-lead counsel in numerous other antitrust class actions, including: Wholesale Tobacco Distributors antitrust litigation and in In re Milk Antitrust Litig., 81 Civ. 1963 (RO), (S.D.N.Y. 1981); In re Bread Antitrust Litig., Master File No. CV-85-2013 (CPS) (E.D.N.Y.); In re Shopping Carts Antitrust Litig., M.D.L. No. 451 (S.D.N.Y.); In re Wiring Device Antitrust Litig., MDL 331 (E.D.N.Y.) (where Chief Judge Weinstein described counsel for the plaintiffs as "outstanding and skillful").

*Environmental Or Health Actions:*

The Firm's strong commitment to and experience in class actions concerning environmental or health matters is demonstrated by the Firm's strong presence and important roles in several cases arising from environmental disaster and health hazards. These include, among other cases, In re Exxon Valdez Oil Spill Litig., 3AN-89-2533 Civil (Sup. Ct. Alaska) and A-89-095 Civil (D. Alaska) in which the jury awarded judgment for the plaintiffs in the amount of $5 billion; In re Asbestos School Litig., 83-0268 (E.D. Pa.); Holifield v. BP America, Inc., CV-90-0722 RJX (C.D. Cal.); In re Johns-Manville Corporation, Debtors, 82 B 11656-11676 (BRL) (Bkr. S.D.N.Y.); and Ross v. A. H. Robins, Inc., 77 Civ. 1407 (CBM).

*Trial Experience:*

One of the reasons Wolf Popper maintains a favorable, formidable reputation is because of the Firm's demonstrated willingness to prosecute cases through trial in order to achieve a favorable result for our clients. The Firm's trial (and arbitration) experience includes, among other cases:

- Zuckerman v. FoxMeyer Health Corp., 3-96-CV 2258-L (N.D. Tex. 2002), where Wolf Popper successfully prosecuted a mini-trial before a former Magistrate Judge from the N.D. Cal. in the context of an ADR Proceeding to determine a binding fair value of a settlement of the action. Notwithstanding the fact that the defendant company was on the brink of insolvency (and subsequently filed for bankruptcy), the company providing the initial layer of insurance coverage was in liquidation, and the individual defendants were not wealthy, after presentation of the evidence, the neutral arbiter determined in plaintiffs' favor.

Wolf Popper LLP
Page -11-

- In an arbitration before a court appointed arbitrator in <u>Retsky Family Limited Partnership v. Price Waterhouse LLP</u>, No. 97 C 7694 (N.D. Ill., June 18, 2001), after a full hearing and several days of testimony, the arbitrator awarded plaintiffs the total damages claimed.

- The Firm served as arbitration counsel in 1997, 1998, and 1999 in several extensive commercial arbitrations on behalf of an international airline.

- Plaintiffs' co-trial counsel in <u>Abzug, et ano. v. Kerkorian, et al.</u>, CA 000981, Superior Court, Los Angeles, California, which was settled during trial in October 1990 for $35 million.

- The Firm was co-lead counsel for plaintiffs in litigation involving the alleged "greenmail" of Walt Disney Company by Saul Steinberg and his Reliance Group, <u>Heckmann v. Ahmanson</u>, C.A. 000851 (Superior Court, Cal.) (co-lead counsel for derivative actions). There the Los Angeles Superior Court in September 1989 approved a settlement at trial providing for a cash payment of $45 million plus the therapeutic benefit of the termination of certain defendants' claim for rescission which potentially would have cost the company in excess of a billion dollars.

- <u>Citron v. E.I. duPont de Nemours & Co.</u>, Del. Ch. (Civil Action No. 6219), in Delaware Chancery Court in which the Vice-Chancellor complimented plaintiffs' counsel "for the able way in which they presented the case," their "well-done" pre-trial briefs, and the "good job" done.

- <u>Odmark v. Westside Bancorporation, Inc.</u>, No. C85-1099R (W.D. Wash.), settled midway through trial in Seattle, Washington.

- Co-trial counsel for a plaintiff class in <u>Kreindler v. Sambo's</u>, 79 Civ. 4538 (WK)(S.D.N.Y.), which was settled during trial.

- Co-counsel for the plaintiff class in the successful trial of <u>Sirota v. Solitron Devices, Inc.</u>, 75 Civ. 1383 (CLB) (S.D.N.Y.), a complex securities fraud class action prosecuted under §10(b) of the Securities Exchange Act of 1934. After an eleven-day trial, the jury brought in a verdict for the plaintiff class on all issues of liability and damages which was sustained on appeal. <u>See</u> <u>Sirota v. Solitron Devices, Inc.</u>, 673 F.2d 566 (2d Cir. 1982).

- <u>Baum v. Centronics Data Computer Corp.</u>, 85-363-L (D.N.H.), settled after trial had commenced in New Hampshire.

- The Firm also has tried several other actions on behalf of plaintiff classes in securities actions in Delaware and elsewhere.

*Court Commentary On The Firm:*

Throughout the history of the Firm, the Courts before whom Wolf Popper has appeared have commented favorably and repeatedly on the ability, expertise, and performance of the Firm and its

Doc.

Wolf Popper LLP
Page -12-

members. A sampling of some of the praise the Firm has consistently received over the course of its practice include the following cases:

- In approving the $190,000,000 recovery for the Class in the Motorola Sec. Litig., 03C287 (N.D. Ill.), where Wolf Popper represented the lead plaintiff, the Court stated as follows "You did a great very professional job here. This was a hard fought, but extremely professionally fought battle and I appreciate it. Thank you."

- In Dusek v. Mattel, Master File No. CV-99-10864-MRP (CWx) (C.D. Cal.), in approving the settlement of the action along with a companion action, for $122 million, the Judge, in her Findings of Fact and Conclusions of Law entered on November 6, 2003, complimented counsel saying that "Wolf Popper LLP vigorously prosecuted the Dusek action and zealously represented the interests of the Dusek Class members," and that Wolf Popper performed in a "very capable and professional manner."

- The Firm served as Co-Lead Counsel for plaintiffs in Stanley v. Safeskin, Lead Case No. 99cv454-BTM(LSP) (S.D. Cal.), in which the Judge noted in approving a $55 million settlement that "Plaintiffs' counsel are highly skilled in these cases" and that he was "kind of looking forward to trying this case, because it would have the best lawyers in the country trying this case. . . ." The Honorable Barry T. Moskowitz subsequently further complimented Co-Lead Counsel at a hearing on November 20, 2003, stating:

> I think I learned more about the honorability of the firms and the competency -- and competency is too weak of a word -- the extraordinary ability of these firms in handling the cost aspects of it, and expenses aspect of it, . . .I don't think I've seen lawyers so honest with the Court . . . .I really thought that the Plaintiffs' law firms in this case not only had extraordinary ability to deal with the complicated factual issues -- and it certainly was a difficult case, and you should be applauded in that regard.
>
> * * *
>
> And it's not usual that the court sees lawyers behave -- we usually see them behave well, but this is extraordinarily positive. And I wanted to make that notation. . .I can -- come out of it having incredible respect for the work that the lawyers did in this case.
>
> * * *
>
> From the plaintiffs' perspective -- and I say this for all the firms -- you handled it on a much higher plane, probably on a textbook or ideal plane. If they would teach people how it should be done in law school, this would be the example of, how the lawyers handle this case.

- In approving the settlement of the In re Exide Corp. Sec. Litig., Case No. 98-CV-60061-AA (E.D. Mich., Transcript of Proceedings, September 2, 1999, at 34, 35-6), the Honorable George Caram Steeh complimented the Firm for its diligence and skill, saying:

> The court is satisfied indeed that the settlement that was reached in arm's length bargaining, that was undertaken only after very thorough preparation on the part of

Doc.

Wolf Popper LLP
Page -13-

plaintiff's counsel. That the counsel itself was extremely competent and considerable experience in pursuing such matters. . . .

\* \* \*

So the court is satisfied that the attorneys on both sides of this litigation should be commended for their effort and professionalism in developing and presenting the issues and for their common sense in arriving at the settlement as it has been presented to the court for confirmation.

● In the <u>In re Marketspan Corporation /LILCO Shareholder Litig.</u>, Index No. 15731/98 (Sup. Ct., NY, Transcript of Proceedings, April 28, 1999, at 9), Justice Ute Wolff Lally commended the Firm when he preliminarily approved a proposed settlement, stating:

Let me first state that having had the stipulation of settlement prior to today, I have, of course, perused it at length, and I want to thank and I want to commend the executive committee and the head law firm, Wolf Popper, in adhering to the timetable which this Court has set in the various orders that have been issued and in completing the discovery and the complex negotiations in accordance with the Court's order. The court appreciates that because it was an enormously complex litigation, and I certainly commend you for reaching this agreement.

● In approving the proposed settlement of the litigation over the merger of the American Stock Exchange and the NASD, Judge Denny Chin stated in <u>Philipson v. American Stock Exchange</u>, 98 Civ. 4219 (DC) (S.D.N.Y., Transcript of Proceedings, February 18, 1999, at 8-11):

I've considered the papers and what I have heard today, and I find that the settlement is fair, reasonable and adequate. . . . The recovery is substantial. There is the $30 million for the seat market program. . . . There is the potential revenue sharing, which I think at a reasonable estimate would be $20.7 million at least, . . . .

So the benefits of the proposed settlement are substantial. \* \* \* I think that the benefits of the proposed settlement compare very well to any conceivable reasonable potential recovery. \* \* \* There are very experienced and very good counsel on both sides. The negotiations were difficult and went on for quite a long time. \* \* \* So, having considered all those factors, I conclude that the settlement is fair, reasonable and adequate and is approved.

\* \* \*

Terrific job on both sides.

● Judge Donna F. Martinez complimented the Firm when she approved the settlement of a securities fraud action in <u>Germano v. Cognitronics Securities Corp.</u>, Docket No. 3:93-CV-00539 (DFM) (D. Conn., Transcript of Proceedings, September 11, 1998, at 2, 3-4), stating:

Your presentations. . .were extraordinary – extraordinarily thorough and highly expert. . . .

Doc.

Wolf Popper LLP
Page -14-

* * *

The issues presented were complicated. They were difficult, and as we've all said more than once now, they were bitterly and expertly fought.

* * *

You've ended a long piece of litigation. I know that there was hard work involved not only in the litigation, but a lot of hard work and considerable number of hours that went into the efforts to resolve the case, and you're all to be commended for your very, very excellent representation of your respective clients.

- In a securities fraud action against Caremark International, Inc. arising out the company's failure to disclose violations of state fraud statutes, the Firm served as Co-Lead Counsel for plaintiffs and recovered $25 million on behalf of defrauded investors. The Court complimented plaintiffs' counsel on their handling of the case, stating:

Congratulations * * *I know [this case] was a complex piece of litigation. * * * thank you very much for your efforts. I think the class and the defense were very well represented.

In re Caremark International, Inc. Sec. Litig., Docket No. 94 C 4751 (Transcript of proceedings, December 15, 1997, at 7-8).

- In the investor actions arising out of the failed public offering involving In-Store Advertising in which the Firm was co-lead counsel, Judge Peter K. Leisure, in approving the settlement stated at the settlement hearing held on December 18, 1996:

Now, having reviewed the excellent work of counsel with regard to the preparation of the papers, and the research that was done, and having conducted independent research on the law, I am fully satisfied with the quality of the lawyers' work in this matter.

In re In Store Advertising Sec. Litig., Master File No. 90 Civ. 5594 (PKL) (S.D.N.Y., December 18, 1996)

- Wolf Popper was lead counsel in Carpi v. McDonnell Douglas Capital Income Fund-I, 90 Civ. 3448 (JMC) where 95% of the class damages was recovered for the class. Judge Cannella praised lead counsel in a decision dated January 21, 1994, as follows:

Plaintiffs' lead counsel has at all times demonstrated to this Court the highest caliber of representation, measurable both in quantitative terms (i.e., the benefits of the settlement to the class members), and in the professionalism, the timeliness, and the thoroughness of lead counsel's written submissions.

- Wolf Popper was co-lead counsel in investor actions brought against Valley National Bank of Arizona. Judge Robert C. Broomfield stated in approving a settlement on January 31, 1994:

Doc.

Wolf Popper LLP
Page -15-

I commend counsel, particularly counsel who litigated this matter, on the quality of their
representation of their respective counsel.  The quality of representation was very high
on behalf of all parties.

Hoexter, et al. v. Simmons, et al., No. CV-89-1069-PHX-RCB (D. Az.).

- Judge James F. Holderman complimented counsel for the quality of their efforts in In
re Salton/Maxim Sec. Litig., Docket No. 91 C 7693 (N.D. Ill.), in which Wolf Popper was Co-Lead
Counsel, at the hearing approving the settlement and awarding counsel fees, the Court stated:

I want to not only compliment you lawyers for the professionalism that you
showed in the course of reaching this compromise resolution, but I want to compliment
you on the professionalism that you showed during the course of the litigation.  This was
a hard fought litigation.  It was well briefed.  The issues were presented crisply. . . . [A]s
a judge presiding over this case, it was a pleasure to preside over it because of the skill
and the quality of the lawyering on everyone's part in connection with this case.

- Judge Dickinson R. Debevoise stated at the February 3, 1993 hearing at which he
approved the settlement in In re Prime Motor Inns Shareholder Litig., Master File No. 90-87 (DRD)
(D.N.J.):

The plaintiffs' attorneys have performed their work aggressively, skillfully and with
good effect.  I do not detect any duplication of work....The attorneys have earned
generous compensation.

- Judge Leonard B. Sand of the Southern District of New York, in In re Wedtech Sec.
Litig., 21-46 (LBS) MDL 735 (S.D.N.Y.), in approving the settlement and counsel's fee application (in
which the Firm was Chair of the Plaintiffs' Executive and Scheduling Committees in the consolidated
litigation), stated:

My observation has been that this litigation has at all times been conducted at a very
high-skilled professional level.  I have had no sense in this case of make-work activity
or any sense that the matter was not pursued by all parties diligently but not excessively
. . . .

- In the In re Gulf Oil/Cities Service Tender Offer Litig., 82 Civ. 5253 (MBM) (S.D.N.Y.)
litigation, where Wolf Popper served as Plaintiffs' Lead Settlement Counsel and as a member of
Plaintiffs' Executive Committee and in which a settlement of $34 million was achieved only after the
case was fully prepared for trial, the Honorable Michael B. Mukasey stated to the Wolf Popper partner
in charge of the case, at a hearing held on January 3, 1992, "to the extent you have fiduciary obligations,
you have discharged them magnificently in this case.  You have gotten the best settlement that you can
negotiate for your client."  Judge Mukasey further stated in his Opinion and Order approving the
settlement and awarding counsel fees:

Doc.

Wolf Popper LLP
Page -16-

> [P]laintiffs' counsel] did all the work on their own....class counsel consistently have
> been skillful, resourceful and diligent without also being captious -- no mean feat. They
> invested time and money in this case, and well deserve the payment they request.

In re Gulf Oil/Cities Service Tender Offer Litig., Fed. Sec. L. Rep. (CCH) ¶ 96,845, at 93,391
(S.D.N.Y. 1992).

- In the International Systems & Controls Sec. Litig., MDL 440 (S.D. Tx.) case, Judge
Black stated at the conclusion of the action that the quality of the plaintiffs' lawyers was
"extraordinary." In Seidman v. Stauffer Chemical Co., B-84-543 (D. Conn.) at the conclusion of
the case, Chief Judge Daly remarked, in approving the settlement, that plaintiffs' co-lead counsel had acted
throughout the litigation "...in accord with the highest standards of the bar, and it was a pleasure to deal
with you and to listen to you, and to review your work...".

- Judge Nicholas H. Politan stated at the hearing approving the settlement in In re Electro-
Catheter Corporation Sec. Litig., Civil No. 87-41 (D.N.J. September 7, 1989), in which the Firm was
co-lead counsel:

> I'm satisfied that counsel in this case are highly competent, very skilled in this
> very specialized area and were at all times during the course of the litigation that I
> participated in, which was perhaps the major portion of the Court litigation here, always
> well prepared, well spoken, and knew their stuff and they were a credit to their
> profession. They are the top of the line. It is good to see top-of-the-line people come
> in here and top-of-the-line people should be paid top-of-the-line fees. . . . I'm very
> satisfied with counsel. . . . I compliment them. . . .

- At the settlement hearing held on September 30, 1985 in In re Saxon Sec. Litig., 81 Civ.
3103 (S.D.N.Y.), in which the Firm served as co-lead counsel, Judge Mary Johnson Lowe praised the
quality of work performed in the case:

> I have never had the pleasure of working with such an outstanding group of
> attorneys. . . .
>
> * * *
>
> We had claims which aggregated many times the value of what was available, and I
> think you were all just superb, and from this Court to all of the lawyers who participated
> you have my admiration, my thanks -- and I don't know what other accolades I can give
> you other than that, but that is the way I feel about what happened here, and I am very
> proud to be a lawyer to be associated with you.

---

Doc.