KIRBY McINERNEY LLP
Ira M. Press (IP 5313)
Peter S. Linden (PL 8945)
830 Third Avenue, 10th Floor
New York, New York 10022
(212) 371-6600

*Attorneys for Movant, Detroit General Retirement System*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL RUBIN,<br><br>  Plaintiff,<br><br>v.<br><br>MF GLOBAL, LTD., et al.,<br><br>  Defendants. | **Civil Action No.**<br>**08 CIV 2233(VM)** |

**MEMORANDUM IN SUPPORT OF MOTION OF THE DETROIT
GENERAL RETIREMENT SYSTEM TO APPOINT LEAD PLAINTIFF
AND APPROVE LEAD PLAINTIFF AND APPROVE LEAD
PLAINTIFF'S SELECTION OF LEAD COUNSEL**

## INTRODUCTION

The Detroit General Retirement System ("DGRS" or "Movant") respectfully submits this memorandum of law in support of its motion (i) for the DGRS' appointment pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") as Lead Plaintiff in the above-captioned securities fraud class action; and (ii) for the Court's approval of the DGRS' selection of Lead Counsel and Liaison Counsel for the proposed Class.

The above captioned proposed class action alleges violations by MF Global, Ltd. ("MF Global" or the "Company") of federal securities laws, Sections 11, 12 and 15 of the Securities Act of 1933, including allegations of issuing a series of materially false and misleading misrepresentations in connection with the Company's Registration Statement and Prospectus issued in connection with the IPO.

The DGRS is a member of the proposed class of purchasers of MF Global securities between July 19, 2007 through February 28, 2008 (the "Class Period"). Movant suffered losses of $1,100,398 from class period trades in MF Global and it is believed to have the largest financial interest in the relief sought by the claim. *See* Exhibit C to accompanying May 8, 2008 affidavit of Ira M. Press ("Press Aff."). As such DGRS should be appointed as lead plaintiff.

## FACTUAL BACKGROUND

MF Global, Ltd., based in Hamilton, Bermuda, operates as a broker of exchange-listed futures and options worldwide. It provides execution and clearing services for exchange-traded and over-the-counter derivative products, as well as for non-derivative foreign exchange products and securities in the cash market. The company offers trade execution and clearing services for derivative and cash products across a range of trading markets, including interest rates, equities, currencies, energy, and metals, as well as agricultural and other commodities. MF Global serves

approximately 130,000 active client accounts, including institutions, hedge funds, other asset managers, professional traders, and private clients.

The above-captioned action and those that have been consolidated therewith, assert claims for violation of the Securities Act of 1933 on behalf of investors in MF Global securities against *inter alia* MF Global and its chief officers. The suits allege that MF Global and certain of its officers and directors failed to disclose and misrepresented material adverse facts which were known to, or were recklessly disregarded, including: (1) the Company's risk management infrastructure including its policies procedures and systems were deficient; (2) the Company misrepresented that clients open positions and margin levels were monitored on a real time basis with its sophisticated technical system oversight; (3) the Company's risk management controls were suspended or eliminated to speed up certain trades; (4) the Company eliminated credit and risk analysis, buying power limits and controls which allowed an MF Global representative to place orders disregarding margin requirements; and (5) that, as a result of the foregoing, the Registration Statement and Prospectus were false and misleading at all relevant times.

The actions further allege that on February 28, 2008, MF Global disclosed that it was taking a $141.5 million loss resulting from wheat futures trades by one of its brokers that had "substantially exceeded his trading limit". This news caused a material decline in MF Global's stock price, thereby causing injury to members of the putative class.

## ARGUMENT

### I. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Section 27(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Securities Act. The PSLRA directs courts to consider any motion

to serve as Lead Plaintiff filed by class members made within 60 days of a published notice of class action.

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

>(aa) has either filed the complaint or made a motion in response to a notice . . .;

>(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

>(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure

15 U.S.C. §77z-1(a)(3)(B)(iii).

As set forth below, Movant is believed to have the largest financial interest in the relief sought in these actions among all putative class members who have filed complaints or filed timely motions for lead plaintiff appointment. As such, movant is entitled to the presumption that it is the most adequate plaintiff to represent all class period purchasers of MF Global securities.

### A.    Movant is Willing to Serve as Lead Plaintiff On Behalf of All Purchasers of UBS Securities

On March 14, 2008, counsel for plaintiff in the above-captioned action caused a notice to be published on newswire services, pursuant to Sections 27(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against the defendants herein, and advising purchasers of MF Global securities that they had until May 9, 2008 to file a motion to be appointed as Lead Plaintiff. *See* Press Aff. Exhibit A. The PSLRA provides that motions for appointment of lead plaintiff must be filed within 60 days following publication of the statutory notice. Movant has filed this motion within the statutory time period. In connection with this motion, Movant has attached a sworn

3

certification attesting that DGRS is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Press Aff., at Exhibit B.

Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA provides that the most adequate plaintiff is presumed to be the "person or group of persons" that, among other things, "has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb).

Movant purchased 83,000 MF Global shares in or traceable to MF Global's IPO. *See* Press Aff., Exhibit B and C. Movant's net class period purchases were 70,200 shares. *Id.* Movant's class period expenditures on MF Global shares totaled $ 2,375,764. *Id.* Movant incurred class period investment losses of $ 1,100,398. *See* Press Aff., Exhibit C.

Movant believes that its financial interest in the relief sought by the class is greater than those of all other qualified movants seeking appointment as lead plaintiff.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests

of the class.

Of the four prerequisites for class certification, only two - typicality and adequacy - directly address the personal characteristics of the proposed class representative. Consequently, in deciding a motion for appointment of lead plaintiff, the Court should limit its inquiry to the typicality and adequacy of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997); *Lax v. First Merchants Acceptable Corporation, et al.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Il. 1997) at *20 ("Evidence regarding the requirements of Rule 23 will of course, be heard in full at the class certification hearing. There is no need to require anything more than a preliminary showing at this stage") (quoting *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)), accord, *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp. 2d 286, 296 (E.D.N.Y. 1998) ("At this stage in the litigation, the party moving for lead plaintiff of the consolidated action need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23").

DGRS fulfills all of the requirements of Rule 23. DGRS shares substantially the same questions of law and fact with other purchasers of MF Global securities, such as, whether defendants violated the Securities Act by publicly disseminating a series of false and misleading statements in its Registration Statement and Prospectus which falsely depicted MF Global's business, and whether these statements artificially inflated the price of MF Global securities. Movant acquired MF Global securities during the Class Period at prices artificially inflated by defendants' misrepresentations and omissions and was damaged thereby. All other persons and entities who acquired MF Global securities during the Class Period overpaid as a result of the same misconduct that caused Movant's

injury. *See, e.g.*, *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d. Cir. 1992); *In re Oxford Health Plans*, 191 F.R.D. 369, 375 (S.D.N.Y. 2000) (typicality under Rule 23 requires that a class representative "have the incentive to prove all the elements of the cause of action which would be represented by the individual members of the class were they initiating individualized actions") (quoting *Daniels v. Amerco*, 1983-1 Trade Cas. P 65, 274 (S.D.N.Y.1983)). These shared claims also satisfy the requirement that the claims of the representative parties be typical of other purchasers of MF Global securities.

Thus, the close alignment of interests between Movant and other Class Period purchasers of MF Global securities as well as Movant's strong desire to prosecute the claims on behalf of such persons and entities, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

### D.  Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class;
>
> or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §77z-1(a)(3)(b)(iii)(I).

Courts in the Second Circuit have held that the "adequacy" of a class representative for Rule 23 purposes means that (i) the plaintiff's attorney is qualified experienced and generally able to conduct the litigation and (ii) the plaintiff does not have any interests antagonistic to the class. *In re*

*Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d. Cir. 1992).

Movant's ability and desire to fairly and adequately represent other purchasers of MF Global securities has been discussed above. Movant is not aware of any unique defenses defendants could raise against it that would render it inadequate to represent other purchasers of MF Global securities. Further, Movant has demonstrated its commitment to protecting the interests of the Class by signing a certifications expressing the Movant's willingness to serve as class representative and provide deposition and trial testimony, if necessary. Movant has selected experienced and competent counsel, who, as detailed below, will provide excellent representation of the Class' interests. *See* Press Aff. Exhibit D (resume of Movant's counsel). Moreover, the fact that Movant has the largest known financial stake in the litigation also provides an incentive for Movant to vigorously prosecute this action. Accordingly, Movant should be appointed Lead Plaintiff for the Class.

## II. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court. 15 U.S.C. §77z-1(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected the law firm of Kirby McInerney, LLP to serve as Lead Counsel for the proposed class. Kirby McInerney, LLP is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* Press Aff., at Exhibit D. As a result of their extensive experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable them to prosecute this action

effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the purchasers of MF Global securities will receive the best legal representation available.

## CONCLUSION

For all the foregoing reasons, the DGRS respectfully requests that the Court: (i) appoint the DGRS as Lead Plaintiff; (ii) approve lead plaintiff's selection of Lead Counsel for the Class; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            May 9, 2008

Respectfully submitted,

**KIRBY McINERNEY LLP**

By: _____
Ira M. Press (IP 5313)
Peter S. Linden (PL 8945)
830 Third Avenue, 10th Floor
New York, NY  10022
Tel: (212) 371-6600

*Proposed Lead Counsel*

**ALLEN BROTHERS, P.L.L.C**
James Allen, Sr.
400 Monroe, Suite 220
Detroit, MI 48226
Tel: (313) 962-7777

*Additional Attorneys for Movant, DGRS*

8