UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re MF GLOBAL, LTD. SECURITIES LITIGATION | Electronically Filed<br><br>Civil Action No. 1:08-cv-02233-VM<br><br>(ECF Case) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF JOSE BETANCOURT TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

INTRODUCTION........................................................................................................................... 1

PROCEDURAL BACKGROUND................................................................................................. 3

STATEMENT OF FACTS ............................................................................................................. 3

ARGUMENT .................................................................................................................................. 5

I.      Betancourt Should Be Appointed Lead Plaintiff ................................................................ 5

        A.      The Procedural Requirements Pursuant To The PSLRA.......................................... 5

        B.      Betancourt Is "The Most Adequate Plaintiff" ........................................................... 6

                1.      Betancourt Has Made A Motion For
                      His Appointment As Lead Plaintiff ................................................................6

                2.      Betancourt Has The Largest Financial Interest .............................................6

                3.      Betancourt Otherwise Satisfies Rule 23 .........................................................7

                        a.      Betancourt Fulfills The Typicality Requirement ..............................8

                        b.      Betancourt Fulfills The Adequacy Requirement..............................8

II.     The Court Should Approve Betancourt's Choice Of Counsel..............................................9

CONCLUSION .............................................................................................................................10

## TABLE OF AUTHORITIES

                                                                  Page(s)

### CASES

*In re Drexel Burnham Lambert Group, Inc.*,
    960 F.2d 285 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993)..........................8

*Ferrari v. Gisch*,
    225 F.R.D. 599 (C.D. Cal. 2004) ................................................................................................9

Greebel v. FTP Software, Inc.,
    939 F. Supp. 57, 62-64 (D. Mass. 1996) ....................................................................................5

*In re Oxford Health Plans Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ........................................................................................6, 7, 8

Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.,
    229 F.R.D. 395, 402 (S.D.N.Y. 2004) ........................................................................................5

Scensy Trust v. DiCamillo,
    223 F.R.D. 319 (S.D.N.Y. 2004) ...........................................................................................7, 9

Sofran v. Labranche & Co.,
    220 F.R.D. 398 (S.D.N.Y. 2004) ................................................................................................6

### STATUTES

15 U.S.C. § 77z-1(a)(2)(A) ................................................................................................................1

15 U.S.C. § 77z-1(a)(3) .....................................................................................................................5

15 U.S.C. § 77z-1(a)(3)(A)(i) ........................................................................................................3, 5

15 U.S.C. § 77z-1(a)(3)(A) and (B) ..................................................................................................5

15 U.S.C. § 77z-1(a)(3)(B) ..........................................................................................................2, 7 9

15 U.S.C. § 77z-1(a)(3)(B)(i) ............................................................................................................5

15 U.S.C. § 77z-1(a)(3)(B)(iii) ......................................................................................................6, 9

**RULES**

Fed R. Civ. P 23 ............................................................................................................. 7

Fed R. Civ. P 23(a) .........................................................................................................7

Fed R. Civ. P 23(a)(3) ..................................................................................................8, 9

Fed R. Civ. P 23(a)(4) ..................................................................................................8, 9

**PRELIMINARY STATEMENT**

MF Global, Ltd. ("MF" or the "Company") investor Jose Betancourt ("Betancourt" or "Movant") has losses totaling approximately $7,696 as a result of his investments in MF. Accordingly, Betancourt is believed to have suffered the largest financial loss of any other movant and, as such, has the largest financial interest in the outcome of this litigation. As the most adequate plaintiff, as defined by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Betancourt hereby moves for his appointment as Lead Plaintiff of a proposed class of persons or entities who purchased or acquired MF common stock pursuant or traceable to the July 19, 2007 Initial Public Offering ("IPO") and through February 28, 2008 (the "Class Period").[1]

**INTRODUCTION**

The above-captioned consolidated action is a securities purchaser class action lawsuit that has been brought against certain officers and/or directors of the Company alleging violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"). Movant, with losses of approximately $7,696 in connection with his purchases of MF common stock during the class period, is suitable and adequate to serve as Lead Plaintiff.[2] Movant has submitted a sworn

---

[1] In light of the Court's Orders of April 9, 2008 and April 15, 2008 consolidating the related actions, Jose Betancourt has presented his financial interest using the longest class period alleged among the related actions – July 19, 2007 through February 28, 2008, including shares of common stock purchased in or pursuant in or pursuant to the Company's IPO.

[2] The losses suffered by Movant are not the same as his legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 27(a) of the Securities Act, 15 U.S.C. § 77z-1(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

certification, demonstrating his desire to serve as Lead Plaintiff in this action and his understanding of the attendant duties and obligations of serving as such. *See* Smith Decl. at Exhibit A.[3] To the best of his knowledge, Betancourt's loss represents the largest known financial interest of any class member seeking to be appointed as Lead Plaintiff. *See* Smith Decl. at Exhibit C. Movant is not aware of any other class member that has filed an action or filed an application for appointment as Lead Plaintiff that has sustained greater financial losses. In addition, Betancourt preliminarily satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, is qualified for appointment as Lead Plaintiff in these actions. Thus, as demonstrated herein, Movant is presumptively the most adequate plaintiff and should be appointed Lead Plaintiff.

Betancourt respectfully submits this memorandum of law in support of his motion, pursuant to Section 27 of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B), as amended by the PSLRA, for an order: (1) appointing Betancourt to serve as Lead Plaintiff pursuant to the Securities Act; (2) approving Betancourt's selection of Schiffrin Barroway Topaz & Kessler, LLP to serve as Lead Counsel for the Class; and (3) approving Betancourt's selection of Brodsky & Smith, LLC to serve as Liaison Counsel for the Class.

---

[3] Jose Betancourt's sworn Certification documenting his transactions pursuant to the federal securities laws is attached as Exhibit A to the Declaration of Evan J. Smith In Support Of The Motion Of Jose Betancourt To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel And Liaison Counsel (the "Smith Decl.").

2

## PROCEDURAL BACKGROUND

The first of the Related Actions was commenced in this jurisdiction on or about March 6, 2008.[4] Pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), on March 10, 2008, the first notice that a class action had been initiated against defendants was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as Lead Plaintiff no later than May 9, 2008. *See* Smith Decl. at Exhibit B.

Betancourt is a putative class member (*see* Smith Decl. at Exhibit A) and is timely filing this motion within the 60 day period following publication of the March 10, 2008 notice pursuant to Sections 27 of the Securities Act.

## STATEMENT OF FACTS[5]

MF is a broker of exchange-listed futures and options. MF provides execution and clearing services for exchange-traded and over-the counter derivative products as well as for non-derivative foreign exchange products and securities in the cash market. MF is a Bermuda corporation with its principal executive offices located in Hamilton, Bermuda and New York, New York. On July 18, 2007, the Company conducted its IPO. In connection with the IPO, the Company filed a Registration Statement and Prospectus (collectively referred to as the "Registration Statement") with the SEC. The IPO was a financial success for the Company as it

---

[4] Upon information and belief, the first filed lawsuit against defendants, *Rubin v. MF Global, Ltd., et al*, No. 1:08-cv-02233 was filed in the United States District Court for the Southern District of New York on Mar. 6, 2008.

[5] These facts were derived from the allegations contained in the class action styled as *Rudnick v. MF Global Ltd.*, No.1:08-cv-03359 (S.D.N.Y. filed April 4, 2008).

was able to raise $2.92 billion by selling 97.38 million shares of stock to the public at a price of $30 per share.

Since the time of its IPO, MF represented to investors and financial analysts that it had extensive and sufficient risk management procedures and internal controls. However, on February 28, 2008, the Company shocked investors when it announced that it would incur a $141.5 million loss as a result of unauthorized trades by one of its traders, later identified as Evan "Brent" Dooley. The Company admitted that a failure in one of its retail order entry systems permitted the rogue trader to establish significant positions in his own account which were liquidated later that morning. The following day, it was reported in *The Wall Street Journal* that the internal controls of the Company's systems were sometimes turned off at the Memphis office and possibly other locations in order to speed trades.

In response to this news, shares of the Company's stock declined $8.09 per share, or 27.63 percent, to close on February 28, 2008 at $21.19 per share, on unusually heavy trading volume. The Company's shares continued to fall the following day, declining an additional $3.64 per share, or 17.18 percent, to close on February 29, 2008 at $17.55 per share. This closing price represented a cumulative loss of $12.45, over 41 percent, of the value of the Company's shares at the time of its IPO just months prior.

## ARGUMENT

I. **BETANCOURT SHOULD BE APPOINTED LEAD PLAINTIFF**

   A. **The Procedural Requirements Pursuant To The PSLRA**

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i). Plaintiff in the first-filed action published a notice with *Business Wire* on March 10, 2008. *See* Smith Decl. at Exhibit B.[6] This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than May 9, 2008. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 77z-1(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 77z-1(a)(3)(B)(i). In determining who is the "most adequate plaintiff", the Securities Act provides that:

---

[6] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, 1997 WL 461036, at *1 (N.D. Ill. 1997).

5

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
>> (aa) has either filed the complaint or made a motion in response to a notice . . .
>>
>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 77z-1(a)(3)(B)(iii); *In re Oxford Health Plans Inc. Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004); *Miller v. Lazard Ltd.*, No. 05-cv-05630 slip op. at 2 (S.D.N.Y. Sept.. 14, 2005) (Marrero, J.) (attached to the Smith Decl. at Exhibit D).

  **B. Betancourt Is "The Most Adequate Plaintiff"**

    **1. Betancourt Has Made A Motion For His Appointment As Lead Plaintiff**

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, Betancourt timely moves this Court to be appointed Lead Plaintiff on behalf of all plaintiffs and class members covered by the consolidated action and any other actions deemed related by this Court.

    **2. Betancourt Has The Largest Financial Interest**

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii) the court shall appoint as Lead Plaintiff the class member who represents the largest financial interest in the relief sought by the action. *See Sofran*, 220 F.R.D. at 401. As is demonstrated herein, Benacourt (with losses of $7,696) has the largest known financial interest in the relief sought by the Class. *See* Smith Decl. at Exhibit C.

### 3.   Betancourt Otherwise Satisfies Rule 23

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford Health,* 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo,* 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same).

Betancourt has claims that are typical of other class members and can adequately serve as Lead Plaintiff. As detailed below, Betancourt satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

### a.     Betancourt Fulfills The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed sub nom.*, 506 U.S. 1088 (1993); see also *Oxford Health,* 182 F.R.D. at 50 (same).

Betancourt seeks to represent a class of purchasers of MF common stock which have identical, non-competing and non-conflicting interests. Betancourt satisfies the typicality requirement because, just like all other class members, he: (1) purchased or acquired MF common stock during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, Betancourt's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

### b.     Betancourt Fulfills The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 77z-1(a)(3)(B). As detailed above, Betancourt shares common questions of law and fact with the members of the Class and his claims are typical of the claims of other class

members. Further, Betancourt has already taken significant steps demonstrating that he has and will protect the interests of the Class: he has executed a sworn certification detailing his Class Period transactions and expressing his willingness to serve as Lead Plaintiff; he has moved this Court to be appointed as Lead Plaintiff in this action; and he has retained competent and experienced counsel who, as shown below, will be the most capable of adequately represent the interests of the class members. *See Sczensy Trust,* 223 F.R.D. at 324 (discussing adequacy requirement). Furthermore, Betancourt has the largest known financial interest which gives him "an incentive to prosecute the action vigorously." *Ferrari v. Gisch,* 225 F.R.D. 599, 607 (C.D. Cal. 2004). Thus, Betancourt, in addition to having the largest financial interest, also *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, satisfies all elements of the Securities Act's prerequisites for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(iii).

## II. THE COURT SHOULD APPROVE BETANCOURT'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 77z-1(a)(3)(B), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, Betancourt has selected and retained Schiffrin Barroway Topaz & Kessler, LLP to serve as Lead Counsel for the Class and Brodsky & Smith, LLC to serve as Liaison Counsel for the Class. These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class. *See* Smith Decl. at Exhibits E and F.

Because there is nothing to suggest that Movant or his counsel will not fairly and adequately represent the Class, or that Movant is subject to unique defenses – which is the *only*

9

evidence that can rebut the presumption of adequacy under the Exchange Act – this Court should appoint Betancourt as Lead Plaintiff and approve his selection of Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class and Brodsky & Smith, LLC as Liaison Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Betancourt respectfully requests that the Court: (a) appoint Betancourt as Lead Plaintiff; (b) approve Schiffrin Barroway Topaz & Kessler, LLP as Lead Counsel for the Class; and (c) approve Brodsky & Smith, LLC as Liaison Counsel for the Class.

Dated: May 9, 2008

Respectfully submitted,

**BRODSKY & SMITH, LLC**

By:   /s Evan J. Smith, Esquire (ES3254)
Evan J. Smith (ES3254)
240 Mineola Blvd.
Mineola, NY 11501
Telephone:   (516) 741-4977
Facsimile:   (516) 741-0626

**Proposed Liaison Counsel**

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
Sean M. Handler
Steven D. Resnick
280 King of Prussia Road
Radnor, PA 19087
Telephone:   (610) 667-7706
Facsimile:   (610) 667-7056

**Proposed Lead Counsel**