**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

| | |
|---|---|
| MICHAEL RUBIN, Individually and On Behalf of All Others Similarly Situated, ) | |
| ) | |
| Plaintiff, ) | **08-CV-2233 (VM)** |
| ) | |
| vs. ) | |
| ) | |
| MF GLOBAL, LTD., MAN GROUP PLC, ) | |
| KEVIN R. DAVIS, AMY S. BUTTE, ALISON J. ) | |
| CARNWATH, CHRISTOPHER J. SMITH, ) | |
| CHRISTOPHER BATES, HENRI J. STEENKAMP ) | |
| and EDWARD L. GOLDBERG, ) | |
| ) | |
| Defendants. ) | |

---------------------------------------------------------

**DECLARATION OF JOSEPH H. WEISS IN SUPPORT OF**
**MOTION OF SOUTH SHORE INVESTMENT GROUP, CRL MANAGEMENT, LLC,**
**KAL KOPLIN AND MICHAEL RUBIN FOR APPOINTMENT AS LEAD PLAINTIFFS**
**AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**

JOSEPH H. WEISS, declares as follows:

1.      I am admitted to practice in this Court and am a partner with the law firm of

Weiss & Lurie, counsel for South Shore Investment Group, CRL Management, LLC, Kal Koplin

and Michael Rubin, proposed Lead Plaintiffs herein.  I submit this declaration in support of the

Motion of South Shore Investment Group, CRL Management, LLC, Kal Koplin and Michael

Rubin for Appointment as Lead Plaintiffs and Approval of their Selection of Lead Counsel.

2.      Attached hereto as Exhibit A is a copy of the notice published by my firm over

BusinessWire on March 10, 2008.

3.      Attached hereto as Exhibit B are the certifications and the accompanying loss

chart estimating the damages suffered by South Shore Investment Group, CRL Management,

LLC, Kal Koplin and Michael Rubin as a result of purchases of MF Global, Ltd. securities during the Class Period.

4.      Attached hereto as Exhibit C is a true and accurate copy of the firm biography of Weiss & Lurie.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of May, 2008, at New York, New York.

                              _____s/ Joseph H. Weiss_____
                                  JOSEPH H. WEISS

# EXHIBIT A

**WEISS & LURIE ANNOUNCES CLASS ACTION SUIT AGAINST MF GLOBAL, LTD.**

NEW YORK--(BUSINESS WIRE)--March 10, 2008--The law firm of Weiss & Lurie announces that on March 6, 2008, it filed a class action lawsuit on behalf of purchasers of the common stock of MF Global, Ltd., ("MF" or the "Company") (NYSE:MF), in its Initial Public Offering on July 19, 2007 and on the open market through February, 28, 2008 (the "Class Period").

Other law firms, who do not represent MF clients and have not filed lawsuits, but have sought to piggyback on the work done and complaint filed by Weiss & Lurie, have published misleading notices to solicit clients. Those notices are published by lawyers in search of litigation. This notice is being disseminated pursuant to federal law in order to advise shareholders of the actual filing of the lawsuit and their rights in connection therewith.

The complaint asserts claims against defendants MF, Man Group Plc, Kevin R. Davis, Amy S. Butte, Alison J. Carnwath, Christopher J. Smith, Christopher Bates, Henri J. Steenkamp and Edward L. Goldberg for violations of Sections 11, 12(2) and 15 of the Securities Act of 1933. The complaint alleges that the Registration Statement and Prospectus issued in connection with the IPO were materially false and misleading. The action is pending in the United States District Court for the Southern District of New York as civil action number 08-cv-2233 before the Honorable Victor Marrero.

Plaintiff is represented by the law firm of Weiss & Lurie, which possesses significant experience and expertise in prosecuting class actions on behalf of shareholders in federal and state courts throughout the United States. Weiss & Lurie has been collectively responsible for recovering more than a billion dollars on behalf of class members.

If you bought MF securities between July 19, 2007 and February 28, 2008, you may move the court no later than May 9, 2008, to serve as a lead plaintiff of the class. To serve as a lead plaintiff, you must meet certain legal requirements. A lead plaintiff is a representative party that acts on behalf of other class members in directing the litigation. To be appointed a lead plaintiff, the Court must determine that the class member's claim is typical of the claims of other class members, and that the class member will adequately represent the class. Under certain circumstances, one or more class members may together serve as a "lead plaintiff." Your ability to share in any recovery is not, however, affected by the decision whether or not to serve as a lead plaintiff. You may retain Weiss & Lurie or other counsel of your choice, to serve as your counsel in this action.

If you wish to receive an investor package or if you wish to discuss this action, have any questions concerning this notice or your rights or interests with respect to this matter, or if you have any information you wish to provide to us, please contact:

Joseph H. Weiss, James E. Tullman, and/or Richard A. Acocelli, (888) 593-4771 or (212) 682-3025, via Internet electronic mail at infony@weisslurie.com or by writing Weiss & Lurie, The French Building, 551 Fifth Avenue, Suite 1600, New York, New York 10176.

# EXHIBIT B

# MF GLOBAL LTD
## Movants Register and Transaction Report

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|
| Rubin, Michael | 7/18/2007 | 100 | $ 30.00 | 3,000.00 | 10/26/2007 | 100 | $ 30.66 | 3,066.00 | |
| | 7/18/2007 | 100 | $ 30.00 | 3,000.00 | 10/26/2007 | 100 | $ 30.50 | 3,050.00 | |
| | 7/18/2007 | 100 | $ 30.00 | 3,000.00 | 11/2/2007 | 100 | $ 30.34 | 3,034.00 | |
| | 7/18/2007 | 2,000 | $ 30.00 | 60,000.00 | | | | | |
| | | 2,300 | $ | 69,000.00 | | 300 | $ | 9,150.00 $ | (33,661.00) |
| CRL Management LLC | 7/18/2007 | 2,000 | $ 30.00 | 60,000.00 | 7/19/2007 | 2,000 | $ 27.60 | 55,200.20 | |
| | 7/18/2007 | 14,000 | $ 30.00 | 420,000.00 | 7/20/2007 | 14,000 | $ 27.60 | 386,401.40 | |
| | 7/18/2007 | 1,500 | $ 30.00 | 45,000.00 | 7/20/2007 | 1,500 | $ 27.60 | 41,400.15 | |
| | 7/18/2007 | 1,000 | $ 30.00 | 30,000.00 | 7/20/2007 | 1,000 | $ 27.60 | 27,600.10 | |
| | 7/18/2007 | 1,500 | $ 30.00 | 45,000.00 | 7/20/2007 | 1,500 | $ 27.60 | 41,400.15 | |
| | 7/18/2007 | 2,300 | $ 30.00 | 69,000.00 | 7/20/2007 | 2,300 | $ 27.60 | 63,480.23 | |
| | 7/18/2007 | 3,500 | $ 30.00 | 105,000.00 | 7/20/2007 | 3,500 | $ 27.60 | 96,600.35 | |
| | 7/18/2007 | 5,000 | $ 30.00 | 150,000.00 | 7/20/2007 | 5,000 | $ 27.60 | 138,000.50 | |
| | 7/18/2007 | 6,000 | $ 30.00 | 180,000.00 | 7/20/2007 | 6,000 | $ 27.60 | 165,600.60 | |
| | 7/18/2007 | 900 | $ 30.00 | 27,000.00 | 7/20/2007 | 900 | $ 27.60 | 24,840.09 | |
| | 7/18/2007 | 1,000 | $ 30.00 | 30,000.00 | 7/20/2007 | 1,000 | $ 27.01 | 27,006.50 | |
| | 7/18/2007 | 5,100 | $ 30.00 | 153,000.00 | 7/25/2007 | 5,100 | $ 25.40 | 129,531.84 | |
| | 7/18/2007 | 8,900 | $ 30.00 | 267,000.00 | 7/25/2007 | 8,900 | $ 25.40 | 226,045.76 | |
| | 7/18/2007 | 100 | $ 30.00 | 3,000.00 | 7/27/2007 | 100 | $ 25.10 | 2,510.00 | |
| | 7/18/2007 | 1,400 | $ 30.00 | 42,000.00 | 7/27/2007 | 1,400 | $ 25.10 | 35,140.00 | |
| | 7/18/2007 | 7,600 | $ 30.00 | 228,000.00 | 7/27/2007 | 7,600 | $ 25.41 | 193,106.88 | |
| | 7/18/2007 | 1,000 | $ 30.00 | 30,000.00 | 7/27/2007 | 1,000 | $ 25.41 | 25,408.80 | |
| | 7/18/2007 | 100 | $ 30.00 | 3,000.00 | 7/27/2007 | 100 | $ 25.41 | 2,540.88 | |
| | 7/18/2007 | 1,000 | $ 30.00 | 30,000.00 | 7/27/2007 | 1,000 | $ 25.41 | 25,408.80 | |
| | 7/18/2007 | 300 | $ 30.00 | 9,000.00 | 7/27/2007 | 300 | $ 25.41 | 7,622.64 | |
| | 7/18/2007 | 60,000 | $ 30.00 | 1,800,000.00 | 7/24/2007 | 60,000 | $ 26.27 | 1,576,206.00 | |
| | 7/18/2007 | 5,000 | $ 30.00 | 150,000.00 | 7/26/2007 | 5,000 | $ 25.58 | 127,916.00 | |
| | | 129,200 | $ | 3,876,000.00 | | 129,200 | $ | 3,418,967.87 $ | (457,032.13) |

Page 2

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|
| South Shore Investment Group | | | | | | | | | |
| | 7/18/2007 | 59,750 | $ 30.00 | $ 1,792,500.00 | 7/19/2007 | 59,750 | $ 27.41 | $ 1,637,896.88 | |
| | 7/18/2007 | 50,000 | $ 30.00 | 1,500,000.00 | 7/19/2007 | 50000 | $ 27.30 | 1,365,000.00 | |
| | 7/18/2007 | 4,100 | $ 30.00 | 123,000.00 | 7/19/2007 | 4,100 | $ 27.46 | 112,595.84 | |
| | 7/18/2007 | 2,600 | $ 30.00 | 78,000.00 | 7/19/2007 | 2,600 | $ 27.41 | 71,272.50 | |
| | 7/18/2007 | 2,000 | $ 30.00 | 60,000.00 | 7/20/2007 | 2,000 | $ 26.77 | 53,540.00 | |
| | 7/18/2007 | 8,500 | $ 30.00 | 255,000.00 | 7/25/2007 | 8,500 | $ 27.00 | 229,477.90 | |
| | 7/18/2007 | 2,000 | $ 30.00 | 60,000.00 | 8/1/2007 | 2,000 | $ 27.65 | 55,300.00 | |
| | | 128,950 | | 3,868,500.00 | | 128,950 | | 3,525,083.12 | $ (343,416.89) |
| Koplin, Kal | | | | | | | | | |
| | 7/18/2007 | 5,500 | $ 30.00 | 165,000.00 | 7/19/2007 | 5,500 | $ 27.52 | 151,360.00 | |
| | 7/18/2007 | 5,000 | $ 30.00 | 150,000.00 | 7/19/2007 | 5,000 | $ 27.42 | 137,100.00 | |
| | 7/18/2007 | 2,000 | $ 30.00 | 60,000.00 | 7/19/2007 | 2,000 | $ 28.03 | 56,060.00 | |
| | 7/18/2007 | 500 | $ 30.00 | 15,000.00 | 7/19/2007 | 500 | $ 27.59 | 13,795.00 | |
| | 7/18/2007 | 1,000 | $ 30.00 | 30,000.00 | 7/19/2007 | 1,000 | $ 28.00 | 28,000.00 | |
| | 7/18/2007 | 1,500 | $ 30.00 | 45,000.00 | 7/20/2007 | 1,500 | $ 26.31 | 39,465.00 | |
| | 7/18/2007 | 500 | $ 30.00 | 15,000.00 | 7/20/2007 | 500 | $ 26.69 | 13,345.00 | |
| | 7/18/2007 | 2,000 | $ 30.00 | 60,000.00 | 7/23/2007 | 2,000 | $ 26.97 | 53,940.00 | |
| | 7/18/2007 | 8,000 | $ 30.00 | 240,000.00 | 7/24/2007 | 8,000 | $ 26.74 | 213,920.00 | |
| | 7/18/2007 | 2,500 | $ 30.00 | 75,000.00 | 7/25/2007 | 2,500 | $ 27.05 | 67,625.00 | |
| | 7/18/2007 | 2,500 | $ 30.00 | 75,000.00 | 7/26/2007 | 2,500 | $ 24.39 | 60,975.00 | |
| | 7/18/2007 | 1,000 | $ 30.00 | 30,000.00 | 7/30/2007 | 1,000 | $ 24.05 | 24,050.00 | |
| | 7/18/2007 | 32,000 | | 960,000.00 | | 32,000 | | 859,635.00 | $ (100,365.00) |
| **TOTALS:** | | 292,450 | | $ 8,773,500.00 | | 290,450 | | $ 7,812,835.99 | $ (934,475.02) |

**Explanatory notes**

The total estimated damages of each Proposed Lead Plaintiff has been calculated in the following manner:

1) Common stock sold within the Class Period:
Damages with respect to shares sold within the Class Period have been based upon each proposed lead plaintiff's actual loss. Each Proposed Lead Plaintiff's actual loss has been offset by any gain realized by plaintiff as a result of sales made within the Class Period.

2) Common stock still held:
Purchase price of MF Global Ltd. common stock still held, minus the mean trading

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|

3)   Purchase price of MF Global Ltd. common stock still held minus the mean trading price of MF Global Ltd. common stock between 2/29/08 and 5/8/08 ($13.0945) multiplied by the number of shares held.

Common stock sold after the Class Period: For shareholders who sold their shares after the end of the Class Period, their actual (non statutory) losses were calculated.

4)   All calculations have been performed using the First-In-First-Out ("FIFO") method of matching trades.

5)   All losses have been calculated exclusive of costs, commissions and fees.

CERTIFICATION OF PLAINTIFF
PURSUANT TO FEDERAL SECURITIES LAWS

MICHAEL RUBIN ("Plaintiff") certifies as follows:

1.    I have reviewed a draft complaint against MF Global Ltd. and others and authorize its filing.

2.    I did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in this private action.

3.    I am willing to serve as the representative party, including providing testimony at deposition and trial, if necessary.

4.    On July 19, 2007, I purchased 1,800 shares individually (and an additional 500 shares in a joint account with my wife) of MF Global Ltd. in the IPO at a price of $30.00. The following are the sales of my individually held shares:

10/26/07 – 100 shares – $30.66
10/26/07 – 100 shares – $30.50
11/02/07 – 100 shares – $30.34

I still retain 1,500 shares individually and 500 shares jointly of MF Global Ltd.

5.    I have not sought to serve as the representative party in any federal securities case in the last three years except in the following case:

Kim v. Lee et al., 06 cv 02951 (TPG) (S.D.N.Y.)

6.    I will not accept any payment for serving as the representative party beyond Plaintiff's pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

7.    I hereby certify, under penalty of perjury, that the foregoing is true and correct to the best of my current knowledge, information and belief.

DATED:    March 5, 2008

_____
Michael Rubin

CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

I, *CRL Management, LLC*, hereby certify that the following is true and correct to the best of my current knowledge, information and belief:

1.    I have reviewed the complaint styled Rubin v. MF Global, Ltd., et al., 08-02233, U.S.D.C., Southern District of New York, which was filed on behalf of all others similarly situated. If necessary, I authorize the filing of a similar complaint on my behalf.

2.    I did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in this private action.

3.    I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary. I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Certification.

4.    To the best of my current knowledge, the following are all my transactions in MF securities in its Initial Public Offering on July 19, 2007 and on the open market through February 28, 2008 (the "Class Period"):

| Date | Purchased or Sold | No. of Shares | Price per Share |
|------|-------------------|---------------|-----------------|
|      |                   |               |                 |

5.    During the last three years, I have not served or sought to serve as a class representative in any case brought under the federal securities laws.

6.    I have not been promised any payment for serving as a representative party on behalf of the class beyond my pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

Signed under penalty of perjury this 28 day of April, 2008.

_member_

| Date | Purchased or Sold | No. of Shares | Price per Share |
|------|-------------------|---------------|-----------------|
| 7/18/07 | B | 129,200 | $30.00000 |
| 7/19/07 | S | 2,000 | $27.60000 |
| 7/20/07 | S | 35,700 | $27.60000 |
| 7/20/07 | S | 1,000 | $27.01000 |
| 7/25/07 | S | 14,000 | $25.40000 |
| 7/27/07 | S | 1,500 | $25.10000 |
| 7/27/07 | S | 10,000 | $25.41000 |
| 7/24/07 | S | 60,000 | $26.27000 |
| 7/26/07 | S | 5,000 | $25.58000 |

CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

I, _South Shore Invest Group_ , hereby certify that the following is true and correct to the best of my current knowledge, information and belief:

1.    I have reviewed the complaint styled Rubin v. MF Global, Ltd., et al., 08-02233, U.S.D.C., Southern District of New York, which was filed on behalf of all others similarly situated. If necessary, I authorize the filing of a similar complaint on my behalf.

2.    I did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in this private action.

3.    I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary. I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Certification.

4.    To the best of my current knowledge, the following are all my transactions in MF securities in its Initial Public Offering on July 19, 2007 and on the open market through February 28, 2008 (the "Class Period"):

| Date | Purchased or Sold | No. of Shares | Price per Share |
| --- | --- | --- | --- |
| | | | |

5.    During the last three years, I have not served or sought to serve as a class representative in any case brought under the federal securities laws.

6.    I have not been promised any payment for serving as a representative party on behalf of the class beyond my pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

Signed under penalty of perjury this _28_ day of _April_, 2008.

President

| Date | Purchased or Sold | No. of Shares | Price per Share |
|------|-------------------|---------------|-----------------|
| 7/18/07 | B | 128,950 | $30.00000 |
| 7/19/07 | S | 62,350 | $27.41000 |
| 7/19/07 | S | 50,000 | $27.30000 |
| 7/19/07 | S | 4,100 | $27.46000 |
| 7/20/07 | S | 2,000 | $26.77000 |
| 7/25/07 | S | 8,500 | $27.00000 |
| 8/1/07 | S | 2,000 | $27.65000 |

<u>CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS</u>

I, _____*KAL KOPLIN*_____, hereby certify that the following is true and correct to the best of my current knowledge, information and belief:

1.      I have reviewed the complaint styled <u>Rubin v. MF Global, Ltd., et al.</u>, 08-02233, U.S.D.C., Southern District of New York, which was filed on behalf of all others similarly situated.  If necessary, I authorize the filing of a similar complaint on my behalf.

2.      I did not purchase the security that is the subject of this action at the direction of counsel or in order to participate in this private action.

3.      I am willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.  I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Certification.

4.      To the best of my current knowledge, the following are all my transactions in MF securities in its Initial Public Offering on July 19, 2007 and on the open market through February 28, 2008 (the "Class Period"):

| <u>Date</u> | <u>Purchased or Sold</u> | <u>No. of Shares</u> | <u>Price per Share</u> |
|------|------|------|------|
| *Please see attached* | | | |

5.      During the last three years, I have not served or sought to serve as a class representative in any case brought under the federal securities laws.

6.      I have not been promised any payment for serving as a representative party on behalf of the class beyond my pro rata share of any recovery, except as ordered or approved by the court, including any award for reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

Signed under penalty of perjury this __7__ day of __*May*__, 2008.

*Kal Koplin*

| Date | Purchased or Sold | No. of Shares | Price per Share |
|---|---|---|---|
| 7/18/07 | B | 32,000 | $30.00000 |
| 7/19/07 | S | 5,500 | $27.52000 |
| 7/19/07 | S | 5,000 | $27.42000 |
| 7/19/07 | S | 2,000 | $28.03000 |
| 7/19/07 | S | 500 | $27.59000 |
| 7/19/07 | S | 1,000 | $28.00000 |
| 7/20/07 | S | 1,500 | $26.31000 |
| 7/20/07 | S | 500 | $26.69000 |
| 7/23/07 | S | 2,000 | $26.97000 |
| 7/24/07 | S | 8,000 | $26.74000 |
| 7/25/07 | S | 2,500 | $27.05000 |
| 7/26/07 | S | 2,500 | $24.39000 |
| 7/30/07 | S | 1,000 | $24.05000 |

# EXHIBIT C

# WEISS & LURIE

The Fred French Building
551 Fifth Avenue
New York, New York 10176
TEL. (212) 682-3025
FAX (212) 682-3010

New York . Los Angeles

## FIRM BIOGRAPHY

The law firm of Weiss & Lurie has offices in New York City and Los Angeles.  In courts throughout the United States, the firm has litigated hundreds of stockholder class actions brought for violations of federal securities laws and shareholder class and derivative actions brought for violations of corporate and fiduciary duties.  The firm also represents consumers in several class actions in the area of consumer fraud and unfair practices.  The firm has served as lead counsel in numerous actions on behalf of defrauded institutions and individuals for whom it has recovered well over a billion dollars.

Numerous courts have commended the firm for its expertise and ability:

In <u>Brody v. U.S. West, et al.</u>, No. CV-4142 (D. Colo.), Judge Coughlin observed that the case "was litigated by extremely talented lawyers" and "it took a great deal of skill to get to the point of trial." Referring to the firm, Judge Coughlin stated "there wasn't any other lawyers in the United States that took the gamble that these people did.  Not one other firm anywhere said, 'I am willing to take that on'...[the shareholders are] fortunate that they had some lawyers that had the guts to come forward and do it...I had the opportunity to watch these attorneys throughout this period of time when I had this case and the [lawyers'] ability is terrific."

In <u>In re McLeodUSA Inc. Securities Litigation</u>, No. C02-0001-MWB (N.D. Iowa), Chief Judge Mark Bennett stated at the final approval hearing: "I thought you all did a great job in this litigation" and "I think very highly of the work that all the lawyers did in the case, and [I am] pleased that you were able to get it resolved."

WEISS & LURIE

In Ellison v. American Image Motor, et al., Civil Action No. 97-3608 (S.D.N.Y.), Judge Chin, approving the settlement and fee application, commented that "It has been many years. The case was hard fought, very capable counsel on both sides, and I saw counsel many times. It was a hard fought case. It was a difficult case."... "It's probably not said very often, but in this case I think plaintiffs' counsel are being under paid." ... "Counsel did a great job..."

In In re United Telecommunications, Inc. Securities Litigation, No. 90-2251-0 (D. Kan.), Judge O'Conner stated "the court finds that plaintiffs' counsel were experienced and qualified attorneys with outstanding professional reputations in securities litigation who ably and zealously prosecuted the instant case on behalf of the class."

In In re VeriFone Inc. Securities Litigation, No. C-93-3640 DCJ (N.D. Cal.), Judge Jensen stated "I think the case was handled extremely well, extremely professionally, so I think you've done very well."

In In re Western Digital Securities Litigation, SACV 91-375(A) GLT (RWRx) (C.D. Cal.), Judge Taylor complimented plaintiffs' attorneys' work in the action, specifically noting "the caliber of the work involved [and] the quality of the attorneys involved."

In Georgallas v. Martin Color-Fi, Inc. Civil Action No. 6:95-06483 (D.S.C.), Judge Anderson expressed "the utmost respect" for the work of the firm.

In Bash v. Diagnostek, CV 94-794 M (D.N.M.), Judge Black said the case provided "a model for how commercial litigation should be conducted and can be resolved."

In In re National Medical Enterprises Litigation, CV 93-5223-TJH and CV 93-5313-TJH (C.D. Cal.), Judge Hatter summed up the settlement hearing by saying, "I want to again thank counsel for the work that you put into this and hopefully it's a settlement for which the claimants themselves will be appreciative of the results."

WEISS & LURIE

In In re Santa Fe Southern Pacific Corporation, Consold. Civ. No. 9523 (Del. Ch.), Chancellor Allen of the Delaware Chancery Court approved a settlement and cited the creativity and sophistication of plaintiffs' counsel.

Some of the actions which highlight the firm's accomplishments are:

## CASES IN WHICH WEISS & LURIE WAS LEAD OR CO-LEAD COUNSEL

Jordan v. California Department of Motor Vehicles (Sacramento Cal.): The California Court of Appeal, Third Appellate District, held that the State of California's $300 smog impact fee was unconstitutional, paving the way for the creation of a $665 million fund and full refunds, with interest, to 1.7 million motorists.

In re Geodyne Resources, Inc. Securities Litigation (Harris Cty. Tex.): A recovery (including related litigation) totaling over $200 million was obtained for the class.

Freddie Mac Derivative Litigation (S.D.N.Y.): Approximately $100 million was recovered for the Company and significant corporate governance measures were adopted.

Brody v. U.S. West, et al., (D. Colo.): A recovery of $50 million was obtained for the class.

In re Tenneco Securities Litigation (D. Tex.): A recovery of $50 million was obtained for the class.

In re Community Psychiatric Center Securities Litigation (C.D. Cal.): A recovery of $42.5 million was obtained for the class.

In re Crazy Eddie Securities Litigation (S.D.N.Y.): A recovery of $42 million was obtained for the class.

In re Apria Healthcare Group Securities Litigation (Orange County Cal.): A recovery of $42 million was obtained for the class.

In re Canon Group Securities Litigation (C.D. Cal.): A recovery of $33 million was obtained for the class.

In re Platinum Software Securities Litigation (C.D. Cal.): A recovery of $32 million was obtained for the class.

In re McLeodUSA Inc. Securities Litigation, (N.D. Iowa): A recovery of $30 million was obtained for the class.

In re United Telecommunications Securities Litigation (D. Kan.): A recovery of $28 million was obtained for the class.

In re Bergen Brunswig Corp. Sec. Litig., (C.D. Cal.): A recovery of $27.9 million was obtained for the class.

WEISS & LURIE

In re Bank of New York Derivative Litigation (Sup. Ct. NY): A recovery of $26.5 million was obtained for the Company and significant corporate governance measures were adopted.

In re FirstEnergy Shareholder Derivative Litigation (N.D. Ohio): A recovery of $25 million was obtained for the Company and significant corporate governance measures were adopted.

In re Vodafone Group, PLC Securities Litigation (S.D.N.Y.): A recovery of $24.5 million was obtained for the class.

In re Abbey Healthcare Securities Litigation (C.D. Cal.): A recovery of $20.5 million was obtained for the class.

Feinberg v. Hibernia Corp. (D. La.): A recovery of $20 million was obtained for the class.

In re Southern Pacific Funding Corp. Sec. Litig., (D. Or.): A recovery of $19.5 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $18 million was obtained for the class.

In re MK Rail Securities Litigation (D. Idaho):  A recovery of $14.65 million was obtained for the class.

In re California Microwave Securities Litigation (N.D. Cal.): A recovery of $14 million was obtained for the class.

In re KeySpan Corporation Securities Litigation (E.D.N.Y.): A recovery of $13.75 million was obtained for the class.

In re Elscint Ltd Securities Litigation (D. Mass.): A recovery of $12 million was obtained for the class.

Bash v. Diagnostek (D.N.M.): A recovery of $11.7 million was obtained for the class.

In re Megafoods Securities Litigation (D. Ariz.): A recovery of $12 million was obtained for the class.

In re GTECH Securities Litigation (D.R.I.): A recovery of $10.25 million was obtained for the class.

In re Complete Management, Inc. Securities Litigation (S.D.N.Y.): A recovery of $10.15 million was obtained for the class.

Berlinsky v. Alcatel (S.D.N.Y.): A recovery of $8.8 million was obtained for the class.

Lopez v. Checkers Drive-In Restaurants, Inc. (M.D. Fl.): A recovery of over $8.175 million was obtained for the class.

In re Mesa Airlines Securities Litigation (D.N.M.): A recovery of $8 million was obtained for the class.

In re Resound Securities Litigation (N.D. Cal.): A recovery of $8 million was obtained for the class.

4

WEISS & LURIE

In re Castle Energy Corp. Securities Litigation (C.D. Cal.) A recovery of $7.5 million was obtained for the class.

In re Western Digital, Inc. Securities Litigation (C.D. Cal.): A recovery of $6.75 million was obtained for the class.

In re Circle K Securities Litigation (D. Ariz.): A recovery of $6 million was obtained for the class.

In re Aura Systems, Inc. Securities Litigation (C.D. Cal.): A recovery of $5.55 million was obtained for the class.

In re Ascend Communications Securities Litigation (C.D. Cal.): A recovery of $5.45 million was obtained for the class.

In re Southmark Securities Litigation (D. Tex.): A recovery of $5 million was obtained for the class.

In re WCT Securities Litigation (C.D. Cal.): A recovery of $5 million was obtained for the class.

In re Sumitomo Bank of California Securities Litigation (San Francisco Sup. Ct.): A recovery of $4.95 million was obtained for the class.

In re NextLevel Systems, Inc. Securities Litigation (N.D. Ill.): A recovery of $4.6 million was obtained for the class.

In re Shopping.com Securities Litigation (C.D. Cal.): A recovery of $4.5 million was obtained for the class.

In re Denver Bonds Securities Litigation (D. Colo.): A recovery of $4.5 million was obtained for the class.

In re Molecular Dynamics, Inc. Securities Litigation (N.D. Cal.): A recovery of $4 million was obtained for the class.

In re Party City Corp. Securities Litigation (D.N.J.): A recovery of $3.8 million was obtained for the class.

In re Iwerks Securities Litigation (C.D. Cal.): A recovery of approximately $3.5 million was obtained for the class.

In re Davstar, Inc. Securities Litigation (C.D. Cal.): A recovery of $3.4 million was obtained for the class.

In re Trident Securities Litigation (N.D. Cal.): A recovery of $3.15 million was obtained for the class.

In re Twinlab Corp. Securities Litigation (E.D.N.Y.): A recovery of $3 million was obtained for the class.

WEISS & LURIE

In re Offshore Pipelines Securities Litigation (S.D.N.Y.): A recovery of $3 million was obtained for the class.

Gorga v. Uniroyal Chemical Corp. (Sup. Ct. Conn.): A recovery of $3 million was obtained for the class.

In re Amylin Pharms. Securities Litigation (S.D. Cal.):  A recovery of $2.1 million was obtained for class.


**CLASS AND DERIVATIVE ACTIONS HANDLED BY WEISS & LURIE WHERE A SIGNIFICANT BENEFIT WAS OBTAINED FOR THE COMPANY AND/OR THE SHAREHOLDERS**

In re Santa Fe Southern Pacific Corporation (Del. Ch.).

In re Genentech Shareholder Litigation (N.D. Cal.).

In re Beverly Enterprises Shareholder Litigation (Del. Ch.).

In re Tandon Computer Shareholder Litigation (C.D. Cal.).

In re Sears Shareholder Litigation (D. Ill.).

In re Xoma Shareholder Litigation (N.D. Cal.).

In re Castle Energy Corp. Shareholder Litigation (C.D. Cal.).

In re Times-Mirror, Inc. Shareholder Litigation (C.D. Cal.).

In re Lockheed Corp. Shareholder Litigation (C.D. Cal.).

In re Nexgen Securities Litigation (N.D. Cal.).

In re GT Greater Europe Securities Litigation (N.D. Cal.).

In re Pairgain Securities Litigation (S.D. Cal.).

In re AMI Securities Litigation (L.A. Superior).

Wallace v. Fox, et al. (Northeast Utilities) (D. Conn.).

WEISS & LURIE

## BRIEF BIOGRAPHIES OF WEISS & LURIE ATTORNEYS

**JOSEPH H. WEISS** is the Senior Partner of Weiss & Lurie. Mr. Weiss is a 1972 graduate of Columbia University Law School, where he was an editor of the Law Review. He is also a 1972 graduate of Columbia University Graduate School of Business from which he obtained a Masters in Business Administration. Mr. Weiss is a member of the Bar of the State of New York and is admitted to practice in the Southern District of New York, the Eastern District of New York, the Courts of Appeal for the First, Second, Third, Ninth and Federal Circuits, and has been admitted to practice in numerous other federal and state courts. He specializes in prosecuting class and derivative actions throughout the United States and has been appointed lead counsel and successfully concluded numerous such actions.

**JORDAN L. LURIE** is a partner in the Los Angeles office. Mr. Lurie received his law degree in 1987 from the University of Southern California Law Center where he was Notes Editor of the University of Southern California Law Review. He received his undergraduate degree from Yale University in 1984 (*cum laude*). Mr. Lurie has participated in all aspects of class actions. Mr. Lurie is the co-author of "Postponing a Municipal Court Election: The November Election Provision of Government Code Section 71180(b)," California Courts Commentary, November 1989; co-author of "Chapter 54 - Consent Judgment" and "Chapter 55 - Submitted Case," Civil Procedure Before Trial (1990), published by California Continuing Education of the Bar; and author of "Rx for Pharmacy Malpractice: California's New Duty to Consult," CEB Civil Litigation Reporter, December 1991.

Mr. Lurie also has been a featured speaker at California Mandatory Continuing Legal Education seminars regarding securities fraud and class actions. Mr. Lurie is a member of the State Bar of California and is admitted to practice before the United States District Courts for the Northern, Southern, Central and Eastern Districts of California.

**MOSHE BALSAM** is a principal and senior attorney in the New York office. He graduated from Brooklyn Law School in 1981 with a specialty in securities law. He was admitted to the New York

WEISS & LURIE

State Bar in 1982.  Mr. Balsam is also a member of the bars of the United States District Courts for the

Southern and Eastern Districts of New York and has been admitted to practice before various other state

and federal courts.  He has participated in all aspects of numerous class action and shareholder derivative

cases.

**DAVID C. KATZ** is a principal and senior attorney in the New York office.  He is a 1988

Graduate of Benjamin N. Cardozo School of Law.  He is admitted to the New York State Bar and the

United States District Courts for the Southern and Eastern Districts of New York.  He is experienced in

all aspects of securities class and derivative litigation at both the trial and appellate level, and leads the

firm's efforts devoted to enhancing corporate governance.

**JOSEPH D. COHEN** is a principal and senior attorney in the New York office.  He graduated

from Case Western Reserve University School of Law in May 1989, where he received an award for

excellence in Business Law.  He received an LL.M in Corporate law from New York University in 1990.

Mr. Cohen has co-authored several articles: "Mitsubishi and Shearson: A Misplaced Trust in Arbitra-

tion," New England Business Law Journal, 1990; "The Effects of Tax Reform on Golden Parachutes,"

North Atlantic Regional Business Law Review, August 1988; "Dual Class Common Stock and Its Effects

on Shareholders and Legislators," American Business Law Association National Proceedings, August

1988.

Mr. Cohen is admitted to the State Bars of California and Rhode Island, as well as the District of

Columbia and the United States District Courts for the Central, Southern and Northern Districts of

California.

**JAMES E. TULLMAN** is a principal and senior attorney in the New York office.  He graduated

from the University of Delaware (B.A., 1988), and The Jacob D. Fuchsburg Law Center of Touro

College (J.D., 1991), where he was an editor of the Journal of the Suffolk Academy of Law, Touro

College, 1990-1991.  Mr. Tullman is admitted to the state bars of Connecticut, New York, and California,

8

as well as the United States District Courts for the Southern and Eastern Districts of New York, the

Northern, Central and Southern Districts of California, and the United States Court of Appeal for the

Ninth and Third Circuit.

**RICHARD A. ACOCELLI** is a principal and senior attorney in the New York Office. He

received his law degree in 1990 from St. John's University School of Law. He is admitted to the State

Bar of New York and the United States District Courts for the Southern and Eastern Districts of New

York and the Eastern District of Michigan.

**JACK I. ZWICK** is a principal and senior attorney in the New York Office. He received his

law degree in 1993 from Benjamin N. Cardozo School of Law. He is admitted to the New York State

Bar and the United States District Courts for the Southern and Eastern Districts of New York.

**LEIGH A. PARKER** is a principal and senior attorney in the Los Angeles office. She

graduated from Indiana University (B.A. 1981), received her M.B.A. from the American Graduate School

of International Management in 1982 and graduated from Loyola Law School in 1993, where she was a

member of the Scott Moot Court Honors Board. She is admitted to the Bar of the State of California and

the United States District Courts for the Central, Northern, Southern and Eastern Districts of California,

as well as the Ninth Circuit Court of Appeals.

**MARK D. SMILOW** is a principal and senior attorney in the New York office. He graduated

Benjamin N. Cardozo School of Law in 1993, *magna cum laude*, where he was a member of the Cardozo

Law Review. He is admitted to the New York and New Jersey State Bars, and the United States District

Courts for the Southern and Eastern Districts of New York. He has also been admitted in other courts

throughout the nation for particular cases. He has litigated all aspects of numerous class, shareholder,

derivative and consumer class actions in both trial and appellate courts.

**ZEV B. ZYSMAN** is an associate in the Los Angeles office. He graduated from the University

of Southern California (B.A. 1991), and received his law degree from the University of California,

9

WEISS & LURIE

Hastings College of the Law (J.D. 1994). Mr. Zysman is admitted to the Bar of the State of California and the United States District Court for the Central District of California.

**JULIA J. SUN** is an associate in the New York office. She received her B.A. in Political Science from Barnard College, Columbia University in 1998 and her J.D. from Brooklyn Law School in 2003. Ms. Sun is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**ILYA NUZOV** is an associate in the New York office. He received his B.S. in Finance from Rutgers University in 2001 and his J.D. from Brooklyn Law School in 2004. During law school, Mr. Nuzov worked at the State of New Jersey Office of the Attorney General, Bureau of Securities. Mr. Nuzov is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York.

**JOSHUA M. RUBIN** is an associate in the New York office. He received a Bachelor of Talmudic Law from Ner Israel Rabbinical College in 2002 and his J.D. from Benjamin N. Cardozo School of Law in 2005. Mr. Rubin is admitted to the Bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York. He is also an arbitrator qualified by the New York State Dispute Resolution Association and an emergency medical technician.