**KAHN GAUTHIER SWICK, LLC**
Michael A. Swick (MS-9970)
Kim E. Miller (KM-6996)
12 East 41st Street, 12th Floor
New York, NY 10017
Telephone: (212) 696-3730
Fax: (504) 455-1498

**KAHN GAUTHIER SWICK, LLC**
Lewis S. Kahn
650 Poydras Street, Suite 2150
New Orleans, LA 70130
Telephone: (504) 455-1400
Fax: (504) 455-1498

*Counsel for Ira Zeidman and Roslyn Fabian and*
*Proposed Lead Counsel for the Class*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL RUBIN, Individually And On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>MF GLOBAL, LTD. et al,<br><br>      Defendants. | DOCKET NUMBER: 08-cv-2233<br><br>HON. VICTOR MARRERO |

**MEMORANDUM IN SUPPPORT OF THE MOTION OF IRA ZEIDMAN AND ROSLYN FABIAN TO CONSOLIDATE ALL FUTURE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFFS; AND TO APPROVE PROPOSED LEAD PLAINTIFFS' CHOICE OF COUNSEL**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT………………………………………………………………….1

PROCEDURAL BACKGROUND…………………………………………………………….....2

STATEMENT OF FACTS……………………………………………………………………...3

ARGUMENT…………………………………………………………………………………....5

    I.    THE COURT SHOULD CONSOLIDATE ALL FUTURE RELATED ACTIONS……………………………………………………………………………..5

    II.    IRA ZEIDMAN AND ROSLYN FABIAN SHOULD BE APPOINTED LEAD PLAINTIFF……………………………………………………………………...6

        A.    The Procedural Requirements Pursuant to the PSLRA…………………………...6

        B.    Ira Zeidman and Roslyn Fabian are "The Most Adequate Plaintiffs"…………….7

            1.    Ira Zeidman and Roslyn Fabian Have Complied With the PSLRA and Should Be Appointed Lead Plaintiffs……………………………………..7

            2.    Ira Zeidman and Roslyn Fabian Have the Largest Financial Interest…….8

            3.    Ira Zeidman and Roslyn Fabian Satisfy the Requirements of Rule 23……8

                i.  Ira Zeidman and Roslyn Fabian's Claims are Typical of the Claims of all the Class Members………………………...……………….9

                ii.  Ira Zeidman and Roslyn Fabian Will Adequately Represent the Class…………..............................................................................10

    III.    THE COURT SHOULD APPROVE IRA ZEIDMAN AND ROSLYN FABIAN'S CHOICE OF LEAD COUNSEL ……………………………………………………11

CONCLUSION…………………………………………………………………………….....11

## **PRELIMINARY STATEMENT**

Ira Zeidman and Roslyn Fabian ("Zeidman & Fabian" or "Movants")[1] hereby move to consolidate various future related securities class actions filed against MF Global, Ltd.[2] ("MF Global" or the "Company") and other Defendants, to be appointed Lead Plaintiffs in this action pursuant to §27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"), and for approval of their selection of the law firm of Kahn Gauthier Swick, LLC ("KGS"), as Lead Counsel for the Class in this case.

Zeidman & Fabian fully understand their duties and responsibilities to the Class, and are willing and able to oversee the vigorous prosecution of this action. As described in the Certifications attached to the Declaration of Kim E. Miller in Support of the Motion of Ira Zeidman and Roslyn Fabian to Consolidate All Future Related Actions, To Be Appointed Lead Plaintiffs, and To Approve Proposed Lead Plaintiffs' Choice of Counsel ("Miller Decl.") at Exhibit A, Zeidman & Fabian have suffered losses of $58,050.00 as a result of their purchases of shares of MF Global common stock pursuant and/or traceable to the Company's July 19, 2007 Initial Public Offering (the "IPO" or the "Offering") through February 28, 2008, inclusive (the "Class Period"). To the best of their knowledge, Zeidman & Fabian have sustained the largest loss of any investor seeking to be appointed as Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Zeidman & Fabian's Certifications demonstrates their intent to serve as Lead Plaintiffs in this

---

[1] Zeidman & Fabian are long-time friends, and thus have a relationship that pre-exists this litigation.

[2] The various filed securities class actions have already been consolidated. If additional securities cases are filed alleging the same course of conduct and similar or identical claims against the same or similar Defendants, consolidation would be proper. *See* Rule 42(a).

litigation, including their cognizance of the duties of serving in that role.[3] Moreover, Zeidman & Fabian satisfy both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and are presumptively the "most adequate plaintiffs."

Accordingly, Zeidman & Fabian respectfully submit this memorandum of law in support of their motion, pursuant to §27(a)(3)(B) of the Securities Act, as amended by the PSLRA, for an order: (1) consolidating all future related actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Zeidman & Fabian as Lead Plaintiffs in this action pursuant to Section 27(a)(3)(B) of the Securities Act; and (3) approving Movants' selection of the law firm of KGS as Lead Counsel for the Class.

## PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Michael Rubin v. MF Global, Ltd., et al.*, No. 08-cv-2233, was filed on behalf of plaintiff Michael Rubin in the Southern District of New York on March 6, 2008. Pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i), on March 10, 2008, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than May 9, 2008. *See* Miller Decl. at Exhibit B.

Zeidman & Fabian are Class Members (*see* Miller Decl. at Exhibit A) who have timely filed this motion within the 60 day period following publication of the March 10, 2008 notice.

---

[3] The relevant federal securities laws specifically authorize any Class Member seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii). A copy of Zeidman & Fabian's Certifications of their transactions in MF Global securities during the Class Period is attached as Exhibit A to the Miller Declaration that has been filed in support of this motion.

## STATEMENT OF FACTS[4]

In connection with the July 2007 MF Global IPO, Defendants signed a materially false and misleading registration statement and filed with the SEC and made available to shareholders a materially false and misleading prospectus. These filings were essential in allowing defendants to complete the IPO of 97.387 million MF Global shares and raise over $3.2213 billion and to create a public market for trading in Company stock immediately thereafter.

On February 28, 2008, when Defendants' prior misrepresentations and illegal and improper conduct came to be revealed to investors, shares of MF Global declined precipitously—evidence that the prior artificial inflation in the price of Company shares was eradicated. As a result of their purchases of MF Global stock in connection with the IPO, including those who purchased shares traceable to the Offering in the public markets immediately thereafter, members of the Class suffered economic losses, *i.e.* damages under the federal securities laws.

By improperly characterizing the Company's risk management and trading control procedures, the Defendants presented a misleading image of MF Global's business and future growth prospects. Within the IPO prospectus and registration statement, Defendants repeatedly emphasized the ability of the Company to monitor and control its diverse trading positions and that the Company had already installed the systems and procedures necessary to accomplish these important tasks and also emphasized that it consistently reported risks, costs, and expenses within expectations sponsored and/or endorsed by Defendants. These claims caused and maintained the artificial inflation in MF Global's stock at the time of the IPO and thereafter until the truth about the Company was ultimately revealed to investors.

---

[4] These facts were derived from the allegations contained in the class action styled as *Matassa v. MF Global, Ltd., et al*, 08-cv-2895 (filed March 19, 2008 and consolidated with this action on April 7, 2008).

On February 28, 2007, however, investors learned the truth about the Company and learned that Defendants did not have systems and procedures in place to prevent traders from taking massive, unhedged and under-capitalized trading positions. These belated revelations also evidenced Defendants' prior misrepresentation of MF Global's business prospects via Defendants' false statements.

As investors and the market ultimately learned, the Company's risk management and trading control systems and procedures were ineffective and/or nonexistent and the Company's results of operations were inaccurate. As this adverse information became known to investors, the prior artificial inflation was immediately eliminated from MF Global's share price and shareholders were damaged as a result.

As a direct result of investors learning the truth about the Company, on February 28, 2008, MF Global's stock price collapsed to below $21.00 per share from above $29.00 per share—a decline of almost 30%--on very heavy trading volume of over 15.74 million shares. This dramatic share price decline eradicated much of the artificial inflation from MF Global's share price, causing real economic loss to investors who purchased this stock in, or in connection with, the MF Global IPO. The following day, as the Company was downgraded by the major ratings agencies, shares of MF Global fell an additional 20%, from a prior day's closing price of $21.00, to a trading low of $14.00 per share—down another $7.00 per share.

The decline in MF Global' stock price following the revelation of Defendants' belated disclosures on February 28, 2008 was a direct result of the nature and extent of Defendants' misrepresentations and omissions contained in the IPO prospectus becoming known to investors and to the market. The timing and magnitude of MF Global's stock price decline the following day, when trading resumed, negates any inference that the losses suffered by the members of the

4

Class were caused by changed market conditions, macroeconomic or industry factors, or even Company-specific facts unrelated to Defendants' illegal and improper conduct. During the same period in which MF Global's share price fell almost 30% as a result of Defendants' misrepresentations and omissions being revealed, the Standard & Poor's 500 securities index was relatively unchanged.

The economic loss, *i.e.* damages, suffered by the members of the Class was a direct result of Defendants' misrepresentations and omissions being revealed to investors and the subsequent significant decline in the value of the Company's shares was also the direct result of Defendants' prior misstatements and omissions being revealed.

## ARGUMENT

I. **THE COURT SHOULD CONSOLIDATE ALL FUTURE RELATED ACTIONS**

Consolidation pursuant to Rule 42(a) is proper and routinely granted in actions such as this, where there are common questions of law and fact.[5]  *See, Linn v. Allied Ir. Banks*, 2004 U.S. Dist. LEXIS 24655, *5 (S.D.N.Y. Dec. 8, 2004).[6]  Courts have recognized that securities class actions, in particular, are ideally suited for consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned. See e.g., *Primavera Familienstiftung v. Askin*, 173

---

[5] If additional securities cases are filed alleging the same course of conduct and similar or identical claims against the same or similar defendants, consolidation would be proper.  *See* Rule 42(a).

[6] Rule 42(a) of the Federal Rules of Civil Procedure allows this Court to order consolidation of separate actions:
> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs of delay.

5

F.R.D. 115, 129 (S.D.N.Y. 1997). Indeed, "[i]n securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact" and the parties will not be prejudiced. *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001). Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges. *Id*. See also *In re Olsten Corp. Securities Litigation*, 3 F.Supp.2d 286 (E.D.N.Y. 1998).

Accordingly, this Court should enter an Order that consolidates any future filed cases with the instant action.

## II.  IRA ZEIDMAN AND ROSLYN FABIAN SHOULD BE APPOINTED LEAD PLAINTIFFS

### A.  The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class Members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Business Wire* on March 10, 2008. *See* Miller Decl. Exhibit B.[7] This

---

[7] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. August 6, 1997).

notice indicated that applications for appointment as Lead Plaintiff were to be made no later than May 9, 2008. Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 77z-1(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. 15 U.S.C. § 77z-1(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the acts provide that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa) has either filed the complaint or made a motion in response to a notice…
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii). *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

### B. Ira Zeidman and Roslyn Fabian are "The Most Adequate Plaintiffs"

#### 1. Ira Zeidman and Roslyn Fabian Have Complied With the PLSRA and Should Be Appointed Lead Plaintiffs

Zeidman & Fabian move this Court to be appointed Lead Plaintiffs and have timely filed the instant motion to be appointed Lead Plaintiffs within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Business Wire*, a national business-

oriented wire service, on March 10, 2008. Accordingly, Zeidman & Fabian meet the requirement of 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa) and have filed their motion by May 9, 2008.

Moreover, Zeidman & Fabian have sustained a substantial loss from their investment in MF Global stock and have shown their willingness to represent the Class by signing Certifications detailing their MF Global transaction information during the Class Period. *See* Miller Decl. Exhibit A. As demonstrated by their Certifications, Zeidman & Fabian are prepared to consult with counsel on a regular basis, prior to every major litigation event, and direct the course of litigation, with the benefit of counsel's advice. In addition, Zeidman & Fabian have selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biography of proposed Lead Counsel, KGS, is attached as Exhibit C to the Miller Declaration.

### 2. **Ira Zeidman and Roslyn Fabian Have the Largest Financial Interest**

According to 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. *See Sofran*, 220 F.R.D. at 401; *see also, In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) (appointing movant with the largest financial interest). As demonstrated herein, Movants (with losses of $58,050.00) have the largest known financial interest in the relief sought by the Class. *See* Miller Decl. Exhibit A.

### 3. **Ira Zeidman and Roslyn Fabian Satisfy the Requirements of Rule 23**

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

8

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *See also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003), citing *In re Party City*, 189 F.R.D. 91, 106 (D. N.J. 1999) ("In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."). As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs. Zeidman & Fabian have claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiffs.

    **i.**  **Ira Zeidman and Roslyn Fabian's Claims Are Typical of the Claims of All the Class Members**

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that

gives rise to claims of other Class Members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the Class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001), citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because Zeidman & Fabian's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. Zeidman & Fabian and all of the Class Members purchased MF Global securities pursuant or traceable to the Company's July 19, 2007 IPO and through February 28, 2008, when the stock prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both Zeidman & Fabian and the Class Members suffered damages as a result of these purchases. Simply put, Zeidman & Fabian, like all other Class Members: (1) purchased MF Global stock during the Class Period; (2) purchased MF Global stock at artificially-inflated prices as a result of Defendants' misrepresentations and omissions; and (3) suffered damages thereby. Zeidman & Fabian's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. Zeidman & Fabian are not subject to any unique or special defenses. Thus, Zeidman & Fabian meet the typicality requirement of Fed. R. Civ. P. Rule 23, because their claims are the same as the claims of the other Class Members.

### ii. Ira Zeidman and Roslyn Fabian Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 77z-1(a)(3)(B).

Zeidman & Fabian's interests are clearly aligned with the members of the Class because their claims are identical to the claims of the Class. There is no evidence of antagonism between their interests and those of the proposed Class Members. Furthermore, Zeidman & Fabian have a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss they incurred as a result of the wrongful conduct alleged herein. This motivation, combined with Zeidman & Fabian's identical interest with the members of the Class, clearly shows that Zeidman & Fabian will adequately and vigorously pursue the interests of the Class. In addition, Zeidman & Fabian have selected a law firm that is highly experienced in prosecuting securities class actions such as this one to represent them.

In sum, because of Zeidman & Fabian's common interests with the Class Members, their clear motivation and ability to vigorously pursue this action, and their competent counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case. Therefore, since Zeidman & Fabian not only meet both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and have sustained the largest amount of losses at the hands of the Defendants,

they are, in accordance with 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiffs to lead this action.

### III. THE COURT SHOULD APPROVE IRA ZEIDMAN AND ROSLYN FABIAN'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). Thus, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Zeidman & Fabian have selected KGS to serve as proposed Lead Counsel for the Class. This firm has not only prosecuted complex securities fraud actions, but has also successfully prosecuted many other types of complex class actions. *See* Miller Decl. Exhibit C. Furthermore, Zeidman & Fabian's counsel has continually invested time and resources in carefully investigating and prosecuting this case. This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

### CONCLUSION

For all of the foregoing reasons, Zeidman & Fabian respectfully request that this Court: (1) consolidate all future related actions, (2) appoint Zeidman & Fabian to serve as Lead Plaintiffs in this consolidated action; (3) approve Zeidman & Fabian's selection of Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: May 9, 2008                                         Respectfully submitted,

                                                           KAHN GAUTHIER SWICK, LLC

                                                             /s/ Kim E. Miller
                                                           Michael A. Swick  (MS-9970)
                                                           Kim E. Miller (KM-6996)

12 East 41st Street, 12th Floor
New York, NY 10017
Telephone:   (212) 696-3730
Facsimile:   (504) 455-1498

And

KAHN GAUTHIER SWICK, LLC
Lewis S. Kahn
650 Poydras St., Suite 2150
New Orleans, Louisiana 70130
Telephone (504) 455-1400
Facsimile: (504) 455-1498

*Counsel for Ira Zeidman and Roslyn Fabian
and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

    I hereby certify that this Memorandum was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on May 9, 2008.

                                /s/ Kim E. Miller
                                Kim E. Miller