**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL RUBIN,<br><br>              Plaintiff,<br><br>v.<br><br>MF GLOBAL, LTD., ET AL.,<br><br>              Defendants. | Civil Action No. 08-CV-2233 (VM) |

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**MASSACHUSETTS LABORERS' PENSION FUND'S MOTION FOR**
**(1) APPOINTMENT AS LEAD PLAINTIFF AND**
**(2) APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii-iii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS .......................................................................................................... 3

ARGUMENT .................................................................................................................................. 6

    A.    THE MASS LABORERS' PENSION FUND SHOULD BE
         APPOINTED LEAD PLAINTIFF BECAUSE IT IS THE
         "MOST ADEQUATE PLAINTIFF" ................................................................ 6

         1.    The Mass Laborers' Pension Fund Satisfies the
              Procedural Requirements of the PSLRA. ............................................. 7

         2.    The Mass Laborers' Pension Fund Has the Largest
              Financial Interest in the Relief Sought by the Class. .......................... 7

         3.    The Mass Laborers' Pension Fund Satisfies the Typicality and
              Adequacy Requirements of Rule 23. .................................................... 8

    B.    THE COURT SHOULD APPROVE THE MASS LABORERS'
         PENSION FUND'S SELECTION OF LEAD COUNSE ............................. 11

CONCLUSION ............................................................................................................................ 12

## TABLE OF AUTHORITIES

### CASES

*In re Cable & Wireless PLC, Sec. Litigation*,
   217 F.R.D. 372 (E.D.Va. 2003) ...............................................................................................11

*In re Cendant Corp. Litigation*,
   264 F.3d 201 (3d Cir. 2001) ......................................................................................................11

*In re Fuwei Films Sec. Litigation*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ........................................................................................6, 8, 9

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) ..................................................................................................8

*In re Olsten Corp. Sec. Litigation*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) .............................................................................................7

*Rubin v. MF Global Ltd., et. al.*,
   Docket No. 08 CV 2233 (S.D.N.Y. Mar. 6, 2008) .................................................................1, 5

*Strougo v. Brantley Capital Corp.*,
   243 F.R.D. 100 (S.D.N.Y. 2007) ................................................................................................7

*Vanamringe v. Royal Group Techs. Ltd.*,
   237 F.R.D. 55 (S.D.N.Y. 2006) ................................................................................................10

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
   216 F.R.D. 248 (S.D.N.Y. 2003) ................................................................................................8

### UNREPORTED CASES

*In re AOL Time Warner, Inc. Sec. & ERISA Litigation*,
   No. 02 Civ. 5575, 2006 WL. 903236
   (S.D.N.Y. Apr. 6, 2006) ...............................................................................................................8

*Lax v. First Merchants Acceptance Corp.*,
   No. 97cv02715, 1997 WL. 461036
   (N.D. Ill. Aug. 11, 1997) .............................................................................................................7

*Montoya v. Mamma.com Inc.*,
   No. 05cv2313, 2005 WL. 1278097
   (S.D.N.Y. May 31, 2005) ............................................................................................................7

*Vladimir v. Bioenvision, Inc.*,
   No. 07 Civ. 6416, 2007 WL 4526532
   (S.D.N.Y. Dec. 21, 2007) ..................................................................................................11

### RULES and STATUTES

15 U.S.C. § 77z-1.................................................................................................. Passim

Rule 23         ................................................................................................. Passim

### OTHER AUTHORITIES

H.R. Conf. Rep. No. 104-369, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690...........2, 10

The Massachusetts Laborers' Pension Fund ("Mass Laborers") respectfully submits this Memorandum of Law in support of its motion to: (1) appoint Mass Laborers as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1; and (2) approve its selection of Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") as Lead Counsel and Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") as Liaison Counsel.

**PRELIMINARY STATEMENT**

On March 6, 2008, a class action securities complaint was filed on behalf of all purchasers of MF Global, Ltd. ("MF" or the "Company") common stock that purchased shares pursuant, or traceable, to the Prospectus and Registration Statement issued in connection with the Company's Initial Public Offering ("IPO") on or about July 18, 2007. *See Rubin v. MF Global Ltd., et. al.*, Docket No. 08 CV 2233 (S.D.N.Y. Mar. 6, 2008). This complaint alleges violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"). Following the filing of this complaint, four related complaints were also filed alleging virtually identical claims as the *Rubin* complaint. This Court issued a series of Orders directing the consolidation of these related cases with the *Rubin* case. *See Rubin v. MF Global Ltd., et. al.*, No. 08 CV 2233 (S.D.N.Y. Mar. 6, 2008) (orders directing consolidation at Sub. Nos. 3, 5, 16, and 17).

Following consolidation, "the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions…." 15 U.S.C. § 77z-1(a)(3)(B)(ii). Mass Laborers believes that it is the "most adequate plaintiff" under the PSLRA to serve as the Lead Plaintiff on behalf of investors that purchased MF securities pursuant, or traceable,

1

to the Company's Prospectus and Registration Statement issued in connection with the Company's IPO on or about July 18, 2007 and who were harmed by Defendants' misconduct.  As discussed below, Mass Laborers believes that it has the largest financial interest of any adequate movant in the relief sought in this action.  Specifically, Mass Laborers invested a total of $914,480.47 in MF securities and, applying the price at the time the first suit was filed, has a loss of $324,161 from its investments in MF securities.[1]

Mass Laborers also satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as its claims are typical of the other members of the proposed Class and it will fairly and adequately represent the Class.  In addition, as sophisticated institutional investors, Mass Laborers is precisely the sort of plaintiff Congress envisioned would lead securities class actions when it enacted the PSLRA.  *See* H.R. Conf. Rep. No. 104-369, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts").  For instance, Mass Laborers provides pension benefits to the members of the Massachusetts Laborers' Direct Council of the Laborers International Union of North America, AFL-CIO.  As of June 30, 2005, the fund had total assets of approximately $900 million.  As such, Mass Laborers will provide the sophistication and resources necessary for a complex securities class action lawsuit.

Mass Laborers also seeks to have its counsel, Berman DeValerio, appointed as Lead Counsel.  Berman DeValerio has extensive experience and a track record of success

---

[1] A copy of the PSLRA-required Certification submitted by Mass Laborers is attached as Exhibit B to the Declaration of Jeffrey C. Block ("Block Decl.").  This Certification sets forth the transactions of Mass Laborers in MF securities during the relevant period.  In addition, charts reflecting calculations of Mass Laborers' financial losses are attached as Exhibit C to the Block Decl.

2

in handling securities fraud litigation, including class actions, and therefore should be designated as Lead Counsel.

## STATEMENT OF FACTS

MF is a Bermuda corporation with its principal executive offices located in New York City, New York. MF was established on July 18, 2007, when Man Financial, the brokerage arm of the British hedge fund Man Group plc, was spun off via an IPO to form its own publicly traded company. MF, through its wholly owned subsidiaries, is the world's leading broker of exchange-listed futures and options. The Company provides execution and clearing services for exchange-traded and over-the-counter derivative products such as interest rates, equities, currencies, energy and metals, agricultural and other commodities, as well as non-derivative foreign exchange products and securities in the cash market. MF's common stock trades on the New York Stock Exchange under the ticker symbol "MF."

Plaintiffs allege that the Prospectus and Registration Statement issued in connection with MF's IPO were materially false and misleading and/or omitted material information necessary to make the statements made not materially false and misleading. In particular, the Registration Statement and Prospectus: (1) materially misrepresented MF's risk management policies, procedures, and systems; (2) falsely described these policies, procedures, and systems as disciplined, comprehensive, and effective; (3) falsely represented that the Company managed its risk exposure with a centralized, hands-on approach and monitored its clients' open positions and margin levels on a real-time basis, with both sophisticated technical systems as well as continuous oversight by highly experienced risk managers; (4) falsely represented that its risk management methods

conformed to industry practices and that its clients were required to maintain margin accounts with collateral sufficient to support their open trading positions; (5) failed to disclose that in an effort to speed trades and be "efficient," MF had suspended or eliminated its own internal risk management technical and human controls and supervision; and (6) failed to disclose that it eliminated credit and risk analysis and buying power limits and controls from its systems, effectively allowing any MF employee to place orders without regard to the account's satisfaction of margin requirements, collateral or ability to pay. As a result of defendants' false and misleading statements and/or omissions, members of the Class, including Mass Laborers, purchased MF securities at artificially inflated prices.

On February 28, 2008, MF issued a press release announcing that it would take a $141.5 million bad debt provision due to a rogue trader's overnight purchases of approximately 15,000 to 20,000 wheat futures contracts (approximately 10% of the total wheat market in any given month), in violation of his authorized trading limit and without having the necessary collateral or capital "to support even a fraction of his positions." As a result of this unauthorized activity, the rogue trader, Evan "Brent" Dooley ("Dooley"), incurred a loss of $141.5 million. The Company disclosed in this press release that, as a clearing member, it was on the hook for Dooley's $141.5 million loss. The lack of risk management, technical controls and human oversight, and the elimination of credit and risk analysis and buying power limits and controls that were supposed to be part of the Company's order entry system enabled the broker to make more than 100 trades and place a massive bet on more than $800 million to $1 billion worth of wheat. In reaction to the news concerning the Company's internal control

4

failures, MF's stock price plunged, falling $8.09 per share, or 27.63%, to close at $21.19 per share on February 28, 2008 on extremely heavy trading volume. The following day, the Company's stock continued to drop another $3.64 per share, or 17.18%, to close at $17.55 per share, also on heavy trading volume. As a result of defendants' wrongful acts and omissions, members of the Class, including Mass Laborers, have suffered significant losses and damages.

So far, five securities class action complaints have been filed on behalf of investors that purchased MF securities pursuant, or traceable, to the Prospectus and Registration Statement issued in connection with the Company's IPO. The complaints allege that defendants violated federal securities laws by issuing misstatements and/or omissions in violation of Sections 11, 12(a)(2), and 15 of the Securities Act. The first securities fraud complaint against Defendants was filed on March 6, 2008 in the U.S. District Court for the Southern District of New York, *Rubin v. MF Global, Ltd., et. al.*, No. 08-CV-2233. On March 10, 2008, notice of the pendency of this action was published announcing a securities class action had been filed against Defendants herein, and advising potential Class members that they had until May 9, 2008, sixty days from the date the notice was published, to seek lead plaintiff status.[2] As required by the PSLRA, Mass Laborers has filed this motion before the expiration of the 60-day period from such publication. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II).

---

[2]     A copy of this notice is attached as Exhibit A to the Block Decl.

**ARGUMENT**

A. **MASS LABORERS SHOULD BE APPOINTED LEAD PLAINTIFF BECAUSE IT IS THE "MOST ADEQUATE PLAINTIFF"**

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i). In that regard, the Court is required to adopt a rebuttable presumption that the "most adequate plaintiff" is the movant that: (1) has either filed a complaint or a motion seeking lead plaintiff status in response to a notice; (2) has "the largest financial interest" in the relief sought by the Class; and (3) that otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Such presumption may be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii).

Mass Laborers is the most adequate plaintiff since it timely filed a lead plaintiff motion in response to the March 10, 2008 notice, Mass Laborers believes that it has the largest financial interest in this litigation, and it satisfies both the adequacy and typicality requirements of Rule 23. *See In re Fuwei Films Sec. Litig.,* 247 F.R.D. 432, 436 (S.D.N.Y. 2008) (stating that, at the lead plaintiff stage, a movant need only make "a preliminary showing that the adequacy and typicality requirements of Rule 23 have been met.") (citation omitted). As such, Mass Laborers should be appointed Lead Plaintiff in the above-captioned action.

1.  **Mass Laborers Satisfies the Procedural Requirements of the PSLRA.**

The PSLRA requires a movant seeking lead plaintiff status to have either filed an initial complaint or timely moved for appointment as lead plaintiff within sixty days of an initial notice. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i)(II). In this case, the plaintiff in the first-filed Action published a notice on March 10, 2008 advising all Class members who are interested in moving for appointment as lead plaintiff to do so by May 9, 2008. As Mass Laborers filed a motion seeking lead plaintiff status by this date, its motion is timely and Mass Laborers has satisfied this procedural requirement of the PSLRA. *See id.*

2.  **Mass Laborers Has the Largest Financial Interest in the Relief Sought by the Class.**

Although the PSLRA does not define "largest financial interest," courts in this District have considered the following factors to aid in their determination: (1) the number of shares that the movant purchased; (2) the net number of shares purchased (offsetting the total number purchased by the total number sold); (3) the net funds expended; and (4) the approximate losses suffered by the movant. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (citing *Lax v. First Merchants Acceptance Corp.*, No. 97cv02715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); *in accord Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007); *Montoya v. Mamma.com Inc.,* No. 05cv2313, 2005 WL 1278097, at *1 (S.D.N.Y. May 31, 2005).

As its certification shows, Mass Laborers (1) purchased 32,100 (total and net) shares pursuant to MF's IPO; (2) had net expenditures of $914,480.47;[3] and (3) suffered

---

[3] Pursuant to Section 12(a)(2) of the Securities Act, Mass Laborers would be entitled to $914,480.47 in rescissionary damages.

7

a loss of $324,161. *See* Block Decl., Exh. C. Accordingly, Mass Laborers believes that it has the largest financial interest in the relief sought by the Class.

### 3. Mass Laborers Satisfies the Typicality and Adequacy Requirements of Rule 23.

The PSLRA further provides that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). At the lead plaintiff stage, the initial Rule 23 inquiry is confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy. *See In re Fuwei Films,* 247 F.R.D. at 436 (stating that, at the lead plaintiff stage, a movant need only make "a preliminary showing that the adequacy and typicality requirements of Rule 23 have been met.") (citation omitted); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (same). Mass Laborers unquestionably satisfies both requirements in this case.

Mass Laborers' claims are typical of the claims of other Class members. "The typicality threshold is satisfied 'where the claims arise from the same conduct from which the other class members' claims and injuries arise.'" *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) (internal citation omitted). Mass Laborers suffered the same injuries as other members of the Class as a result of Defendants' fraudulent behavior and its claims arise from the very same course of misconduct as the claims of the other Class members – *i.e.*, the artificial inflation and consequent market correction of MF's securities caused by defendants' false and misleading statements and/or omissions. Mass Laborers, like other Class members, alleges that Defendants violated the Securities Act by issuing false and misleading statements and/or failing to disclose significant material adverse facts in the Company's Registration Statement and Prospectus about the

8

Company's risk management policies, procedures, and systems.  In addition, Mass Laborers, similar to the other Class members, seeks to hold Defendants liable for the consequences of their violations of the Securities Act.  Since Mass Laborers' claims are based on the same legal theories and arise from the same events giving rise to the claims of other Class members, the typicality requirement of Rule 23 is satisfied.

Mass Laborers is also clearly able to "fairly and adequately protect the interests" of all class members in accordance with Rule 23(a)(4) of the Federal Rules of Civil Procedure.  In order to satisfy the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation." *In re Fuwei Films*, 247 F.R.D. at 436 (internal citation omitted).  "Additionally, the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous advocacy." *Id.* (citation omitted).

Mass Laborers satisfies this requirement.  For instance, there are no facts that indicate any conflicts of interest between Mass Laborers and the other Class members. Indeed, the events and course of conduct that give rise to Mass Laborers' claims are the same events and course of conduct that give rise to the claims of the Class.  In addition, there is no evidence of collusion among Mass Laborers and any of the litigants in this action.  Moreover, Mass Laborers' chosen counsel, Berman DeValerio, is qualified, highly experienced and fully capable of adequately pursuing this litigation.  *See* Firm Biography attached as Exh. D to the Block Decl.

Lastly, Mass Laborers – having invested $914, 480.47 – has a sufficient interest in the outcome of this litigation and will ensure that the claims are vigorously pursued.

9

Mass Laborers is fully capable of not only pursuing this litigation, but also of exercising effective management and supervision of the class lawyers, thus promoting the purpose behind the PSLRA.  *See* H.R. Conf. Rep. No. 104-369 at 35 (stating that "the Conference Committee expects that the plaintiff will choose counsel rather than… counsel choosing the plaintiff").  More specifically, as Mass Laborers is a sophisticated public pension fund, it has both the resources and experience to effectively manage this litigation.  In fact, Mass Laborers is the model lead plaintiff envisioned by Congress in its enactment of the PSLRA.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("increasing the role of institutional investors in class actions will ultimately benefit the class and courts…").  *See also Vanamringe v. Royal Group Techs. Ltd.,* 237 F.R.D. 55, 57 (S.D.N.Y. 2006) ("Congress sought to encourage institutional investors and other class members with large amounts at stake to step forward as the ideal lead plaintiffs in private securities litigation."); *In re Cable & Wireless PLC, Sec. Litig.*, 217 F.R.D. 372, 376 (E.D.Va. 2003) (noting that "the purpose of the PSLRA's selection-of-lead-plaintiff provision was to get institutional investors involved in the prosecution of securities class action suits").  In sum, Mass Laborers satisfies the typicality and adequacy requirements of Rule 23.

### B.    THE COURT SHOULD APPROVE MASS LABORERS'S SELECTION OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the approval of the Court.  15 U.S.C. § 77z-1(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (holding that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"); *Vladimir v. Bioenvision, Inc.*, No. 07 Civ.

6416, 2007 WL 4526532, at *11 (S.D.N.Y. Dec. 21, 2007) ("The lead plaintiff is empowered under the PSLRA to select and retain counsel to represent the class members, subject to the approval of the court.").

Here, Mass Laborers has selected Berman DeValerio to serve as Lead Counsel. Berman DeValerio is highly experienced in the areas of securities litigation and class action lawsuits, and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. Further, counsel has the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. *See* Block Decl., Exh. D. Accordingly, the Court should approve Mass Laborers' selection of Berman DeValerio as Lead Counsel for the Class and BLB&G as Liaison Counsel.

## CONCLUSION

For all the above reasons, Mass Laborers respectfully requests that the Court: (1) appoint Mass Laborers as Lead Plaintiff; (2) approve its selection of Berman DeValerio as Lead Counsel for the Class and BLB&G as Liaison Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: May 9, 2008                          Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By:   /s/ Gerald H. Silk
Gerald H. Silk (GS-4565)
1285 Avenue of the Americas
New York, NY 10019
Telephone: 212-554-1400
Facsimile: 212-554-1444

*Proposed Liaison Counsel*

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**

11

        Jeffrey C. Block, Esq. (JCB 0387)
        Leslie R. Stern, Esq.
        Abigail R. Romeo, Esq.
        One Liberty Square
        Boston, MA  02109
        Telephone: (617) 542-8300
        Facsimile: (617) 542-1194
        E-mail:  jblock@bermanesq.com

*Counsel for Mass Laborers and Proposed Lead Counsel for the Class*