UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
MICHAEL RUBIN, Individually and On : Civil Action No. 1:08-cv-02233-VM
Behalf of All Others Similarly Situated, : **(Consolidated)**
:
                Plaintiff, : <u>CLASS ACTION</u>
:
   vs. : MEMORANDUM OF LAW IN SUPPORT
: OF BUILDING TRADES UNITED
MF GLOBAL, LTD., et al., : PENSION TRUST FUND'S MOTION FOR
: APPOINTMENT AS LEAD PLAINTIFF
            Defendants. : AND APPROVAL OF LEAD PLAINTIFF'S
: SELECTION OF LEAD COUNSEL
------------------------------------x

**TABLE OF CONTENTS**

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND | | 2 |
| III. | ARGUMENT | | 4 |
| | A. | The Building Trades Fund Is the "Most Adequate Plaintiff" | 4 |
| | | 1. To Its Knowledge, the Building Trades Fund Has the Largest Financial Interest in the Relief Sought by the Class | 5 |
| | | 2. The Building Trades Fund Otherwise Satisfies Rule 23 | 5 |
| | B. | The Court Should Approve the Building Trades Fund's Selection of Coughlin Stoia as Lead Counsel | 6 |
| IV. | CONCLUSION | | 7 |

**I.       INTRODUCTION**

This now-consolidated putative class action seeks redress under the strict liability provisions of the Securities Act of 1933 on behalf of all purchasers of MF Global, Ltd. ("MF Global" or the "Company") common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with the Company's Initial Public Offering on or about July 19, 2007 ("IPO") and through February 28, 2008 (the "Class Period"). The claims arise under and pursuant to §§11, 12(2) and 15 of the Securities Act of 1933, as amended (the "Securities Act"), 15 U.S.C. §§77k, 77l and 77o.[1]

Building Trades United Pension Trust Fund (the "Building Trades Fund") submits this memorandum of law in support of its motion for entry of an order appointing the Building Trades Fund as lead plaintiff and approving Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") as lead counsel to lead this putative class action on behalf of the class. The Building Trades Fund is the "most adequate plaintiff," as defined by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), because, to the best of its knowledge, it has the largest financial interest of any moving class member or plaintiff who also satisfies the requirements of Fed. R. Civ. P. 23.[2] *See generally Rozenboom v. Van Der Moolen Holding, N.V.*, 2004 U.S. Dist. LEXIS 6382 (S.D.N.Y. 2004); *Borochoff v. Glaxosmithkline PLC*, 246 F.R.D. 201 (S.D.N.Y. 2007).

---

[1] The Court consolidated the related actions by orders dated April 9 and April 15, 2008 (Docket Nos. 16 & 17).

[2] *See* Affidavit of David A. Rosenfeld in Support of the Building Trades Fund's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Aff."), Exs. A and B.

## II.     FACTUAL BACKGROUND

Defendant MF Global is a Hamilton, Bermuda registered company with its principal executive offices in New York, New York. The Company was formerly known as Man Financial, the brokerage arm of the British hedge fund Man Group plc, and was spun off to form its own publicly traded company via its IPO. MF Global, through its wholly owned subsidiaries, is the world's leading broker of exchange-listed futures and options. It provides execution and clearing services for exchange-traded and over-the-counter ("OTC") derivative products, as well as for non-derivative foreign exchange products and securities in the cash market. MF Global is a "specialty" broker, whose focus is on providing both brokerage execution and clearing services to its clients. It does not engage in non-brokerage businesses, such as investment banking, asset management or principal investments.

On July 18, 2006, MF Global announced that the IPO of nearly 100 million shares of its common stock at $30 per share and that the shares would begin trading on July 19, 2007. Unbeknownst to investors, however, the Registration Statement and Prospectus issued in connection with the IPO were materially false and misleading. Among other things, they: (i) materially misrepresented MF Global's risk management policies, procedures, and systems; (ii) falsely described them as disciplined, comprehensive and effective; (iii) falsely represented that its risk management methods conform to industry practices; (iv) falsely represented that its clients are required to maintain margin accounts with collateral sufficient to support their open trading positions; and (v) failed to disclose that it eliminated credit and risk analysis and buying power limits and controls from its systems, effectively allowing any MF Global employee to place orders without regard to the account's satisfaction of margin requirements, collateral or ability to pay.

On February 28, 2008, the end of the Class Period, MF Global issued a press release announcing that it was taking a $141.5 million bad debt provision because in a period of only 6 or 7

- 2 -

hours in the previous morning a day-trading MF Global broker logged on to his personal computer at home in Olive Branch, Mississippi and speculated in wheat futures in his personal account at MF Global, buying approximately 15,000 to 20,000 futures contracts (the equivalent of approximately 10% of the market for these contracts for any given month), in violation of his authorized trading limit and without having the necessary collateral or capital "to support even a fraction of his positions." The lack of risk management, technical controls and human oversight, and the elimination of credit and risk analysis and buying power limits and controls that were supposed to be part of the Company's order entry system enabled the broker to make more than 100 trades and place a massive bet on more than $800 million to $1 billion worth of wheat, "significant positions in his own account which were liquidated later that morning. The unauthorized activity resulted in him incurring a loss of $141.5 million, which the company, as a clearing member, is responsible to settle at the clearinghouse."

Following these revelations, Fitch Ratings issued a Rating Watch Negative on MF Global. Eileen Fahey, a managing director at Fitch Ratings, observed: "This does open the view that their customers are taking more risk than we thought." In addition, numerous analysts expressed reservations and concerns regarding the company's Risk Management practices. Bank of America said "the questions raised around the company's risk-management practices are likely to keep the stock depressed for quite some time," and Credit Suisse analysts said the "magnitude of the loss is clearly disconcerting to us and calls into question the degree of risk taking and risk management at the franchise."

MF Global's stock closed down 28% that day from previous trading levels. However, the very next day, Friday February 28, MF Global's shares sank a further 17%, to close at $17.55, after trading as low as $14.27 per share, completing a 2-day plunge of approximately 40%, and

representing a loss to shareholders of more than $1,142,000,000. On March 5, 2008, *The Wall Street Journal* reported that federal law enforcement authorities are investigating the futures trades. The probe is being conducted by the U.S. Attorney's office for the Northern District of Illinois in Chicago. An investigation is also being conducted by the Chicago Mercantile Exchange and the Commodities Futures Trading Commission.

### III. ARGUMENT

#### A. The Building Trades Fund Is the "Most Adequate Plaintiff"

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §77z(a)(3)(A)(i). Here, notice was published on March 10, 2008, on *Business Wire* in connection with the filing of the first-filed action. *See* Rosenfeld Aff., Ex. C. Within 60 days of publishing the notice, any person who is a member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §77z(a)(3)(A)(i)(II), (B)(i); *Rozenboom*, 2004 U.S. Dist. LEXIS 6382, at *7.

Second, the PSLRA provides that within 90 days after publication of the notice the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §77z(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z(a)(3)(B)(iii)(I). The presumption afforded by the PSLRA can be rebutted by demonstrating that the presumptively most adequate plaintiff is "'subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"[3] *Glaxosmithkline*, 246 F.R.D. at 203 (citation omitted).

### 1. To Its Knowledge, the Building Trades Fund Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Building Trades Fund purchased MF Global securities and ***lost $265,000*** in connection therewith. *See* Rosenfeld Aff., Ex. B. To the best of its knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23. 15 U.S.C. §77z(a)(3)(B).

### 2. The Building Trades Fund Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z(a)(3)(B)(iii)(I)(cc). Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of

---

[3] The time period in which class members may move to be appointed lead plaintiff in this case, under 15 U.S.C. §77z(a)(3)(A)-(B), expires May 9, 2008. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, the Building Trades Fund has timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The Building Trades Fund satisfies this requirement because, just like all other class members, it: (1) purchased MF Global securities during the Class Period; (2) purchased MF Global securities in reliance upon the alleged materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Building Trades Fund's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events. *See In re Crayfish Co. Sec. Litig.*, 2002 U.S. Dist. LEXIS 10134, at *14 (S.D.N.Y. 2002).

Under Fed. R. Civ. P. 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4) is met where: "(1) class counsel is 'qualified, experienced, and generally able to conduct the litigation;' and (2) class members do not have interests that are antagonistic to one another." *Babcock v. Computer Assocs. Int'l*, 212 F.R.D. 126, 131 (E.D.N.Y. 2003) (citation omitted). Here, the Building Trades Fund is adequate to represent the class because its interests are aligned with the interests of the class because it suffered from the artificial inflation of the price of MF Global securities and would benefit from the same relief. Furthermore, there is no evidence of antagonism between the Building Trades Fund and the class as the Building Trades Fund has certified to its willingness to serve as a representative of the class. Rosenfeld Aff., Ex. B.

### B. The Court Should Approve the Building Trades Fund's Selection of Coughlin Stoia as Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §77z(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §77z(a)(3)(B)(iii)(II)(aa). Because the Building Trades Fund has selected and retained counsel

experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of lead counsel should be approved.

Coughlin Stoia is actively engaged in complex litigation, emphasizing securities class actions. *See* Rosenfeld Aff., Ex. D. The firm possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See id*. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation available from Coughlin Stoia as lead counsel. *See Glaxosmithkline*, 246 F.R.D. at 204 ("Coughlin Stoia Geller Rudman & Robbins LLP . . . is well qualified and has successfully served as lead counsel . . . in numerous complex securities class actions.").

## IV.  CONCLUSION

For all the foregoing reasons, the Building Trades Fund respectfully requests that the Court: appoint it as Lead Plaintiff and approve its selection of Coughlin Stoia to serve as Lead Counsel.

DATED:  May 9, 2008

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

s/ David A. Rosenfeld
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

                        COUGHLIN STOIA GELLER
                          RUDMAN & ROBBINS LLP
                        RAMZI ABADOU
                        655 West Broadway, Suite 1900
                        San Diego, CA 92101
                        Telephone: 619/231-1058
                        619/231-7423 (fax)

                        [Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\MF Global\BRF00051162-LP.doc

CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on May 9, 2008.

        s/ David A. Rosenfeld
        DAVID A. ROSENFELD

        COUGHLIN STOIA GELLER
            RUDMAN & ROBBINS LLP
        58 South Service Road, Suite 200
        Melville, NY  11747
        Telephone:  631/367-7100
        631/367-1173 (fax)

        E-mail: Drosenfeld@csgrr.com

# Mailing Information for a Case 1:08-cv-02233-VM

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Richard Adam Acocelli , Jr**
  racocelli@weisslurie.com

- **David B. Anders**
  dbanders@wlrk.com

- **Marshall Howard Fishman**
  mfishman@kramerlevin.com,mattorney@kramerlevin.com

- **Elaine Patricia Golin**
  EPGolin@wlrk.com

- **Lynda J. Grant**
  lgrant@cmht.com,dcrecords@cmht.com

- **Kim Elaine Miller**
  kimmiller225@yahoo.com

- **Bernard W. Nussbaum**
  bwnussbaum@wlrk.com

- **Brendan M. Schulman**
  bschulman@kramerlevin.com,mattorney@kramerlevin.com

- **Won S. Shin**
  wshin@wlrk.com

- **Steven Jeffrey Toll**
  stoll@cmht.com,efilings@cmht.com

- **James Evan Tullman**
  jtullman@aol.com

- **Joseph Harry Weiss**
  jweiss@weisslurie.com,infony@weisslurie.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**S. Douglas Bunch**
Cohen, Milstein, Hausfeld, & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500
West Tower
Washington, DC 20005

**Lewis Kahn**
Kahn Gauthier Swick, LLC
650 Poydras Street
Suite 2150
New Orleans, LA 70130