**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL RUBIN, Plaintiff(s), v. MF GLOBAL, LTD., ET AL., Defendants. | **08 Civ. 02233 (VM)** **MEMORANDUM OF LAW** **ELECTRONICALLY FILED** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE MF GLOBAL INSTITUTIONAL INVESTOR GROUP FOR THE CONSOLIDATION OF ALL RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL PURSUANT TO SECTION 27(a)(3)(B) OF THE SECURITIES ACT OF 1933**

## TABLE OF CONTENTS

SUMMARY OF ARGUMENT ....................................................................................8

I. INTRODUCTION ....................................................................................9

II. BACKGROUND ....................................................................................11

A. Statement of Facts....................................................................................11

B. Procedural History ....................................................................................7

III. ARGUMENT....................................................................................7

A. The MF Global Institutional Investor Group Should Be Appointed Lead Plaintiff of the Consolidated Action....................................................................................7

1. The Applicable Legal Standard ....................................................................................7

2. The MF Global Institutional Investor Group Has Timely Filed This Motion and Believes That It Has the Largest Financial Interest in the Relief Sought by the Class ............................8

3. The MF Global Institutional Investor Group Satisfies the Requirements of Rule 23 ............10

C. The Court Should Approve the MF Global Institutional Investor Group's Choice of Counsel ....................................................................................12

IV. CONCLUSION....................................................................................14

**TABLE OF AUTHORITIES**

Cases

*Ferrari v. Impath, Inc.*, 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. Jul. 15, 2004) ............ 10, 11, 12

*Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184 (S.D.N.Y. 2006) .............. 11, 8

*Gluck v. CellStar Corp.*, 976 F. Supp. 542 (N.D. Tex. 1997) ........................................... 11, 8, 12

*Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996) ............................................... 11

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001), *cert. denied*, 535 U.S. 929 (2002) ...... 12

*In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766,
2002 U.S. Dist. LEXIS 10134 (S.D.N.Y. June 6, 2002) ......................................................... 11

*In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95 (S.D.N.Y. 2005) ................................................ 8, 10

*In re WorldCom, Inc. Sec. Litig.*, No. 02 civ. 3288 (DLC), 2004 U.S. Dist. LEXIS 22992
(S.D.N.Y. Nov. 12, 2004) ......................................................................................... 13

*Steiner v. Frankino*, No. 1:98-cv-0264,
1998 U.S. Dist. LEXIS 21804 (N.D. Ohio Jul. 16, 1998) ........................................................ 8

Statutes

15 U.S.C. § 77z-1(a)(3) ....................................................................................... 9, 7, 9, 11

Rules

Rule 23 ........................................................................................................ 9, 10, 11

Other Authorities

H.R. Conf. Rep. No. 104-369 (1995), S. Rep. No. 104-98 (1995) .......................................... 9, 10

The MF Global Institutional Investor Group, consisting of the Iowa Public Employees' Retirement System ("IPERS"), the Policemen's Annuity & Benefit Fund of Chicago ("PABF"), the Central States, Southeast and Southwest Areas Pension Fund ("Central States") and the State-Boston Retirement System ("State-Boston"), for the reasons set forth in this memorandum of law, hereby moves for appointment as proposed lead plaintiff and for approval of its selection of lead counsel.

**SUMMARY OF ARGUMENT**

The MF Global Institutional Investor Group seeks to represent in this securities class action all investors who purchased MF Global, Ltd. ("MF Global" or the "Company") securities during the period from July 19, 2007 to February 28, 2008 (the "Class Period"), and who were damaged thereby as a result of the false and misleading statements by defendants (1) MF Global; (2) Man Group plc ("Man Group"), the former parent of MF Global; (3) Kevin R. Davis ("Davis"), the Company's chief executive officer; (4) Amy S. Butte ("Butte"), the Company's chief financial officer; (5) Christopher J. Smith ("Smith"), the Company's chief operating officer and deputy chief executive officer; (6) Christopher Bates ("Bates"), the Company's controller; (7) Henri J. Steenkamp ("Steenkamp"), the Company's Vice President of Corporate Financial Reporting; (8) Alison J. Carnwath ("Carnwath"), the Company's non-executive chair of the board of directors; and (9) Edward L. Goldberg ("Goldberg"), a director of the Company.[1]

In enacting the Private Securities Litigation Reform Act of 1995 ("PSLRA"), Congress expressly intended to encourage institutional investors like the MF Global Institutional Investor Group to serve as lead plaintiff in securities class actions. H.R. Conf. Rep. No. 104-369 (1995),

[1] Also named as defendants in one of the related actions that has been filed, *Matassa v. MF Global, Ltd., et al.*, 08 Civ. 02895 (VM), are the underwriters for MF Global's IPO: (1) Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch"); (2) Citigroup Global Markets Inc. ("Citigroup"); (3) J.P. Morgan Securities Inc. ("J.P. Morgan"); (4) Lehman Brothers Inc. ("Lehman Brothers"); (5) UBS Securities LLC ("UBS"); (6) Credit Suisse Securities (USA) LLC ("Credit Suisse"); (7) Deutsche Bank Securities Inc. ("Deutsche Bank"); (8) Goldman, Sachs & Co. ("Goldman Sachs"); and (9) Morgan Stanley & Co. Inc. ("Morgan Stanley").

S. Rep. No. 104-98 (1995). The MF Global Institutional Investor Group has satisfied all of the PSLRA's requirements for appointment as lead plaintiff pursuant to 15 U.S.C. § 77z-1(a)(3). This motion is being filed within 60 days of the publication of the first notice, as required by the statute.[2] 15 U.S.C. § 77z-1(a)(3)(A). The MF Global Institutional Investor Group believes that it has the largest financial interest in the outcome of the litigation, having sustained combined losses of $5,089,629. In addition, the MF Global Institutional Investor Group qualifies as the "most adequate" plaintiff to serve as lead plaintiff in this action because it satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, as required by the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B). Thus, the Court should appoint the MF Global Institutional Investor Group as lead plaintiff. In addition, under 15 U.S.C. § 77z-1(a)(3)(B)(v), the Court should approve the MF Global Institutional Investor Group's selection of Barrack, Rodos & Bacine and Cohen, Milstein, Hausfeld & Toll, P.L.L.C. to serve as co-lead counsel to represent the class.

## I.  INTRODUCTION

IPERS was founded on July 4, 1953, to provide a dependable and economical retirement plan for Iowa's public employees. IPERS manages over $23 billion in assets for the benefit of over 250,000 active members and retirees, and is the 62nd-largest public- or private-sector pension fund in the United States.

PABF was established in 1921 with the mission of providing retirement benefits to the members of the Chicago Police Department and their spouses. As of December 31, 2006, PABF serviced 26,370 members, including active employees and retirees. In 2006, PABF's revenues of $698,000,009 exceeded its expenses of $460,760,398, resulting in a $137 million surplus,

---

[2]  Plaintiff in the first action, which was filed on March 6, 2008, *Rubin v. MF Global, Ltd. et al.*, 08 Civ. 02233 (VM) (the "Rubin Action"), caused to be published a notice of that action on March 10, 2008. *See* Exhibit A to the Declaration of Mark R. Rosen ("Rosen Decl."), submitted herewith.

On March 7 and 8, 2008, certain law firms published notices of the filing of the *Rubin* action in an apparent effort to be retained by absent class members who may have purchased shares of MF Global. Those notices, which incorrectly and misleadingly listed the due date for motions for lead plaintiff appointment as May 6, 2008, were not

which brought PABF's net asset base to $4.19 billion.

Central States is a multiemployer, collectively bargained pension fund, established in 1955, which administers benefits for hundreds of thousands of participants, dependents and retirees. Most of the labor agreements under which contributions are paid to Central States are negotiated by affiliates of the International Brotherhood of Teamsters. Central States has approximately 100,000 active participants and makes benefit payments to more than 200,000 retirees and surviving spouses each month. Benefit payments in 2007 exceeded $2.63 billion. The Pension Fund's assets as of December 31, 2007 were in excess of $26 billion.

State-Boston is an institutional investor that provides retirement benefits for the employees of the City of Boston, Massachusetts. It has more than 34,000 active and retired members, representing 106 mandatory retirement systems, and more than $3.1 billion in assets.

The complaints filed in these actions allege violations of the Securities Act of 1933 (the "Securities Act") arising out of the defendants' allegedly false and misleading statements about MF Global's business and operations, and their purported failure to disclose material facts necessary to make such statements, in light of the circumstances in which they were made, not false and misleading. The complaints allege that defendants falsely represented the Company's risk management policies, procedures and systems to the public.

In enacting the PSLRA Congress expressly intended to encourage institutional investors like the MF Global Institutional Investor Group to serve as lead plaintiffs in securities class actions. H.R. Conf. Rep. No. 104-369 (1995), S. Rep. No. 104-98 (1995). The PSLRA was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because, among other reasons, institutional investors and other class members with large amounts at stake "will represent the interests of the plaintiff class more effectively than class

caused to be published by any particular plaintiff and therefore have no effect under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i) (requiring a "plaintiff" to publish notice).

members with small amounts at stake." H.R. Conf. Rep. No. 104-369, at 33, 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733. Similarly, the Senate Report on the PSLRA states:

> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and the courts….Institutions with large stakes in class actions have much the same interests as the plaintiff class generally….

S. Rep. No. 104-98 at 12, 13, *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (citations omitted); *see also Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) (noting that, in that case, only one lead plaintiff movant was an institutional investor and that PSLRA sought to encourage participation of institutional investors); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 63 (D. Mass. 1996) (provisions of the PSLRA "suggest a presumption that institutional investors be appointed lead plaintiff"); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997) ("through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors").

## II. BACKGROUND

### A. Statement of Facts

MF Global, formerly known as Man Financial, the brokerage arm of the British hedge fund Man Group, was spun off to form its own publicly traded company via its Initial Public Offering ("IPO") on July 19, 2007. ¶¶1, 8.[3] The Registration Statement and Prospectus filed in connection with MF Global's IPO made various representations concerning the Company's risk management policies, procedures and systems. ¶¶19-26. Specifically, the Company represented, among other things, that it had a comprehensive risk management structure to monitor the risks it encountered in its business functions, that this risk management structure monitored each client's potential exposure at default, that clients were required to maintain margin accounts with collateral sufficient to support their open trading positions, and that the Company had an active

[3] Citations to paragraphs are to the complaint filed with this Court in the *Rubin* Action on March 6, 2008.

program for monitoring and verifying that its employees and brokers complied with specific procedures. *Id.*

On February 28, 2008, however, the Company announced that it was taking a $141.5 million bad debt provision because in a period of only six or seven hours the previous morning one of the Company's day-trading brokers had speculated in wheat futures in his personal account at MF Global, buying approximately 15,000 to 20,000 futures contracts (the equivalent of approximately 10% of the market for these contracts in any given month). ¶29. These transactions were in violation of the broker's authorized trading limit and were made without having the necessary collateral or capital to support even a fraction of the positions. *Id*. Despite the Company's purported risk management, technical controls and human oversight that were

supposed to be a part of MF Global's order entry system, the broker was able to make more than 100 trades and place a massive bet on more than $800 million to $1 billion worth of wheat, and incurred a loss of $141.5 million. *Id*. The Company later admitted that the Company's internal controls did not fail, but rather that the Company had made a "mistake" in having a policy that allowed the controls to be deactivated to allow for speedier transactions by the firm's brokers. ¶¶31-32.

MF Global's stock closed down 28% that day from previous trading levels, and the next day plunged another 17% to close at $17.55, representing a loss to shareholders of more than $1.1 billion. ¶34. The complaints allege that the Registration Statement and Prospectus issued in connection with MF Global's IPO were materially false and misleading because, among other things: (1) they materially misrepresented MF Global's risk management policies, procedures and systems; (2) they falsely described these systems as disciplined, comprehensive and effective; (3) they falsely represented that the Company managed its exposure to risk with a centralized, hands-on approach; (4) they falsely represented that the Company monitored clients' open positions and margin levels on a real-time basis; (5) they falsely represented that the Company's risk management practices conformed to industry standards; (6) they falsely represented that the Company's clients were required to maintain margin accounts with collateral sufficient to support their open trading positions; (7) they failed to disclose that, in an effort to speed trades and be more "efficient," the Company suspended or eliminated its own internal risk management  supervision; and (8) failed to disclose that the Company eliminated credit and risk analysis and buying power limits and controls from its systems, thereby allowing any MF Global employee to place orders without regard to the account's satisfaction of margin requirements, collateral or ability to pay. ¶28. As a result of defendants' false and misleading statements, and

the decline in the market value of MF Global securities, the MF Global Institutional Investor Group and other members of the class have suffered significant losses and damages.

**B. Procedural History**

Pending in this District were five related securities class action lawsuits:

| CASE NUMBER | ABBREVIATED CAPTION | FILING DATE |
|---|---|---|
| 08 Civ. 02233 (VM) | *Rubin v. MF Global, Ltd. et al.* | 03/06/2008 |
| 08 Civ. 02802 (VM) | *Katz v. MF Global, Ltd. et al.* | 03/17/2008 |
| 08 Civ. 02867 (VM) | *Sunshine Wire v. MF Global, Ltd. et al.* | 03/18/2008 |
| 08 Civ. 02895 (VM) | *Matassa v. MF Global, Ltd. et al.* | 03/19/2008 |
| 08 Civ. 03359 (VM) | *Rudnick v. MF Global, Ltd. et al.* | 04/04/2008 |

Through various prior orders, the *Katz*, *Sunshine Wire*, *Matassa*, and *Rudnick* cases have been consolidated by this Court into the *Rubin* Action.

Plaintiffs in these actions allege that defendants, in violation of §§ 11, 12(a)(2) and 15 of the Securities Act, disseminated false and misleading material information to the investing public concerning MF Global's business operations and prospects and that plaintiffs purchased MF Global securities and were damaged thereby.

## III. ARGUMENT

**A. The MF Global Institutional Investor Group Should Be Appointed Lead Plaintiff of the Consolidated Action**

**1. The Applicable Legal Standard**

The PSLRA sets forth the procedure for the selection of lead plaintiff to oversee class actions brought under the federal securities laws. 15 U.S.C. § 77z-1(a)(3). Section 27(a)(3)(A)(i) of the PSLRA provides that within 20 days after the date on which a class action is filed, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class:

  (I) of the pendency of the action, the claims asserted therein, and the purported class period; and

(II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 77z-1(a)(3)(A)(i); *Glauser*, 236 F.R.D. at 187; *Gluck*, 976 F. Supp. at 544.

Section 27(a)(3)(B)(i) of the PSLRA directs the court, within 90 days after the date the notice is published (or as soon as practicable after the court decides any consolidation motion), to consider motions for appointment as lead plaintiff that are filed in response to the notice. The time requirements imposed by the PSLRA demonstrate Congress' intent that the lead plaintiff be appointed as soon as practicable. *See Steiner v. Frankino*, No. 1:98-cv-0264, 1998 U.S. Dist. LEXIS 21804, at *14 (N.D. Ohio July 16, 1998).

Pursuant to Section 27(a)(3)(B), the court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff and shall presume that the "most adequate plaintiff" is the person, or group of persons, that:

(aa) has either filed the complaint or made a motion in response to a notice. . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77a-1(a)(3)(B)(iii)(I); *Glauser*, 236 F.R.D. at 187; *In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 97-98 (S.D.N.Y. 2005). Accordingly, the movants with the greatest loss should presumptively be appointed lead plaintiffs in a securities fraud class action.

**2. The MF Global Institutional Investor Group Has Timely Filed This Motion and Believes That It Has the Largest Financial Interest in the Relief Sought by the Class**

        **a. The MF Global Institutional Investor Group Has Timely Filed This Motion**

On March 10, 2008, the plaintiff in the *Rubin* Action caused to be published a notice of that action pursuant to 15 U.S.C. § 77z-1(a)(3)(A)(i). *See* Rosen Decl., Exhibit A. The notice advised class members of the existence of the lawsuit and described the claims asserted therein. The notice also advised class members of their right to file a motion to be appointed as lead plaintiff within 60 days of the date of the notice. The MF Global Institutional Investor Group has filed its motion within 60 days of the notice. Therefore, this motion is filed within the time period prescribed by the PSLRA.

**b. The MF Global Institutional Investor Group Has the Largest Financial Interest**

The PSLRA also provides that the Court:

> [S]hall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff").

15 U.S.C. § 77z-1(a)(3)(B)(i). Moreover, the statute requires the Court to adopt a rebuttable presumption that:

> [T]he most adequate plaintiff in any private action arising under this chapter is the person or group of persons that -
>
> * * *
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class . . . .

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

During the relevant period, the MF Global Institutional Investor Group purchased MF Global securities at artificially inflated prices and suffered a combined loss of $5,089,629. *See* Rosen Decl., Exhibits B-E (Certifications and Loss Charts). The MF Global Institutional Investor Group believes that it has the largest financial interest in the outcome of this litigation,

and therefore, it is presumptively entitled to appointment as lead plaintiff. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(bb).

**3. The MF Global Institutional Investor Group Satisfies the Requirements of Rule 23**

Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* With respect to the qualifications of a class representative, Rule 23(a) requires generally that its claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. As detailed below, the MF Global Institutional Investor Group satisfies the typicality and adequacy requirements of Rule 23(a), and is qualified to be appointed as lead plaintiff in this action.

**a. The Claims of the MF Global Institutional Investor Group Are Typical of the Claims of the Class**

A plaintiff satisfies the typicality requirement of Rule 23(a)(3) when the claims of the proposed lead plaintiffs arise from the same conduct from which the other class members' claims and injuries arise. *See, e.g.*, *In re Espeed*, 232 F.R.D. at 102; *Ferrari v. Impath, Inc.*, 2004 U.S. Dist. LEXIS 13898, at *17-18 (S.D.N.Y. Jul. 15, 2004). The legal and factual basis for the MF Global Institutional Investor Group's claims is typical of the claims of the members of the class:

(a) whether defendants' actions violated the federal securities laws;

(b) whether defendants caused MF Global to issue false and misleading statements; and

(c) whether the members of the class have sustained damages and, if so, what is the proper measure of damages.

Thus, there is a well-defined community of interest in the questions of law and fact involved in this case, and the claims asserted by the MF Global Institutional Investor Group are

typical of the claims of the members of the proposed class. The MF Global Institutional Investor Group, like all of the members of the proposed class, acquired MF Global securities and suffered damages thereby. Its claims are typical because its claims and those asserted by other MF Global investors are based on the same legal theories and stem from the same event or course of conduct giving rise to the claims of other class members. *Id.*

**b. The MF Global Institutional Investor Group Will Fairly and Adequately Represent the Interests of the Class**

The requirements of Rule 23(a)(4) are met if it appears that (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *See*, *e.g.*, *Ferrari*, 2004 U.S. Dist. LEXIS 13898, at *19; *In re Crayfish Co. Sec. Litig.*, No. 00 Civ. 6766, 2002 U.S. Dist. LEXIS 10134, *16 (S.D.N.Y. June 6, 2002).

The MF Global Institutional Investor Group interests are not antagonistic to those of the class and are clearly aligned with its members. As detailed above, the MF Global Institutional Investor Group claims share substantially similar questions of law and fact with the claims of members of the proposed class, and their claims are typical of the claims of members of the class. In addition, they have selected counsel who are highly experienced in prosecuting securities class actions such as this to represent them and serve as co-lead counsel. *See* Rosen Decl., Exhibits F & G (Firm Biographies of Barrack, Rodos & Bacine and Cohen, Milstein, Hausfeld & Toll, P.L.L.C.).

Therefore, the MF Global Institutional Investor Group satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as lead plaintiffs pursuant to 15 U.S.C. § 77z-1(a)(3)(B) and should be appointed lead plaintiffs in this action.

### C. The Court Should Approve the MF Global Institutional Investor Group's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *Ferrari*, 2004 U.S. Dist. LEXIS 13898, at *25; *Gluck,* 976 F. Supp. at 550. Under the PSLRA, a court should not disturb a lead plaintiff's choice of counsel unless necessary to protect the interests of the class. *See In re Cendant Corp. Litig*., 264 F.3d 201, 276 (3d Cir. 2001), *cert. denied*, 535 U.S. 929 (2002) ("the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). In these related cases, the MF Global Institutional Investor Group has selected and retained the law firms of Barrack, Rodos & Bacine and Cohen, Milstein Hausfeld & Toll to serve as co-lead counsel for the class.

Barrack, Rodos & Bacine has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Rosen Decl., Exhibit F. Barrack, Rodos & Bacine has been appointed as lead counsel in dozens of securities class actions, including numerous cases since the passage of the PSLRA. Further, Barrack, Rodos & Bacine has served as co-lead counsel in two of the largest securities class action recoveries in history: *In re WorldCom, Inc. Securities Litigation*, No. 02 Civ. 3288 (DLC) (S.D.N.Y.); and *In re Cendant Corp. Securities Litigation*, No. 98-CV-1664 (WHW) (D.N.J.).

The Honorable Denise L. Cote of the Southern District of New York granted final approval of settlements reached by the *WorldCom* lead plaintiff, the New York State Common Retirement Fund, represented by Barrack, Rodos & Bacine as co-lead counsel, totaling more than $6.13 billion recovered for the WorldCom investor class, including a $65 million settlement with WorldCom's former outside auditor, Arthur Andersen LLP, after nearly five weeks of trial,

which was nearly double the previous record recovery in the *Cendant* securities fraud class action of $3.1 billion in that action against Cendant Corporation, certain of its officers and directors, and its outside auditor, Ernst & Young. Both cases involved complex accounting transactions and restatements. Thus, Barrack, Rodos & Bacine is particularly well-suited to serve as lead counsel in the present actions involving MF Global.

In her opinion approving a partial settlement of over $2.5 billion with the Citigroup Defendants in *WorldCom*, Judge Cote described the services provided by Barrack, Rodos & Bacine as co-lead counsel, as follows:

> The quality of the representation given by Lead Counsel is unsurpassed in this Court's experience with plaintiffs' counsel in securities litigation. Lead Counsel has been energetic and creative. Its skill has matched that of able and well-funded defense counsel. It has behaved professionally and has taken care not to burden the Court or other parties with needless disputes. Its negotiations with the Citigroup Defendants have resulted in a settlement of historic proportions. It has cooperated with other counsel in ways that redound to the benefit of the class and those investors who have opted out of the class. The submissions of Lead Counsel to the Court have been written with care and have repeatedly been of great assistance.
>
> In sum, the quality of representation that Lead Counsel has provided to the class has been superb.…Lead Counsel has performed a valuable public service in prosecuting this action with vigor and skill.

*In re WorldCom, Inc. Sec. Litig.*, No. 02 civ. 3288 (DLC), 2004 U.S. Dist. LEXIS 22992, at *67-*68, *72-*73 (S.D.N.Y. Nov. 12, 2004).

Cohen, Milstein, Hausfeld & Toll has similarly developed extensive expertise from its experience as counsel for investors in some of the most significant securities fraud cases over the past thirty years, and has recovered billions of dollars for investors during that time. *See* Rosen Decl., Exhibit G. Cohen Milstein has been appointed lead counsel in numerous securities fraud class actions, and the firm's securities practice has earned the respect and praise of lawyers and courts throughout the country. For example, in *In re BearingPoint Securities Litigation*, No. 03-

cv-1062 (TSE) (E.D. Va.), United States District Court Judge T.S. Ellis, III, praised the firm, noting that "people who run corporations are generally deterred by the fact that there are the … Cohen Milsteins out there" and the "good work" that Cohen Milstein does. Likewise, in *In re Compuware Securities Litigation*, No. 02 Civ. 73793 (E.D. Mich.), the high quality of the firm's work was recognized by United States District Court Judge Anna Diggs Taylor, who stated that "it is hard to imagine a complaint that could better withstand a motion to dismiss. The Court finds that Plaintiffs have submitted a well-crafted, well plead complaint…"

Further, Cohen Milstein recently took a securities class action case to trial in this district and successfully negotiated a $20 million settlement near the end of the second week of the trial. In preliminarily approving the settlement in *In re Globalstar Securities Litigation*, No. 01-CV-1748 (PKC) (S.D.N.Y.), the Honorable P. Kevin Castel remarked that plaintiffs' counsel had "done a terrific job in presenting the case for the plaintiffs." Similarly, in *In re Merrill Lynch & Co., Inc. Research Reports Securities Litigation*, No. 02-cv-7218 (JFK) (S.D.N.Y.), Cohen Milstein negotiated a $125 million settlement of the case against Merrill Lynch & Co. alleging that investors suffered massive losses by following dishonest stock recommendations. In granting final approval to the settlement, Judge John F. Keenan commended "counsels' skillful and zealous representation over a six-year period," and found that the "high quality of representation provided by Lead Counsel is evident from the extensive record of this case."

Thus, the MF Global Institutional Investor Group has clearly selected counsel who are highly qualified to vigorously prosecute the litigation.

## IV. CONCLUSION

For the foregoing reasons, the MF Global Institutional Investor Group respectfully requests that this Court appoint the MF Global Institutional Investor Group as Lead Plaintiff

pursuant to § 27(a)(3)(B) of the PSLRA and approve the MF Global Institutional Investor Group's selection of Co-Lead Counsel for the class.

DATED: May 9, 2008

Respectfully submitted,

By: _____/s/ William J. Ban___________
A. Arnold Gershon (AG-3809)
William J. Ban (WB-0382)
Regina M. Calcaterra (RC-3858)
BARRACK, RODOS & BACINE
1350 Broadway
Suite 1001
New York, NY 10018
Phone: (212) 688-0782
Fax: (212) 688-0783

BARRACK, RODOS & BACINE
Leonard Barrack
Daniel E. Bacine
Mark R. Rosen
Chad A. Carder
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Phone: (215) 963-0600
Fax: (215) 963-0838

Attorneys for the Iowa Public Employees' Retirement System, the Policemen's Annuity & Benefit Fund of Chicago, and [Proposed] Co-Lead Counsel for Plaintiffs and the Class

Lynda J. Grant (LG-4784)
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
150 East 52nd Street, 30th Floor
New York, NY 10022
Phone: (212) 838-7797
Fax: (212) 838-7745

Steven J. Toll
Daniel S. Sommers

S. Douglas Bunch
Cohen, Milstein, Hausfeld & Toll,
    P.L.L.C.
1100 New York Avenue, N.W.
Suite 500 West Tower
Washington, DC 20005-3964
Phone: (202) 408-4600
Fax: (202) 408-4699

Carol V. Gilden
Cohen, Milstein, Hausfeld & Toll,
    P.L.L.C.
190 S. LaSalle Street, Suite 1705
Chicago, IL 60603
Phone: (312) 357-0370
Fax: (312) 357-0369

Attorneys for the State-Boston Retirement System and Central States, Southeast and Southwest Areas Pension Fund and [Proposed] Co-Lead Counsel for Plaintiffs and the Class

Christopher J. Keller (CK-2347)
Andrei V. Rado (AR-3724)
Labaton Sucharow LLP
140 Broadway
New York, NY 10005
Phone: (212) 907-0700
Fax: (212) 818-0477

Additional Attorneys for the State-Boston Retirement System