**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL RUBIN, Individually and On Behalf of All Others Similarly Situated, | Case No.  1:2008-cv-02233 (VM) |
| Plaintiff, | |
| v. | Class Action |
| MF GLOBAL, LTD., MAN GROUP PLC, KEVIN R. DAVIS, AMY S. BUTTE, ALISON J. CARNWATH, CHRISTOPHER J. SMITH, CHRISTOPHER BATES, HENRI J. STEENKAMP and EDWARD L. GOLDBERG, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF**
**THE SHEET METAL WORKERS PENSION PLAN OF NORTHERN CALIFORNIA**
**FOR APPOINTMENT AS LEAD PLAINTIFF**
**AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

**WOLF POPPER LLP**
Robert C. Finkel (RF 2373)
Natalie M. Mackiel (NM 1948)*
(*SDNY admission pending, admitted NY)
845 Third Avenue
New York, NY 10022
(212) 759-4600

Attorneys for Movant and
Proposed Lead Counsel for the Class

Doc. 160514

I.     **PRELIMINARY STATEMENT**

This memorandum of law is filed by the Sheet Metal Workers Pension Plan of Northern California ("Sheet Metal Workers") in support of its motion, pursuant to §27 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act (the "PSLRA"), for an order: (a) appointing the Sheet Metal Workers as Lead Plaintiff in this action and in any consolidated related action; and (b) approving its selection of Wolf Popper LLP as Lead Counsel.[1]

The Sheet Metal Workers invests the retirement assets of its members employed in the building and construction trade throughout Northern California. The Sheet Metal Workers has over 10,000 participants and over $1 billion in assets.

II.     **INTRODUCTION**

This action alleges that the Registration Statement and Prospectus issued in connection with the Initial Public Offering ("IPO") of MF Global, Ltd. ("MF Global" or the "Company"), contained untrue statements of material fact or omitted to state material facts required to be stated therein or necessary to make the statements therein not misleading in violation of §§ 11, 12(a)(2) and 15 of the Securities Act of 1933, as amended (the "Securities Act"), 15 U.S.C §§ 77k, 77l and 77o. The action seeks relief on behalf of all purchasers of MF Global common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with the Company's IPO on or about July 19, 2007 and through February 28, 2008 (the "Class" and the "Class Period" respectively).

In class actions filed under the foregoing provisions of the federal securities laws, the PSLRA requires that courts appoint as Lead Plaintiff the member or members of the class that have satisfied certain procedural prerequisites and also constitute the "most adequate representative(s)"

---

[1] The Certification of Bruce Word is annexed as Exhibit 1 to the accompanying Declaration of Robert C. Finkel (the "Finkel Decl.").

of the prospective class. As set forth below, the Sheet Metal Workers incurred losses of approximately $340,000 in MF Global common stock during the class period and amply satisfies all of the criteria for selection as Lead Plaintiff.

The Sheet Metal Workers also respectfully requests that the Court approve its selection of Lead Counsel, in accordance with the PSLRA. The law firm selected by the Sheet Metal Workers, Wolf Popper LLP, has extensive experience in securities class action litigation and is well-qualified to represent the interests of all Class Members.

The Sheet Metal Workers is aware of five related actions filed in the Southern District of New York,[2] consolidated by Orders of the Court in the individual cases and in the consolidated case, ordering that "all filings in connection with the consolidated action be docketed against the remaining lower number case, 08 Civ. 2233 [Rubin v. MF Global, Ltd. et al]."[3]

## III.    STATEMENT OF FACTS

MF Global is a publicly owned brokerage firm. It provides execution and clearing services for exchange-traded and over-the-counter derivative products, as well as non-derivative foreign exchange products and securities in the cash market. MF Global is registered in Hamilton, Bermuda, with its principal corporate offices at 717 Fifth Avenue, 9th Floor New York, New York 10022. MF Global sold more than 107 million shares of common stock in it July 19, 2007 IPO at $30 per share.

Plaintiffs in the consolidated actions allege that the Registration Statement and Prospectus issued in connection with MF Global's Initial Public Offering on or about July 19, 2007 contained

[2] Rubin v. MF Global, Ltd. et al, No. 1:2008-cv-02233; Katz v. MF Global, Ltd. et al, No. 1:2008-cv-02802; Sunshine Wire and Cable Defined Benefit Pension Plan Trust v. MF Global Ltd et al, No. 1:2008-cv-02867; Matassa v. MF Global Ltd et al, No. 1:2008-cv-02895; Rudnick v. MF Global, Ltd. et al, No. 1:2008-cv-03359.

[3] Orders dated March 31, 2008, April 7, 2008, April 9, 2008, and April 15, 2008 signed by Hon. Victor Marrero.

untrue statements of material fact or omitted to state material facts required to be stated therein or necessary to make the statements therein not misleading. The Registration Statement and Prospectus included statements that materially misrepresented MF Global's risk management policies, procedures and systems; falsely represented that it monitors clients' open positions and margin levels on a real-time basis; failed to disclose that the Company's risk management controls were suspended or eliminated to speed up certain trades; and failed to disclose that the Company eliminated credit and risk analysis, buying power limits and controls which allowed MF Global representatives to place orders disregarding margin requirements. As a result of the foregoing, the Registration Statement and Prospectus were false and misleading at all relevant times.

On February 28, 2008, prior to the opening of trading, MF Global issued a press release announcing that it was taking a $141.5 million bad debt provision because an MF Global employee trader, Evan Dooley, lost almost $150 million in the commodities market by taking a large un-hedged position consisting of thousands of wheat contracts valued at hundreds of millions of dollars on the Chicago Board of Trade.

MF Global also hosted a conference call on February 28, during which, according to a February 29, Wall Street Journal article, Defendant Davis, MF Global CEO, "acknowledged that existing internal controls could have stopped Mr. Dooley's trades from being processed – but were turned off in a few cases to allow for speedier transactions by brokers at the firm who traded for themselves or took customer orders by phone." Davis went on to admit that it "was a mistake" to allow some offices not to have buying power controls.

Following the announcements, Fitch Ratings issued a Negative Rating Watch and a managing director noted, "[t]his does open the view that their customers are taking more risk than we thought." Bank of America stated, "[t]he questions raised around the company's risk-

management practices are likely to keep the stock depressed for quite some time." Credit Suisse stated that "the magnitude of the loss is clearly disconcerting to us and calls into question the degree of risk taking and risk management at [MF Global]." As a result of these disclosures, MF Global stock plummeted over 27%, or $8.00 a share on February 28, 2008, fell an additional $3.64 on February 29, 2008, and traded at an average price of $13.26 per share from February 28, 2008 through May 8, 2008.

## IV.  ARGUMENT

### A.    THE SHEET METAL WORKERS SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1.    The Sheet Metal Workers Satisfies The Procedural Requirements Of The PSLRA

Under the provisions of the PSLRA, a person or group of persons seeking to serve as Lead Plaintiff must fulfill certain procedural prerequisites prior to being appointed to serve in such a capacity. Plaintiffs who commence securities class actions must publish a notice to the class, within twenty days of filing the action, informing class members of the pendency of the action and their right to file a motion for appointment as Lead Plaintiff. See 15 U.S.C. §77z-1(a)(3)(A)(i). Within sixty days after that publication of notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiffs. Id.

On March 6, 2008, the first action against defendants was filed. On March 10, 2008, the initial notice was published and disseminated over *Businesswire*, a widely circulated, international, business-oriented wire service. A copy of this notice is attached as Exhibit 2 to the Finkel Decl. The motion of the Sheet Metal Workers, which is being submitted to this Court on May 9, 2008, is timely because it is being made within sixty days after publication of the initial notice.

##### a.    The Sheet Metal Workers Constitutes The "Most Adequate Plaintiff"

The PSLRA mandates that, not more than ninety days after publication of the initial notice

of pendency, a court shall consider any motion made by any class member, and appoint as Lead

Plaintiff the member(s) of the class that the court determines to be most capable of adequately

representing the interests of class members.  See 15 U.S.C. §77z-1(a)(3)(B)(i).  Under the PSLRA,

such persons are referred to as the "most adequate plaintiff."  Id.  The statute requires that courts

presume that the most adequate plaintiff is the person or group of persons that:

> (aa)    has either filed the complaint or made a motion in response to a notice . . .;
> (bb)    in the determination of the Court, has the largest  financial interest in the
> relief sought by the class; and
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil
> Procedure.

The Sheet Metal Workers is entitled to this presumption and is demonstrably the most

adequate plaintiff.

### b.    The Sheet Metal Workers Has Made A Timely Motion For Appointment as Lead Plaintiff

The Sheet Metal Workers has fulfilled the first prong of the test for most adequate plaintiff.

It has attested to its willingness to serve as representative on behalf of the Class, and has made this

motion. See Finkel Decl., Exhibit 1.  The Sheet Metal Workers also submitted a pre-motion letter,

dated May 2, 2008, to the Court in accordance with Section II.A. of the Individual Practices of

United States District Judge Victor Marrero.  A copy of this communication is attached as Exhibit

3 to the Finkel Decl.  Therefore this element is satisfied.

### c.    The Sheet Metal Workers Has The Largest Financial Interest

The second prong of the test for the "most adequate plaintiff" requires the Court to appoint

as lead plaintiff the class member who "has the largest financial interest in the relief sought by the

class."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

The Sheet Metal Workers believes that it has the largest financial interest in the relief sought

by the Class.  It purchased a total of 33,975 shares of MF Global common stock traceable to the July

19, 2007 Registration Statement, and has sustained losses of approximately $340,000 as a result of Defendants' false and misleading statements. The Sheet Metal Workers is unaware of any person who has a larger financial interest in the relief sought by the Class. A chart quantifying the losses of The Sheet Metal Workers is attached as Exhibit 4 to the Finkel Decl.

### d.     The Sheet Metal Workers Otherwise Satisfies Rule 23

In addition to the aforementioned requirements, 15 U.S.C. §7z-1(a)(3)(B)(iii)(I)(cc) dictates that the proposed Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." To satisfy Rule 23, persons seeking class certification must demonstrate that: the number of class members is so large that joinder of all class members is impracticable; common issues of law and fact exist and predominate over individual questions; the class representatives are typical of class members; the class representatives will fairly and adequately protect the interests of the class; and a class action is superior to individual actions. See Fed. R. Civ. P. 23(a) and (b)(3). For purposes of a motion for appointment of lead plaintiff, a movant need only make a preliminary showing that he or she satisfies Rule 23. See In re Fuwei Films Securities Litigation, No. 07 Civ. 9416 RJS, 2008 WL 216289, *4 (S.D.N.Y. Jan. 24, 2008) ("in deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met"), citing to Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc., 229 F.R.D. 395, 412 (S.D.N.Y. 2004).

Of the prerequisites to class certification set forth in Rule 23, only the typicality and adequacy prongs are implicated in any consideration of the "most adequate plaintiff." This is made clear by the PSLRA, which provides that the presumption in favor of the most adequate plaintiff may be rebutted only upon proof that this individual or group:

(aa) will not fairly and adequately protect the interest of the class;or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §77z-1(a)(3)(B)(iii)(II). Consequently, in deciding a motion for appointment of Lead Plaintiff, inquiry should be limited to the typicality and adequacy prongs of Rule 23(a). See Corwin v. Seizinger., No. 07 Civ. 6728 DC, 2008 WL 123846, *2 (S.D.N.Y. Jan. 8, 2008) ("As for the requirements of Rule 23, at this stage a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.").

### (1) The Sheet Metal Workers Fulfills The Typicality Requirement

The typicality requirement of Rule 23(a)(3) is satisfied when each class member's claims arise from the same course of events and each class member makes similar arguments to prove the defendants' liability. See Constance Sczesny Trust, at 324; see also In re Oxford Health Plans, Inc., Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[Typicality is satisfied where the claims] arise from the same conduct from which the other class members' claims and injuries arise.") citing In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir.1992).

The Sheet Metal Workers seeks to represent a Class of persons who purchased MF Global common stock traceable to the July 19, 2007 Registration Statement during the Class Period and were damaged thereby. The Sheet Metal Workers satisfies the typicality requirement because it: (i) purchased MF Global common stock during the Class Period; (ii) traceable to July 19, 2007 Prospectus containing materially false and misleading statements caused to be issued by the defendants during the Class Period; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by the Sheet Metal Workers arise "from the same event or course of conduct that give rise to claims of other class members and the claims are based on the same legal theory." Walsh v. Northrop Grumman Corp., 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

(2)    <b>The Sheet Metal Workers Fulfills The Adequacy Requirement</b>

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." Adequacy depends upon the existence of common interests between the class members and the representative party and a showing of a willingness of the representative party to vigorously prosecute the action on behalf of the class members. <u>In re Espeed, Inc. Sec. Litig.</u>, 232 F.R.D. 95, 103 (S.D.N.Y. 2005).

Here, the interests of the Sheet Metal Workers are clearly aligned with the members of the Class, and there is no evidence of any antagonism between their interests and the Class. As detailed above, the Sheet Metal Workers shares identical questions of law and fact with the members of the Class, and its claims are typical of the claims of other Class members. Further, the Sheet Metal Workers has already demonstrated their interest in pursuing this action on behalf of the Class by signing the Certification attesting to their willingness to assume the responsibilities of Class representative, and by informing the Court of its intention to file the motion.

The Sheet Metal Workers is the victim of the same fraud as all other Class members, and its claims raise similar questions of law and fact as those of all Class members. To further its own interests, the Sheet Metal Workers will necessarily have to advance the interests of all Class members. The Sheet Metal Workers have already demonstrated that it is committed to vigorously prosecuting claims on behalf of the Class, by retaining counsel experienced in complex class litigation and by executing the Certification attesting to their willingness to serve as Class representatives. The Sheet Metal Workers will adequately represent the interests of Class members.

**B.    THE COURT SHOULD APPROVE THE SHEET METAL WORKERS' CHOICE OF COUNSEL**

Pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class. The proposed Lead Plaintiff has selected Wolf

Popper LLP as lead counsel to prosecute the action.  Wolf Popper LLP has been highly successful in prosecuting securities fraud class action litigation, as outlined in its firm's resume annexed as Exhibit 5 to the Finkel Decl.  Thus, the Court may be assured that by granting this motion, the members of the Class will receive the highest caliber legal representation available.

## V.    <u>CONCLUSION</u>

For of the foregoing reasons, the Sheet Metal Workers respectfully requests that the Court grant its motion for appointment as Lead Plaintiff and appointment of the counsel it has selected as Lead Counsel for all plaintiffs and Class members in connection with these proceedings.

Dated: May 9, 2008

Respectfully submitted,
**WOLF POPPER LLP**

By: /s/ Robert C. Finkel

Robert C. Finkel (RF 2373)
Natalie M. Mackiel (NM 1948)
845 Third Avenue
New York, NY 10022
(212) 759-4600

Attorneys for The Sheet Metal Workers and
Proposed Lead Counsel for the Class

**PROOF OF SERVICE**

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action.  I am employed with Wolf Popper LLP, whose offices are located in the City and State of New York.  My business address is: 845 Third Avenue, New York, NY 10022.

That on May 9, 2008, I served the foregoing documents entitled: MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE SHEET METAL WORKERS PENSION PLAN OF NORTHERN CALIFORNIA FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF LEAD COUNSEL in this action, in particular on the following counsel for Defendants:

Bernard W. Nussbaum
David B. Anders
Won S. Shin
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
(212) 403-1365
Fax: (212) 403-2000
Email: bwnussbaum@wlrk.com

Brendan M. Schulman
Marshall Howard Fishman
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
(2120 474-1000
Fax: (212) 715-8220
Email: bschulman@kramerlevin.com
mfishman@kramerlevin.com

Elaine Patricia Golin
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
(212)-715-3269
Fax: (212)-715-8000
Email: EPGolin@wlrk.com

*Attorneys for Defendant Amy S. Butte*

*Attorneys for Defendants MF Global, Ltd.,*
*Kevin R. Davis, Amy S. Butte, Alison J.*
*Carnwath, Christopher J. Smith, Christopher*
*Bates, Henri Steenkamp and Edward Goldberg*

BY ELECTRONIC MEANS:  I caused the above-referenced document to be uploaded onto the ECF system for the United States District Court, Southern District of New York.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct.

Executed on May 9, 2008, at New York, New York.

/s/  Robert C. Finkel

Robert C. Finkel
