**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

MICHAEL RUBIN, Individually and On Behalf of ）
All Others Similarly Situated, ）
 ）        **08-CV-2233 (VM)**
                         Plaintiff, ）
 ）
                vs. ）
 ）
MF GLOBAL, LTD., MAN GROUP PLC, ）
KEVIN R. DAVIS, AMY S. BUTTE, ALISON J. ）
CARNWATH, CHRISTOPHER J. SMITH, ）
CHRISTOPHER BATES, HENRI J. STEENKAMP ）
and EDWARD L. GOLDBERG, ）
 ）
                        Defendants. ）
_____

**DECLARATION OF JOSEPH H. WEISS IN SUPPORT OF THE MEMORANDUM OF
LAW IN FURTHER SUPPORT OF THE MOTION OF THE SOUTH SHORE
INVESTMENT GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF ITS SELECTION OF LEAD COUNSEL AND
IN OPPOSITION TO ALL COMPETING MOTIONS**

JOSEPH H. WEISS, declares as follows:

1.       I am admitted to practice in this Court and am a partner with the law firm of

Weiss & Lurie, counsel for South Shore Investment Group, CRL Management, LLC and Michael

Rubin, proposed Lead Plaintiffs herein.  I submit this declaration in further support of the Motion

of the South Shore Investment Group for Appointment as Lead Plaintiff and Approval of its

Selection of Lead Counsel and In Opposition to All Competing Motions.

2.       Attached hereto as Exhibit A is a recalculated loss transaction report for the South

Shore Investment Group.

3.       Attached hereto as Exhibit B is the Memorandum Decision and Order in

*Bhojwani v. Pistiolis*, 06-cv-13761 (CM) (S.D.N.Y.).

4.    Attached hereto as Exhibit C is the Order in *Eastwood Enterprises, LLC v. Farha*, 07-cv-1940-T-24 MSS (M.D. Fla.).

5.    Attached hereto as Exhibit D is the Order in *Police and Fire Retirement System of the City of Detroit v. SafeNet*, 06-cv-5797 (PAC) (S.D.N.Y.).

6.    Attached hereto as Exhibit E is the Order in *Baker v. Arnold*, 03-cv-05642 (JF) (N.D. Cal.).

7.    Attached hereto as Exhibit F is the Quarterly Report of Independent Special Counsel for Central States, Southeast and Southwest Areas Pension Fund, dated May 1, 2008.

8.    Attached hereto as Exhibit G are various Campaign Disclosure Records for the State of Massachusetts.

9.    Attached hereto as Exhibit H is page one of the Policemen's Annuity and Benefit Fund of Chicago 2006 Annual Report listing its investment managers.

10.    Attached hereto as Exhibit I is the cover page of MF Global's Prospectus issued pursuant to its July 18, 2007 IPO.

11.    Attached hereto as Exhibit J the recalculated loss transaction report for Detroit General Retirement System.

12.    Attached hereto as Exhibit K is the Order in *In re CNL Hotels & Resorts Inc. Securities Litigation,* 04-cv-1231-Orl-31KRS (M.D. Fla.).

13.    Attached hereto as Exhibit L is a chart setting out the staff of the Detroit Retirement Systems.

2

14.     Attached hereto as Exhibit M is the Motion of the Police and Fire Retirement System of the City of Detroit to Appoint Lead Plaintiff in the *Société Générale* litigation (08-cv-2495) (S.D.N.Y.).

15.     Attached hereto as Exhibit N is an article from *Bloomberg.com* dated May 16, 2008 regarding the Detroit System's Yahoo! litigation.

16.     Attached hereto as Exhibit O is the Motion for Appointment of Lead Counsel in *The Police and Fire Retirement System of the City of Detroit v. The Bear Stearns Companies, Inc. et al.,* C.A. No. 3638-VCP (Del.Ch.).

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of May, 2008, at New York, New York.

                                    <u>s/ Joseph H. Weiss</u>
                                      JOSEPH H. WEISS

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby declare that a copy of the foregoing was mailed, postage prepaid, on the 27th day

of May, 2008 to the following:


Steven J. Toll
S. Douglas Bunch
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C.  20005
(202) 408-4600
(202) 408-4699 (Fax)

Lewis Kahn
650 Poydras Street, Suite 2150
New Orleans, LA 70130
(504) 455-1400
(504) 455-1498 (Fax)


     _____s/ Joseph H. Weiss_____
      JOSEPH H. WEISS

# EXHIBIT A

# MF GLOBAL LTD
## Movants Register and Transaction Report

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|
| Rubin, Michael | 7/18/2007 | 100 | $ 30.00 | $ 3,000.00 | 10/26/2007 | 100 | $ 30.66 | $ 3,066.00 | |
| | 7/18/2007 | 100 | $ 30.00 | $ 3,000.00 | 10/26/2007 | 100 | $ 30.50 | 3,050.00 | |
| | 7/18/2007 | 100 | $ 30.00 | $ 3,000.00 | 11/2/2007 | 100 | $ 30.34 | 3,034.00 | |
| | 7/18/2007 | 2,000 | $ 30.00 | $ 60,000.00 | | | | | |
| | | 2,300 | | $ 69,000.00 | | 300 | | $ 9,150.00 | $ (23,070.00) |
| CRL Management LLC | 7/18/2007 | 2,000 | $ 30.00 | $ 60,000.00 | 7/19/2007 | 2,000 | $ 27.60 | 55,200.20 | |
| | 7/18/2007 | 14,000 | $ 30.00 | 420,000.00 | 7/20/2007 | 14,000 | $ 27.60 | 386,401.40 | |
| | 7/18/2007 | 1,500 | $ 30.00 | 45,000.00 | 7/20/2007 | 1,500 | $ 27.60 | 41,400.15 | |
| | 7/18/2007 | 1,000 | $ 30.00 | 30,000.00 | 7/20/2007 | 1,000 | $ 27.60 | 27,600.10 | |
| | 7/18/2007 | 1,500 | $ 30.00 | 45,000.00 | 7/20/2007 | 1,500 | $ 27.60 | 41,400.15 | |
| | 7/18/2007 | 2,300 | $ 30.00 | 69,000.00 | 7/20/2007 | 2,300 | $ 27.60 | 63,480.23 | |
| | 7/18/2007 | 3,500 | $ 30.00 | 105,000.00 | 7/20/2007 | 3,500 | $ 27.60 | 96,600.35 | |
| | 7/18/2007 | 5,000 | $ 30.00 | 150,000.00 | 7/20/2007 | 5,000 | $ 27.60 | 138,000.50 | |
| | 7/18/2007 | 6,000 | $ 30.00 | 180,000.00 | 7/20/2007 | 6,000 | $ 27.60 | 165,600.60 | |
| | 7/18/2007 | 900 | $ 30.00 | 27,000.00 | 7/20/2007 | 900 | $ 27.60 | 24,840.09 | |
| | 7/18/2007 | 1,000 | $ 30.00 | 30,000.00 | 7/20/2007 | 1,000 | $ 27.01 | 27,006.50 | |
| | 7/18/2007 | 5,100 | $ 30.00 | 153,000.00 | 7/25/2007 | 5,100 | $ 25.40 | 129,531.84 | |
| | 7/18/2007 | 8,900 | $ 30.00 | 267,000.00 | 7/25/2007 | 8,900 | $ 25.40 | 226,045.76 | |
| | 7/18/2007 | 100 | $ 30.00 | 3,000.00 | 7/27/2007 | 100 | $ 25.10 | 2,510.00 | |
| | 7/18/2007 | 1,400 | $ 30.00 | 42,000.00 | 7/27/2007 | 1,400 | $ 25.10 | 35,140.00 | |
| | 7/18/2007 | 7,600 | $ 30.00 | 228,000.00 | 7/27/2007 | 7,600 | $ 25.41 | 193,106.88 | |
| | 7/18/2007 | 1,000 | $ 30.00 | 30,000.00 | 7/27/2007 | 1,000 | $ 25.41 | 25,408.80 | |
| | 7/18/2007 | 1,000 | $ 30.00 | 30,000.00 | 7/27/2007 | 1,000 | $ 25.41 | 25,408.80 | |
| | 7/18/2007 | 100 | $ 30.00 | 3,000.00 | 7/27/2007 | 100 | $ 25.41 | 2,540.88 | |
| | 7/18/2007 | 1,000 | $ 30.00 | 30,000.00 | 7/27/2007 | 1,000 | $ 25.41 | 25,408.80 | |
| | 7/18/2007 | 300 | $ 30.00 | 9,000.00 | 7/27/2007 | 300 | $ 25.41 | 7,622.64 | |
| | 7/18/2007 | 60,000 | $ 30.00 | 1,800,000.00 | 7/24/2007 | 60,000 | $ 26.27 | 1,576,206.00 | |
| | 7/18/2007 | 5,000 | $ 30.00 | 150,000.00 | 7/26/2007 | 5,000 | $ 25.58 | 127,916.00 | |
| | | 129,200 | | $ 3,876,000.00 | | 129,200 | $ 25.58 | $ 3,418,967.87 | $ (457,032.13) |

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|
| South Shore Investment Group | 7/18/2007 | 59,750 | $ 30.00 | $ 1,792,500.00 | 7/19/2007 | 59,750 | $ 27.41 | $ 1,637,896.88 | |
| | 7/18/2007 | 50,000 | $ 30.00 | 1,500,000.00 | 7/19/2007 | 50000 | 27.30 | 1,365,000.00 | |
| | 7/18/2007 | 4,100 | 30.00 | 123,000.00 | 7/19/2007 | 4,100 | 27.46 | 112,595.84 | |
| | 7/18/2007 | 2,600 | 30.00 | 78,000.00 | 7/19/2007 | 2,600 | 27.41 | 71,272.50 | |
| | 7/18/2007 | 2,000 | 30.00 | 60,000.00 | 7/20/2007 | 2,000 | 26.77 | 53,540.00 | |
| | 7/18/2007 | 8,500 | 30.00 | 255,000.00 | 7/25/2007 | 8,500 | 27.00 | 229,477.90 | |
| | 7/18/2007 | 2,000 | $ 30.00 | $ 60,000.00 | 8/1/2007 | 2,000 | $ 27.65 | $ 55,300.00 | |
| | | 128,950 | | 3,868,500.00 | | 128,950 | | 3,525,083.12 | $ (343,416.89) |
| Koplin, Kal | 7/18/2007 | 5,500 | $ 30.00 | 165,000.00 | 7/19/2007 | 5,500 | $ 27.52 | 151,360.00 | |
| | 7/18/2007 | 5,000 | 30.00 | 150,000.00 | 7/19/2007 | 5,000 | 27.42 | 137,100.00 | |
| | 7/18/2007 | 2,000 | 30.00 | 60,000.00 | 7/19/2007 | 2,000 | 28.03 | 56,060.00 | |
| | 7/18/2007 | 500 | 30.00 | 15,000.00 | 7/19/2007 | 500 | 27.59 | 13,795.00 | |
| | 7/18/2007 | 1,000 | 30.00 | 30,000.00 | 7/19/2007 | 1,000 | 28.00 | 28,000.00 | |
| | 7/18/2007 | 1,500 | 30.00 | 45,000.00 | 7/20/2007 | 1,500 | 26.31 | 39,465.00 | |
| | 7/18/2007 | 500 | 30.00 | 15,000.00 | 7/20/2007 | 500 | 26.69 | 13,345.00 | |
| | 7/18/2007 | 2,000 | 30.00 | 60,000.00 | 7/23/2007 | 2,000 | 26.97 | 53,940.00 | |
| | 7/18/2007 | 8,000 | 30.00 | 240,000.00 | 7/24/2007 | 8,000 | 26.74 | 213,920.00 | |
| | 7/18/2007 | 2,500 | 30.00 | 75,000.00 | 7/25/2007 | 2,500 | 27.05 | 67,625.00 | |
| | 7/18/2007 | 2,500 | 30.00 | 75,000.00 | 7/26/2007 | 2,500 | 24.39 | 60,975.00 | |
| | 7/18/2007 | 1,000 | $ 30.00 | 30,000.00 | 7/30/2007 | 1,000 | $ 24.05 | 24,050.00 | |
| | | 32,000 | | 960,000.00 | | 32,000 | | 859,635.00 | $ (100,365.00) |
| TOTALS: | | 292,450 | | $ 8,773,500.00 | | 290,450 | | $ 7,812,835.99 | $ (923,884.02) |

Page 3

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|

**Explanatory notes**

The total estimated damages of each Proposed Lead Plaintiff has been calculated in the following manner:

1) Common stock sold within the Class Period:
   Damages with respect to shares sold within the Class Period have been based upon each proposed lead plaintiff's actual loss. Each Proposed Lead Plaintiff's actual loss has been offset by any gain realized by plaintiff as a result of sales made within the Class Period.

2) Common stock still held:
   Purchase price of MF Global Ltd. common stock still held minus the closing price of MF Global Ltd. common stock on 3/6/08 ($18.39) multiplied by the number of shares held.

3) Common stock sold after the Class Period:
   For shareholders who sold their shares after the end of the Class Period, their actual (non statutory) losses were calculated.

4) All calculations have been performed using the First-In-First-Out ("FIFO") method of matching trades.

5) All losses have been calculated exclusive of costs, commissions and fees.

# EXHIBIT B

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/31/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x

NARAIN BHOJWANI, individually and
on behalf of all others similarly situated,

        Plaintiff,

    -against-

EVANGELOS J. PISTIOLIS, STAMATIOS N.
TSANTANIS and TOP TANKERS, INC.,

        Defendants.

———————————————————————— x

    06 Civ. 13761 (CM)(KNF)

MEMORANDUM DECISION AND ORDER ACCEPTING THE
RECOMMENDATION OF THE HON. KEVIN N. FOX,
U.S.M.J., TO CONSOLIDATE THE TEN ABOVE-CAPTIONED
ACTIONS AND REJECTING THE RECOMMENDATION OF THE
HON. KEVIN N. FOX CONCERNING LEAD PLAINTIFF/LEAD
COUNSEL APPOINTMENTS, AND INSTEAD APPOINTING
JOSEPH A. DESHAYES, JR., AS LEAD PLAINTIFF
IN THE TEN CONSOLIDATED ACTIONS

McMahon, J.:

**Motion for Lead Plaintiff/Lead Counsel**

    These ten actions were recently reassigned to this court from the docket of the late Judge
Richard Conway Casey. Judge Casey had previously referred the matter to The Hon. Kevin
Nathaniel Fox, U.S.M.J., for a report and recommendation on the eight competing motions for
lead plaintiff/lead counsel status in this action brought pursuant to the Private Securities
Litigation Reform Act (PSLRA), 15 U.S.C. §78u-4(a)(3)(B). The learned Magistrate Judge
issued his report on June 26, 2007. He recommended that (1) the ten actions be consolidated,
with all relevant filings maintained as one filed under Docket No. 06 Civ. 13761, together with
any other actions, pending or subsequently filed, arising out of or relating to the same facts
alleged in the above-captioned actions; and that (2) Jerry Burns be appointed lead plaintiff and
Lerach Coughlin Stoia Geller Rudman & Robbins LLP be appointed lead counsel.

    Two objections were timely filed: by putative Lead Plaintiffs Bryant Holdings LLC

Shareholder Group and Joseph A. DeShayes, Jr.

The Court (1) accepts the Report, (2) accepts the recommendation (which is not opposed by any party) to consolidate these ten identical class actions; (3) rejects the recommendation that Jerry Burns and Lerach Coughlin be appointed Lead Plaintiff and Lead Counsel, respectively; (5) overrules the objection of putative Lead Plaintiff Byant Holdings Shareholder Group, and (6) sustains the recommendation of putative Lead Plaintiff Joseph A. DeShayes, Jr. and appoints Joseph A. DeShayes, Jr. as Lead Plaintiff and Schiffrin Barroway Topaz & Kessler, LLP and Labaton Sucharow & Rudoff LLP as Lead and Liaison Counsel, respectively.

The decision on this motion should have been rendered some months ago. Notice of this class action was filed on December 11, 2006. The various motions for lead plaintiff status were made on or before February 9, 2007, within the 60 day period following publication of the December 11 notice.

Judge Casey's untimely demise resulted in an administrative logjam for some months, so I can well understand why this motion does not reach my desk until now. Rather than waste still more time writing a lengthy opinion, I adopt Judge Fox's thorough description of the Background set forth at pages 2 through 8 of the Report. I adopt his manifestly correct discussion of the issue of consolidation as the opinion of the Court (Report, pages 8 through 10), and I order these actions consolidated for all purposes. Likewise, I adopt his discussion of the PSLRA standard for appointment of lead plaintiff and lead counsel (Report, page 10).

I see nothing erroneous in the learned Magistrate Judge's discussion of the leeriness with which courts in this circuit (including this one) approach the issue of aggregating individual investors not associated with each other except through their participation in a securities class action lawsuit into so-called lead plaintiff "groups." In general, courts are – and ought to be – reluctant to aggregate a group comprised of disparate and apparently unrelated plaintiffs (see cases cited at Report, page 11), especially when such an unnatural aggregation would supplant an institutional investor as lead plaintiff. However, when it is appropriate to do so, courts have permitted aggregations of unrelated investors to proceed as lead plaintiffs in litigation governed by the PSLRA; indeed, the statute itself expressly permits a "group of persons" to serve as lead plaintiff. In deciding whether aggregation is appropriate, courts consider factors such as the size of the group, whether the group was formed in bad faith, and the relationship among the members of the group.

Judge Fox declined to consider appointing any aggregated groups as lead plaintiffs – as the DeShayes objection put it, he adopted a bright-line rule against aggregated group plaintiffs. Were there an institutional investor with significant holdings that was appropriately situated to assume the prosecution of this case, I might well agree with the learned Magistrate; I have so concluded on at least one prior occasion. However, I respectfully disagree with the learned Magistrate Judge's approach in this particular case, where the alternative is not a significant institutional investor.

2

Allowing for aggregation, the two largest putative lead plaintiffs in terms of financial interest are Bryant Holdings and DeShayes. Their respective losses ($1.1 million for Bryant Holdings and $677,073 for DeShayes) dwarf the losses of any of the other putative lead plaintiffs. In particular, they dwarf the holdings of Jerry Burns, who suffered only $75,967.04 in losses after taking account of dividends paid during the class period. Burns came in sixth out of the eight moving putative lead plaintiffs. He is not the most appropriate lead plaintiff, and I decline to adopt the Magistrate Judge's recommendation that he be so appointed.

The question, then, is which of the two remaining competitors will be named lead plaintiff.

The learned Magistrate Judge refused to aggregate the holdings of Mr. DeShayes and various members of his family and his family's business; he looked only to the losses suffered by Mr. DeShayes personally. This was clear error. The record reveals that Mr. DeShayes made all investment decisions relating to Top Tankers on behalf of all the members of his family, including his son's business, and that he had unrestricted decision-making authority over all of the DeShayes Family Accounts. The Magistrate Judge's finding that Mr. DeShayes offered "no proof" that he was authorized to move for lead plaintiff designation on behalf of his family is clearly erroneous, since the various members of the DeShayes family made it clear, in affidavits filed with the court, that Mr. DeShayes had authority to act on their behalf in this matter. Moreover, those affidavits are highly credible. The members of the DeShayes Family Group are not unrelated parties who came together for the sole purpose of trying to become lead plaintiffs in these lawsuits. They are a man, his wife, his daughter, his son-in-law, and the business owned by his son. The number in the group is small; the relationship among the members is the closest and most natural imaginable, and the nature of the relationship among the group members makes it highly improbable (if not impossible) to conclude that the group was formed in bad faith by an attorney trying to conduct the sort of lawyer-driven litigation that the PSLRA was passed to eliminate.

Finally, the attorneys selected by Mr. DeShayes - the firm of Schiffrin Barroway Topaz & Kessler, LLP – are outstanding in their field and have ample experience as lead counsel, co-lead counsel and executive committee member counsel in numerous complex securities fraud cases. Proposed liaison counsel, Labaton Sucharow & Rudoff LLP, are equally experienced and well known to this court.

I thus conclude that Joseph A. DeShayes, Jr., would make an appropriate lead plaintiff and that his counsel would serve well as lead counsel. The only question, then, is whether the DeShayes Family Group has managed to rebut the presumption that the Bryant Holdings Group – whose projected losses as submitted to the court are one third again as great as the DeShayes Family Group's losses is the most suitable plaintiff. I conclude that it has.

Bryant Holdings is a two-member group. Although named for Bryant Holdings LLC, a limited liability corporation with two principals, it is the other member of the group – Fred Cole

3

– who suffered the lion's share of the losses. Indeed, of all the individuals and entities who associated themselves with these motions, Mr. Cole suffered the largest individual loss – more than $1 million – and easily could have moved for lead plaintiff status on his own, without joining any group. But Mr. Cole did not timely (i.e., by February 9, 2007) move for lead plaintiff status on his own. My review of the record reveals that he first indicated his willingness to serve as sole lead plaintiff in an affidavit signed on February 23 and filed with this court on March 2. Prior to that time, he only expressed an interest in moving for lead plaintiff status in conjunction with Bryant Holdings LLC.

It does not appear from the motion papers that Mr. Cole has any relationship with Bryant Holdings LLC independent of this lawsuit and lead plaintiff application. Indeed, from the repetition of the mantra that Bryant Holdings Group is a "small, cohesive, manageable two member group," which appears throughout the Bryant Holdings Group's moving papers, I gather that Mr. Cole is not the second member (besides Mr. Bryant) of Bryant Holdings LLC, and that he (unlike the members of the DeShayes family) has no prior association with Mr. Bryant's business. None of the papers submitted by the Bryant Holdings Group explains how these two disparate entities agreed to work together to prosecute this lawsuit; for all this court knows, Bryant Holdings and Mr. Cole never encountered each other prior to the formation of their litigation "partnership."

I accept Mr. Cole's representation that he has never been involved in any criminal case and that he is not any of the various persons of the same name with criminal pasts who are alluded to in the affidavits of other putative lead plaintiffs. However, in view of the fact that Mr. Cole would appear to be a practically perfect lead plaintiff, the insignificance of what Bryant Group brings to the table in terms of holdings, and the paucity of information about how and why they came together, I am left with the firm conviction that the Bryant Holdings Group is a "lawyer driven" plaintiff engineered for the sole purpose of maintaining this lawsuit and attaining lead plaintiff status therein.

Both DeShayes and Defendants have raised significant questions about the data submitted to prove the holdings of Mr. Cole. Initially, the Bryant Holdings Group claimed losses in excess of $1.123 million. As Magistrate Judge Fox observed, a "corrected" motion was quickly filed, to account for certain "wash" sales, altering the loss realized by the group to $1.2 million.[1] Mr. Cole provided back up statements from his broker (Fidelity) for six of his eight accounts. In reply papers responding to attacks on the validity of his data by Defendants and DeShayes, he included what was described as "corroborative backup data" for the Fidelity statements. In a surreply brief, Mr.

---

[1] Because this arithmetic correction was made to account for certain "wash sales" that were not correctly accounted for in the initial motion (and was made on the next business day following the submission of the original motion), and not to add additional transactions, I do not view this as falling within the rule of In re Specialists Sec. Litig., 240 F.R.D. 128, 138 (S.D.N.Y. 2007), and I deem the corrected papers to be the motion papers filed on behalf of Bryant Holdings Group. I therefore do not join in footnote 2 of Magistrate Judge Fox's Report.

4

DeShayes identified additional discrepancies, this time between the data derived from the Fidelity statements and the "corroborative backup data." The amount of these discrepancies, while not de minimis, is small relative to Mr. Cole's total holdings. If I eliminated all of the allegedly discrepant transactions, Mr. Cole would still have the largest paper loss of any of the named plaintiffs. However, the fact that the data still do not quite add up indicates a certain carelessness about detail that undermines the adequacy of Mr. Cole (and his associated group) as a lead plaintiff.

Finally, the court questions the adequacy of the Fox Gauthier Law Firm to serve as lead counsel, in view of what appear to be, at best, inflated statements about the firm's role in the In re Merck, Inc. Securities, Derivative and ERISA Litigation, MDL Docket No. 1658 (D.N.J.), and about the allegedly "instrumental" role of Kahn Gauthier partner Michael A. Swick (a former associate in the Milberg Weiss Firm) in the In re Oxford Health Plans, Inc., Securities Litigation, MDL Docket No. 1222 (C.L.B)(S.D.N.Y.).

In short, after careful consideration, I find that Joseph DeShayes is best suited to serve as lead plaintiff in this action, and that his designated counsel – Schiffrin Barroway Topaz & Kessler, LLP and Labaton Sucharow & Rudoff LLP – are best suited to serve as lead counsel and liaison counsel, respectively. I so appoint them.

The consolidated cases should go forward under the heading "In re Top Tankers, Inc. Securities Litigation," using the lowest docket number (06 Civ. 13761).

## Scheduling Order

Rather than have counsel stipulate to a leisurely schedule leading up to class certification briefing, let me impose one more to my liking. If an amended complaint is to be filed, it must be filed no later than August 17, 2007. Any motion to dismiss addressed to whatever complaint is operative must be filed by September 20 (a date longer than I would have given but for the occurrence of Rosh Hashanah during the week of September 10). Responses to the motion to dismiss are due October 12, and the reply October 19. Mr. DeShayes must be deposed on issues relevant to his ability to serve as an adequate class representative prior to November 9, 2007. THESE DATES WILL NOT BE EXTENDED FOR ANY REASON.

In briefing any Telltabs issues on the motion to dismiss, defendants are reminded that they must suggest competing inferences that might be drawn from the facts pleaded in the complaint (assuming them to be true) and explain why those inferences are at least as compelling as the inferences plaintiff proffers.

Dated: July 30, 2007

U.S.D.J.

BY HAND TO MAGISTRATE JUDGE K.N. FOX

6

# EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EASTWOOD ENTERPRISES, LLC
individually and on behalf of all others
similarly situated,

       Plaintiffs,

v.                                                                     Case No. 8:07-cv-1940-T-24 MSS
                                                                       **LEAD CASE**

TODD S. FARHA, ET AL.,

       Defendants.

_____

GLENN HUTTON, individually and on
behalf of all others similarly situated,

       Plaintiffs,

v.                                                                     Case No. 8:07-cv-1993-T-24 TBM

WELLCARE HEALTH PLANS, INC., ET AL.,

       Defendants.

_____/

## <u>ORDER</u>

     This cause comes before the Court on four competing motions for consolidation of cases

and appointment of lead plaintiff filed by: Fuller & Thaler (Doc. No. 10), Central States,

Southeast and Southwest Areas Pension Fund ("Central States") (Doc. No. 16), the Public

Pension Funds ("the PPF Group") (Doc. No. 22), and Robert DeMario (Doc. No. 19).  The

parties have filed responses and reply briefs.  As explained below, the Court grants the PPF

Group's motion to consolidate the cases, to appoint it as lead plaintiff, and to approve their

selection of lead counsel.

## I.  Background

This case arises from allegations concerning violations of the federal securities laws by WellCare Health Plans, Inc. ("WellCare").  Movants purchased the securities of Defendant WellCare during the period of November 4, 2004 through October 24, 2007.  It is alleged that during that time-frame, Defendants disseminated materially false and misleading information to investors about WellCare's financial condition that artificially inflated WellCare's stock price.

## II.  Procedure for Appointing a Lead Plaintiff

The Private Securities Litigation Reform Act ("PSLRA") establishes the procedure for appointing a lead plaintiff in class actions arising under the Securities Act.  The plaintiff who files the initial action must publish notice to the class within twenty days after filing the complaint, informing the class members of their right to file a motion for appointment of lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  The PSLRA provides a rebuttable presumption that the most adequate person to serve as lead plaintiff is the person or group of people that: (1) has filed the complaint or made a motion to be appointed lead plaintiff; (2) the court determines has the largest financial interest in the relief sought by the class; and (3) satisfies the requirements of Federal Rule of Civil Procedure 23[1].  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof that the presumptively most adequate plaintiff: (1) will not fairly and adequately protect the interests of the class; or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

---

[1]With regards to the issue of whether the person or group of people satisfy the requirements of Federal Rule of Civil Procedure 23, the Court focuses its analysis on the typicality and adequacy requirements of Rule 23.  See Fischler v. AmSouth Bancorporation, No. 96-1567-Civ.-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb 6,1997).

### III.  Appointment of Lead Plaintiff

The motions for appointment of lead plaintiff were filed by Fuller & Thaler, Central States, the PPF Group, and Robert DeMario.  Robert DeMario's financial interest in the relief sought by the class is substantially less than the other three movants.  As such, his motion for appointment as lead plaintiff is denied.

At the outset, it appears that the PPF Group (a group made up of five funds[2]) is the presumptively most adequate lead plaintiff.  The PPF Group filed a motion to be appointed lead plaintiff, and it satisfies the typicality and adequacy requirements of Rule 23.  Specifically, the PPF Group has suffered similar injuries as a result of the same course of conduct by Defendants and has claims based on the same legal issues as the rest of the class.  Additionally, the Court finds that the PPF Group will fairly and adequately represent the class, because it has common interests with the rest of the class and a willingness to vigorously prosecute the action.  The Court notes that each fund that makes up the PPF Group has had experience as serving as a lead plaintiff in the past, and the funds making up the PPF Group are sophisticated institutional investors with a real financial interest in the litigation.

Furthermore, there is no dispute that the PPF Group has the largest financial interest in the relief sought by the class, as its losses are more than two times as large as Fuller & Thaler's loss (approximately $3.3 million) or Central States' loss (between $3.5 and $4 million).[3]

---

[2]The PPF Group consists of (1) New Mexico State Investment Council, (2) Public Employees Retirement Association of New Mexico, (3) Teachers' Retirement System of Louisiana, (4) Policemen's Annuity and Benefit Fund of Chicago, and (5) Public School Teachers Pension & Retirement Fund of Chicago.

[3]Fuller & Thaler also disputes the purported class period, and thus the loss calculation, put forth by the PPF Group.  Specifically, Fuller & Thaler contends that the period should be May 8, 2006 through October 24, 2007, while the PPF Group uses the period of November 4,

However, the other movants dispute whether the PPF Group is presumptively the most adequate plaintiff under the PSLRA, because it has the largest financial interest due to the aggregation of the financial losses of the five funds that make up the group. Central States and Fuller & Thaler argue that the Court should disregard the PPF Group because the group formed solely to aggregate their losses and attain lead plaintiff status. The Court disagrees.

District courts within the Eleventh Circuit have allowed aggregation of a group's loss in order to determine whether the group is the presumptively most adequate plaintiff. See Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc., 2007 WL 170556, at *2 (M.D. Fla. Jan. 18, 2007); Newman v. Eagle Building Technologies, 209 F.R.D. 499, 503-04 (S.D. Fla. 2002). In Newman, the court cited the Third Circuit case of In re Cedent Corp. Litigation, 264 F.3d 201, 266 (3d Cir. 2001), and stated the following:

> This Court does not find it appropriate to limit aggregation when the PSLRA specifically allows for a group of persons to serve as lead plaintiff. There is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a relationship among themselves. Instead, the PSLRA focuses on whether the person or group that is the proposed lead plaintiff can fairly and adequately serve as the lead plaintiff. Following the PSLRA, this Court focuses not on the composition of the [proposed group], but rather on whether the [proposed group] is adequate to serve as lead plaintiff.

Newman, 209 F.R.D. at 503-04.

Likewise, in the case of In re Cedent Corp. Litigation, the court stated:

> [T]he goal of the Reform Act's lead plaintiff provision is to locate a person or entity whose sophistication and interest in the litigation are sufficient to permit that person or entity to function as an active agent for the class, and a group is not entitled to presumptive lead plaintiff status unless it "otherwise satisfies" Rule 23, which in turn requires that it be able to "fairly and adequately protect the interests of the class." If the court determines that the way in which a group seeking to

---

2004 through October 25, 2007. Regardless of which period is used, the PPF Group's losses more than double Fuller & Thaler's losses.

4

become lead plaintiff was formed or the manner in which it is constituted would preclude it from fulfilling the tasks assigned to a lead plaintiff, the court should disqualify that movant on the grounds that it will not fairly and adequately represent the interests of the class.

We note at this juncture that we disagree with those courts that have held that the statute invariably precludes a group of "unrelated individuals" from serving as a lead plaintiff. The statute contains no requirement mandating that the members of a proper group be "related" in some manner; it requires only that any such group "fairly and adequately protect the interests of the class." We do not intimate that the extent of the prior relationships and/or connection between the members of a movant group should not properly enter into the calculus of whether that group would "fairly and adequately protect the interests of the class," but it is this test, not one of relatedness, with which courts should be concerned.

In re Cedent, 264 F.3d at 266-67. Other courts have come to similar conclusions. See, e.g., In re Orthodontic Centers of America, Inc., Securities Litigation, 2001 WL 1636846, at *5 (E.D. La. Dec. 18, 2001)(stating that there is no requirement in the PSLRA that a group have a pre-existing relationship before the group can be considered for appointment as lead plaintiff).

Central States and Fuller & Thaler also argue that given that the PPF Group has identified four law firms as representing some or all of the funds, it is clear that the PPF Group's decision to move for appointment as lead plaintiff is lawyer-driven. The Court finds that Central States and Fuller & Thaler have not shown that to be true. The members of the PPF Group have filed a joint declaration in which they detail their history together and their desire to join together to litigate this action. (Doc. No. 28). They further state that if appointed, they will "ensure, through supervision of [their] chosen qualified counsel, that the action is prosecuted for the benefit of the Class in an efficient and cost-effective manner" and that they would oversee counsel's prosecution of this action "to ensure that the case is handled efficiently and without duplication of work." (Doc. No. 28). Additionally, the Court notes that the PPF Group only seeks appointment of two law firms as lead counsel.

5

This Court is satisfied that the PPF Group is not lawyer-driven.  Furthermore, the Court notes that given the number of members of the PPF Group, it may be able to "' more effectively withstand any supposed effort by the class counsel to seize control of the class claims.'" D'Hondt v. Digi International, Inc., 1997 WL 405668, at *3 (D. Minn. April 3, 1997).

Additionally, the Court notes that two members of the PPF Group, New Mexico State Investment Council and Public Employees Retirement Association of New Mexico, are closely related.  They share overlapping management and representation; specifically, the New Mexico Treasurer sits on the boards of both entities, and both entities are represented in legal matters by the Office of the New Mexico Attorney General.  The combined losses of these two entities surpasses the losses of Central States and Fuller & Thaler, which undermines the assertion that the five members of the PPF Group came together solely to attain lead plaintiff status.

Central States argues that if the Court is inclined to grant the PPF Group's motion, the Court should allow Central States to conduct discovery regarding the formation of the PPF Group in order to rebut the presumption that the PPF Group should be appointed as lead plaintiff.  While the PSLRA does allow discovery relating to the appointment of a lead plaintiff, it only allows it in limited circumstances.  Specifically, the PSLRA provides: "[D]iscovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iv).  The Court finds that Central States has not demonstrated a reasonable basis for finding that the PPF Group is incapable of adequately representing the class.

6

Accordingly, the Court finds that the PPF Group is the movant with the largest financial interest in the relief sought by the class and that it meets the requirements of Rule 23. Therefore, the Court will grant the PPF Group's motion and appoint it as lead plaintiff in this consolidated action.

## IV.  Appointment of Lead Counsel

The PSLRA vests the authority in the lead plaintiff to select and retain lead counsel, subject to court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court has determined that the PPF Group should serve as lead plaintiff to represent the interests of the class in this consolidated action, and the PPF Group have selected the law firms of Bernstein Litowitz Berger & Grossman LLP and Labaton Sucharow LLP to serve as co-lead counsel for the class.  The Court approves of their selection.

## V.  Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)    Fuller & Thaler's motion to be appointed as lead plaintiff (Doc. No. 10) is **DENIED**.

(2)    Central States' motion to be appointed as lead plaintiff (Doc. No. 16) is **DENIED**.

(3)    Robert DeMario's motion to be appointed as lead plaintiff (Doc. No. 19) is **DENIED**.

(4)    The Public Pension Funds's motion for consolidation and to be appointed lead plaintiff (Doc. No. 22) is **GRANTED**.

(5)    The Public Pension Funds are appointed to serve as Lead Plaintiffs.

7

(6)     The Public Pension Funds' selection of counsel is approved, and Bernstein

Litowitz Berger & Grossman LLP and Labaton Sucharow LLP are appointed as

Lead Counsel for the class.

(7)     Case number 8:07-cv-1993-T-24TBM is hereby consolidated with 8:07-cv-1940-

T-24MSS.  Case number 8:07-cv-1940-T-24MSS will be the lead case number,

and all further pleadings will be filed therein.

(8)     The Clerk is directed to **ADMINISTRATIVELY CLOSE** case number 8:07-cv-

1993-T-24TBM.

(9)     Lead Plaintiff is directed to file an amended complaint no later than 60 days after

the date of this Order.

(10)    Defendants are directed to file a response to the amended complaint no later than

60 days after the amended complaint is filed.

(11)    If a motion to dismiss is filed, Lead Plaintiff is directed to file a response to such

motion no later than 30 days after such motion is filed.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of March, 2008.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record

8

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

POLICE AND FIRE RETIREMENT SYSTEM OF :
THE CITY OF DETROIT, and MICHAEL
GOLDE, On Behalf of Themselves and All Others :
Similarly Situated, and

              :

          Plaintiff,        :      06 Civ. 5797 (PAC)
              :      06 Civ. 6194 (PAC)

    -against-        :      <u>ORDER</u>

SafeNet, Inc., *et al.*,       :

          Defendant.    :

----------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

This securities fraud class action was filed August 8, 2006 by the Police and Fire Retirement System of Detroit, Plymouth County Retirement System, and the State-Boston Retirement System. Plaintiff Michael Golde filed a similar action on August 18, 2006. Plaintiffs allege that Defendant SafeNet, Inc. and various officers and directors of SafeNet violated federal securities laws by disseminating false and misleading information to investors regarding its Omnibus Stock Option Plan and the profitability of certain long-term contracts, resulting in artificially inflated prices of SafeNet stock.

On October 2, 2006, pursuant to the Private Securities Litigation Act of 1995 ("PSLRA"), two groups of investors who sustained losses moved for appointment as lead plaintiffs of a proposed class action consisting of investors who bought and sold

1

stock in SafeNet between the class period of March 31, 2003 through May 18, 2006. The contending lead plaintiffs also seek the appointment of their choices for lead counsel.

The first group of investors consists of the Police and Fire Retirement System of the City of Detroit, the Plymouth County Retirement System, and the State-Boston Retirement System, ("Public Retirement Group"), represented by Bernstein Litowitz Berger & Grossmann LLP and co-counsel Labaton Sucharow & Rudoff LLP. The second group consists of Central States, Teamsters Affiliates Pension Plan, Structural Ironworkers Local Union #1, and Massachusetts State Guaranteed Annuity Fund, ("Pension & Annuity Fund Group"), represented by Lerach Coughlin Stoia Geller Rudman & Robbins LLP. All Plaintiffs also moved for consolidation. The motions were fully briefed on October 30, 2006 and oral argument was heard January 5, 2007.

For the reasons set forth below, the cases are consolidated, the Public Retirement Group's motion to be designated lead plaintiff is granted, and its choice of lead counsel is approved. The Pension & Annuity Fund's motion to be appointed lead plaintiff is denied. The cases are consolidated.

## DISCUSSION

### *Lead Plaintiff*

Congress enacted the PSLRA in 1995 in response to abuses in securities fraud class actions. <u>See</u> S.Rep. No. 104-98 (1995), reprinted in 1995 U.S.C.C.A.N. 679; H.R. Conf. Rep. No. 104-369 (1995), reprinted in 1995 U.S.C.C.A.N. 730. The purpose behind the PSLRA is to prevent "lawyer-driven" litigation, and to ensure that "parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the

2

selection and actions of plaintiffs counsel." In re Oxford Health Plans, Inc., Sec. Litig.,

182 F.R.D. 42, 43-44 (S.D.N.Y.1998) (quoting H.R. Conf. Rep. No. 104-369). Congress

also believed that this could best be achieved by encouraging institutional investors to

serve as lead plaintiffs. See Ferrari v. Impath, 2004 WL 1637053 (S.D.N.Y. 2004)

(citing In re Oxford Health, 182 F.R.D. at 46 (citing H.R. Conf. Rep. No. 104-369)).

The PSLRA sets forth the requirements and procedure for appointing a

lead plaintiff in Exchange Act class actions. 15 U.S.C. § 78u-4(a)(1) & 78ur-(a)(3)(B)(i).

The statute creates the rebuttable presumption that the most adequate plaintiff is one who

has 1) filed a complaint or made a motion in response to a notice, 2) in the determination

of the court, has the largest financial interest in the relief sought by the class, and 3)

otherwise satisfies Rule 23 requirements with respect to adequacy and typicality. 15

U.S.C. § 78u-4(a)(3)(B)(iii).

Both Groups have timely filed their motions to serve as lead plaintiff.

Each Group puts forth substantial effort in casting doubt on the other's abilities and

qualifications to serve as lead plaintiff, compliance with the applicable standards, and

each Group's size of financial interests of the litigation.

As to the determining which Group has the greatest financial interest, the

PSLRA does not explain how that interest should be calculated. Courts have considered

four factors ("Lax Test") when evaluating this requirement: (1) the number of shares

purchased during the class period, (2) the number of net shares purchased during the class

period, (3) the total net funds expended during the class period, and (4) the approximate

loss suffered during the class period. Lax v. First Merchants Acceptance Corp., 1997 WL

461036, at *5 (N.D.Ill. Aug.11, 1997; See also Pirelli Armstrong Tire Corp. Retiree Med.

Benefits Trust v. LaBranche & Co. Inc., 229 F.R.D. 395, 404 (S.D.N.Y. 2004) ("While
certain other courts have declined to follow the Lax test, they have done so in favor of a
test that focuses on one or more of the factors identified in Lax."); In re Olsten Corp., 3
F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

The first three factors of the Lax Test, examining gross purchases, net
purchases, and net funds expended, all favor the Public Retirement Group.  The Pension
& Annuity Group does not dispute this, but it maintains that only one factor really counts:
the final Lax factor which measures the size of the losses suffered.  The Public
Retirement Group has alleged losses of approximately $1.78 million during the relevant
period.  The Pension & Annuity Group claims a larger loss of approximately $1.82
million.

The Pension & Annuity Fund Group suggests that the $40,000 difference
is outcome determinative.  Indeed, some courts have held that "losses" may be more
relevant to this determination than the other Lax factors, see, e.g., Weiss v. Friedman,
Billings, Ramsey Group, Inc., 05-cv-4617, 2006 WL 197036 (S.D.N.Y. Jan. 25, 2006).
The very slight difference, however, between the Groups' losses—the Public Retirement
Group's loss is only 2% below those allegedly suffered by the Pension & Annuity
Group—cannot dictate such an important result.  The Court will treat these losses as
roughly equal.  See In re Pfizer Inc. Sec. Litig., 233 F.R.D. 334, 338 (S.D.N.Y. 2005)
(holding that where damage calculations differed by less than 2%, "[g]iven the probable
margin of error involved in the damage estimates before the Court, [the two Groups] have
roughly equal damages").  The Court also notes that the lion's share of the Pension &
Annuity Group's claimed losses may be uncollectible or at least subject to unique

4

defenses in that Central States may have sold most of its shares before SafeNet announced corrective measures. See In re Veeco, Inc., 233 F.R.D. 330 (S.D.N.Y. 2005). Therefore, the Court finds that Public Retirement Group has the largest financial interest in this litigation and thus is the presumptive lead plaintiff.

### Rule 23 Requirements

The presumptive lead plaintiff must also satisfy the requirements under Federal Rule of Civil Procedure 23. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). At this stage in the litigation, one need only make a "preliminary showing" that Rule 23's typicality and adequacy requirements have been satisfied. In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); see also In re Party City Sec. Litig., 189 F.R.D. 91, 106 (D.N.J. 1999). Any determination of adequacy and typicality made at this stage of the proceeding does not preclude any party from contesting the ultimate class certification. See Weltz v. Lee, 199 F.R.D. 129, 133 (S.D.N.Y. 2001). The most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 77z-1(a)(B)(iii)(II).

### (a) Typicality

The typicality requirement is satisfied when the claims of the proposed lead plaintiff "arise from the same conduct from which the other class members' claims and injuries arise." In re Oxford, 182 F.R.D. at 50 (citations omitted). The claims of the proposed lead plaintiff need not be identical to the claims alleged by other class members. See In re Party City, 189 F.R.D. at 107. Members of the class claim to have

been injured by a fraudulent inflation of SafeNet's stock price. The legal claims of the

Public Retirement Group are typical of the proposed class and thus satisfy the Rule 23

typicality requirement as it is incorporated into the PSLRA. Indeed, they maybe slightly

superior because of the Group's affiliation with the Golde plaintiff which has the unique

benefit of representing stockholders who obtained their stock in the Rainbow

Technologies transaction.[1]

### (b) Adequacy

The adequacy requirement is satisfied if "(1) the class counsel is

qualified, experienced, and generally able to conduct the litigation; (2) the interests of the

class members are not antagonistic to one another; and (3) the lead plaintiff has a

sufficient interest in the outcome to ensure vigorous advocacy." In re Olsten Corp., 3 F.

Supp. 2d at 296 (citations omitted). The Public Retirement Group also satisfies the

adequacy requirement. The Group's counsel, Bernstein Litowitz Berger & Grossmann

LLP, and co-counsel Labaton Sucharow & Rudoff LLP are experienced in class action

litigation and have the ability to conduct the litigation effectively. See In re Nortel

Networks Corp. Securities Litigation, No. 05md1659, In re Refco Inc. Securities

Litigation, No. 05cv8626, In re EVCI Career Colleges Holding Corp, No. 05cv10240.

There is no doubt that the Pension & Annuity Group's counsel is well-qualified as well.

On the other hand, given the checkered past of the Central State's

behavior; and the fact that at least some portion of Central States is still subject to a court

appointed monitor's oversight, there are reasonable doubts as to whether Central States—

the largest part of the Pension & Annuity Group's claim—can be an adequate

---

[1] Plaintiffs allege that certain SafeNet Defendants issued a false and misleading registration statement through which Rainbow Technologies shares were exchanged for SafeNet shares and in connection with each of SafeNet's proxy statements issued during the class period, in violation of the Exchange Act.

representative. No such doubt exists as to the Public Retirement Group: their interests are not antagonistic to one another; they have a record of prior consultation with each other, and each alleges significant damages due to the SafeNet transaction.

### *Professional Plaintiffs*

The Pension & Annuity Group alleges that Public Retirement Group is presumptively barred from serving as lead plaintiff because Police and Fire Retirement System of the City of Detroit is a "professional plaintiff." The PSLRA addresses the limitations on professional plaintiffs:

> Except as the court may otherwise permit, consistent with the
> purposes of this section, a person may be a lead plaintiff, or an
> officer, director, or fiduciary of a lead plaintiff, in no more than
> 5 securities class actions brought as plaintiff class actions
> pursuant to the Federal Rules of Civil Procedure during any 3-
> year period.

15 U.S.C. § 78u-4(a)(3)(B)(vi). Police and Fire Retirement System of the City of Detroit is not a professional plaintiff because it has not served as lead plaintiff in five or more actions filed during the 3 years preceding the Group's certifications filed with the complaint. See 15 U.S.C. § 78u-4(a)(2)(A)(v). Moreover, it is clear that Congress did not intend to target institutional investors with this limitation. See, e.g., In re Pfizer, 233 F.R.D. at 338 n.4; Smith v. Suprema Specialties, Inc., 206 F. Supp. 2d 627, 641 (D.N.J. 2002); In re DaimlerChrysler AG Sec. Litig., 216 F.R.D. 291, 299 (D.Del. 2003). Accordingly, there is nothing before the Court to rebut the conclusion that the Public Retirement Group is the presumptive lead plaintiff.

### *Lead Counsel*

Under the PSLRA, the lead plaintiff shall select counsel to represent the class, subject to the court's approval. The Public Retirement Group has selected

Bernstein Litowitz Berger & Grossmann to serve as lead counsel for the class and

Labaton Sucharow & Rudoff LLP as co-lead counsel.  As mentioned previously, both

firms have substantial experience litigating complex securities class actions, and are well

qualified.  With respect to co-counsel, there will be "no duplication of attorneys' services,

and the use of co-lead counsel [will] not in any way increase attorneys' fees and

expenses."  In re La Branche & Co. LLC, 220 F.R.D. 398, 403 (S.D.N.Y. 2004).

## CONCLUSION

The Clerk of Courts is ORDERED to consolidate 06 Civ. 5797 and O6

Civ. 6194. The Public Retirement Group's motion for appointment is GRANTED, and

its choice of lead counsel and co-counsel is approved.  The Pension & Annuity Fund's

motion for appointment is DENIED.


Dated:  New York, New York
        February 21, 2007

SO ORDERED

PAUL A. CROTTY
United States District Judge

8

# EXHIBIT E

1

2

3

4

5

6

7

8

NOT FOR CITATION

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

SAN JOSE DIVISION

12

| | |
|---|---|
| ROBERT W. BAKER, JR., individually and on behalf of all others similarly situated, | Case Number C 03-05642 JF |
| Plaintiff, | **ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND DENYING OTHER MOTIONS HEARD ON APRIL 12, 2004** |
| v. | |
| JOEL M. ARNOLD, et al., | |
| Defendants. | [Docket Nos. 18, 29, 33, 37, 39, 45, 49, 55, 57, 60, 61, 68 & 88] |

13

14

15

16

17

18

19

20      On April 12, 2004, the Court heard argument regarding motions for consolidation of

21 related securities class actions, for appointment of lead plaintiff and approval of lead plaintiff's

22 counsel, for leave to take limited discovery, to strike a late-filed opposition, and for an order for

23 preservation of documents and certification of preservation. The Court has read and considered

24 the briefing submitted by the parties. For the reasons set forth below, the Court will consolidate

25 the related actions, appoint Connecticut Retirement Plans and Trust Funds as lead plaintiff and

26 deny all other motions.

27      //

28

1

**I. BACKGROUND**

2      Before the Court are eleven related class action lawsuits asserting claims for securities

3   fraud pursuant to sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-

4   5 promulgated thereunder.   All of these cases have been transferred to this Court pursuant to its

5   Related Case Order, dated March 3, 2004.[1]  The plaintiffs in each of these lawsuits allege that

6   officers and directors of Redback Networks, Inc. ("Redback") made false and misleading

7   statements to the investing public concerning Redback's financial condition and its relationship

8   with Qwest Communications International, Inc.  Plaintiffs further allege that the statements

9   caused members of the class to purchase Redback's securities at artificially inflated prices.

10      Several parties have moved for consolidation of the eleven actions.  Ten plaintiffs or

11   groups of plaintiffs have filed competing motions for appointment as lead plaintiff and approval

12   of lead plaintiff's counsel.  Additionally, there is (1) a request for leave to take limited discovery;

13   (2) a request to strike a late-filed opposition to a motion for appointment as lead plaintiff; and (3)

14   a motion for an order for preservation of documents relating to this litigation and certification

15   that relevant documents or other information have not been knowingly destroyed, altered, or

16   concealed.

17

18

**II. LEGAL STANDARD**

19      Appointment of lead plaintiff in private securities class actions is governed by the Private

20   Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 737

21   (codified at 15 U.S.C. §§ 77z-1, 77z-2, 78j-1, 78u-4, 78u-5).  The PSLRA provides that the

22   Court shall resolve any motions to consolidate prior to considering the issue of appointing a lead

23   plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  As soon as is practicable thereafter, the Court shall

24   ———————————————————

25   [1] The eleven related actions are: *Baker v. Arnold, et al.*, C 03-05642 JF; *Stremple v.
       Arnold, et al.*, C 03-5799 JF; *Deutsch v. Arnold, et al.*, C 03-05870 JF; *Panzer v. Cronan, et al.*,
26   C 04-00085 JF; *Grimes v. Cronan, et al.*, C 04-00190 JF; *Chermak v. Arnold, et al.*,
       C 04-00251 JF; *Gillis v. Arnold, et al.*, C 04-00280 JF; *Hansen v. Cronan, et al.*, C 04-00359 JF;
27   *Hwang v. Arnold, et al.*, C 04-00568 JF; *Lederman v. Cronan, et al.*, C 04 00586 JF; and *Smajlaj
       v. Arnold, et al.*, C 04-00607 JF.
28

Case No C 03-05642 JF
ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND DENYING OTHER
MOTIONS HEARD ON APRIL 12, 2004
(JFEX2)

2

1  appoint "the most adequate plaintiff" to act as lead plaintiff for the litigation. *Id.* § 78u-
2  4(a)(3)(B)(ii).  The Court shall adopt a presumption that the most adequate plaintiff is the
3  plaintiff or group of plaintiffs that: (1) has either filed the complaint or made a motion in
4  response to a notice advising potential class members of the action; (2) has the largest financial
5  interest in the relief sought by the class; and (3) otherwise satisfies the adequacy and typicality
6  requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  A
7  prima facie showing of adequacy and typicality is determined on the basis of the movant's
8  complaint, sworn certification, and other relevant submissions, without considering the
9  objections of other movants. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  The
10  typicality requirement is satisfied when the movant has suffered the same injuries as the class as
11  a result of the same course of conduct, and has claims based on the same legal issues. *See Hanon
12  v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).  The adequacy requirement is satisfied
13  when the movants' interests coincide with those of the class, and when the movant has the ability
14  to prosecute the action vigorously through the services of competent counsel. *See Armour v.
15  Network Associates, Inc.*, 171 F.Supp.2d 1044, 1052 (N.D. Cal. 2001).  The statutory
16  presumption in favor of a movant for lead plaintiff may be rebutted only upon proof that the
17  movant will not fairly and adequately protect the interests of the class, or is subject to unique
18  defenses which would prevent adequate representation of the class. *See* 15 U.S.C. § 78u-
19  4(a)(3)(B)(iii)(II).
20
21                              **III. DISCUSSION**
22  **A.     Consolidation**
23        All parties that have briefed the issue of consolidation agree that consolidation is
24  appropriate in this case.  All of the lawsuits are based upon a "fraud on the market" theory arising
25  out of the same alleged false and misleading statements.  Under these circumstances, the Court
26  concludes that consolidation of all the related actions will promote judicial efficiency.
27
28
                                          3

Case No. C 03-05642 JF
ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND DENYING OTHER
MOTIONS HEARD ON APRIL 12, 2004
(JFEX2)

1  Accordingly, the Court will consolidate the actions pursuant to Federal Rule of Civil Procedure
2  42(a).

3      The Court has issued an Order Granting Motions to Consolidate Related Actions in
4  conjunction with this order.

5

6  **B.    Lead Plaintiff**

7      1.    *Statutory Presumption*

8      The plaintiffs or groups of plaintiffs that have filed competing motions to be appointed
9  lead plaintiff are:  (1) the Cvitkovic Group; (2) the Connecticut Retirement Plans and Trust
10  Funds ("Connecticut Trust Funds"); (3) Richard Wimble; (4) David Garden; (5) Jerome Deutsch;
11  (6) Prena Smajlaj; (7) the Central States, Southeast and Southwest Areas Pension Fund ("Central
12  States"); (8) Tom Gordon; (9) the Bartnik Group; and (10) Nimish Patel and Stewart Richer (the
13  "Patel Group").  All movants satisfy the requirement of having filed a complaint or filed a timely
14  motion for appointment; however, the Bartnik Group has withdrawn its motion.

15      Two movants stand out by far as having the largest financial interest in the relief sought
16  by the class.  Central States claims a loss of approximately $3,997,563, while Connecticut Trust
17  Funds claims a loss of approximately $3,323,994. Both movants suffered the same alleged
18  injuries as other class members as a result of the same alleged course of conduct by Defendants,
19  and their claims are based on the same legal issues.  Nothing in their submissions indicate that
20  their interests do not coincide with those of the class.  Moreover, both movants are sophisticated
21  institutional investors, the type of investors Congress anticipated and intended would serve as
22  lead plaintiffs, with the present ability to prosecute the action vigorously through the services of
23  competent counsel. *See In re Cavanaugh*, 306 F.3d at 737.  Accordingly, the Court finds that
24  Central States and Connecticut Trust Funds satisfy the prima facie requirements for typicality and
25  adequacy.

26      The loss reported by Central States is challenged only by Connecticut Trust Funds, which
27  requests leave to take limited discovery of Central States in order to test the accuracy of Central
28

Case No. C 03-05642 JF
ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND DENYING OTHER
MOTIONS HEARD ON APRIL 12, 2004
(JFEX2)

1  States' loss calculations. Connecticut Trust Funds, however, proffers no reasonable basis

2  particular to the instant case as to why it believes Central States' claimed loss might be

3  overstated by as much as twenty percent, or $673,569, the amount by which Central States' loss

4  exceeds its own loss. Central States has provided a schedule of its purchases and sales, historical

5  prices of Redback common stock, and its calculation of loss, yet there is no claim that the stock

6  prices on Central States' transaction schedule are inaccurate, or that its method of calculation is

7  otherwise incorrect or improper. The Court therefore denies Connecticut Trust Funds' request

8  for leave to take limited discovery.

9        The two next highest claimed losses are substantially lower at $1,034,493 by the Patel

10  Group, and at $520,811 by the Bartnik Group. The Court thus adopts the presumption that

11  Central States is the most adequate plaintiff to act as lead plaintiff.

12      **2.      *Rebuttal of Statutory Presumption***

13      Connecticut Trust Funds opposes Central State's motion for appointment as lead plaintiff.

14  Central States notes that Connecticut Trust Funds' opposition was filed one day late and thus

15  moves that it be stricken. The Court in its discretion denies the motion and will consider

16  Connecticut Trust Funds' opposition, as it is in the best interest of all class members that the

17  most adequate plaintiff be identified. Central States had sufficient time to file a reply, which the

18  Court has fully considered. On the merits, the Court concludes that Connecticut Trust Funds

19  sufficiently rebuts Central States' prima facie showing of adequacy.

20      In its opposition, Connecticut Trust Funds points out that Central States has been

21  operating under a consent decree with the United States Department of Labor since 1982 arising

22  from allegations of mismanagement and corruption in the 1970s. *See generally Chao v. Estate of*

23  *Fitzsimmons*, No. 78C 342, 78 C 4075, 82 C 7951, 2003 WL 22723424, at *1 (N.D. Ill. Nov. 18,

24  2003) (discussing the consent decree). Connecticut Trust Funds makes reference to a recent

25  order from the District Court resolving a deadlock between the trustees appointed by employees

26  and the trustees appointed by employers relating to benefit reductions necessary to avoid an

27  annual funding deficiency which is projected to occur as early as this year. *See id.* at *1-3. Such

28

1    funding deficiency would violate Section 302 of the Employee Retirement Income Security Act

2    of 1974 (ERISA), 29 U.S.C. § 1082, as well as the express terms of the consent decree. *Id.* at

3    \*3. Connecticut Trust Funds argues that the projected funding deficiency will distract Central

4    States from adequately representing the interests of the class. Central States asserts that some

5    measures have already been taken to avoid a funding deficiency, citing macroeconomic factors

6    that adversely affected every pension fund in the United States. Central States has not shown,

7    however, that its financial circumstances have changed such that a funding deficiency is no

8    longer imminent.

9        Connecticut Trust Funds also contends that the consent decree restricts the ability of

10   Central State's trustees to make investment decisions and requires that an independent special

11   counsel monitor and report on Central States' activities. Connecticut Trust Funds argues that

12   because Central States is not even permitted to manage the assets and pension funds of its own

13   beneficiaries independently, it should not be placed in a position to manage litigation impacting

14   the entire class. Central States notes that the consent decree provides specifically that its trustees

15   have responsibility for administering the fund. It also points out that the consent decree does not

16   affect the right and authority of its trustees to seek lead plaintiff status. Although the consent

17   decree does not preclude Central States from seeking lead plaintiff status, the Court is mindful of

18   the fact that Central States remains under federal supervision as to its financial condition and is

19   not entirely a "free agent" under circumstances in which a funding deficiency or other violations

20   of the consent decree is imminent. The Court is concerned that the best interests of the class may

21   not be served adequately by a lead plaintiff operating under such circumstances during settlement

22   negotiations, which are a normal, if not universal, occurrence in securities class actions.

23        Finally, Connecticut Trust Funds contends that Central States has created a conflict of

24   interest by designating the law firm of Milberg Weiss Bershad Hynes & Lerach LLP ("Milberg")

25   to serve as lead plaintiff's counsel. Connecticut Trust Funds argues that the conflict arises from

26   Milberg serving as lead counsel in the class action involving Redback's initial public offering, *In*

27   *re Redback Networks, Inc. Initial Public Offering Sec. Litig.*, No. 01 Civ. 6090 (S.D. N.Y.) (the

28   "IPO litigation"), which alleges that conduct by defendant underwriters created artificial demand

6

Case No. C 03-05642 JF
ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND DENYING OTHER
MOTIONS HEARD ON APRIL 12, 2004
(JFEX2)

1  for Redback securities. The class period of the IPO litigation of May 17, 1999 to December 6,
2  2000 overlaps with the instant class period of April 12, 2000 to October 1, 2003. According to
3  Connecticut Trust Funds, plaintiffs in the IPO litigation will seek to establish that the stock was
4  inflated due to market manipulation by the defendant underwriters, while plaintiffs in the instant
5  action will seek to establish that the inflation was due to Redback's false and misleading
6  statements.

7       Central States contends that there would be such a conflict if only Milberg were to
8  represent separate classes against overlapping defendants such that there would be a common
9  fund from which the two classes seek recovery. Central States points out that the only common
10 defendant in the IPO litigation and the instant action is Dennis Barsema, and that because the
11 claims against Barsema in the IPO litigation have been settled, there is no common fund from
12 which both classes seek recovery. It is unclear, however, that a conflict of interest arises only
13 when there is a limited common fund or a common defendant. *See* 5 J. MOORE, ET AL., MOORE'S
14 FEDERAL PRACTICE § 23.25[3][e] (2003). The fact remains that Milberg is continuing to pursue
15 claims against other defendants in the IPO litigation and thus, represents class members whose
16 allegations conflict with those of the instant class. It is more than a remote or hypothetical
17 possibility that plaintiffs in the IPO litigation, through Milberg, would seek to prove that the
18 stock was inflated primarily by the underwriters, while plaintiffs in the instant action would seek
19 to prove that it was inflated primarily by Redback. While the choice of counsel with a conflict
20 of interest is only one indicator of a presumptive lead plaintiff's fitness, *see In re Cavanaugh*,
21 306 F.3d at 733, the Court concludes that the combination of the restrictions imposed on Central
22 States by the consent decree, Central States' projected funding deficiency and consequent
23 violation of the consent decree, and the selection of counsel with a non-trivial conflict of interest
24 rebuts the presumption of Central States' adequacy.

25      The inquiry thus turns to Connecticut Trust Funds, the movant with the second-largest
26 financial stake in the outcome of the lawsuit. As previously noted, Connecticut Trust Funds is a
27 sophisticated institutional investor with the present ability to prosecute the action vigorously
28 through the services of competent counsel. Other movants for appointment as lead plaintiff

7

1   present no challenge to Connecticut Trust Funds' prima facie showing of typicality and
2   adequacy. Accordingly, the Court concludes that Connecticut Trust Funds is the most adequate
3   plaintiff.

4

5   **C.    Preservation of Documents and Certification**

6          Central States moves for an order for preservation of documents relating to this litigation
7   and for certification that the documents or other information has not been knowingly destroyed,
8   altered, or concealed. However, the PSLRA already provides that "all discovery and other
9   proceedings shall be stayed during the pendency of any motion to dismiss . . ." 15 U.S.C. § 78u-
10  4(b)(3)(B). This discovery stay has been construed by the Ninth Circuit to apply "not only during
11  the pendency of a motion to dismiss, but until the Court has sustained the legal sufficiency of the
12  complaint." *In re JDS Uniphase Corp. Sec. Litig.*, 238 F.Supp.2d 1127, 1133 (N.D. Cal. 2002).
13  Further, the PSLRA requires that during the pendency of the discovery stay, the parties to the
14  action "shall treat all documents, data compilations (including electronically recorded or stored
15  data), and tangible objects that are in the custody or control of such person and that are relevant
16  to the allegations, as if they were the subject of a continuing request for production of documents
17  from an opposing party under the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-
18  4(b)(3)(C)(i). Thus, although there is presently no motion to dismiss pending, the parties already
19  are obligated under the PSLRA to preserve documents and other relevant information as the
20  Court has not sustained the legal sufficiency of a consolidated complaint, which has yet to be
21  filed. The Court thus concludes that order to preserve documents is unwarranted.
22          Central States also seeks certification from defendants that documents and other
23  information have not been knowingly destroyed, altered, or concealed. However, Central States
24  proffers no factual basis to indicate that Defendants will not comply with PSLRA's preservation
25  provision, nor does it cite persuasive authority for its request.[2] The PSLRA provides for other
26  _____
27       [2] Central States points out that § 802 of the Sarbanes-Oxley Act of 2002, 18 U.S.C.
         § 1519, makes it a crime to knowingly destroy documents relevant to a federal investigation.
28  Notwithstanding the fact that the instant case is a private securities action, Central States

Case No. C 03-05642 JF                                    8
ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND DENYING OTHER
MOTIONS HEARD ON APRIL 12, 2004
(JFEX2)

1    means of ensuring compliance with its document preservation provision. Central States may

2    move for particularized discovery if such discovery is necessary to preserve evidence or to

3    prevent undue prejudice. 15 U.S.C. § 78u-4(b)(3)(B). Central States also may apply to the

4    Court for an order awarding appropriate sanctions upon willful failure of Defendants to comply

5    with preservation provision. *Id.* § 78u-4(b)(3)(C)(ii). Accordingly, the Court concludes that

6    Central States' request for certification of preservation is unwarranted.

7

8                                    **IV. ORDER**

9        Good cause therefore appearing, IT IS HEREBY ORDERED that:

10       (1)    The related actions are consolidated under Case No. 03-05642 JF for all purposes

11              including trial pursuant to the Order Granting Motions to Consolidate Related

12              Actions, issued in conjunction with this order; the docket in Case No. C 03-05642

13              JF shall constitute the Master Docket for this litigation;

14       (2)    Connecticut Retirement Plans and Trust Funds' motion for leave to take limited

15              discovery as to Central States, Southeast and Southwest Areas Pension Fund's

16              claimed loss is DENIED;

17       (3)    Central States, Southeast and Southwest Areas Pension Fund's motion to strike

18              Connecticut Retirement Plans and Trust Funds' opposition is DENIED;

19       (4)    Connecticut Retirement Plans and Trust Funds is appointed Lead Plaintiff

20              pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-

21              4(a)(3)(b);

22       (5)    Connecticut Retirement Plans and Trust Funds shall submit its selection of Lead

23              Counsel for the Class to the Court pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v)

24              within ten (10) days of this Order; and

25

26

27  ─────────────────────────

28   contends that its request of certification is supported by the legislative history of § 802, which
     indicates a general desire to ensure more effective inquiries into securities fraud.

                                             9

Case No. C 03-05642 JF
ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND DENYING OTHER
MOTIONS HEARD ON APRIL 12, 2004
(JFEX2)

(6)    Central States, Southeast and Southwest Areas Pension Fund's motion for and order for preservation of relevant documents and certification that relevant documents or other information has not been knowingly destroyed, altered, or concealed is DENIED.

DATED:  May 17, 2004

                                        /s/ electronic signature authorized
                                        JEREMY FOGEL
                                        United States District Judge

Case No. C 03-05642 JF
ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING LEAD PLAINTIFF, AND DENYING OTHER
MOTIONS HEARD ON APRIL 12, 2004
(JFEX2)

# EXHIBIT F

**FRANK J. McGARR, Esq.**
**Arbitration and Mediation**


May 1, 2008


The Honorable James B. Moran                    **Via UPS Next Day**
United States District Judge
United States District Court
Northern District of Illinois
Eastern Division
219 South Dearborn Street
Chicago, Illinois 60604

Re:  Quarterly Report of Independent Special Counsel, <u>Chao</u>
     <u>v. Estate of Frank E. Fitzsimmons, et al.</u>, No. 78 C 342
     (N.D. Ill., E.D.); <u>Chao v. Robbins, et al.</u>, No. 78 C 4075
     (N.D. Ill., E.D.); and <u>Chao v. Dorfman, et al.</u>, No. 82 C
     7951 (N.D. Ill., E.D.)

Dear Judge Moran:

     This is to report on my activities during the first quarter of
2008 as Independent Special Counsel appointed pursuant to the
<u>Fitzimmons</u> (Pension Fund) and <u>Robbins</u> and <u>Dorfman</u> (Health and
Welfare Fund) consent decrees.

              <u>General Pension and Health and Welfare Fund Matters</u>

     I have attended full Board of Trustees meetings, now held
every other month (with additional meetings as noted in my
reports), and consulted regularly with Fund executives.

<u>Allocation of UPS Withdrawal Liability Settlement Proceeds</u>

     As discussed in my February 1 report covering the fourth
quarter of 2007, on December 26, 2007, the Pension Fund received a
wire transfer from United Parcel Service, Inc. ("UPS") of $6.1
billion pursuant to a withdrawal liability settlement agreement
previously approved by the Pension Fund's Board of Trustees.  As
the Court is aware, and as also discussed in my February 1 report,
in anticipation of the receipt of this $6.1 billion payment from
UPS, the Court approved certain modifications to the consent decree
and to the related investment procedures and authorizations.  These
modifications included the establishment of a new Passive Equity
Index Account to be funded in part by UPS settlement proceeds.

The Honorable James B. Moran
May 1, 2008
Page 2


At the January 15, 2008 Meeting of the Board of Trustees, the Pension Fund's financial department reported that the $6.1 billion UPS settlement payment received on December 26, 2007 had been allocated as follows:

|                                              |   |              |
|----------------------------------------------|---|--------------|
| Passive Equity Index Account                 | - | $4.2 billion |
| Lehman Aggregate Fixed Income Account        | - | 0.9 billion  |
| Northern Trust Global Advisors ("Northern Trust") | - | 1.0 billion |
| Total                                        |   | $6.1 billion |

This allocation of the UPS settlement proceeds was in accordance with the Court's order dated December 20, 2007. As also authorized under the December 20 order, the financial department reported that Goldman Sachs Asset Management ("Goldman") transferred $1.2 billion in investment assets to the newly established Passive Equity Index Account. Finally, as authorized under the Court's January 23, 2008 Order, the control, authority and responsibility for Fund assets in the amount of approximately $2.480 billion has been transferred from Goldman to Northern Trust as court-approved Named Fiduciary. Accordingly, pursuant to these court-approved allocations made in the wake of the receipt of the UPS settlement proceeds, the financial department reported that as of February 1, 2008, the Fund's total investment assets were allocated in the following percentages:

|                                       |       |      |
|---------------------------------------|-------|------|
| Goldman Sachs                         |       | 30%  |
| Northern Trust                        |       | 30%  |
| Lehman Aggregate Fixed Income Account |       | 20%  |
| Passive Equity Index Account          |       | 20%  |
|                                       | Total | 100% |

## Pension Fund

### Funding Status and PPA Certification Process

As previously reported, in July 2005 the Internal Revenue Service approved the Fund's request for a 10-year extension for amortizing unfunded liabilities. This extension is believed likely to defer for the near term a statutory funding deficiency. The IRS granted the request subject to certain conditions. In general terms, these IRS conditions require the Pension Fund to maintain its existing ratio of assets to liabilities through 2011, and in subsequent years to show moderate annual improvements in that funding ratio.

The Honorable James B. Moran
May 1, 2008
Page 3

To meet these IRS imposed conditions, the Board of Trustees determined based on actuarial and legal advice that the Pension Fund needs increased employer contributions. At their November 8, 2005 meeting, the Board accordingly amended the Pension Plan to require such increased contributions (at a rate the Board sets) in collective bargaining agreement renewals as a condition of continued participation, and approved specific rates reflecting 7% annual increases for contracts renewing by December 31, 2006. The Fund so notified all locals and employers participating in the Fund by special bulletin dated November 28, 2005 and held extensive meetings explaining the changes to local unions and employers.

At their November 8, 2006 meeting, again as recommended by the Pension Fund's actuaries to enable the Fund to comply with the funding ratio conditions imposed by the IRS, the Board of Trustees approved 8% per year as the required contribution rate increase for all collective bargaining agreements expiring in 2007. Local unions and participating employers were notified of this rate increase in December 2006.

The Pension Fund's Board of Trustees also asked the negotiators of the United Parcel Service, National Master Freight Agreement and Carhaul agreements to allocate to the Pension Fund fringe benefit contribution increases scheduled for 2006. The negotiators agreed to that allocation. Allocations of increased fringe benefit contributions to the Pension Fund were also made in 2007.

Throughout much of 2007 and at their Meetings held in January, February and March of this year, the Trustees received advice from the Fund's staff, legal counsel and actuaries with respect to the requirements of the Pension Protection Act of 2006 ("PPA"). As the Court is aware, beginning this year, the PPA establishes categories for multiemployer pension plans that correspond to each plan's funded status. The categories are: critical status ("red zone"), endangered status ("yellow zone"), or fully-funded status ("green zone"). Under the PPA, the plan's actuary must certify the plan's status. Although in recent years the Pension Fund's assets have grown and its funded ratios have improved to a certain extent, the actuary determined that if the Pension Fund's amortization extension granted by the IRS were to be disregarded, the Pension Fund would face a statutory funding deficiency. Largely based upon this consideration, and upon the advice of Fund counsel concerning the legal impact under the PPA of an amortization extension granted prior to the January 1, 2008 effective date of that

The Honorable James B. Moran
May 1, 2008
Page 4

statute, on March 24, 2008, the Fund's actuary certified the
Pension Fund to be in critical status.

Under the PPA, trustees of a plan in critical status must
develop a "rehabilitation plan" designed to improve the funded
status of the plan in accordance with PPA guidelines. Following
the PPA-related briefings presented by staff, actuaries and legal
counsel during 2007 and the first quarter of 2008, at the March 25,
2008 Meeting, the Board of Trustees approved a rehabilitation plan
("Rehabilitation Plan") as required by the PPA. The plan approved
by the Trustees attempts to build upon and incorporate the funding
improvement program instituted prior to the January 1, 2008
effective date of the PPA, and designed to ensure compliance with
the conditions imposed by the pre-PPA amortization extension. In
broad outline, the Rehabilitation Plan approved by the Trustees
contains a "Primary Schedule," which will require each contributing
employer to agree to five years of 8% annual contribution increases
(7% if the increases began in 2006) in order to maintain current
benefit levels for the affected bargaining unit. The PPA also
requires that a rehabilitation plan contain a "Default Schedule,"
which  must provide for the reduction in what the PPA terms
"adjustable benefits." ("Adjustable benefits" under the PPA
generally include all benefits other than a contribution based
retirement benefit payable at age 65.) Accordingly, the Pension
Fund's Rehabilitation Plan includes a Default Schedule providing
for 4% annual contribution rate increases and for the loss or
reduction of adjustable benefits for bargaining units electing that
Schedule. The PPA also provides that if the bargaining parties
have not chosen any of the schedules established by a
rehabilitation plan (i.e., the Primary or Default Schedule) within
180 days following the expiration of the parties' last labor
agreement, the Default Schedule will be imposed as a matter of law.

The PPA requires that the Pension Fund notify the plan
participants, bargaining parties and the Department of Labor that
it has been certified to be in critical status. The Pension Fund's
staff has reported that the required critical status notices were
mailed on or before April 8, 2008. The PPA also requires that the
unions and employers who are parties to labor agreements requiring
contributions to the Pension Fund be provided with the Schedules
(Primary and Default) of contributions and benefits approved by the
Trustees as part of the Fund's Rehabilitation Plan. Staff has
reported that the Pension Fund provided these Schedules to the
bargaining parties on or before April 1, 2008.

F:260170 / AD092500 / 5/13/08

The Honorable James B. Moran
May 1, 2008
Page 5

    Staff has also reported to the Board of Trustees that the National Master Freight Agreement ("NMFA") employers, who account for approximately 48% of the Pension Fund's contribution revenue, have agreed under the new NMFA that became effective this year to pension contribution rate increases conforming to the requirements of the Fund's Primary Schedule under its Rehabilitation Plan. Staff has also reported that a high percentage of the contributing employers whose labor agreements expired in 2006 and 2007 have agreed to provide follow-on agreements in compliance with the Fund's pre-PPA funding improvement program (requiring 7% annual increases for employers with agreements expiring in 2006 and 8% increases for employers with contracts expiring in 2007). As a result, Staff has informed the Trustees that it anticipates that most contributing employers will elect to agree to the 8% contribution increase required under the Fund's Rehabilitation Plan Primary Schedule.

## Financial Information - Investment Returns

    The Pension Fund's investment return for the first quarter 2008 was (6.44)%.

    The Fund's financial group prepared for the Trustees a comparison of the Pension Fund's performance to the TUCS[1] universe results published for the fourth quarter of 2007. This comparison (showing percent returns on investment) is summarized in the following tables:

### Pension Fund's Composite Return

|  | 4th Quarter Ended Dec. 31, 2007 | One Year Period Ending Dec. 31, 2007 | Three Year Period Ending Dec. 31, 2007 |
|---|---|---|---|
| TUCS 1st Quartile | 0.09 | 10.23 | 11.92 |
| TUCS Median | (0.58) | 8.55 | 10.41 |
| TUCS Third Quartile | (1.08) | 7.64 | 9.41 |

---

[1]"TUCS" is the Trust Universe Comparison Service. Its Custom Large Funds Universe is composed of plans with assets exceeding $3 billion.

F:260170 / AD092500 / 5/13/08

The Honorable James B. Moran
May 1, 2008
Page 6

| | | | |
|---|---|---|---|
| Fund's Composite Return | (1.58) | 6.55 | 10.42 |

## Pension Fund's Total Equity Return

| | 4th Quarter Ended Dec. 31, 2007 | One Year Period Ending Dec. 31, 2007 | Three Year Period Ending Dec. 31, 2007 |
|---|---|---|---|
| TUCS 1st Quartile | (1.74) | 10.06 | 13.51 |
| TUCS Median | (2.55) | 8.62 | 12.17 |
| TUCS Third Quartile | (3.02) | 5.14 | 10.54 |
| Fund's Total Equity Return | (3.02) | 6.90 | 12.97 |

## Pension Fund's Fixed Income Return

| | 4th Quarter Ended Dec. 31, 2007 | One Year Period Ending Dec. 31, 2007 | Three Year Period Ending Dec. 31, 2007 |
|---|---|---|---|
| TUCS 1st Quartile | 3.34 | 7.99 | 5.25 |
| TUCS Median | 2.87 | 7.13 | 4.89 |
| TUCS Third Quartile | 2.31 | 6.46 | 4.69 |
| Fund's Fixed Income Return | 2.85 | 7.12 | 4.83 |

The Fund's named fiduciaries (Goldman Sachs Asset Management and Northern Trust Global Advisors, Inc.) submit monthly investment reports to the Trustees, summarized below (showing percent returns on investment:

## Goldman Sachs Asset Management

| | Year Ended Dec. 31, 2007 | First Quarter 2008 | Jan. 2008 | Feb. 2008 | Mar. 2008 |
|---|---|---|---|---|---|
| Goldman-Sach's Composite Return | 6.07 | (8.34) | (6.48) | (0.50) | (1.49) |

F:260170 / AD092500 / 5/13/08

The Honorable James B. Moran
May 1, 2008
Page 7

| | | | | | |
|---|---|---|---|---|---|
| Benchmark Composite Return | 6.08 | (7.91) | (6.29) | (0.81) | (0.92) |
| Goldman Sach's Total Fixed Income Return | 6.91 | 1.21 | 1.70 | (0.23) | (0.25) |
| Benchmark Fixed Income Return | 5.62 | 0.66 | 0.75 | (0.26) | 0.17 |

Goldman Sach's first quarter 2008 composite return included a
(11.19)% return on U.S. equities ((10.91)% large cap and (12.04)%
on small cap U.S. equities), (11.59)% on international equities and
1.59% on real estate.

## Northern Trust Global Advisors, Inc.

| | Year Ended Dec. 31, 2007 | First Quarter 2008 | Jan. 2008 | Feb. 2008 | Mar. 2008 |
|---|---|---|---|---|---|
| Northern Trust's Composite Return | 6.48 | (9.02) | (5.42) | (2.19) | (1.66) |
| Benchmark Composite Return | 6.99 | (8.50) | (6.44) | (1.51) | (0.71) |
| Northern Trust's Total Fixed Income Return | 5.02 | (4.28) | (0.81) | (0.57) | (2.95) |

Northern Trust's first quarter 2008 composite return included a
(11.71)% return on U.S. equities ((10.99)% large cap and (15.47)%
on small cap U.S. equities), 9.63% on international equities and
2.58% on real estate.

The Fund's financial group reported asset allocation of the
Pension Fund as whole as of March 31, 2008 as follows: 66% equity,
30% fixed income, 2% other and 2% cash.  The financial group also
reported that for the first quarter of 2008 the return on the
indexed fixed income account was 2.42%.  The passive equity account
was funded on December 26, 2007; performance for the first quarter
of 2008 was (8.12)%.

Financial Information - Net Assets
(Dollars shown in thousands and do not include final year end
adjustments.)

The Honorable James B. Moran
May 1, 2008
Page 8

The financial report prepared by Fund staff for the three
months ending March 31, 2008 shows net assets as of that date of
$24,565,801, compared to $26,805,666 at December 31, 2007, a
decrease of $2,239,865 compared to an increase of $107,088 for the
same period last year. The $2,346,953 difference is due to
$2,188,311 less investment income combined with $158,642 more net
operating loss.

The Fund's staff report further notes that for the three months
ended March 31, 2008, the Fund's net asset decrease from operations
(before investment income) was $465,314 compared to a decrease of
$306,672 for the same period in 2007, or a $158,642 unfavorable
change. This change in net assets from operations (before
investment income) was attributable to:

a) ($144,455) less contributions, primarily due to the UPS
withdrawal,

b) ($14,352) more benefits paid, due to increase in pensioners,
beneficiaries and average monthly benefits and

c) $165 less general and administrative expenses.

During the three months ended March 31, 2008 and 2007, the Fund
withdrew $404,899 and $479,419, respectively, from investment assets
to fund the cash operating deficit.

## Financial Information - Participant Population

The March 31, 2008 report prepared by Fund staff further notes
that the two-month average number of Full-Time Equivalent (FTE)
memberships decreased 36.0% from February 2007 to February 2008
(going from 143,284 to 91,681). During that period, the average
number of retirees increased by 0.2% (from 211,945 to 212,437).

## Named Fiduciaries

Officers of the Named Fiduciaries, Goldman Sachs Asset
Management and Northern Trust Global Advisors, Inc. met with the
Board of Trustees during this quarter to discuss portfolio matters
including asset allocation.

The Fund's financial group reported to the Board of Trustees
at their March 25, 2008 meeting on investment expenses incurred
through the fourth quarter of 2007. These investment expenses
(fiduciary, custodial and investment management fees) totaled

The Honorable James B. Moran
May 1, 2008
Page 9

$78,707,545 through the fourth quarter of 2007 compared to
$82,929,794 for the same period in 2006, a 5.1% decrease.

Bankruptcies and Litigation

    The Fund's Executive Director continued to report to the
Trustees on employer bankruptcies, including interim recoveries
collected in the Funds' ongoing pursuit of claims for contributions
and withdrawal liability against Consolidated Freightways
Corporation and related entities. Approximately $59.5 million has
been collected to date from Consolidated Freightways companies.

Health and Welfare Fund
Financial Information
(Dollars in thousands and do not
include final year end adjustments.)

    The Health and Welfare Fund's financial summary for the first
quarter of 2008 is compared below with interim financial information
for the same periods of 2007:

|  | 1st Quarter Ended Mar. 31, | |
|---|---|---|
|  | 2008 | 2007 |
| **Contributions** | $  287,777 | 280,519 |
| **Benefits** | (251,478) | (268,410) |
| **TeamCare admin-<br>istrative ex-<br>penses** | (7,460) | (7,189) |
| **General and ad-<br>ministrative<br>expenses** | (9,593) | (9,540) |
| **Net operating<br>income (loss)** | 19,246 | (4,620) |
| **Investment in-<br>come (loss)** | (5,198) | 13,027 |

The Honorable James B. Moran
May 1, 2008
Page 10

|  |  |  |
|---|---|---|
| **Increase (De-crease) in net assets** | 14,048 | 8,407 |
| **Net assets, end of period** | 1,101,244 | 916,386 |
| **Two-month average participants (FTEs)** | 94,879 | 94,333 |

For the three months ended March 31, 2008, the Health and Welfare Fund's net asset increase from operations (before investment income) was as follows:

(a) $7,258 more contributions,

(b) $16,932 less benefits,

(c) ($271) more TeamCare administrative fees, and

(d) ($53) more general and administrative expenses.

Net investment income for the three months ended March 31, 2008 was $18,225 less than for the same period last year. This decrease resulted primarily from $19,176 unfavorable change in realized/unrealized gain (loss) offset by $971 more interest and dividend income.

During the three months ended March 31, 2008 and 2007, the Fund transferred $26,407 and $6,107, respectively, to investments (Mellon Bank) as the operations generated positive cash flows for those periods.

The enclosed report entitled "Central States Funds Financial and Analytical Information" prepared by the Fund's financial group as of March 31, 2008 shows the investment asset allocation as 76% fixed income and 24% equity.

This report also notes that the two month average number of Full-Time Equivalents (FTE) memberships increased 0.6% from February 2007 to February 2008 (going from 94,333 to 94,879). During that period, the average number of retirees covered by the Health and Welfare Fund decreased by 12.1% (from 16,938 to 14,894).

F:260170 / AD092500 / 5/13/08

The Honorable James B. Moran
May 1, 2008
Page 11

<u>Article V (H)</u>

As required by Article V(H) of the Health and Welfare Fund Consent Decree, the Health and Welfare Fund has paid during the first quarter of 2008 the following for professional services and expenses for the Independent Special Counsel:

| | |
|---|---|
| January | $276 |
| February | $0 |
| March | $0 |

I will be glad to provide additional details regarding any aspect of my activities as Independent Special Counsel. Should you have any questions or comments, please do not hesitate to contact me.

Sincerely,

/FRANK J. MCGARR,

Enclosure

cc: Mr. Gregory F. Jacob (w/encl.) **Via UPS Next Day**
    Mr. Michael Schloss (w/encl.) **Via UPS Next Day**
    Mr. Thomas Nyhan
    Mr. William Nellis

# EXHIBIT G



# OCPF Electronic Filing & Campaign Disclosure System



### Results of Search for Contributions

Choose a delimiter: TAB    [ Export to File ]

**Displaying Records 1 through 1 of 1**

**Search Criteria:** Last Name (of Contributor) Like '%arishohn%';
**Sort Criteria:**

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|------------|----------|-----|
| 10/20/2004 | Arishohn, Mark S. | 25 Broad Street New York, NY 10004 | $500.00 | Letter Sent 10/20/04 | | Cahill, Timothy |

**Displaying Records 1 through 1 of 1**

Help                    Welcome Page                    Back to Contribution Search



# OCPF Electronic Filing & Campaign Disclosure System

### Results of Search for Contributions



Choose a delimiter:  TAB          [ Export to File ]

**Displaying Records 1 through 1 of 1**

Search Criteria: Last Name (of Contributor) Like '%arishon%';
**Sort Criteria:**

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|-----------|----------|-----|
| 03/25/2005 | Arishon, Mark S. | 25 Broad Street New York, NY 10004 | $500.00 | Letter Sent 03/25/05 | | Cahill, Timothy |

**Displaying Records 1 through 1 of 1**

Help                          Welcome Page                    Back to Contribution Search



# OCPF Electronic Filing & Campaign Disclosure System

### Results of Search for Contributions



Choose a delimiter: TAB    [ Export to File ]

**Displaying Records 1 through 8 of 8**

Search Criteria: Last Name (of Contributor) Like '%arisohn%';
**Sort Criteria:**

| Date | Name | Address | Amount | Occupation | Employer | To |
|---|---|---|---|---|---|---|
| 07/11/2006 | ARISOHN, MARK | 1 SCARSDALE RD, APT 301 TUCKAHOE, NY 10707 | $500.00 | LETTER SENT | LETTER SENT | Speaker DiMasi's Committee for a Democratic House PAC |
| 11/19/2007 | Arisohn, Mark | One Scarsdale Rd Tuckahoe, NY 10707 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 03/29/2006 | Arisohn, Mark | One Scarsdale Rd Tuckahoe, NY 10707 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 05/22/2007 | Arisohn, Mark | One Scarsdale Road, Apt #301 Tuckahoe, NY 10707 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 10/23/2006 | Arisohn, Mark | One Scarsdale Road, Apt #301 Tuckahoe, NY 10707 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 12/30/2005 | Arisohn, Mark | 25 Broad St Apt 4j New York, NY 10004 | $500.00 | Letter Sent | | Connolly, Joseph A. |
| 08/10/2007 | Arisohn, Mark S. | One Scarsdale Road, Apt.301 Tuckahoe, NY 10707 | $500.00 | ATTORNEY | LABATON & SUCHAROW | Bradley, Garrett J. |
| 05/20/2006 | Arisohn, Mark S. | One Scarsdale Road, Apt.301 Tuckahoe, NY 10707 | $500.00 | ATTORNEY | LABATON & SUCHAROW | Bradley, Garrett J. |

**Displaying Records 1 through 8 of 8**

---

Help                    Welcome Page                    Back to Contribution Search




# OCPF Electronic Filing & Campaign Disclosure System

### Results of Search for Contributions

Choose a delimiter: TAB     [ Export to File ]

Displaying Records 1 through 50 of 61        Next 11 Records
>>

Search Criteria: City = '***OUT OF STATE***'; Last Name (of Contributor) Like '%bernstein%';
Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|-----------|----------|-----|
| 09/10/2002 | Bernstein, Barbara | 2456 Angelo Dr. Los Angeles, CA 90077 | $100.00 | Information Requested | Information Requested | O'Brien, Shannon P. |
| 05/09/2003 | Bernstein, Bruce | 750 Third Avenue New York, NY 10017 | $500.00 | Partner | EICO, LLP | Cahill, Timothy |
| 12/05/2005 | BERNSTEIN, CAROL | 30 LAUREL COVE ROAD OYSTER BAY COVE, NY 11771 | $500.00 | HOUSEWIFE | | Bradley, Garrett J. |
| 08/10/2007 | BERNSTEIN, Carol | 30 LAUREL COVE ROAD OYSTER BAY COVE, NY 11771 | $500.00 | HOUSEWIFE | AT HOME | Bradley, Garrett J. |
| 05/12/2006 | BERNSTEIN, Carol | 30 LAUREL COVE ROAD OYSTER BAY COVE, NY 11771 | $500.00 | HOUSEWIFE | | Bradley, Garrett J. |
| 06/25/2007 | Bernstein, Carol | 30 Laurel Cove Rd Oyster Bay Cove, NY 11771 | $500.00 | Housewife | | Connolly, Joseph A. |
| 05/15/2008 | Bernstein, Carol | 30 Laurel Cove Road Oyster Bay Cove, NY 11771 | $500.00 | Housewife | Not Applicable | O'Brien, Thomas J. |
| 11/19/2007 | Bernstein, Carol | 30 Laurel Cove Road Oyster Bay Cove, NY 11771 | $500.00 | Homemaker | Homemaker | Cahill, Timothy |
| | | 30 Laurel | | | | |

| Date | Name | Address | Amount | Occupation | Employer | Recipient |
|---|---|---|---|---|---|---|
| 05/22/2007 | Bernstein, Carol | Cove Road Oyster Bay Cove, NY 11771 | $500.00 | Housewife | Not Applicable | O'Brien, Thomas J. |
| 03/29/2006 | Bernstein, Carol | 30 Laurel Cove Road Oyster Bay Cove, NY 11771 | $500.00 | Homemaker | Homemaker | Cahill, Timothy |
| 03/25/2005 | Bernstein, Carol | 30 Laurel Cove Road Oyster Bay Cove, NY 11771 | $500.00 | Letter Sent 03/25/05 | | Cahill, Timothy |
| 03/06/2002 | Bernstein, Daniel M. | 30 Circle Road Scarsdale, NY 10583 | $100.00 | | | Tolman, Warren E. |
| 07/31/2002 | Bernstein, Doris G. | 1500 Sheridan Road, Apt 13 Wilmette, IL 60091 | $250.00 | Information Requested | Information Requested | O'Brien, Shannon P. |
| 07/15/2005 | Bernstein, Elayne | 1621 Boathouse Cir. Sarasota, FL 34231 | $100.00 | Inn Keeper | Self | Pignatelli, William |
| 09/30/2006 | BERNSTEIN, FRED | 125 PROSPECT PARK WEST BROOKLYN, NY 11215 | $150.00 | | | Patrick, Deval L. |
| 09/13/2002 | Bernstein, James | 12 Stonewell Road Rockville Centre, NY 11570 | $25.00 | | | Reich, Robert |
| 05/25/2002 | Bernstein, James | 12 Stonewell Road Rockville Centre, NY 11570 | $25.00 | | | Reich, Robert |
| 08/20/2002 | Bernstein, James | 12 Stonewell Road Rockville Centre, NY 11570 | $35.00 | | | Reich, Robert |
| 05/17/2002 | Bernstein, Jessie L. | 10100 45th Trl. S. Boynton Beach, FL | $5.00 | Information Requested | Information Requested | O'Brien, Shannon P. |

33436

| Date | Name | Address | Amount | Occupation | Employer | Receiver |
|---|---|---|---|---|---|---|
| 06/25/2007 | Bernstein, Joel | 30 Laurel Cove Rd Oyster Bay Cove, NY 11771 | $500.00 | Attorney | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 05/15/2008 | Bernstein, Joel | 30 Laurel Cove Road Oyster Bay Cove, NY 11771 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 05/22/2007 | Bernstein, Joel | 30 Laurel Cove Road Oyster Bay Cove, NY 11771 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 12/05/2005 | BERNSTEIN, JOEL H. | 30 LAUREL COVE ROAD OYSTER BAY, NY 11771 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 08/10/2007 | BERNSTEIN, Joel H. | 30 LAUREL COVE ROAD OYSTER BAY, NY 11771 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 05/12/2006 | BERNSTEIN, Joel H. | 30 LAUREL COVE ROAD OYSTER BAY, NY 11771 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 11/19/2007 | Bernstein, Joel H. | 30 Laurel Cove Road Oyster Bay Cove, NY 11771 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 10/30/2006 | Bernstein, Joel H. | 30 Laurel Cove Road Oyster Bay Cove, NY 11771 | $500.00 | Attorney | Labaton, Sucharow & Rudoff, LLP | Murphy, James |
| 03/29/2006 | Bernstein, Joel H. | 30 Laurel Cove Road Oyster Bay Cove, NY 11771 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 03/25/2005 | Bernstein, Joel H. | 30 Laurel Cove Road Oyster Bay Cove, NY 11771 | $500.00 | Letter sent 03/25/05 | | Cahill, Timothy |
| 10/20/2004 | Bernstein, Joel H. | 30 Laurel Cove Road Oyster Bay Cove, NY 11771 | $500.00 | Letter sent 10/20/04 | | Cahill, Timothy |



# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions



Choose a delimiter: TAB    [ Export to File ]

**Displaying Records 1 through 7 of 7**

Search Criteria: City = '***OUT OF STATE***'; Last Name (of Contributor) Like '%caplan%';
Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|-----------|----------|-----|
| 11/11/2006 | CAPLAN, BRIAN | 27 MEADOW SWEET RD CORTLANDT MANOR, NY 10567 | $500.00 | ATTORNEY | LABATON SUCHAROW RUDOFF LLP | L'Italien, Barbara |
| 06/01/2006 | Caplan, Brian | 27 Meadow Sweet Rd Cortlandt Manor, NY 10567 | $500.00 | Lawyer | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 04/13/2006 | Caplan, Brian | 27 Meadow Sweet Road Cortlandt Manor, NY 10567 | $500.00 | Attorney | Labatan Sucharow Rudoff LLP | Speranzo, Christopher N. |
| 03/29/2006 | Caplan, Brian D. | 27 Meadow Sweet Road Cortlandt Manor, NY 10567 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 03/25/2005 | Caplan, Brian D. | 27 Meadow Sweet Road Cortlandt Manor, NY 10567 | $500.00 | Letter Sent 03/25/05 | | Cahill, Timothy |
| 06/24/2002 | Caplan, Gary | 3737 Parkfield Rd. Baltimore, MD 21208 | $100.00 | | | Musiol, Jr, Rick |
| 06/28/2002 | Caplan, Gary | 3737 Parkfield Rd. Pikesville, MD 21208 | $50.00 | Information Requested | Information Requested | O'Brien, Shannon P. |

**Displaying Records 1 through 7 of 7**

Help                Welcome Page                Back to Contribution Search



# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions



Choose a delimiter: TAB   [ Export to File ]

Displaying Records 1 through 50 of 58

**Next 8 Records**
>>

Search Criteria: City = '***OUT OF STATE***'; Last Name (of Contributor) Like '%connell%';
Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|------------|----------|-----|
| 08/15/2002 | Connell, Blanche | 568 Cascade Cir., #108 Casselberry, FL 32707 | $10.00 | | | Reich, Robert |
| 10/11/2002 | Connell, Blanche | 568 Cascade Cir., #108 Casselberry, FL 32707 | $25.00 | | | Reich, Robert |
| 09/12/2002 | Connell, Blanche | 568 Cascade Cir., #108 Casselberry, FL 32707 | $25.00 | | | Reich, Robert |
| 12/31/2005 | Connell, Grover | One Connell Drive Berkeley Heights, NJ 07922 | $500.00 | President | The Connell Company | Reilly, Thomas F. |
| 05/20/2002 | Connell, Jonathan | 122 Falcon Crest Way Manchester, NH 03104 | $100.00 | Team Leader | Verizon | Romney, Mitt |
| 06/10/2002 | Connell, Karen | | $50.00 | Information Requested | Information Requested | O'Brien, Shannon P. |
| 06/10/2002 | Connell, Kristin | | $50.00 | Information Requested | Information Requested | O'Brien, Shannon P. |
| 06/10/2002 | Connell, Matthew | | $50.00 | Information Requested | Information Requested | O'Brien, Shannon P. |
| 06/01/2006 | Connell, Michael | 116 West 29th Apt 9C New York, NY 10001 | $500.00 | Lawyer | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 05/15/2008 | Connell, Michael | 116 West 29th, Apt. 9c New York, NY 10001 | $500.00 | Retired | Not Applicable | O'Brien, Thomas J. |
| 05/22/2007 | Connell, Michael | 116 West 29th, Apt. 9c | $500.00 | Retired | Not | O'Brien, |

| Date | Name | Address | Amount | | | Contributor |
|---|---|---|---|---|---|---|
| | | New York, NY 10001 | | | Applicable | Thomas J. |
| 11/19/2007 | Connell, Michael | 116 West 29th New York, NY 10001-5306 | $500.00 | Retired | Retired | Cahill, Timothy |
| 03/29/2006 | Connell, Michael | 116 West 29th New York, NY 10001-5306 | $500.00 | Retired | Retired | Cahill, Timothy |
| 12/05/2005 | CONNELL, MICHAEL L. | 116 WEST 29TH, APT. 9C NEW YORK, NY 10001 | $500.00 | RETIRED | | Bradley, Garrett J. |
| 08/10/2007 | CONNELL, Michael L. | 116 WEST 29TH, APT. 9C NEW YORK, NY 10001 | $500.00 | RETIRED | RETIRED | Bradley, Garrett J. |
| 05/31/2004 | Connelly, John | 8013 Snowpine Way McLean, VA 22102 | $500.00 | President | National Fisheries | Romney, Mitt |
| 07/22/2005 | McConnell, Angela | 3108 Dumberton Avenue NW Washington, DC 20007 | $60.00 | | | Ross, Richard |
| 05/31/2002 | McConnell, Beverly B. | SW 615 Cityview St. Pullman, WA 99163 | $25.00 | Information Requested | Information Requested | O'Brien, Shannon P. |
| 10/30/2006 | MCCONNELL, DOUGLAS | 21 JENNYS LANE BARRINGTON, RI 02806 | $250.00 | INFO REQUESTED | INFO REQUESTED | Patrick, Deval L. |
| 10/24/2007 | McConnell, Douglas | 21 Jennys Lane Barrington, RI 02806 | $125.00 | Requested | Requested | Rushton, Frederick |
| 06/30/2007 | McConnell, Douglas | 21 Jennys Lane Barrington, RI 02806 | $125.00 | | | Rushton, Frederick |
| 09/24/2004 | McConnell, Jean | 233 East 86th Street New York, NY 10028 | $75.00 | | | Howitt, Steven |
| 08/09/2002 | McConnell, John J. | 750 Elmgrove Ave. Providence, RI 02906 | $500.00 | Attorney | Ness Motley Loadholt Richardso | O'Brien, Shannon P. |
| 08/09/2002 | McConnell, Sara Shea | 750 Elmgrove Ave. Providence, RI 02906 | $500.00 | Information Requested | Information Requested | O'Brien, Shannon P. |




# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions

Choose a delimiter: TAB      Export to File

Displaying Records 1 through 18 of 18

Search Criteria: Last Name (of Contributor) Like '%dubbs%';
Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|------------|----------|-----|
| 06/25/2007 | Dubbs, Elizabeth | New York, NY 10010 | $500.00 | Housewife | | Connolly, Joseph A. |
| 05/15/2008 | Dubbs, Elizabeth | 325 East 72nd St., Apt. 2c New York, NY 10021 | $500.00 | Housewife | Not Applicable | O'Brien, Thomas J. |
| 05/22/2007 | Dubbs, Elizabeth | 325 East 72nd St., Apt. 2c New York, NY 10021 | $500.00 | Housewife | Not Applicable | O'Brien, Thomas J. |
| 12/05/2005 | DUBBS, ELIZABETH M. | 325 EAST 72ND STREET, APT. 2C NEW YORK, NY 10021 | $500.00 | HOUSEWIFE | | Bradley, Garrett J. |
| 08/10/2007 | DUBBS, Elizabeth M. | 325 EAST 72ND STREET, APT. 2C NEW YORK, NY 10021 | $500.00 | HOUSEWIFE | HOUSEWIFE | Bradley, Garrett J. |
| 05/25/2006 | DUBBS, Elizabeth M. | 325 EAST 72ND STREET, APT. 2C NEW YORK, NY 10021 | $500.00 | HOUSEWIFE | HOUSEWIFE | Bradley, Garrett J. |
| 11/19/2007 | Dubbs, Elizabeth M. | 325 East 72nd Street New York, NY 10021 | $500.00 | Homemaker | Homemaker | Cahill, Timothy |
| 03/29/2006 | Dubbs, Elizabeth M. | 325 East 72nd Street New York, NY 10021 | $500.00 | Homemaker | Homemaker | Cahill, Timothy |
| 03/25/2005 | Dubbs, Elizabeth M. | 325 East 72nd Street New York, NY 10021 | $500.00 | Letter Sent 03/25/05 | | Cahill, Timothy |
| 06/25/2007 | Dubbs, Thomas | New York, NY 10010 | $500.00 | Attorney | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 05/15/2008 | Dubbs, Thomas | 325 East 72nd St., Apt. 2c New York, NY 10021 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |

| Date | Name | Address | Amount | Occupation | Employer | Recipient |
|---|---|---|---|---|---|---|
| 05/22/2007 | Dubbs, Thomas | 325 East 72nd St., Apt. 2c New York, NY 10021 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 12/05/2005 | DUBBS, THOMAS A. | 325 EAST 72ND STREET,APT.2C NEW YORK, NY 10021 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 08/10/2007 | DUBBS, Thomas A. | 325 EAST 72ND STREET,APT.2C NEW YORK, NY 10021 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 05/25/2006 | DUBBS, Thomas A. | 325 EAST 72ND STREET,APT.2C NEW YORK, NY 10021 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 11/19/2007 | Dubbs, Thomas A. | 325 East 72nd Street New York, NY 10021 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 03/29/2006 | Dubbs, Thomas A. | 325 East 72nd Street New York, NY 10021 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 03/25/2005 | Dubbs, Thomas A. | 325 East 72nd Street New York, NY 10021 | $500.00 | Letter Sent 03/25/05 | | Cahill, Timothy |

**Displaying Records 1 through 18 of 18**

Help                    Welcome Page                    Back to Contribution Search



# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions



Choose a delimiter: | TAB |    Export to File

**Displaying Records 1 through 7 of 7**

Search Criteria: City = '***OUT OF STATE***', Last Name (of Contributor) Like '%galant%';
**Sort Criteria:**

| Date | Name | Address | Amount | Occupation | Employer | To |
|---|---|---|---|---|---|---|
| 03/25/2005 | Galant, Jeffrey A. | New York, NY 10043 | $500.00 | Letter sent 03/25/05 | | Cahill, Timothy |
| 10/20/2004 | Galant, Jeffrey A. | New York, NY 10043 | $500.00 | Letter sent 10/20/04 | | Cahill, Timothy |
| 07/31/2004 | Galante, Robert | 18120 San Carlos Blvd. Fort Myers Beach, FL 33931 | $500.00 | | | Reilly, Thomas F. |
| 01/24/2002 | Galante, Robert | 18120 San Carlos Boulevard PH 1104 Ft Myers Beach, FL 33931 | $500.00 | | retired | Grossman, Steven |
| 07/31/2004 | Galante, Ruth | 18120 San Carlos Blvd. Fort Myers Beach, FL 33931 | $500.00 | | | Reilly, Thomas F. |
| 06/13/2005 | GALANTER, SETH | 145 T STREET NW WASHINGTON, DC 20001 | $150.00 | ATTORNEY | MORRISON & FOERSTER | Patrick, Deval L. |
| 08/01/2006 | GALANTER, SETH | 145 T STREET NW WASHINGTON, DC 20001 | $200.00 | ATTORNEY | MORRISON & FOERSTER | Patrick, Deval L. |

**Displaying Records 1 through 7 of 7**

---

Help      Welcome Page      Back to Contribution Search



# OCPF Electronic Filing & Campaign Disclosure System

### Results of Search for Contributions



Choose a delimiter: TAB     [ Export to File ]

**Displaying Records 1 through 7 of 7**

Search Criteria: Last Name (of Contributor) Like '%goodkind%';
Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|------------|----------|-----|
| 03/25/2005 | Goodkind, Barbara | 9 Douglas Circle Rye, NY 10580 | $500.00 | Letter sent 03/25/05 | | Cahill, Timothy |
| 10/20/2004 | Goodkind, Barbara | 9 Douglas Circle Rye, NY 10580 | $500.00 | Letter sent 10/20/04 | | Cahill, Timothy |
| 03/25/2005 | Goodkind, E. Robert | 9 Douglas Circle Rye, NY 10580 | $500.00 | Letter sent 03/25/05 | | Cahill, Timothy |
| 10/20/2004 | Goodkind, E. Robert | 9 Douglas Circle Rye, NY 10580 | $500.00 | Letter sent 10/20/04 | | Cahill, Timothy |
| 08/04/2006 | GOODKIND, JOAN | PO BOX 652 Egremont, MA 012580652 | $100.00 | | | Patrick, Deval L. |
| 06/27/2006 | GOODKIND, JOAN | PO BOX 652 652 SOUTH EGREMONT, MA 012580652 | $50.00 | | | Patrick, Deval L. |
| 05/10/2005 | Goodkind, Joan | PO Box 652 South Egremont, MA 01258 | $100.00 | | | Vickery, Peter |

**Displaying Records 1 through 7 of 7**

Help                    Welcome Page                    Back to Contribution Search

| Date | Name | Address | Amount | Occupation | Employer | Recipient |
|---|---|---|---|---|---|---|
| 07/01/2004 | GOTTLIEB, GORDON M. | 72 SHERIDAN ST. JAMAICA PLAIN, MA 02130 | $100.00 | | | Walsh, Marian |
| 07/06/2005 | Gottlieb, Gordon M. | 72 Shedidan Street Jamaica Plain, MA 02130 | $100.00 | | | Yoon, Sam |
| 12/01/2003 | Gottlieb, Gregory | Exchange Place Boston, MA 02109 | $100.00 | | | Klocke, James F. |
| 05/31/2002 | Gottlieb, Ida | 14310 Strathmore Lane 102 Delray Beach, FL 33446 | $25.00 | Information Requested | Information Requested | O'Brien, Shannon P. |
| 01/21/2002 | Gottlieb, Jack | 192 Beethoven St. Newton, MA 02468 | $500.00 | President | Safeguard Self Storage, Inc. | Clark, Stephen |
| 12/17/2004 | GOTTLIEB, Jeffrey | 1211 Kimball St Oakdale, CA 95361 | $100.00 | | | Enterprise Rent-A-Car Company Political Action Committee |
| 05/31/2006 | GOTTLIEB, JON | 1459 VFW PKWY APT B16 B16 Boston, MA 021325425 | $50.00 | | | Patrick, Deval L. |
| 10/09/2002 | Gottlieb, Joseph | 770 Salisbury St Worcester, MA 01609 | $100.00 | | | Chandler, Harriette L. |
| 04/05/2002 | Gottlieb, Lawrence E. | 90 Clearwater Rd. Newton, MA 02462- | $25.00 | Executive | Community Health Systems, Inc. | O'Brien, Shannon P. |
| 08/24/2002 | Gottlieb, Lori | 192 Beethoven Ave. Newton, MA 02468 | $250.00 | Homemaker | N/A | Clark, Stephen |
| 06/28/2006 | GOTTLIEB, LOUIS | 120-11 83RD AVENUE KEW GARDENS, NY 11415 | $500.00 | ATTORNEY | LABATON,SUCHAROW & RUDOFF, LLP | McCarthy, Allen J. |
| 12/05/2005 | GOTTLIEB, LOUIS | 120-11 83RD AVENUE KEW GARDENS, NY 11415 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 05/15/2008 | Gottlieb, Louis | 120-11 83rd Avenue Kew Gardens, NY 11415 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 11/19/2007 | Gottlieb, Louis | 120-11 83rd Avenue Kew Gardens, NY 11415 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 05/22/2007 | Gottlieb, Louis | 120-11 83rd Avenue Kew Gardens, NY 11415 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 10/23/2006 | Gottlieb, Louis | 120-11 83rd Avenue Kew Gardens, NY 11415 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 03/29/2006 | Gottlieb, Louis | 120-11 83rd Avenue Kew Gardens, NY 11415 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |

| Date | Name | Address | Amount | | Employer/Occupation | | Recipient |
|------|------|---------|--------|---|---------------------|---|-----------|
| 03/25/2005 | Gottlieb, Louis | 120-11 83rd Avenue Kew Gardens, NY 11415 | $500.00 | Letter Sent 03/25/05 | | | Cahill, Timothy |
| 05/31/2006 | GOTTLIEB, MICHAEL | 300 MASSACHUSETTS AVENUE, NW #732 WASHINGTON, DC 20001 | $500.00 | ATTORNEY | WILMER HALE | | Patrick, Deval L. |
| 05/16/2006 | Gottlieb, Michael N. | 18 Davis Brook Drive Natick, MA 01760 | $100.00 | | | | Koutoujian, Peter J. |
| 12/07/2007 | Gottlieb, Michelle | 31 Sevinor Rd. Marblehead, MA 01945 | $75.00 | | | | Ehrlich, Lori |
| 12/05/2005 | GOTTLIEB, MICKAELLE | 120-11 83RD AVENUE KEW GARDENS, NY 11415 | $500.00 | GUIDANCE COUNSELOR | NYC BOARD OF EDUCATION | | Bradley, Garrett J. |
| 11/19/2007 | Gottlieb, Mickaelle | 120-11 83rd Avenue Kew Gardens, NY 11415 | $500.00 | Guidance Counselor | NYC Board of Education | | Cahill, Timothy |
| 05/22/2007 | Gottlieb, Mickaelle | 120-11 83rd Avenue Kew Gardens, NY 11415 | $500.00 | Guidance Counselor | NYC Board of Education | | O'Brien, Thomas J. |
| 03/29/2006 | Gottlieb, Mickaelle | 120-11 83rd Avenue Kew Gardens, NY 11415 | $500.00 | Guidance Counselor | NYC Board of Education | | Cahill, Timothy |
| 03/25/2005 | Gottlieb, Mickaelle | 120-11 83rd Avenue Kew Gardens, NY 11415 | $500.00 | Letter Sent 03/25/05 | | | Cahill, Timothy |
| 04/30/2002 | Gottlieb, Norman | PO Box 3040 Flint, MI 48502 | $25.00 | | | | Reich, Robert |
| 11/03/2007 | Gottlieb, Renee | 3 Oak Ridge Drive, Unit #1 Maynard, MA 01754 | $35.00 | | | | MA Pace Social Workers Political Action Committee |
| 11/02/2006 | GOTTLIEB, ROBERT | 83 SHAW RD Brookline, MA 02467 | $500.00 | INFO REQUEST | INFO REQUEST | | Patrick, Deval L. |
| 01/31/2007 | Gottlieb, Robert | 83 Shaw Road Brookline, MA 02467 | $250.00 | Public Relations | Feinstein Kean Health Care | MA Biotechnology Council PAC | |
| 10/23/2002 | Gottlieb, Robert | 83 Shaw Road Newton, MA 02467 | $100.00 | Information Requested | Information Requested | | O'Brien, Shannon P. |
| 07/25/2002 | Gottlieb, Robert M. | 83 Shaw Rd. Chestnut Hill, MA 02467 | $150.00 | | | | Galluccio, Anthony D. |
| 06/14/2004 | Gottlieb, Robert M. | 83 Shaw Rd. Chestnut Hill, MA 02467 | $500.00 | letter sent | | | Finneran, Thomas M. |
| 07/29/2004 | Gottlieb, Robert M. | 83 Shaw Road Chestnut Hill, MA | $100.00 | Partner | Feinstein Kean Healthcare | | Koutoujian, Peter J. |

| Date | Name | Address | Amount | | Employer | Recipient |
|---|---|---|---|---|---|---|
| 11/06/2006 | GRANT, KEVIN | AVENUE PORTSMOUTH, NH 03891 | $50.00 | | | Patrick, Deval L. |
| 03/25/2005 | Grant, Linda J. | 7 East 35th Street New York, NY 10016 | $500.00 | Letter Sent 03/25/05 | | Cahill, Timothy |
| 11/11/2006 | GRANT, LYNDA | 7 E 35TH ST, 12 B NY, NY 10016 | $500.00 | LAWYER | LABATON SUCHAROW RUDOFF LLP | L'Italien, Barbara |
| 12/30/2005 | Grant, Lynda | 7 E. 35th St Apt 12B New York, NY 10016 | $500.00 | Sent Letter | | Connolly, Joseph A. |
| 03/29/2006 | Grant, Lynda | 7 E 35th St New York, NY 10016-3825 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 04/13/2006 | Grant, Lynda | 7 E. 35th Street, Apt 12B New York, NY 10016 | $500.00 | Attorney | Labaton Sucharow Rudoff LLP | Speranzo, Christopher N. |
| 12/05/2005 | GRANT, LYNDA J. | 7 E. 35TH STREET, APT. 12B NEW YORK, NY 10016 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 10/20/2004 | Grant, Lynda J. | 7 E. 35th St, 12B New York, NY 10016 | $500.00 | Letter sent 10/20/04 | | Cahill, Timothy |
| 10/06/2003 | Grant, Margaret M. | 3109 Key Blvd. Arlington, VA 22201 | $250.00 | Deputy Director | IGA | Romney, Mitt |
| 05/31/2002 | Grant, Robert | 429 Ardussi Saginaw, MI 48602 | $100.00 | Information Requested | Information Requested | O'Brien, Shannon P. |
| 07/05/2006 | Grant, Ted | 399 East 72 St., #11G New York, NY 10021 | $150.00 | Consultant | Grant Communications Consulting Group | Menino, Thomas M. |
| 06/14/2004 | Grant-Gibson, Elisabeth | 2103 Cottonwood Drive Monroe, LA 71201 | $10.01 | | | Palacios-Boyce, Monica |
| 10/20/2004 | Grantz, Howard | 367 Saint Andrews Way Lompoc, CA 93436 | $25.00 | Unknown | | Romney, Mitt |
| 08/30/2002 | Grantz, Howard E. | 367 St. Andrews Way Lompoc, CA 93436 | $25.00 | Unknown | | Romney, Mitt |

Displaying Records 1 through 24 of 24




# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions

Choose a delimiter: TAB    [ Export to File ]

<< Previous 50 Records        Displaying Records 51 through 100 of 224        Next 50 Records >>

Search Criteria: City = '***OUT OF STATE***'; Last Name (of Contributor) Like '%hart%';
Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|------------|----------|-----|
| 12/05/2005 | HART, BARBARA JANE | 44 LOUNSBURY ROAD CROTON ON HUDSON, NY 10520 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 08/10/2007 | HART, Barbara Jane | 44 LOUNSBURY ROAD CROTON ON HUDSON, NY 10520 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 05/19/2006 | HART, Barbara Jane | 44 LOUNSBURY ROAD CROTON ON HUDSON, NY 10520 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 06/01/2006 | Hart, Barbara Jane | 44 Lounsbury Rd Croton on Hudson, NY 10520 | $500.00 | Lawyer | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 11/19/2007 | Hart, Barbara Jane | 44 Lounsbury Rd Croton On Hudson, NY 10520-2017 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 03/29/2006 | Hart, Barbara Jane | 44 Lounsbury Rd Croton On Hudson, NY 10520-2017 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 05/22/2007 | Hart, Barbara Jane | 44 Lounsbury Road Croton On Hudson, NY 10520 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 10/23/2006 | Hart, Barbara Jane | 44 Lounsbury Road Croton On Hudson, NY 10520 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 03/25/2005 | Hart, Barbara Jane | 44 Lounsbury Road Croton on Hudson, NY 10520 | $500.00 | Letter sent 03/25/05 | | Cahill, Timothy |
| 10/20/2004 | Hart, Barbara Jane | 44 Lounsbury Road Croton on Hudson, NY | $500.00 | Letter sent 10/20/04 | | Cahill, Timothy |

| Date | Name | Address | Amount | Occupation | Employer | Recipient |
|---|---|---|---|---|---|---|
| 09/30/2002 | Johnson, I. C. | 10024 125 E. Center Street Ivins, UT 84738 | $25.00 | Unknown | | Romney, Mitt |
| 12/31/2005 | Johnson, Jacqueline | 6131 Mission Drive Shawnee Mission, KS 66208 | $500.00 | Homemaker | Homemaker | Reilly, Thomas F. |
| 09/30/2005 | JOHNSON, JAMES | 2099 PENNSYLVANIA AVENUE 900 WASHINGTON, DC 20006 | $500.00 | VICE CHAIRMAN | PERSEUS LLC | Barrios, Jarrett T. |
| 04/25/2006 | JOHNSON, JAMES | 70 MELROSE PLACE MONTCLAIR, NJ 07042 | $500.00 | ATTORNEY | DEBEVOISE & PLIMPTON | Patrick, Deval L. |
| 11/10/2006 | JOHNSON, JAMES | 70 MELROSE PLACE MONTCLARIN, NJ 07042 | $5,000.00 | ATTORNEY | DEBEVOISE & PLIMPTON | Democratic State Committee, MA |
| 06/25/2007 | Johnson, James | 116 West 29th Apt 9c New York, NY 10001 | $500.00 | Attorney | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 05/15/2008 | Johnson, James | 116 West 29th, Apt. # 9c New York, NY 10001 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 05/22/2007 | Johnson, James | 116 West 29th, Apt. # 9c New York, NY 10001 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 10/23/2006 | Johnson, James | 116 West 29th, Apt. # 9c New York, NY 10001 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 11/19/2007 | Johnson, James | 116 West 29th New York, NY 10001-5306 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 03/29/2006 | Johnson, James | 116 West 29th New York, NY 10001-5306 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 11/30/2005 | Johnson, James | 2099 Pennsylvania Ave. NW. Washington, DC 20006 | $500.00 | Vice Chairman | Perseus, LLC | Cahill, Timothy |
| 03/31/2004 | Johnson, James | 3101 Woodland Drive Washington, DC 20008 | $500.00 | Vice Chairman | Perseus, LLC | Reilly, Thomas F. |
| 11/06/2006 | Johnson, James | 70 Melrose Place Montclair, NJ 07042 | $500.00 | Attorney | Debevoise & Plimpton | Murray, Timothy P. |
| 04/14/2005 | Johnson, James E. | 70 Melrose Place Montclair, | $500.00 | Attorney | Debevoise | Patrick, |

| Date | Name | Address | Amount | Occupation | Employer | Recipient |
|---|---|---|---|---|---|---|
| | | NJ 07042 | | | & Plimpton | Deval L. |
| 12/05/2005 | JOHNSON, JAMES W. | 116 WEST 29TH, APT. 9C NEW YORK, NY 10001 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 08/10/2007 | JOHNSON, James W. | 116 WEST 29TH, APT. 9C NEW YORK, NY 10001 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 06/01/2006 | Johnson, James W | 116 West 29th Apt 9C New York, NY 10001 | $500.00 | Lawyer | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 12/30/2002 | Johnson, Janet | 5 Dubeau Dr. Derry, NH 03038 | $400.00 | Letter sent 12/30/02 | | Shannon Jr., Charles E. |
| 01/07/2008 | Johnson, Jeffrey | Dickstein Shapiro, 1825 Eye Street NW Washington, DC 20006 | $7.50 | Attorney | Dickstein Shapiro | Coakley, Martha |
| 04/25/2006 | JOHNSON, JEH | 30 PORTER PL MONTCLAIR, NJ 070422036 | $500.00 | ATTORNEY | PAUL WEISS | Patrick, Deval L. |
| 11/22/2005 | Johnson, Jeh | 30 Porter Place Montclair, NJ 07042 | $500.00 | Lawyer | Paul Weiss | Kerry, Cameron F. |
| 04/14/2005 | Johnson, Jeh C. | 30 Porter Place Montclair Place, NJ 07042 | $500.00 | Attorney | Paul Weiss | Patrick, Deval L. |
| 06/21/2002 | Johnson, Joan S. | 4109 Pecunnie Way Louisville, KY 40218 | $25.00 | Information Requested | Information Requested | O'Brien, Shannon P. |
| 12/20/2002 | Johnson, Joanna | 705 Kent Ct. Southlake, TX 76092 | $500.00 | Homemaker | None | Romney, Mitt |
| 02/25/2008 | Johnson, Joel | 60121 Cheverly, MD 20785-3022 | $500.00 | Partner | Glover Park Group | Cahill, Timothy |
| 05/16/2006 | Johnson, John | 4001 Hillcrest Drive #801 Hollywood, FL 33021 | $48.00 | Unknown | Unknown | Healey, Kerry Murphy |
| 06/16/2005 | JOHNSON, JOIA | 7615 TREERIDGE COURT ATLANTA, GA 30350 | $250.00 | INFO REQUESTED | INFO REQUESTED | Patrick, Deval L. |
| 05/31/2006 | Johnson, Joseph | 39 Hancock St., Apt. B , 02144 | $50.00 | | | Gabrieli, Christopher |
| 09/11/2002 | Johnson, Joseph | 6288 Ralston St Frederick, CO 80530 | $150.00 | | | The Committee for Small Government |

 

# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions

Choose a delimiter: TAB    [ Export to File ]

Displaying Records 1 through 50 of 236

Next 50 Records
>>

Search Criteria: Last Name (of Contributor) Like '%keller%';
Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|---|---|---|---|---|---|---|
| 10/17/2007 | Keller, Anthony J. | 10 Towle Drive Holden, MA 01520 | $25.00 | | | Perotto, Mike C. |
| 05/12/2006 | KELLER, BARRIE | 99 ORCHARD ST 2 2 BOSTON, MA 021302710 | $125.00 | PBLCRLTNS | INFO REQ | Patrick, Deval L. |
| 05/31/2006 | KELLER, BARRIE | 99 ORCHARD ST 2 2 Boston, MA 021302710 | $100.00 | PBLCRLTNS | INFO REQ | Patrick, Deval L. |
| 11/24/2004 | KELLER, BRANT | 13 SERGEANT ST STOCKBRIDGE, MA 01262 | $50.00 | SALESMAN | | Democratic State Committee, MA |
| 11/01/2004 | Keller, Brian G. | 20 West 48th Street Bayonne, NJ 07002 | $250.00 | Letter Sent 11/01/04 | | Cahill, Timothy |
| 06/23/2006 | Keller, Bruce | 128 Highland Avenue Montclair, NJ 07042-1912 | $500.00 | Attorney | Debevoise & Plimpton | Coakley, Martha |
| 03/20/2006 | KELLER, CHRIS | 150 RUMFORD AVE Apt. 314 MANSFIELD, MA 02048-2150 | $100.00 | SEARCH CONSULT | | Democratic State Committee, MA |
| 12/05/2005 | KELLER, CHRISTOPHER | 102 WALKER STREET MALVERNE, NY 11565 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 08/10/2007 | KELLER, Christopher | 102 WALKER STREET MALVERNE, NY 11565 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 11/19/2007 | Keller, Christopher | 102 Walker St Malverne, NY 11565 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 06/25/2007 | Keller, Christopher | 102 Walker St Malverne, NY 11565 | $500.00 | Attorney | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |

| | | | | | |
|---|---|---|---|---|---|
| 03/29/2006 Keller, Christopher | 102 Walker St Malverne, NY 11565 | $500.00 Attorney | | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 05/15/2008 Keller, Christopher | 102 Walker Street Malverne, NY 11565 | $500.00 Attorney | | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 05/22/2007 Keller, Christopher | 102 Walker Street Malverne, NY 11565 | $500.00 Attorney | | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 10/30/2006 Keller, Christopher | 102 Walker Street Malverne, NY 11565 | $500.00 Attorney | | Labaton, Sucharow & Rudoff, LLP | Murphy, James |
| 10/23/2006 Keller, Christopher | 102 Walker Street Malverne, NY 11565 | $500.00 Attorney | | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 03/25/2005 Keller, Christopher | 246 Nassau Blvd South Garden City, NY 11530 | $500.00 Letter sent 03/25/05 | | | Cahill, Timothy |
| 10/20/2004 Keller, Christopher | 246 Nassau Blvd South Garden City, NY 11530 | $500.00 Letter sent 10/20/04 | | | Cahill, Timothy |
| 12/14/2005 Keller, Cindy | 1 Maura Elizabeth Ln. Foxboro, MA 02035 | $125.00 | | | Boston Carmen's Union PAC |
| 05/19/2002 Keller, Colleen T | 455 Mathews Rd Conway, MA 01341 | $5.00 | | | Holden, Sarah Cannon |
| 11/20/2006 KELLER, CONSTANCE | 1155 35TH ST OAK BROOK, IL 60523 | $500.00 RETIRED | | | O'Leary, Robert |
| 11/06/2006 Keller, Constance | 1155 - 35th Street Oak Brook, IL 60523 | $500.00 homemaker | | | Turkington, Eric T. |
| 11/02/2006 keller, Constance | 1155-35th st oak brook, IL 60523 | $500.00 retired | | | Atsalis, Demetrius J. |
| 10/17/2006 KELLER, DANIEL | 28 COLD BROOK RD Wendell, MA 01379 | $100.00 INFO REQ | INFO REQ | | Patrick, Deval L. |
| 08/14/2006 KELLER, DANIEL | 28 COLD BROOK RD Wendell, MA 01379 | $100.00 | | | Patrick, Deval L. |
| 10/06/2006 Keller, David | 6 Lorin Drive Wilmington, MA 01887 | $100.00 Banker | | Middlesex Savings Bank | MA Bankers Pol Action Comm |
| 08/30/2004 Keller, Dennis | 1155 35th St Oak Brook, IL | $250.00 Executive | | DeVry Inc | Lese , Gail B. |



# OCPF Electronic Filing & Campaign Disclosure System

### Results of Search for Contributions



Choose a delimiter:  TAB    [ Export to File ]

<< Previous 50 Records    **Displaying Records 51 through 100 of 236**    Next 50 Records >>

Search Criteria: Last Name (of Contributor) Like '%keller%';
Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|------------|----------|-----|
| 11/06/2006 | Keller, Gregory | 43 North Drive Great Neck, NY 11021 | $500.00 | Attorney | Chilwood Harley Harness, Llp | Murray, Timothy P. |
| 02/25/2005 | Keller, Gregory | 43 North Drive Great Neck, NY 11021 | $500.00 | information req | information req | Patrick, Deval L. |
| 06/05/2007 | Keller, Howard | 285 Thatcher Street Milton, MA 02186 | $500.00 | Letter Sent Requesting Information. | Letter Sent Requesting Information. | Murray, Timothy P. |
| 09/20/2006 | KELLER, JAMES F. | 9 ELLIOT ST NO 1 Norwood, MA 02062 | $100.00 | | | Kujawski, Paul |
| 08/28/2002 | Keller, Jane B. | 29 Bishop Road Sharon, MA 02067 | $50.00 | Information Requested | Information Requested | O'Brien, Shannon P. |
| 12/05/2005 | KELLER, JENNIFER | 102 WALKER STREET MALVERNE, NY 11565 | $500.00 | HOUSEWIFE | | Bradley, Garrett J. |
| 08/10/2007 | KELLER, Jennifer | 102 WALKER STREET MALVERNE, NY 11565 | $500.00 | HOUSEWIFE | AT HOME | Bradley, Garrett J. |
| 11/19/2007 | Keller, Jennifer | 102 Walker St Malverne, NY 11565 | $500.00 | Homemaker | Homemaker | Cahill, Timothy |
| 06/25/2007 | Keller, Jennifer | 102 Walker St Malverne, NY 11565 | $500.00 | Housewife | | Connolly, Joseph A. |
| 03/29/2006 | Keller, Jennifer | 102 Walker St Malverne, NY 11565 | $500.00 | Homemaker | Homemaker | Cahill, Timothy |
| 05/15/2008 | Keller, Jennifer | 102 Walker Street Malverne, NY 11565 | $500.00 | Housewife | Not Applicable | O'Brien, Thomas J. |

MA OCPF Results of Search for Contributions
Case 1:08-cv-02233-VM Document 64-8    Filed 05/27/2008    Page 24 of 25
Page 2 of 4

| 05/22/2007 Keller, Jennifer | 102 Walker Street Malverne, NY 11565 | $500.00 | Housewife | Not Applicable | O'Brien, Thomas J. |
|---|---|---|---|---|---|
| 03/25/2005 Keller, Jennifer | 102 Walker Street Malverne, NY 11565 | $500.00 | Letter Sent 03/25/05 | | Cahill, Timothy |
| 04/29/2006 KELLER, JOAN | 32 LINCOLN ST Manchester, MA 019441123 | $200.00 | RETIRED | INFO REQ | Patrick, Deval L. |
| 08/09/2004 Keller, Joan | 32 Lincoln Street Manchester, MA 01944 | $100.00 | N/A | N/A | Purinton, Timothy A. |
| 08/26/2006 Keller, Joan | 32 Lincoln Street Manchester, MA 01944 | $150.00 | retired | retired | Schenk, Charles Max |
| 12/14/2005 Keller, John | 1 Maura Elizabeth Ln Foxboro, MA 02035 | $125.00 | | | Boston Carmen's Union PAC |
| 12/22/2004 Keller, John | 1 Maura Elizabeth Ln Foxboro, MA 02035 | $125.00 | | | Boston Carmen's Union PAC |
| 05/19/2002 Keller, John | 105 Tower Rd Lincoln, MA 01773 | $5.00 | | | Holden, Sarah Cannon |
| 09/05/2004 Keller, John | 16 Lantern Lane Winchester, MA 01890 | $250.00 | Risk Modeling | AIR WorldWide | Manning, Anne |
| 05/06/2005 Keller, Jon L. | 241 Edge Hill Road Milton, MA 02186 | $100.00 | | | Joyce, Brian A. |
| 03/26/2002 Keller, Jon L. | 241 Edge Hill Road Milton, MA 02186 | $100.00 | | | Joyce, Brian A. |
| 07/27/2006 Keller, Jon L. | 241 Edge Hill Road Milton, MA 02186 | $250.00 | Physician | Milton Hospital | Joyce, Brian A. |
| 12/17/2003 Keller, Joseph B. | 431 Liberty Lane Marlton, NJ 08053 | $500.00 | Finance/Real Estate | Keller Financial Services | Cahill, Timothy |
| 10/23/2002 Keller, Jr., William | 31 Churchill Street Sudbury, MA 01776 | $500.00 | Information Requested | Information Requested | O'Brien, Shannon P. |
| 07/01/2007 KELLER, KATE | C/O KELLER AUGUSTA PARTNERS, LLC 45 NEWBURY ST, SUITE 204 ROXBURY, MA | $250.00 | ATTORNEY | KELLER AUGUSTA PARTNERS, LLC | Walsh, Marian |




# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions

Choose a delimiter: TAB    [ Export to File ]

**Displaying Records 1 through 9 of 9**

Search Criteria: Last Name (of Contributor) Like '%komlossy%';
Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|---|---|---|---|---|---|---|
| 12/05/2005 | KOMLOSSY, EMILY | 15 DOGWOOD ROAD HOLLYWOOD, FL 33021 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 05/15/2006 | KOMLOSSY, Emily | 15 DOGWOOD ROAD HOLLYWOOD, FL 33021 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 06/25/2007 | Komlossy, Emily | 15 Dogwood Rd Hollywood, FL 33021 | $500.00 | Attorney | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 06/01/2006 | Komlossy, Emily | 15 Dogwood Rd Hollywood, NY 33021 | $500.00 | Lawyer | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 05/22/2007 | Komlossy, Emily | 15 Dogwood Road Hollywood, FL 33021 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 10/23/2006 | Komlossy, Emily | 15 Dogwood Road Hollywood, FL 33021 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 03/29/2006 | Komlossy, Emily | 15 Dogwood Road Hollywood, FL. 33021 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 03/25/2005 | Komlossy, Emily C. | 15 Dogwood Road Hollywood, FL 33021 | $500.00 | Letter sent 03/25/05 | | Cahill, Timothy |
| 10/20/2004 | Komlossy, Emily C. | 15 Dogwood Road Hollywood, FL 33021 | $500.00 | Letter sent 10/20/04 | | Cahill, Timothy |

**Displaying Records 1 through 9 of 9**

Help          Welcome Page          Back to Contribution Search



# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions



Choose a delimiter:  TAB    Export to File

### Displaying Records 1 through 1 of 1

Search Criteria: Last Name (of Contributor) Like '%labaton%';
Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|------------|----------|-----|
| 10/20/2004 | Labaton, Edward | 100 Park Avenue New York, NY 10017 | $500.00 | Letter sent 10/20/04 | | Cahill, Timothy |

### Displaying Records 1 through 1 of 1

Help                    Welcome Page              Back to Contribution Search

| Date | Name | Address | Amount | Occupation | Employer | Contributor |
|------|------|---------|--------|------------|----------|-------------|
| 06/29/2006 | McMORRIS, David J. | 89 DOANE STREET Cohasset, MA 02025 | $250.00 | ATTORNEY | THORNTON & NAUMES | Bradley, Garrett J. |
| 09/25/2004 | McMorris, David J | 100 Summer St 30th flr Boston, MA 02110 | $75.00 | lawyer | | Canavan, Christine E. |
| 06/01/2006 | McMorris, David J | 100 Summer St 30th FL Boston, MA 02110 | $500.00 | Lawyer | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 03/01/2007 | McMorris, David J. | Doane St. Cohasset, MA 02025 | $500.00 | Lawyer | Thornton & Naunes, LLP, 100 Summer St., Boston | Timilty, Walter F. |
| 09/23/2004 | McMorris, David J. | 100 Summer St. Boston, MA 02110 | $100.00 | | | Finegold, Barry R. |
| 04/24/2002 | McMorris, David J. | 100 Summer St, 30th Fl Boston, MA 02110 | $125.00 | attorney | Thornton & Naumes | Birmingham, Thomas F. |
| 07/17/2005 | McMorris, David J. | 100 Summer St., 30th Fl. Boston, MA 02110 | $250.00 | Attorney | Thornton; Navaes LL.P | Casey, Paul C. |
| 05/10/2004 | McMorris, David J. | 100 Summer St. 30th Fl. Boston, MA 02110 | $100.00 | Attorney | Thornton & Naumer, LLP | St. Fleur, Marie |
| 10/28/2004 | McMorris, David J. | 100 Summer Street, Floor 30 Boston, MA 02110 | $250.00 | Letter sent 10/28/04 | | Cahill, Timothy |
| 11/19/2007 | McMorris, David J. | 100 Summer Street, Floor 30 Boston, MA 02110 | $500.00 | Info Requested | Thornton & Naumes | Cahill, Timothy |
| 03/29/2006 | McMorris, David J. | 100 Summer Street, Floor 30 Boston, MA 02110 | $500.00 | Info Requested | Thornton & Naumes | Cahill, Timothy |
| 03/25/2005 | McMorris, David J. | 100 Summer Street, Floor 30 Boston, MA 02110 | $500.00 | Letter sent 03/25/05 | | Cahill, Timothy |
| 06/20/2004 | McMorris, David J. | 100 Summer Street, 30th Fl. Boston, MA 02110 | $500.00 | Attorney | Thornton Naumes | Galvin, William C. |




# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions

Choose a delimiter: TAB          Export to File

### Displaying Records 1 through 31 of 31

Search Criteria: Last Name (of Contributor) Like '%persky%';
Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|-----------|----------|-----|
| 05/20/2002 | David Persky Trust | 280 W. Sturbridge Rd. East Brookfield, MA 01515 | $250.00 | | | Romney, Mitt |
| 12/05/2005 | PERSKY, BERNARD | 525 EAST 86TH STREET, APT. 10H NEW YORK, NY | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 05/17/2006 | PERSKY, Bernard | 525 EAST 86TH STREET, APT. 10H NEW YORK, NY | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 08/10/2007 | PERSKY, Bernard | 525 EAST 86TH STREET, APT. 10H NEW YORK, NY 10028 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 11/19/2007 | Persky, Bernard | 525 E 86th St New York, NY 10028-7515 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 03/29/2006 | Persky, Bernard | 525 E 86th St New York, NY 10028-7515 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 06/01/2006 | Persky, Bernard | 525 East 86th St Apt 10 H New York, NY 10028 | $500.00 | Lawyer | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 05/15/2008 | Persky, Bernard | 525 East 86th St., Apt. 10-H New York, NY 10028 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 05/22/2007 | Persky, Bernard | 525 East 86th St., Apt. 10-H New York, NY 10028 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 10/30/2006 | Persky, Bernard | 525 East 86th St., Apt. 10-H New York, NY 10028 | $500.00 | Attorney | Labaton, Sucharow & Rudoff, LLP | Murphy, James |

| Date | Name | Address | Amount | Occupation | Employer | Recipient |
|---|---|---|---|---|---|---|
| 03/25/2005 | Persky, Bernard | 525 East 86th St., Apt. 10-H New York, NY 10028 | $500.00 | Letter sent 03/25/05 | | Cahill, Timothy |
| 10/20/2004 | Persky, Bernard | 525 East 86th St., Apt. 10-H New York, NY 10028 | $500.00 | Letter sent 10/20/04 | | Cahill, Timothy |
| 06/25/2007 | Persky, Bernard | 525 East 86th St New York, NY 10028 | $500.00 | Attorney | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 05/02/2006 | Persky, David | 280 W. Sturbridge Road East Brookfield, MA 01515 | $100.00 | | | Murray, Timothy P. |
| 07/27/2006 | PERSKY, ELINOR | 74 BRACKETT RD NEWTON, MA 02458 | $100.00 | | | Patrick, Deval L. |
| 01/31/2002 | Persky, Elinor | 74 Brackett Road Newton, MA 02458 | $100.00 | | | Grossman, Steven |
| 05/24/2004 | Persky, Elinor R. | 74 Brackett Road Newton, MA 02458 | $50.00 | | | Khan, Kay S. |
| 12/24/2003 | Persky, Elinor R. | 74 Brackett Road Newton, MA 02458 | $50.00 | | | Khan, Kay S. |
| 06/14/2002 | Persky, Mary | 3 Crawford Drive Woburn, MA 01801 | $50.00 | Information Requested | Information Requested | O'Brien, Shannon P. |
| 10/15/2002 | Persky, Mary | 3 Crawford Drive Woburn, MA 01801 | $450.00 | Environmental Analyst | Mass DEP | O'Brien, Shannon P. |
| 12/05/2005 | PERSKY, SANDRA | 525 EAST 86TH STREET, APT. 10H NEW YORK, NY 10028 | $500.00 | HIGH SCHOOL COUNSELOR | NYC DEPT. OF EDUCATION | Bradley, Garrett J. |
| 08/10/2007 | PERSKY, Sandra | 525 EAST 86TH STREET, APT. 10H NEW YORK, NY 10028 | $500.00 | HIGH SCHOOL COUNSELOR | NYC DEPT. OF EDUCATION | Bradley, Garrett J. |
| 05/17/2006 | PERSKY, Sandra | 525 EAST 86TH STREET, APT. 10H NEW YORK, NY 10028 | $500.00 | HIGH SCHOOL COUNSELOR | NYC DEPT. OF EDUCATION | Bradley, Garrett J. |
| 11/19/2007 | Persky, Sandra | 525 E 86th St New York, NY 10028-7515 | $500.00 | Guidance Counselor | NYC Department of Education | Cahill, Timothy |
| 03/29/2006 | Persky, Sandra | 525 E 86th St New York, NY | $500.00 | Guidance Counselor | NYC Department of | Cahill, Timothy |

| Date | Name | Address | Amount | Occupation | Employer | |
|------|------|---------|--------|------------|----------|---|
| 05/15/2008 | Persky, Sandra | 525 East 86th St., Apt. 10-H New York, NY 10028-7515 | $500.00 | High School Counselor | Education NYC Dept. of Education | O'Brien, Thomas J. |
| 05/22/2007 | Persky, Sandra | 525 East 86th St., Apt. 10-H New York, NY 10028 | $500.00 | High School Counselor | NYC Dept. of Education | O'Brien, Thomas J. |
| 03/25/2005 | Persky, Sandra | 525 East 86th St., Apt 10-H New York, NY 10028 | $500.00 | Letter sent 03/25/05 | | Cahill, Timothy |
| 10/20/2004 | Persky, Sandra | 525 East 86th St., Apt 10-H New York, NY 10028 | $500.00 | Letter sent 10/20/04 | | Cahill, Timothy |
| 06/25/2007 | Persky, Sandra | 525 East 86th St New York, NY 10028 | $500.00 | High School Guidance Counselor | NYC Dept of Education | Connolly, Joseph A. |
| 01/31/2005 | Sepersky, Robert | 65 Southworth St Lakeville, MA 02347 | $500.00 | Physician | Robert Sepersky | Romney, Mitt |

**Displaying Records 1 through 31 of 31**

Help    Welcome Page    Back to Contribution Search





# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions

**Choose a delimiter:** TAB    [ Export to File ]

### Displaying Records 1 through 21 of 21

**Search Criteria:** Last Name (of Contributor) Like '%plasse%';
**Sort Criteria:**

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|------------|----------|-----|
| 05/15/2008 | Plasse, Beatrice | 225 Lafayette St., Apt. 14b New York, NY 10012 | $500.00 | Adjunct Professor | Columbia University | O'Brien, Thomas J. |
| 05/22/2007 | Plasse, Beatrice | 225 Lafayette St., Apt. 14b New York, NY 10012 | $500.00 | Adjunct Professor | Columbia University | O'Brien, Thomas J. |
| 12/05/2005 | PLASSE, BEATRICE R. | 261 BROADWAY NEW YORK, NY 10007 | $500.00 | ADJUNCT PROFESSOR | COLUMBIA UNIVERSITY | Bradley, Garrett J. |
| 08/10/2007 | PLASSE, Beatrice R. | 261 BROADWAY NEW YORK, NY 10007 | $500.00 | ADJUNCT PROFESSOR | COLUMBIA UNIVERSITY | Bradley, Garrett J. |
| 05/22/2006 | PLASSE, Beatrice R. | 261 BROADWAY NEW YORK, NY 10007 | $500.00 | ADJUNCT PROFESSOR | COLUMBIA UNIVERSITY | Bradley, Garrett J. |
| 11/19/2007 | Plasse, Beatrice R. | 225 Lafayette St, Apt 14B New York, NY 10012-4013 | $500.00 | Adjunct Professor | Columbia University | Cahill, Timothy |
| 03/29/2006 | Plasse, Beatrice R. | 261 Broadway New York, NY 10007 | $500.00 | Adjunct Professor | Columbia University | Cahill, Timothy |
| 03/25/2005 | Plasse, Beatrice R. | 261 Broadway New York, NY 10007 | $500.00 | Letter Sent 03/25/05 | | Cahill, Timothy |
| 10/12/2006 | Plasse, Bob | 9 West Silver Street Westfield, MA 01085 | $15.00 | | | Bousquet, Carol |
| 06/08/2006 | Plasse, Bob | 9 West Silver Street Westfield, MA 01085 | $27.50 | | | Bousquet, Carol |
| | | 225 Lafayette | | | Labaton, | O'Brien, |

| Date | Name | Address | Amount | Occupation | Employer | |
|---|---|---|---|---|---|---|
| 05/15/2008 | Plasse, Jonathan | St., Apt. 14b New York, NY 10012 | $500.00 | Attorney | Sucharow & Rudoff LLP | Thomas J. |
| 05/22/2007 | Plasse, Jonathan | 225 Lafayette St., Apt. 14b New York, NY 10012 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 12/30/2005 | Plasse, Jonathan | 261 Broadway New York, NY 10007 | $500.00 | Letter Sent | | Connolly, Joseph A. |
| 12/05/2005 | PLASSE, JONATHAN M. | 261 BROADWAY NEW YORK, NY 10007 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 08/10/2007 | PLASSE, Jonathan M. | 261 BROADWAY NEW YORK, NY 10007 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 05/16/2006 | PLASSE, Jonathan M. | 261 BROADWAY NEW YORK, NY 10007 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 03/25/2005 | Plasse, Jonathan M. | c/o 261 Broadway New York, NY 10007 | $500.00 | Letter Sent 03/25/05 | | Cahill, Timothy |
| 11/19/2007 | Plasse, Jonathan M. | 225 Lafayette St, Apt 14B New York, NY 10012-4013 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 03/29/2006 | Plasse, Jonathan M. | 261 Broadway New York, NY 10007 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 09/24/2006 | Plasse, Robert | 31 West Silver Street Westfield, MA 01085 | $65.00 | Professor | Holyoke Community College | Westfield DEMCC |
| 04/24/2006 | Plasse, Robert A. | 9 West Silver Street Westfield, MA 01085 | $65.00 | College Professor | Holyoke Community College | Plasse, Robert A. |

**Displaying Records 1 through 21 of 21**

Help      Welcome Page      Back to Contribution Search

2 of 5

| Date | Name | Address | Amount | Occupation | Employer | Recipient |
|---|---|---|---|---|---|---|
| | | Floor Boston, MA 02110-1447 | | | | PAC |
| 02/15/2006 | Rosenblum, Howard | 33 Arch Street, 26th Floor Boston, MA 02110-1447 | $29.00 | | | DLA Piper Massachusetts PAC |
| 12/31/2007 | Rosenblum, Howard | 33 Arch Street, 26th Floor Boston, MA 02110-1447 | $31.00 | Attorney | DLA Piper | DLA Piper Massachusetts PAC |
| 12/21/2006 | Rosenblum, Howard | 33 Arch Street, 26th Floor Boston, MA 02110-1447 | $31.00 | Attorney | DLA Piper | DLA Piper Massachusetts PAC |
| 09/01/2006 | ROSENBLUM, JACK | 366 RIVER RD Deerfield, MA 01342 | $100.00 | | | Patrick, Deval L. |
| 04/26/2002 | Rosenblum, Jack | 366 River Rd. Deerfield, MA 01342 | $500.00 | retired | RSI Inc. | Reich, Robert |
| 12/05/2005 | ROSENBLUM, JANE | 96 NORMAN PLACE TENAFLY, NJ 07670 | $500.00 | HOUSEWIFE | | Bradley, Garrett J. |
| 05/21/2006 | Rosenblum, Jane | 96 Norman Place Tenafly, NJ 07670 | $500.00 | HOUSEWIFE | | Bradley, Garrett J. |
| 03/29/2006 | Rosenblum, Jane | 96 Norman Place Tenafly, NJ 07670 | $500.00 | Homemaker | Homemaker | Cahill, Timothy |
| 03/25/2005 | Rosenblum, Jane | 96 Norman Place Tenafly, NJ 07670 | $500.00 | Letter Sent 03/25/05 | | Cahill, Timothy |
| 02/06/2002 | Rosenblum, Jay | 7719 Marymoll Ave. Bethesda, MD 20817 | $100.00 | lawyer | Ernst & Young | Reich, Robert |
| 06/28/2004 | Rosenblum, Larry | 39 West Long Pond Rd Plymouth, MA 02360 | $100.00 | Filmaker | | Tripp III, Loring |
| 04/30/2004 | ROSENBLUM, LAWRENCE | 134 BEACH ST BOSTON, MA 02111 | $100.00 | | | Murray, Therese |
| 04/12/2005 | Rosenblum, Lawrence | 134 Beach Street Boston, MA 02111 | $100.00 | | | Yoon, Sam |
| 01/07/2002 | Rosenblum, Louis | 24 Cedar Road Belmont, MA 02478 | $10.00 | | | Holden, Sarah Cannon |

Displaying Records 1 through 50 of 63

Next 13 Records >>



# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions



**Choose a delimiter:** TAB    [ Export to File ]

<u><< Previous 50 Records</u>    **Displaying Records 51 through 63 of 63**

**Search Criteria:** Last Name (of Contributor) Like '%rosenblum%';

**Sort Criteria:**

| Date | Name | Address | Amount | Occupation | Employer | To |
|---|---|---|---|---|---|---|
| 06/17/2005 | ROSENBLUM, NANCY | 75 RICHDALE AVE Apt. 2 CAMBRIDGE, MA 02140 | $250.00 | PROFESSOR | HARVARD | Patrick, Deval L. |
| 10/11/2006 | ROSENBLUM, NANCY | 75 RICHDALE AVE 2 CAMBRIDGE, MA 021402608 | $50.00 | | | Patrick, Deval L. |
| 09/24/2006 | Rosenblum, Rachel | 36 Locust St Lexington, MA 02421 | $35.00 | | | Lexington DEMTC |
| 10/31/2007 | Rosenblum, Rachel | 36 Locust St Lexington, MA 02421 | $100.00 | | | Lexington DEMTC |
| 10/04/2006 | Rosenblum, Rachel | 36 Locust St Lexington, MA 02421 | $100.00 | | | Lexington DEMTC |
| 11/04/2005 | Rosenblum, Rachel S. | 36 Locust Ave. Lexington, MA 02421 | $20.00 | | | Common Cause Campaign for Fair Districts |
| 01/07/2002 | Rosenblum, Rachel S. | 36 Locust Ave. Lexington, MA 02421 | $75.00 | | | Tolman, Warren E. |
| 03/29/2006 | Rosenblum, Richard | 96 Norman Pl Tenafly, NJ 07670-2522 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 10/23/2006 | Rosenblum, Richard | 96 Norman Place Tenafly, NJ 07670 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 12/05/2005 | ROSENBLUM, RICHARD K. | 96 NORMAN PLACE TENAFLY, NJ | $500.00 | ATTORNEY | LABATON SUCHAROW & RIDOFF | Bradley, Garrett J. |

| | | | | | |
|---|---|---|---|---|---|
| | 07670 | | | LLP | |
| 05/21/2006 ROSENBLUM, Richard K. | 96 NORMAN PLACE TENAFLY, NJ 07670 | $500.00 | ATTORNEY | LABATON SUCHAROW & RIDOFF LLP | Bradley, Garrett J. |
| 03/25/2005 Rosenblum, Richard K. | 96 Norman Place Tenafly, NJ 07670 | $500.00 | Letter sent 03/25/05 | | Cahill, Timothy |
| 10/20/2004 Rosenblum, Richard K. | 96 Norman Place Tenafly, NJ 07670 | $500.00 | Letter sent 10/20/04 | | Cahill, Timothy |

<< Previous 50 Records    **Displaying Records 51 through 63 of 63**

Help                Welcome Page            Back to Contribution Search




# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions

Choose a delimiter: TAB    | Export to File |

### Displaying Records 1 through 2 of 2

**Search Criteria:** Last Name (of Contributor) Like '%rudoff%';
**Sort Criteria:**

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|------------|----------|-----|
| 03/25/2005 | Rudoff, Hedda | 110 Riverside Drive New York, NY 10024 | $500.00 | Letter Sent 03/25/05 | | Cahill, Timothy |
| 03/25/2005 | Rudoff, Sheldon | c/o 110 Riverside Drive New York, NY 10024 | $500.00 | Letter Sent 03/25/05 | | Cahill, Timothy |

### Displaying Records 1 through 2 of 2

Help                    Welcome Page             Back to Contribution Search



# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions



Choose a delimiter: TAB    [ Export to File ]

Displaying Records 1 through 20 of 20

Search Criteria: Last Name (of Contributor) Like '%salzman%';
Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|-----------|----------|-----|
| 03/29/2006 | Salzman, Albert | 6078 NW 24th Terrace Boca Raton, FL 33496 | $500.00 | Info Requested | Info Requested | Cahill, Timothy |
| 04/30/2002 | Salzman, Carl | 59 Garfield St. Watertown, MA 02472 | $100.00 | psychiatrist | Harvard Medical School | Reich, Robert |
| 02/06/2002 | Salzman, Edwin | 68 Francis Ave. Cambridge, MA 02138 | $12.50 | | | Reich, Robert |
| 08/18/2002 | Salzman, Edwin | 68 Francis Ave. Cambridge, MA 02138 | $25.00 | | | Reich, Robert |
| 09/10/2006 | Salzman, Edythe Z. | 20 Westbrook Lane, P.O. Box 559 Groton, MA 01450 | $25.00 | | | Bousquet, Carol |
| 06/21/2007 | SALZMAN, HOLLIS | 245 E 25TH ST, 6D NEW YORK, NY 10010 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Speaker DiMasi's Committee for a Democratic House PAC |
| 06/01/2006 | Salzman, Hollis | 245 E 25th St Apt 6D New York, NY 10010 | $500.00 | Lawyer | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 11/19/2007 | Salzman, Hollis | 245 E 25th St New York, NY 10010 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 06/25/2007 | Salzman, Hollis | 245 E 25th St New York, NY 10010 | $500.00 | Attorney | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 03/29/2006 | Salzman, Hollis | 245 E 25th St New York, NY 10010 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| | | 245 East 25th | | | Labaton, | |

| Date | Name | Address | Amount | Occupation | Employer | Recipient |
|---|---|---|---|---|---|---|
| 10/23/2006 | Salzman, Hollis | Street, Apt. 6d New York, NY 10010 | $500.00 | Attorney | Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 08/11/2006 | SALZMAN, JUDITH | 59 GARFIELD ST 1 Watertown, MA 024724913 | $100.00 | | | Patrick, Deval L. |
| 04/30/2002 | Salzman, Judith | 59 Garfield St. Watertown, MA 02472 | $100.00 | psychologist | Judith Salzman | Reich, Robert |
| 10/03/2006 | SALZMAN, JUDY | 58 GARFIELD STREET Watertown, MA 02472 | $100.00 | | | Patrick, Deval L. |
| 02/06/2002 | Salzman, Mrs. Edwin | 68 Francis Ave. Cambridge, MA 02138 | $12.50 | | | Reich, Robert |
| 07/16/2006 | SALZMAN, NANCY | 68 FRANCIS AVE Cambridge, MA 021381967 | $25.00 | | | Patrick, Deval L. |
| 08/18/2002 | Salzman, Nancy | 68 Francis Ave. Cambridge, MA 02138 | $25.00 | | | Reich, Robert |
| 07/30/2002 | Salzman, Nancy | 68 Francis Ave. Cambridge, MA 02138 | $300.00 | Retired | | Pines, Lois |
| 03/28/2002 | Salzman, Ruth | 800 West End Ave #9D New York, NY 10025 | $123.00 | Information Requested | Information Requested | O'Brien, Shannon P. |
| 06/07/2002 | Salzmann, Harold | 24 Ann Drive Pittsfield, MA 01201 | $10.00 | | | Reich, Robert |

**Displaying Records 1 through 20 of 20**

Help    Welcome Page    Back to Contribution Search




# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions

Choose a delimiter: TAB    [ Export to File ]

Displaying Records 1 through 21 of 21

Search Criteria: Last Name (of Contributor) Like '%schochet%';
Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|------------|----------|-----|
| 11/19/2007 | Parks Schochet, Randi | 6 Tarry Hill Rd Tarrytown, NY 10591 | $500.00 | Marketing Director | American Express | Cahill, Timothy |
| 03/29/2006 | Parks Schochet, Randi | 6 Tarry Hill Rd Tarrytown, NY 10591 | $500.00 | Marketing Director | American Express | Cahill, Timothy |
| 12/05/2005 | PARKS SCHOCHET, RANDI L. | 6 TARRY HILL ROAD TARRYTOWN, NY 10591 | $500.00 | MARKETING DIRECTOR | AMERICAN EXPRESS | Bradley, Garrett J. |
| 05/25/2006 | PARKS SCHOCHET, Randi L. | 6 TARRY HILL ROAD TARRYTOWN, NY 10591 | $500.00 | MARKETING DIRECTOR | AMERICAN EXPRESS | Bradley, Garrett J. |
| 05/15/2008 | Schochet, Ira | 6 Tarry Hill Road Tarrytown, NY 10591 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 05/22/2007 | Schochet, Ira | 6 Tarry Hill Road Tarrytown, NY 10591 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 10/23/2006 | Schochet, Ira | 6 Tarry Hill Road Tarrytown, NY 10591 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 06/25/2007 | Schochet, Ira | 6 Tarryhill Rd Tarrytown, NY 10591 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 11/19/2007 | Schochet, Ira | 6 Tarryhill Rd Tarrytown, NY 10591-6508 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 03/29/2006 | Schochet, Ira | 6 Tarryhill Rd Tarrytown, NY 10591- | $500.00 | Attorney | Labaton, Sucharow & Rudoff, LLP | Cahill, Timothy |

| Date | Name | Address | Amount | | Employer | Recipient |
|---|---|---|---|---|---|---|
| | | 6508 | | | | |
| 12/05/2005 | SCHOCHET, IRA A. | 6 TARRY HILL ROAD TARRYTOWN, NY 10591 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 08/10/2007 | SCHOCHET, Ira A. | 6 TARRY HILL ROAD TARRYTOWN, NY 10591 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 05/25/2006 | SCHOCHET, Ira A. | 6 TARRY HILL ROAD TARRYTOWN, NY 10591 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 03/25/2005 | Schochet, Ira A. | 6 Tarry Hill Road Tarrytown, NY 10591 | $500.00 | Letter sent 03/25/05 | | Cahill, Timothy |
| 10/20/2004 | Schochet, Ira A. | 6 Tarry Hill Road Tarrytown, NY 10591 | $500.00 | Letter sent 10/20/04 | | Cahill, Timothy |
| 12/12/2007 | Schochet, Jay | 11 Leroy Ave. Newport, RI 02840 | $500.00 | Real Estate Developer | Schochet Associates | Menino, Thomas M. |
| 08/31/2006 | Schochet, Jay | 175 Federal St Ste 700 Boston, MA 02110 | $500.00 | Letter Sent | Information Requested | Healey, Kerry Murphy |
| 06/18/2003 | Schochet, Jay | 175 Federal Street, Suite 700 Boston, MA 02110 | $250.00 | President | jay Schochet Associates | Wilkerson, Dianne |
| 05/15/2008 | Schochet, Randi | 6 Tarry Hill Road Tarrytown, NY 10591 | $500.00 | Marketing Dirtector | American Express | O'Brien, Thomas J. |
| 05/22/2007 | Schochet, Randi | 6 Tarry Hill Road Tarrytown, NY 10591 | $500.00 | Marketing Dirtector | American Express | O'Brien, Thomas J. |
| 08/10/2007 | Schochet, Randi L. | 6 Tarry Hill Road Tarrytown, NY 10591 | $500.00 | MARKETING DIRECTOR | AMERICAN EXPRESS | Bradley, Garrett J. |

**Displaying Records 1 through 21 of 21**

Help      Welcome Page      Back to Contribution Search





# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions

Choose a delimiter: TAB  [ Export to File ]

**Displaying Records 1 through 8 of 8**

Search Criteria: Last Name (of Contributor) Like '%slakas%';

Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|------------|----------|-----|
| 11/19/2007 | Slakas, Joseph | 44 Lounsbury Rd Croton On Hudson, NY 10520-2017 | $500.00 | CEO | Go Get Art | Cahill, Timothy |
| 03/29/2006 | Slakas, Joseph | 44 Lounsbury Rd Croton On Hudson, NY 10520-2017 | $500.00 | CEO | Go Get Art | Cahill, Timothy |
| 05/22/2007 | Slakas, Joseph | 44 Lounsbury Road Grotonn On Hudson, NY 01520 | $500.00 | CEO | Go Get Art | O'Brien, Thomas J. |
| 12/05/2005 | SLAKAS, JOSEPH G. | 44 LOUNSBURY ROAD CROTON ON HUDSON, NY 10520 | $500.00 | CEO | GO GET ART | Bradley, Garrett J. |
| 08/10/2007 | SLAKAS, Joseph G. | 44 LOUNSBURY ROAD CROTON ON HUDSON, NY 10520 | $500.00 | CEO | GO GET ART | Bradley, Garrett J. |
| 05/19/2006 | SLAKAS, Joseph G. | 44 LOUNSBURY ROAD CROTON ON HUDSON, NY 10520 | $500.00 | CEO | GO GET ART | Bradley, Garrett J. |
| 03/25/2005 | Slakas, Joseph G. | 44 Lounsbury Road Croton on Hudson, NY 10520 | $500.00 | Letter sent 03/25/05 | | Cahill, Timothy |
| 10/20/2004 | Slakas, Joseph G. | 44 Lounsbury Road Croton on Hudson, NY 10520 | $500.00 | Letter sent 10/20/04 | | Cahill, Timothy |

**Displaying Records 1 through 8 of 8**

---

Help                    Welcome Page                    Back to Contribution Search




## OCPF Electronic Filing & Campaign Disclosure System

### Results of Search for Contributions

Choose a delimiter: TAB   [ Export to File ]

Displaying Records 1 through 25 of 25

Search Criteria: Last Name (of Contributor) Like '%sternberg%';

Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|------------|----------|-----|
| 05/15/2006 | Sternberg, Barbara | New York, NY 10028 | $500.00 | HOUSEWIFE | HOUSEWIFE | Bradley, Garrett J. |
| 11/19/2007 | Sternberg, Barbara | New York, NY 10165 | $500.00 | Info Requested | Info Requested | Cahill, Timothy |
| 03/29/2006 | Sternberg, Barbara | New York, NY 10165 | $500.00 | Info Requested | Info Requested | Cahill, Timothy |
| 03/25/2005 | Sternberg, Barbara | New York, NY 10165 | $500.00 | Letter Sent 03/25/05 | | Cahill, Timothy |
| 05/15/2008 | Sternberg, Barbara | 2053 Beverly Way Merrick, NY 11566 | $500.00 | Housewife | Not Applicable | O'Brien, Thomas J. |
| 05/22/2007 | Sternberg, Barbara | 2053 Beverly Way Merrick, NY 11566 | $500.00 | Housewife | Not Applicable | O'Brien, Thomas J. |
| 10/15/2002 | Sternberg, Elizabeth | 41C Cushing St. Cambridge, MA 02138 | $25.00 | Information Requested | Information Requested | O'Brien, Shannon P. |
| 03/21/2006 | STERNBERG, JEREMY | 16 BRADFORD RD NEWTON, MA 02461 | $250.00 | ATTORNEY | INFO REQ | Leone Jr, Gerard T. |
| 06/21/2007 | STERNBERG, JOSEPH | 60 E. 42RD STREET NEW YORK, NY 10165 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF, LLP | Speaker DiMasi's Committee for a Democratic House PAC |
| 06/21/2006 | STERNBERG, JOSEPH | 60 E. 42RD STREET NEW YORK, NY 10165 | $500.00 | ATTORNEY | LABATON SUCHAROW & RUDOFF, LLP | Speaker DiMasi's Committee for a Democratic House PAC |
| 05/16/2006 | Sternberg, Joseph | New York, NY 10028 | $500.00 | ATTORNEY | LABATON,SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 11/19/2007 | Sternberg, Joseph | New York, NY 10165 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 03/29/2006 | Sternberg, Joseph | New York, NY 10165 | $500.00 | Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 12/30/2005 | Sternberg, Joseph | New York, NY 10165 | $500.00 | Sent Letter | | Connolly, Joseph A. |
| 03/25/2005 | Sternberg, Joseph | New York, NY | $500.00 | Letter sent | | Cahill, |

| Date | Name | Address | Amount | Occupation | Employer | Recipient |
|------|------|---------|--------|------------|----------|-----------|
| 10/20/2004 | Sternberg, Joseph | 10165 New York, NY 10165 | $500.00 | 03/25/05 Letter sent 10/20/04 | | Timothy Cahill, Timothy |
| 05/22/2007 | Sternberg, Joseph | 2053 Beverly Way Merrick, NY 11566 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 10/23/2006 | Sternberg, Joseph | 2053 Beverly Way Merrick, NY 11566 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 05/15/2008 | Sternberg, Jospeh | 2053 Beverly Way Merrick, NY 11566 | $500.00 | Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 09/30/2004 | Sternberg, Linda | 18 Lovett Road Newton, MA 02459 | $250.00 | Early Childhood Consultant | Newton Public Schools | Reilly, Thomas F. |
| 09/12/2002 | Sternberg, Mary | 235 Walker St., #245 Lenox, MA 01240 | $25.00 | secretary | retired | Reich, Robert |
| 08/16/2002 | Sternberg, Mary | 235 Walker St., #245 Lenox, MA 01240 | $25.00 | secretary | retired | Reich, Robert |
| 11/30/2003 | Sternberg, Richard | 18 Lovett Road Newton, MA 02459 | $250.00 | CEO | The Triad Group | Reilly, Thomas F. |
| 10/15/2002 | Sternberg, Richard L. | 18 Lovett Road Newton, MA 02459 | $250.00 | Information Requested | Information Requested | O'Brien, Shannon P. |
| 05/15/2006 | STERNBERG, ROBERT | 1 LONGFELLOW PL Apt. 3810 BOSTON, MA 02114 | $1,000.00 | DEAN, SCHOOL OF ARTS & SCIENCES | TUFTS UNIVERSITY | Democratic State Committee, MA |

**Displaying Records 1 through 25 of 25**

---

Help                    Welcome Page                    Back to Contribution Search





# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions

Choose a delimiter: TAB    [ Export to File ]

Displaying Records 1 through 21 of 21

**Search Criteria:** Last Name (of Contributor) Like '%sucharow%';

**Sort Criteria:**

| Date | Name | Address | Amount | Occupation | Employer | To |
|------|------|---------|--------|------------|----------|-----|
| 12/05/2005 | SUCHAROW, FRANCES | 13 BENEDEK ROAD Princeton, NJ 08540 | $500.00 | HOUSEWIFE | | Bradley, Garrett J. |
| 08/10/2007 | SUCHAROW, Frances | 13 BENEDEK ROAD Princeton, NJ 08540 | $500.00 | HOUSEWIFE | AT HOME | Bradley, Garrett J. |
| 05/15/2006 | SUCHAROW, Frances | 13 BENEDEK ROAD Princeton, NJ 08540 | $500.00 | HOUSEWIFE | | Bradley, Garrett J. |
| 06/25/2007 | Sucharow, Frances | 13 Benedek Rd Princeton, NJ 08540 | $500.00 | Housewife | | Connolly, Joseph A. |
| 05/15/2008 | Sucharow, Frances | 13 Benedek Road Princeton, NJ 08540 | $500.00 | Housewife | Not Applicable | O'Brien, Thomas J. |
| 11/19/2007 | Sucharow, Frances | 13 Benedek Road Princeton, NJ 08540 | $500.00 | Homemaker | Homemaker | Cahill, Timothy |
| 05/22/2007 | Sucharow, Frances | 13 Benedek Road Princeton, NJ 08540 | $500.00 | Housewife | Not Applicable | O'Brien, Thomas J. |
| 03/29/2006 | Sucharow, Frances | 13 Benedek Road Princeton, NJ 08540 | $500.00 | Homemaker | Homemaker | Cahill, Timothy |
| 03/25/2005 | Sucharow, Frances | 13 Benedek Road Princeton, NJ 08540 | $500.00 | Letter Sent 03/25/05 | | Cahill, Timothy |
| 12/05/2005 | SUCHAROW, LAWRENCE | 13 BENEDEK ROAD | $500.00 | ATTORNEY | LABATON SUCHAROW | Bradley, Garrett |

| | | | | |
|---|---|---|---|---|
| | Princeton, NJ 08540 | | & RUDOFF LLP | J. |
| 08/10/2007 SUCHAROW, LaWrence | 13 BENEDEK ROAD Princeton, NJ 08540 | $500.00 ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 05/15/2006 SUCHAROW, LaWrence | 13 BENEDEK ROAD Princeton, NJ 08540 | $500.00 ATTORNEY | LABATON SUCHAROW & RUDOFF LLP | Bradley, Garrett J. |
| 10/24/2006 Sucharow, Lawrence | 13 Benedeck Road Princeton, NJ 08540 | $500.00 Attorney | Labaton, Sucharow & Rudoff | Nyman, Robert J. |
| 06/25/2007 Sucharow, Lawrence | 13 Benedek Rd Princeton, NJ 08540 | $500.00 Attorney | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 06/01/2006 Sucharow, Lawrence | 13 Benedek Rd Princeton, NJ 08540 | $500.00 Lawyer | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |
| 11/19/2007 Sucharow, Lawrence | 13 Benedek Rd Princeton, NJ 08540-2229 | $500.00 Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 03/29/2006 Sucharow, Lawrence | 13 Benedek Rd Princeton, NJ 08540-2229 | $500.00 Attorney | Labaton Sucharow & Rudoff, LLP | Cahill, Timothy |
| 05/15/2008 Sucharow, Lawrence | 13 Benedek Road Princeton, NJ 08540 | $500.00 Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 05/22/2007 Sucharow, Lawrence | 13 Benedek Road Princeton, NJ 08540 | $500.00 Attorney | Labaton, Sucharow & Rudoff LLP | O'Brien, Thomas J. |
| 03/25/2005 Sucharow, Lawrence | 13 Benedek Road Princeton, NJ 08540 | $500.00 Letter sent 03/25/05 | | Cahill, Timothy |
| 10/20/2004 Sucharow, Lawrence | 13 Benedek Road Princeton, NJ 08540 | $500.00 Letter sent 10/20/04 | | Cahill, Timothy |

**Displaying Records 1 through 21 of 21**

Help          Welcome Page          Back to Contribution Search




# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions

Choose a delimiter: TAB    [ Export to File ]

<< Previous 50 Records     Displaying Records 51 through 100 of 136     Next 36 Records >>

Search Criteria: Last Name (of Contributor) Like '%thornton%';
Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|---|---|---|---|---|---|---|
| 03/09/2007 | Thornton, Martin P | 15 Park Drive, Apt. 3 Boston, MA 02215 | $100.00 | | | Conley, Daniel F. |
| 04/25/2006 | THORNTON, MARY | 1780 BEACON STREET 3 BROOKLINE, MA 02445 | $200.00 | INFO REQUESTED | INFO REQUESTED | Patrick, Deval L. |
| 03/17/2006 | THORNTON, MARY | 28 WENDELL ST Cambridge, MA 02138 | $250.00 | CLERK | INFO REQUESTED | Patrick, Deval L. |
| 08/20/2002 | Thornton, Mary Pat | 6 Old Harvest Way Chilmark, MA 02535 | $250.00 | request by mail | request by mail | Reich, Robert |
| 05/26/2006 | THORNTON, MELISSA | 987 SALEM ST Malden, MA 021484515 | $50.00 | | | Patrick, Deval L. |
| 06/21/2007 | THORNTON, MICHAEL | 100 SUMMER ST, 30TH FL. BOSTON, ma 02110 | $500.00 | ATTORNEY | THORNTON & NAUMES | Speaker DiMasi's Committee for a Democratic House PAC |
| 09/19/2007 | THORNTON, MICHAEL | 100 SUMMER ST, 30TH FLOOR BOSTON, MA 02110 | $500.00 | INFO REQUESTED | | Murphy, Charles A. |
| 05/22/2006 | THORNTON, MICHAEL | 100 SUMMER | $100.00 | | | Leone Jr, Gerard T. |

| | ST. 30TH FLOOR BOSTON, MA 02110 | | | | |
|---|---|---|---|---|---|
| 05/25/2007 THORNTON, MICHAEL | 100 SUMMER ST 30TH FLOOR BOSTON, MA 02110 | $2,000.00 | ATTORNEY | THORNTON & NAUMES | Democratic State Committee, MA |
| 02/23/2005 THORNTON, MICHAEL | 100 SUMMER STREET, 30TH FLOOR BOSTON, MA 02110 | $100.00 | | | Monahan, Stacey |
| 06/28/2006 THORNTON, MICHAEL | 100 SUMMER STREET, 30TH FLOOR BOSTON, MA 02110 | $250.00 | ATTORNEY | THORNTON & NAUMES | McCarthy, Allen J. |
| 12/26/2005 THORNTON, MICHAEL | 26 EATON COURT WELLESLEY, MA 02481 | $500.00 | ATTORNEY | THORNTON AND NAUMES | Peisch, Alice Hanlon |
| 05/24/2007 THORNTON, MICHAEL | 26 EATON CT WELLESLEY, MA 02481 | $500.00 | ATTORNEY | THORTON AND NAUMES | Patrick, Deval L. |
| 09/08/2006 THORNTON, MICHAEL | 26 EATON CT Wellesley, MA 02481 | $500.00 | ATTORNEY | INFO REQ | Patrick, Deval L. |
| 11/27/2006 THORNTON, MICHAEL | 26 EATON CT Wellesley, MA 02481 | $4,500.00 | ATTORNEY | TEN LAW | Democratic State Committee, MA |
| 10/03/2004 Thornton, Michael | needed Boston, MA 02101 | $500.00 | Lawyer | Thornton and Naumes | Purinton, Timothy A. |
| 01/04/2002 Thornton, Michael | Thornton, Early & Naumes Boston, MA 02110 | $500.00 | attorney | Thornton, Early & Naumes | Grossman, Steven |
| 09/20/2004 Thornton, Michael | 100 Summer St. 30th Flr Boston, MA 02110 | $100.00 | attorney | Thornton & Naumes LLP | Canavan, Christine E. |
| 01/06/2004 Thornton, Michael | 100 Summer St. 30th Flr Boston, MA | $250.00 | attorney | Thornton & Naumes LLP | Canavan, Christine E. |

| Date | Contributor | Address | Amount | | Employer | Name |
|------|------|------|------|------|------|------|
| | | 02110 | | | | |
| 12/30/2005 | Thornton, Michael | 100 Summer St 30th Fl Boston, MA 02110 | $500.00 | Lawyer | Thornton & Naumes | Connolly, Joseph A. |
| 04/30/2002 | Thornton, Michael | 100 Summer St. Boston, MA 02110 | $500.00 | Attorney | Thornton and Nanes LLP | Atkins, Cory |
| 06/25/2007 | Thornton, Michael | 100 Summer St Boston, MA 02110 | $500.00 | 2nd Letter Sent | | Connolly, Joseph A. |
| 11/03/2002 | Thornton, Michael | 100 Summer st Boston, MA 02110 | $500.00 | Attorney | Thornton & Naumes | Cahill, Timothy |
| 11/19/2007 | Thornton, Michael | 100 Summer St Boston, MA 02110-2106 | $500.00 | Info Requested | Thornton & Naumes | Cahill, Timothy |
| 03/29/2006 | Thornton, Michael | 100 Summer St Boston, MA 02110-2106 | $500.00 | Info Requested | Thornton & Naumes | Cahill, Timothy |
| 01/10/2004 | Thornton, Michael | 100 Summer St., 30th Fl. Boston, MA 02110 | $500.00 | Attorney | Thornton & Naumes | Travaglini, Robert E. |
| 12/15/2003 | Thornton, Michael | 100 Summer St., 30th Fl. Boston, MA 02110 | $500.00 | Attorney | Thornton & Naumes | Travaglini, Robert E. |
| 10/25/2002 | Thornton, Michael | 100 Summer St. 30th Fl Boston, MA 02110 | $500.00 | Attorney | Thornton & Naumes | Gabrieli, Christopher |
| 12/31/2003 | Thornton, Michael | 100 Summer St. 30th floor Boston, MA 02110 | $500.00 | letter sent | letter sent | Coughlin, Robert |
| 05/17/2008 | Thornton, Michael | 100 Summer Street - 30th Floor Boston, MA | $500.00 | Attorney | Thornton & Naumes | O'Brien, Thomas J. |
| 05/22/2007 | Thornton, Michael | 100 Summer Street - | $500.00 | Attorney | | Thornton & O'Brien, |

| | 30th Floor Boston, MA | | | Naumes | Thomas J. |
|---|---|---|---|---|---|
| 10/23/2006 Thornton, Michael | 100 Summer Street - 30th Floor Boston, MA | $500.00 | Attorney | Thornton & Naumes | O'Brien, Thomas J. |
| 09/29/2005 Thornton, Michael | 100 Summer Street Boston, MA 02110 | $500.00 | Attorney | Thornton, Early and Naumes | Atkins, Cory |
| 02/24/2004 Thornton, Michael | 100 Summer Street Boston, MA 02110 | $500.00 | Attorney | Thornton, Early and Naumes | Atkins, Cory |
| 02/19/2005 Thornton, Michael | 100 Summer Street, 30th Floor Boston, MA 02110 | $500.00 | Attorney | Thornton and Nanes LLP | Forry, Linda Dorcena |
| 08/30/2006 Thornton, Michael | 26 Eaton Court Wellesley, MA 02481 | $500.00 | Lawyer | Thornton & Naumes | Gabrieli, Christopher |
| 11/16/2006 Thornton, Michael | 26 Eaton CT Wellesley, MA 02481 | $500.00 | Attorney | Thorton and Naumes | Murray, Timothy P. |
| 11/03/2006 Thornton, Michael | 26 Eaton Ct Wellesley, MA 02481 | $250.00 | Attorney | Self | Coakley, Martha |
| 11/18/2005 THORNTON, MICHAEL P. | 100 SUMMER STREET, 30TH FLOOR Boston, MA 02110 | $500.00 | ATTORNEY | THORNTON & NAUMES | Bradley, Garrett J. |
| 12/22/2003 THORNTON, MICHAEL P. | 100 SUMMER STREET, 30TH FLOOR Boston, MA 02110 | $500.00 | ATTORNEY | THORNTON & NAUMES | Bradley, Garrett J. |
| 05/03/2006 Thornton, Michael, P. | 100 Summer Street, 30th Floor Boston, MA 02110 | $500.00 | Attorney | Thornton Naumes | Galvin, William C. |
| 06/01/2006 Thornton, Michael P | 100 Summer St 30th Fl | $500.00 | Lawyer | Labaton Sucharow & Rudoff LLP | Connolly, Joseph A. |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | Boston, MA 02110 |  |  |  |  |
| 04/24/2002 Thornton, Michael P. | 1 Devonshire Place #2006 Boston, MA 02109 | $500.00 | partner | Thornton, Early, Naumes | Birmingham, Thomas F. |
| 05/05/2004 Thornton, Michael P. | 100 Summer St. Boston, MA 02110 | $500.00 | Attorney | Thornton & Naumes | Finegold, Barry R. |
| 03/04/2003 Thornton, Michael P. | 100 Summer St. 30th Floor Boston, MA 02110 | $500.00 | Partner | Thornton, Early, Naumes | Atkins, Cory |
| 05/10/2004 Thornton, Michael P. | 100 Summer St., 30th Flr. Boston, MA 02110 | $500.00 | Attorney | Thornton & Naumes,LLP | St. Fleur, Marie |
| 05/13/2003 Thornton, Michael P. | 100 Summer St., 30th Flr. Boston, MA 02110 | $500.00 | Attorney | Thornton & Naumes,LLP | St. Fleur, Marie |
| 04/05/2007 Thornton, Michael P. | 100 Summer Street Boston, MA 02110 | $500.00 | Attorney | Thornton & Naumes, LLP | Galvin, William F. |
| 06/02/2004 Thornton, Michael P. | 100 Summer Street, 30th Fl. Boston, MA 02110 | $500.00 | Attorney | Thornton Naumes | Galvin, William C. |
| 12/17/2003 Thornton, Michael P. | 100 Summer Street, 30th Fl. Boston, MA 02110 | $500.00 | Attorney | Thornton Early & Naumes LLP | Khan, Kay S. |

<< Previous 50 Records          **Displaying Records 51 through 100 of 136**          Next 36 Records >>

Help                          Welcome Page                          Back to Contribution Search



# OCPF Electronic Filing & Campaign Disclosure System

## Results of Search for Contributions



Choose a delimiter:  TAB    [ Export to File ]

<< Previous 50 Records          Displaying Records 101 through 136 of 136

Search Criteria: Last Name (of Contributor) Like '%thornton%';
Sort Criteria:

| Date | Name | Address | Amount | Occupation | Employer | To |
|---|---|---|---|---|---|---|
| 03/25/2005 | Thornton, Michael P. | 100 Summer Street, 30th Floor Boston, MA 02110 | $500.00 | Letter sent 03/25/05 | | Cahill, Timothy |
| 10/20/2004 | Thornton, Michael P. | 100 Summer Street, 30th Floor Boston, MA 02110 | $500.00 | Letter sent 10/20/04 | | Cahill, Timothy |
| 06/07/2004 | Thornton, Michael P. | 100 Summer Street, 30th Floor Boston, MA 02110 | $500.00 | Attorney | Thornton & Naumes | Hart Jr., John A. |
| 07/31/2002 | Thornton, Michael P. | 100 Summer Street, 30th Floor Boston, MA 02110 | $500.00 | Attorney | Thorton & Naumes | O'Brien, Shannon P. |
| 07/15/2002 | Thornton, Michael P. | 26 Eaton Court Wellesley, MA 02481 | $250.00 | Attorney | Thornton & Naumes LLP | Joyce, Brian A. |
| 04/01/2004 | Thornton, Michael P. | 26 Eaton Court Wellesley, MA 02481 | $500.00 | Attorney | Thornton & Naumes, LLP | Peisch, Alice Hanlon |
| 07/10/2006 | Thornton, Paul | 544 Haverhill St. Reading, MA 01867 | $200.00 | State Police | Mas. | Hargraves, Robert S. |

# EXHIBIT H

# POLICEMEN'S ANNUITY
### AND
# BENEFIT FUND
## OF CHICAGO, ILLINOIS



## ANNUAL REPORT

for the year ended December 31, 2006



## PROFESSIONAL STAFF

**Executive Director**
John J. Gallagher, Jr.

**Comptroller**
Charles A. McLaughlin, CPA

**Assistant Comptroller**
Pacifico V. Panaligan, CPA

---

INVESTMENT
MANAGERS

**ABR Chesapeake**
**Adams Street Partners**
**Ariel Capital Management**
**Artisan Partners**
**Capital Guardian Trust Co.**
**Chancellor**
**Channing Capital**
**Chicago Equity Partners**
**Cordillera Asset Management**
**Dearborn Partners**
**Denali Advisors**
**DV Urban Realty**
**Great Lakes Advisors**
**HarbourVest Partners, L.L.C.**
**Harris Investment Management**
**Holland Capital Management**
**Invesco Capital Management**
**JP Morgan Fleming Asset Management**
**LM Capital Group**
**McKinley Capital Management**
**Mesirow**
**Montag & Caldwell**
**Muller & Monroe**
**Morgan Stanley Prime Property**
**Northern Trust Global Investments**
**Piedmont Investment Advisors**
**Piedra Capital Ltd.**
**Quadrant Real Estate Advisors**
**Taplin, Canida & Habacht**
**UBS Global Asset Management, Inc.**
**Wellington Management Company**
**Wells Capital Management**
**William Blair & Company**
**Zenna Financial Services**

PROFESSIONAL
CONSULTANTS

**Legal Advisor**
David R. Kugler, Esquire

**Medical Advisor**
S. David Demorest, M.D.

**Investment Consultants**
Ennis, Knupp and Associates
Courtland Partners Ltd

**Consulting Actuary**
Gabriel Roeder Smith & Co.

**Auditor**
Hill, Taylor L.L.C.

**Master Custodian**
The Northern Trust Company

**Commercial Bank**
Chase

---

Table of Contents                                 Page

Introductory Section ....................... ....................1

Executive Director Report.... ...............................2

Financial Section.. .. ............... ...........................6

Actuarial Section .....................................................25

Investment Section............. ...............................34

# EXHIBIT I

424B4 1 d424b4.htm PROSPECTUS

Table of Contents

Filed pursuant to Rule 424(b)(4)
Registration No. 333-143395

**97,379,765 Shares**



**Common Shares**

This is the initial public offering of common shares of MF Global Ltd. All of the common shares are being sold by a subsidiary of Man Group plc, our parent company, and we will not receive any proceeds from the sale of these common shares.

Prior to this offering, there has been no public market for our common shares. Our common shares have been approved for listing on the New York Stock Exchange under the symbol "MF". The initial public offering price is $30.00 per share.

*Investing in our common shares involves significant risks. See "Risk Factors" beginning on page 15 of this prospectus to read about factors you should consider before buying our common shares.*

Neither the Securities and Exchange Commission nor any state securities commission has approved or disapproved of these securities or determined if this prospectus is truthful or complete. Any representation to the contrary is a criminal offense.

|  | Per Share | Total |
|---|---|---|
| Public offering price | $ 30.00 | $ 2,921,392,950 |
| Underwriting discount | $ 0.90 | $ 87,641,789 |
| Proceeds, before expenses, to Man Group | $ 29.10 | $ 2,833,751,161 |

The underwriters may also purchase up to an additional 9,737,977 common shares from a subsidiary of Man Group plc at the public offering price, less the underwriting discount, within 30 days after the date of this prospectus.

The underwriters expect to deliver the shares against payment in New York, New York on or about July 24, 2007.

**Citi    JPMorgan    Lehman Brothers    Merrill Lynch & Co.    UBS Investment Bank**

**Credit Suisse    Deutsche Bank Securities    Goldman, Sachs & Co.    Morgan Stanley**

| ABN AMRO Rothschild LLC | Banc of America Securities LLC | BMO Capital Markets |
|---|---|---|
| HSBC    Keefe, Bruyette & Woods | Sandler O'Neill + Partners, L.P. | Wachovia Securities |

The date of this prospectus is July 18, 2007.

# EXHIBIT J

# MF GLOBAL LTD
Movants Register and Transaction Report

Page 1

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|
| Detroit General Ret. Sys. | 7/18/2007 | 4,300 | $ 30.00 | $ 129,000.00 | 7/27/2007 | 4,300 | $ 25.49 | $ 109,607.00 | |
| | 7/18/2007 | 1,300 | $ 30.00 | $ 39,000.00 | 8/7/2007 | 1,300 | $ 26.00 | $ 33,800.00 | |
| | 7/18/2007 | 7,200 | $ 30.00 | $ 216,000.00 | 10/24/2007 | 7,200 | $ 29.63 | $ 213,336.00 | |
| | 7/18/2007 | 48,900 | $ 30.00 | $ 1,467,000.00 | | | | | |
| | 8/10/2007 | 2,000 | $ 24.70 | $ 49,400.00 | | | | | |
| | 8/13/2007 | 8,900 | $ 24.97 | $ 222,233.00 | | | | | |
| | 8/14/2007 | 4,900 | $ 24.24 | $ 118,776.00 | | | | | |
| | 8/15/2007 | 4,900 | $ 23.96 | $ 117,404.00 | | | | | |
| | 11/16/2007 | 600 | $ 28.22 | $ 16,932.00 | | | | | |
| TOTALS: | | 83,000 | | $ 2,375,745.00 | | 12,800 | | $ 356,743.00 | $ (728,024.00) |

**Explanatory notes**

The total estimated damages of each Proposed Lead Plaintiff has been calculated in the following manner:

1) Common stock sold within the Class Period:
Damages with respect to shares sold within the Class Period have been based upon each proposed lead plaintiff's actual loss. Each Proposed Lead Plaintiff's actual loss has been offset by any gain realized by plaintiff as a result of sales made within the Class Period.

2) Common stock still held:
Purchase price of MF Global Ltd. common stock still held, minus the closing price of MF Global Ltd. common stock on 3/6/08 ($18.39) multiplied by the number of shares held.

3) Common stock sold after the Class Period:
For shareholders who sold their shares after the end of the Class Period, their actual (non statutory) losses were calculated.

4) All calculations have been performed using the First-In-First-Out ("FIFO") method of matching trades.

5) All losses have been calculated exclusive of costs, commissions and fees.

# EXHIBIT K

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re
CNL HOTELS & RESORTS, INC.
Securities Litigation

Case No. 6:04-cv-1231-Orl-31KRS

(Consolidated with 6:04-cv-1341-Orl-19JGG)

## ORDER

This is a consolidated securities class action against CNL Hotels & Resorts, Inc., et al. (CNL). Two classes are asserted: (a) all persons who were entitled to vote on the proxy statement filed with the SEC on May 7, 2004 (the "Proxy Class"); and (b) all persons who purchased or otherwise acquired securities pursuant to CNL's prospectuses and registration statements (the "Purchaser Class"), between August 16, 2001 and August 16, 2004 (the "Class Period"), who suffered damages as a result of the actions complained of.

Three shareholders ("Movants") have moved, pursuant to 11 U.S.C. § 77z-1(a)(3), for appointment (collectively) as lead Plaintiff. These shareholders, and their respective purchases of CNL stock are:

(1)    The Policemen and Firemen Retirement System of the City of Detroit ("Detroit P&F) purchased 1,587,302 shares in February 2001 at $9.45 per share for a total investment of $15,000,000;

(2)     Macomb County Employees' Retirement System ("Macomb County ERS")

purchased 797,872.34 shares in September 2000 at $9.40 per share for a total investment of

$7,500,000; and

(3)     The Elizabeth Hawkins Barack Revocable Living Trust (the "Barack Trust")

purchased 4,200 shares in June 2002 at $10 per share for a total investment of $42,000.

Detroit P&F and Macomb County ERS are both members of the Michigan Association of

Public Employee Retirement Systems and purchased their CNL stock through the same broker.

Detroit P&F has served as a representative for a class in five actions filed under the federal

securities laws during the last three years.  It is the only shareholder alleged to have been entitled

to vote on the proxy.  There are no competing claims for lead Plaintiff status.[1]

In accordance with the Private Securities Litigation Reform Act of 1995 (the "PSLRA"),

the Court is called upon to appoint as lead Plaintiff the member or members of the purported

Plaintiff Class that the Court determines to be most capable of adequately representing the

interests of Class members.  15 U.S.C.  77z-1(a)(3)(B).  Guidance in this regard is provided by 15

U.S.C.  77z-1(a)(3)(B)(iii).  Generally, the Court is directed to favor the Plaintiff who filed the

Complaint or Motion, has the largest financial interest in the case and otherwise satisfies the

requirements of Fed.R.Civ.P. 23.

Here, both Detroit P&F and Macomb County ERS have a substantial financial stake in the

outcome of this litigation and have moved for lead plaintiff status.  However, neither shareholder

purchased their CNL stock during the Class period and would thus have difficulty satisfying the

---

[1]Defendants concede that they have no standing to oppose this Motion.

requirements of Rule 23. Moreover, Detroit P&F runs afoul of the "professional plaintiff" provision of Section 77z-1(3)(B)(vi) of the Act. The Barack Trust has a relatively small investment and is not alleged to be included in the Proxy Class.

Accordingly, the Court finds that Movants are not capable of adequately representing the interests of the Class. It is, therefore

**ORDERED** that the Motions of Detroit P&F Group for appointment as lead Plaintiff (Doc. 28 in Case No. 6:04-cv-1231-Orl-31KRS and Doc. 11 in Case No. 6:04-cv-1341-ORL-31JGG) are DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 10, 2004.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

-3-

# EXHIBIT L



# EXHIBIT M

KIRBY McINERNEY LLP
Ira M. Press (IP 5313)
Peter S. Linden (PL 8945)
830 Third Avenue, 10th Floor
New York, NY  10022
(212) 371-6600

*Attorneys for Movant, Police and Fire Retirement
System of the City of Detroit*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILLIP J. BARKETT, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>   v.<br><br>SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY,<br><br>            Defendants. | Civil Action No. 08 CIV 2495 |
| HAROLD OBERKOTTER, Individually and On Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>   v.<br><br>SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and ROBERT A. DAY,<br><br>            Defendants. | No. 08 CIV 2901 |

**NOTICE OF MOTION OF THE POLICE AND FIRE RETIREMENT SYSTEM OF THE
CITY OF DETROIT TO CONSOLIDATE RELATED ACTIONS, APPOINT LEAD
PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

CITY OF TAYLOR EMPLOYEES RETIREMENT
SYSTEM, Individually and On Behalf of All Others
Similarly Situated,

                 Plaintiff,

     v.

SOCIÉTÉ GÉNÉRALE, DANIEL BOUTON, and
ROBERT A. DAY,

              Defendants.

No. 08 CIV 2752

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, The Police and Fire Retirement System of the City of Detroit ("PFRS") hereby moves this Court before The Honorable Gerard E. Lynch, Courtroom 6B, United States Courthouse, 500 Pearl Street, New York, NY 10007, under Fed R. Civ. P. 42 and §21(D) et seq. of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an order (i) consolidating the above-captioned related actions, (ii) appointing PFRS as Lead Plaintiff; and (iii) approving Lead Plaintiff's selection of Kirby McInerney LLP as Plaintiff's Lead Counsel for the Class.

This motion is brought pursuant to the Securities Exchange Act of 1934 as amended by the PSLRA.

This motion is made on the ground that good cause exists for the granting of the Order sought. This motion is based on this notice, the accompanying memorandum of laws, Affidavit of Ira M. Press, and the Court's complete files and records in the above-captioned actions, as well as such further argument as the Court may allow at the hearing on this motion.

Dated:        May 12, 2008

Respectfully submitted,

**KIRBY McINERNEY LLP**

By:        _Ira Press_

Ira M. Press (IP 5313)
Peter S. Linden (PL 8945)
830 Third Avenue, 10th Floor
New York, NY  10022
Tel: (212) 371-6600

*Proposed Lead Counsel*

# EXHIBIT N



**Bloomberg.com**

# Yahoo Board Violated Duty in Microsoft Bid, Suit Says (Update1)

By Phil Milford

May 16 (Bloomberg) -- Directors of **Yahoo! Inc.**, operator of the second-most popular Web search site, were accused in a revised lawsuit of violating duties to shareholders by rejecting a $47.5 billion bid from **Microsoft Corp.**

Lawyers for two Detroit retirement funds contend the board and co-founders **Jerry Yang** and **David Filo** deprived shareholders of the opportunity to receive ``a 72 percent premium,'' according to an amended complaint made public today in Delaware Chancery Court in Wilmington. The original suit was filed Feb. 21.

``The board made no effort to protect Yahoo shareholders from the known threat that Yang's deep hostility toward Microsoft would undermine good faith negotiations,'' according to the suit. Filo and Yang ``conspired'' to block the deal, the shareholders claim.

Microsoft, the world's largest software company, dropped its bid for Yahoo this month because the two couldn't agree on a price. Microsoft Chief Executive Officer **Steve Ballmer** was willing to pay $33 a share to help it compete with top search site **Google Inc.**, while Sunnyvale, California-based Yahoo CEO Yang wanted $37.

Billionaire investor **Carl Icahn** said May 15 that he owns 10 million Yahoo shares and has options to buy 49 million more. He endorsed the takeover bid by Redmond, Washington-based Microsoft and accused Yahoo's board of botching the deal.

Hedge Fund Stake

Paulson & Co., a New York-based hedge fund, has bought a 3.6 percent stake in Yahoo and says it will support Icahn in his bid to revive takeover talks.

Yahoo spokeswoman **Tracy Schmaler** didn't immediately return a call seeking comment on the allegations in the lawsuit.

The shareholders asked in the lawsuit for an order to prohibit Yahoo's use of defensive mechanisms including a poison-pill shareholder rights plan and an order to eliminate Yahoo's potentially expensive employee severance plan. They also seek unspecified damages.

In a letter today to Judge **William B. Chandler III**, shareholders' lawyer **Joel Friedlander** asked that some confidential documents in the case, as well as blanked-out portions of the amended complaint, be made public.

Friedlander said Yahoo's insistence on secrecy is an ``attempt to whitewash embarrassing documents.''

Talk Details

Among the redactions, Friedlander wrote, are details of discussions between Yang and Ballmer; the possible cost of Yahoo severance plans for employees in case of a takeover; and comments by senior executives and compensation advisers.

**Yahoo** rose 89 cents to $27.66 in Nasdaq Stock Market trading at 4 p.m. The stock has risen 18 percent this year.

**Microsoft** dropped 46 cents to $29.99. The stock has fallen 15 percent this year.

The case is Police and Fire Retirement System of the City of Detroit v. Yahoo, CA3561, Delaware Chancery Court (Wilmington).

To contact the reporter on this story: **Phil Milford** at pmilford@bloomberg.net.

*Last Updated: May 16, 2008 17:10 EDT*

# EXHIBIT O

EFiled: Mar 28 2008 10:29AM EDT
Transaction ID 19165662
Case No. Multi-case

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>THE BEAR STEARNS COMPANIES INC., HENRY S. BIENEN, JAMES E. CAYNE, CARL D. GLICKMAN, MICHAEL GOLDSTEIN, ALAN C. GREENBERG, DONALD J. HARRINGTON, FRANK T. NICKELL, PAUL A. NOVELLY, FREDERIC V. SALERNO, ALAN D. SCHWARTZ, VINCENT TESE, and WESLEY S. WILLIAMS, JR.,<br><br>Defendants. | : : : : : : : : : : : : : : : : : : : : : : : : | C.A. No. 3638-VCP |
| WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM, individually, and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JAMES E. CAYNE, ALAN D. SCHWARTZ, HENRY S. BIENEN, CARL D. GLICKMAN, MICHAEL GOLDSTEIN, ALAN C. GREENBERG, DONALD J. HARRINGTON, FRANK T. NICKELL, PAUL A. NOVELLY, FREDERIC V. SALERNO, VINCENT TESE, WESLEY S. WILLIAMS, JR., THE BEAR STEARNS COMPANIES, INC. and JPMORGAN CHASE & CO.<br><br>Defendants. | : : : : : : : : : : : : : : : : : : : : : | C.A. No. 3643-VCP |

## MOTION FOR CONSOLIDATION AND APPOINTMENT
## OF PLAINTIFFS' CO-LEAD COUNSEL

Pursuant to Court of Chancery Rule 42, Plaintiffs, The Police and Fire Retirement System of the City of Detroit and Wayne County Employees' Retirement System ("Plaintiffs"), by and through their undersigned counsel, hereby move the Court for an Order in the form attached hereto for: (1) Consolidation of these actions (2) appointment of Plaintiffs The Police and Fire Retirement System of the City of Detroit and Wayne County Employees' Retirement System as Co-Lead Plaintiffs and Plaintiffs' counsel Chimicles & Tikellis LLP, One Rodney Square, Post Office Box 1035, Wilmington, Delaware 19899; Kohn Swift & Graf, PC, One South Broad Street, Suite 2100, Philadelphia, Pennsylvania 19107; The Miller Law Firm, P.C., 950 West University Drive, Suite 300, Rochester, Michigan 48307; and Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, New York 10016, as Co-Lead Counsel; and (3) approval of the law firm of Chimicles & Tikellis LLP as Delaware Liaison Counsel. The grounds for this motion are as follows:

1.    The above-captioned actions involve similar challenges to the same conduct and transactions. The administration of justice would best be served by consolidating the actions.

2.    In accordance with the foregoing, Plaintiffs respectfully request that this Court enter an Order which provides for: (1) consolidation of the above-captioned actions and (2) the appointment of Plaintiffs as Co-Lead Plaintiffs and Plaintiffs' counsel in these actions as Co-Lead and Liaison Counsel as set forth above and in the proposed form of Order filed herewith.

DATED: March 28, 2008

CHIMICLES & TIKELLIS LLP

*[signature]*

Pamela S. Tikellis (#2172)
Robert J. Kriner (#2546)
A. Zachary Naylor (#4439)
Meghan A. Adams (#4981)
One Rodney Square
P.O. Box 1035
Wilmington, DE 19899
(302) 656-2500

*Attorneys for Plaintiffs*

OF COUNSEL:

Kohn Swift & Graf, PC
Joseph C. Kohn
Denis F. Sheils
William E. Hoese
One South Broad Street, Suite 2100
Philadelphia, PA 19107
(215) 238-1700

Wolf Haldenstein Adler
  Freeman & Herz LLP
Gregory M. Nespole
Malcolm T. Brown
270 Madison Avenue
New York, NY 10016
(212) 545-4600

*Attorneys for Plaintiff The Trustees of the
Police and Fire Retirement System of the
City of Detroit*

David H. Fink
Brian E. Etzel
Jayson E. Blake
The Miller Law Firm, P.C.
950 West University Drive
Suite 300
Rochester, MI 48307
(248) 841-2200

*Attorneys for Plaintiff Wayne County*
*Employees' Retirement System*