

**Barrack, Rodos & Bacine**
A Professional Corporation
Attorneys At Law

August 11, 2008

Philadelphia
San Diego
New York
New Jersey

Mark R. Rosen
mrosen@barrack.com

**VIA HAND DELIVERY**

Honorable Victor Marrero
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Suite 660
New York, New York 10007-1312



    RE:   Michael Rubin, et al., v. MF Global, Ltd., et al. 08 Civ.02233 (VM)

Dear Judge Marrero:

    We are Co-Lead Counsel for the Lead Plaintiffs and write pursuant to your Honor's Individual Rules to request a pre-motion conference in advance of moving for an extension of the 120 day period to serve the Summons and Complaint against certain defendants named in one of the consolidated matters. Five separate cases were consolidated into the present action. Among those cases, there are eighteen named defendants. Nine of these defendants were timely served with the Complaint.[1] Four defendants were served one day late[2] (the "Untimely Served Defendants") and five defendants have not yet been served[3] ("the Unserved Defendants").

    Rule 4 provides that if service is not timely made, the Court has the discretion to direct that service be effected within a specific time. *See Zapata v. City of New York*, 502 F.3d 192, 195 (2d. Cir. 2007). If the plaintiff has shown good cause, then the court shall extend time for service. FED. R. CIV. P. 4(m). The Second Circuit is explicit in its finding that "courts have the discretion to grant extensions even in the absence of good cause." *Zapata* at 196. The rationale for allowing extensions of time is to make certain that potentially meritorious claims are decided on the merits. *Almonord v. Kingsbrook Jewish Med. Ctr.*, 2007 WL 2324961 at *13 (E.D.N.Y 2007).

---

[1] *See* Stipulation and Order Adjourning The Time for the MF Global Defendants to Answer, Move to Dismiss or Otherwise Respond to the Complaint., SO ORDERED by Your Honor on April 2, 2008 (attached hereto as Exhibit 1). *See also* Return of Service on UBS Securities LLC, affirming that service was effected on UBS on July 16, 2008 (attached hereto as Exhibit 2).

[2] *See* Return of Service for (1) Merrill Lynch, Pierce, Fenner & Smith, (2) Lehman Brothers, Inc., (3) J.P. Morgan Securities Inc., and (4) Citigroup Global Markets, Inc., affirming that service was effected on these entities on July 18, 2008 (attached hereto as Exhibit 3). The Complaint naming these defendants was filed on March 19, 2008.

[3] They include (1) Credit Suisse Securities (USA) LLC, (2) Goldman, Sachs & Co., (3) Morgan Stanley and Co., Inc., and (4) Deutsche Bank Securities, Inc. The fifth unserved defendant is a foreign company and specifically excluded from the 120 day service requirement by Rule 4(m).

3300 Two Commerce Square   *   2001 Market Street   *   Philadelphia, PA 19103
Telephone 215.963.0600   *   Facsimile 215.963.0838
www.barrack.com

61797



*Barrack, Rodos & Bacine*

Hon. Victor Marrero
August 11, 2008
Page 2

      The existence of good cause is dependant on whether the plaintiff exercised reasonable efforts to effect service, and considers whether the defendant is prejudiced by the delay. *Motel 6 Sec. Litig. Redtail Leasing, Inc.*, 1995 WL 431326 at *2 (S.D.N.Y. 1995) (determination of "good cause" should be construed liberally). The present case is a consolidated action with a large number of defendants. The delay in service occurred as a result of litigating a case governed by the PSLRA, in which numerous underlying complaints are first filed and then 60 days after the announcement of the first filed action, plaintiffs and other members of the class file for appointment as lead plaintiff and approval of their selection of lead counsel.[4] As permitted by the PSLRA, the court-appointed Lead Plaintiffs here had not previously filed a complaint and, therefore, were not in a position to even attempt service of any complaint prior to their appointment on June 23, 2008. Moreover, the plaintiffs in the underlying actions have taken steps to effect service, as thirteen defendants have already been served. As to the Untimely Served Defendants, process was effected on July 18, 2008, missing the 120 day deadline by one day. The Lead Plaintiffs are also currently attempting to serve the Unserved Defendants. More importantly, neither set of Defendants have suffered <u>any</u> prejudice as a result of the delay, as late service does not impair a defendant's ability to defend the case on the merits. *Nat'l Union Fire Ins. Co., of Pittsburg, P.A. v. Barney Assocs.*, 130 F.R.D 291, 294 (S.D.N.Y. 1990).

      In considering whether to grant discretionary relief, *In re Comverse*, 543 F. Supp.2d at 145, sets out certain factors the court may consider – all of which support an extension here:(1) whether the applicable statute of limitations would bar a re-filed action. In this case, the statute of limitations is not a bar; (2) whether the defendant had actual notice of the claims asserted in the complaint. The Untimely Filed Defendants have notice, albeit one day late, of the claims. As to the Unserved Defendants, Lead Plaintiffs are in the process of effectuating service, and suspect that they, too, are already aware of the pendency of this litigation, especially in view of the public announcement of the commencement of this litigation and the cooperative relationship normally found among underwriters involved in a public offering; (3) whether defendants attempted to conceal the defect in service. This is not applicable here. (4) whether the defendants would be prejudiced. In the instant case, neither set of Defendants would be prejudiced by the extension. *See Almonord* at *13 (finding no prejudice when service was effected 23 days after the 120 day period).

      Accordingly, we request permission to move for an Order extending the time to serve Defendants with the Summons and Complaint.

                                   Respectfully submitted,

---

[4] *In re Comverse Tech., Inc., Secs. Litig.*, 543 F. Supp.2d 134, 147 (E.D.N.Y. 2008) contemplates the difficulties inherent in litigating complex securities cases under the PSLRA and grants the plaintiff a discretionary extension.

*Barrack, Rodos & Bacine*

Hon. Victor Marrero
August 11, 2008
Page 3

*Mark R.*   
Mark R. Rosen
Barrack Rodos & Bacine

Carol V. Gilden / MRR with permission
Carol V. Gilden
Cohen Milstein Hausfeld & Toll, P.L.L.C.

Co-Lead Counsel for Lead Plaintiffs

cc: Attached Service List

> Request GRANTED. The time for plaintiffs to serve defendants with the summons and complaint in this action is extended for a period of 30 days from the date of its current expiration.
>
> SO ORDERED:
>
> 8-25-08
> DATE           VICTOR MARRERO, U.S.D.J.

61797