# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL RUBIN, | : |
| Plaintiff, | : |
| v. | : Case No. 08 Civ. 2233 (VM) |
| MF GLOBAL, LTD., et al., | : |
| Defendants. | : |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This stipulation and agreement of settlement (the "Stipulation" or "Settlement") is made and entered into by and between the Iowa Public Employees' Retirement System ("IPERS"), the Policemen's Annuity & Benefit Fund of Chica go ("PABF"), the Central States, Southeast and Southwest Areas Pension Fund ("Central States "), and the State-Boston Retirement Syste m ("State-Boston") (collectively, "Lead Plaintiffs"), on behalf of th emselves and the putative Class (defined below), and MF Global Holdings Ltd. (formerly known as MF Global, Ltd.) ("MF Global" or the "Company"), Man Group plc ("Man Group"), Man Group UK Ltd. ("Man UK"), the Individual Defendants (defined below) and the Underwriter Defendants (defined below, and together with the Com pany, Man Group, Man UK, and th e Individual Defendants, the "Settling Defendants").

**WHEREAS:**

A.     All words or te rms used here in that are capitalized shall have the meaning ascribed to those words or terms as set forth herein and in ¶1 hereof entitled "Definitions."

B.      Beginning on March 6, 2008, a series of proposed class actions were filed against the Settling Defendants in the United States District Court for the Southern District of New York (the "Court"). On March 31, April 7, April 9 and April 15, 2008 the Court issued orders consolidating these cases into the present Litigation.

C.      On June 23, 2008, the Court appointed        Lead  Plaintiffs and approved their selection of Barrack Rodos & Bacine and Cohe  n Milstein Hausfeld & Toll PLLC (now Cohen Milstein Sellers & Toll PLLC) as co-Lead Counsel, to represent the putative Class.

D.      Lead Plaintiffs filed a Consolidated   Class Action Com plaint on September 12, 2008 (the "September 2008 Com plaint") against the Settling Defendants and Lehm an Brothers, Inc. ("Lehman") for violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), based  on allegedly false statem ents  about  MF Global's risk m  anagement system  in the Registration Statem ent  and Prospect us  that were issued  in connection with the Company's Initial Public Offering on July 19, 2007 (the "IPO").

E.      On November 13, 2008, the Court ordered   further proceedings against Lehm an stayed pursuant to the automatic stay provisions of the Bankruptcy Code.

F.      On January 12, 2009, the Settling Defendants filed motions to dismiss the September 2008 Complaint.

G.      By order and opinion dated July 16, 2009 (the "July 16, 2009 Order"), the Court dismissed all claims against the Settling Defendants and gave Lead Plaintiffs twenty days to request leave to amend.

H.      On August 5, 2009, Lead Plaintiffs moved for leave to amend the September 2008 Complaint and submitted a proposed First Amended Consolidated Class Action Complaint (the "Proposed Amended Complaint").

2

I.      On September 11, 2009, the Court denied Lead Plaintiffs' motion for leave to file the Proposed Amended Complaint and entered final judgment for Defendants.

J.      On September 18, 2009, Lead Plaintiffs timely appealed the Court's orders dismissing the September 2008 Complaint and denying Lead Plaintiffs' motion for leave to amend.

K.      On September 14, 2010, the United States Court of Appeals for the Second Circuit affirmed in part, vacated in part, and remanded the Litigation to the Court for proceedings consistent with its opinion.

L.      On September 27, 2010, the Court granted Lead Plaintiffs' request to file an amended complaint consistent with the Second Circuit's opinion.

M.      On November 5, 2010, Lead Plaintiffs filed the operative complaint in the Litigation, the First Amended Consolidated Class Action Complaint (the "Complaint"), against the Settling Defendants.

N.      On December 15, 2010 and December 21, 2010, Lead Plaintiffs and the Settling Defendants (collectively, the "Settling Parties") or their representatives, along with representatives of insurers of MF Global and the Individual Defendants, among others, engaged in lengthy mediation sessions to discuss a potential settlement of the Litigation with former United States District Judge Layn R. Phillips ("Judge Phillips"). In connection with the mediation process, the Settling Parties submitted mediation statements to Judge Phillips and exchanged these statements with each other. The statements summarized the Settling Parties' respective settlement positions.

O.      The mediations were part of an extended effort to settle the Litigation. Judge Phillips focused the Settling Parties on the relevant legal and factual weaknesses of each side's

3

claims and followed-up with conversations with both sides, on multiple occasions, in the week between the two mediation sessions. These discussions resulted in Judge Phillips issuing a mediator's recommendation at the end of the mediation session on December 21, 2010. The Settling Parties, with the consent of their insurers, accepted the mediator's recommendation shortly thereafter.

P.       Lead Plaintiffs, through Plaintiffs' Counsel (defined below), conducted a thorough investigation relating to the claims and underlying events and transactions of the Litigation. This process included reviewing and analyzing: (i) the grand jury indictment of the Company's broker as well as investigative findings by the Chicago Board of Trade and the Commodity Futures Trading Commission; (ii) MF Global's filings with the Securities and Exchange Commission (the "SEC"); and (iii) securities analysts' reports, public statements, media reports and court records. Plaintiffs' Counsel also located and interviewed numerous confidential witnesses. Plaintiffs' Counsel also consulted with an experienced damages expert. The process was further informed by Lead Plaintiffs' briefing and successful appeal of the District Court's rejection of the September 2008 Complaint.

Q.       Plaintiffs' Counsel also conducted extensive confirmatory discovery including a review of 1,781 core documents totaling 38,433 pages and depositions of four fact witnesses.

R.       Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted. However, Lead Plaintiffs and Plaintiffs' Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against the Settling Defendants through trial and appeals. Lead Plaintiffs and Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the

4

difficulties and delays inherent in such litigation. Plaintiffs' Counsel also are mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Litigation. Based on their evaluation, Lead Plaintiffs and Plaintiffs' Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Class and is in the best interests of Lead Plaintiffs and the Class.

S.      The Settling Defendants have denied and continue to deny that they have committed any act or omission giving rise to any liability or violation of law, including any violations of the federal securities laws or any other legal obligation or duty potentially giving rise to the Released Claims. The Settling Defendants have denied and continue to deny each of the claims alleged by Lead Plaintiffs on behalf of the Class, including all claims in the Complaint.

T.      Nothing in this Stipulation, whether or not consummated, or in any proceedings relating to any settlement, or in any of the terms of any settlement, whether or not consummated, shall in any way be construed as, or deemed to be evidence of, an admission or concession on the part of the Settling Defendants with respect to any claim of any liability, fault, wrongdoing, or damage whatsoever, or any infirmity in any defense that the Settling Defendants have or could have asserted. The Settling Defendants are entering into this Settlement to eliminate the burden, expense, uncertainty, distraction and risk of further litigation.

**NOW THEREFORE,** without any concession by Lead Plaintiffs that the Litigation lacks merit, and without any concession by the Settling Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby **STIPULATED AND AGREED**, by and among the Settling Parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in

5

consideration of the benefits flowing to the Settling Parties hereto, all Released Claims and all Released Defendants' Claims as against all Released Parties shall be fully, finally and forever compromised, settled, released, discharged and dismissed with prejudice, and without an assessment of costs against any party or counsel, upon and subject to the following terms and conditions:

## DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the meanings set forth below:

(a)      "Authorized Claimant" means a Class Member who timely submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment by the Court.

(b)      "Claims Administrator" means the firm to be retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to Class Members, process Proofs of Claim and administer the Settlement.

(c)      "Class" or "Class Member" means any person or entity, including their legal representatives, heirs, successors or assigns, who purchased or otherwise acquired MF Global common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with the Company's IPO on or about July 19, 2007, and was damaged thereby. Excluded from the Class are the Settling Defendants; Lehman; the officers and directors of the Company, of Man Group, of Man U.K., of the Underwriter Defendants and of Lehman at all relevant times; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any Settling Defendant or Lehman has or had a majority interest. Also excluded from the Class are any proposed Class Members who properly

6

exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice. .

        (d)    "Company" means MF Global Holdings Ltd. (formerly known as MF Global, Ltd.).

        (e)    "Court" means the United States District Court for the Southern District of New York.

        (f)    "Defendants" means the Settling Defendants.

        (g)    "Distribution Order" means an order of the Court approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted and approving any fees and expenses not previously paid, including the fees and expenses of the Claims Administrator and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

        (h)    "Effective Date" means the date upon which the Settlement shall become effective, as set forth in ¶37 below.

        (i)    "Escrow Account" means the separate interest-bearing escrow account at a banking institution designated by Plaintiffs' Counsel into which the Settlement Amount is to be deposited for the benefit of the Class. The Escrow Account shall be controlled solely by Plaintiffs' Counsel.

        (j)    "Escrow Agent" means the banking institution designated by Plaintiffs' Counsel at which the Escrow Account is to be maintained.

        (k)    "Final," with respect to the Judgment means the later of: (i) the date when any applicable time period to request judicial review of the Judgment, whether by appeal, reconsideration, rehearing, writ of certiorari or otherwise, has expired without any such request

7

being made; or (ii) the date when any request for judicial review is decided without causing a material change in the Judgment and the Judgment becomes no longer subject to further judicial review. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude the Judgment from becoming Final.

       (l)    "Funding Defendants" means MF Global and Man Group.

       (m)    "Individual Defendants" means Kevin R. Davis, Amy S. Butte, Alison J. Carnwath, Christopher J. Smith, Christopher Bates, Henri J. Steenkamp, and Edward L. Goldberg.

       (n)    "Judgment" means a judgment entered by the Court approving the Settlement substantially in the form attached hereto as Exhibit B (the "Proposed Judgment"); or a judgment entered by the Court that is not substantially in the form of the Proposed Judgment, provided that none of the parties hereto elects to exercise its sole, absolute and unqualified discretion to terminate the Settlement by reason of such variance from the Proposed Judgment.

       (o)    "Lead Counsel" means the law firms of Barrack Rodos & Bacine and Cohen Milstein Sellers & Toll PLLC.

       (p)    "Lead Plaintiffs" means the IPERS, PABF, Central States and State-Boston.

       (q)    "Litigation" means *Rubin v. MF Global, et al.*, No. 08-Civ-02233-VM (S.D.N.Y.) and all consolidated actions, pending in the United States District Court for the Southern District of New York, before the Honorable Victor Marrero.

8

(r)     "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court, including any award to the Lead Plaintiffs for reasonable costs and expenses (including lost wages) pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §77z-1 (the "PSLRA").

(s)     "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, which is to be sent to members of the Class and, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1 to Exhibit A hereto.

(t)     "Notice and Administration Expenses" means all fees and expenses incurred in connection with providing notice to the Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication and other means; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vii) fees related to the Escrow Account and investment of the Settlement Fund.

(u)     "Person" means an individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(v)     "Plaintiffs' Counsel" means Lead Counsel and Labaton Sucharow LLP, additional counsel for Lead Plaintiff State-Boston Retirement System.

9

(w)     "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice to the Class of the pendency of the Litigation and of the Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(x)     "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which shall be substantially in the form attached as Exhibit A-2 to Exhibit A hereto.

(y)     "Released Claims" means all claims, rights and causes of action, controversies, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, judgments, and liabilities of every nature and description, whether known or Unknown (as defined below), suspected or unsuspected, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, hidden or concealed, arising under the laws, regulations or common law of the United States of America, any state or political subdivision thereof, or any foreign country or jurisdiction, in law or in equity, whether direct, derivative, individual, class or of any other description asserted or that could have been asserted by any Lead Plaintiff, any other Class Member or any other Released Plaintiff Party, or their heirs, agents, executors, administrators, trustees, beneficiaries, predecessors, successors or assigns, that arise out of, are based upon, involve, or relate in any way to any of the allegations, transactions, facts, circumstances, situations, events, matters, occurrences, representations, acts, or omissions that were or could have been involved, set forth, or referred to in the Litigation, including in the complaints filed in the Litigation (the "Asserted and Unasserted Claims"), or that relate directly or indirectly to Asserted and Unasserted Claims in connection with the purchase, other acquisition, sale or holding of MF Global common stock pursuant or traceable to

10

the Registration Statement and Prospectus issued in connection with the Company's IPO.

Released Claims do not include: (i) claims to enforce the Settlement; or (ii) any governmental or

regulatory agency's claims asserted in any criminal or civil action against any of the Settling

Defendants in its law or regulatory enforcement capacity that is not based on such governmental

entity's or agency's own purchase, other acquisition, sale or holding of MF Global common

stock, or its acquisition of the claims or rights of any member of the Class.

(z)     "Released Defendants' Claims" means all claims, rights and causes of

action, controversies, duties, obligations, demands, actions, debts, sums of money, suits,

contracts, agreements, promises, damages, judgments, and liabilities of every nature and

description, whether known or Unknown (as defined below), suspected or unsuspected, fixed or

contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, hidden or

concealed, arising under the laws, regulations or common law of the United States of America,

any state or political subdivision thereof, or any foreign country or jurisdiction, in law or in

equity, whether direct, derivative, individual, class or of any other description, that the Settling

Defendants or any Released Defendant Party (except for Lehman and its respective Released

Defendant Parties), or their heirs, agents, executors, administrators, trustees, beneficiaries,

predecessors, successors or assigns asserted, or could have asserted, against any of the Released

Plaintiff Parties that arise out of, are based upon, involve, or relate in any way to the

commencement, prosecution, settlement or resolution of the Litigation (other than claims to

enforce the Settlement).

(aa)    "Released Defendant Parties" means the Settling Defendants and Lehman

and their respective current or former parents, subsidiaries and affiliates and their respective

trustees, officers, directors, principals, employees, agents, partners, insurers, reinsurers, experts,

11

investigators, auditors, accountants, creditors, administrators, estates, legal representatives, heirs, attorneys, predecessors, successors or assigns, parents, subsidiaries, divisions, joint ventures, general or limited partners or partnerships, limited liability companies and any trust of which any Individual Defendant is the settlor or which is for the benefit of their immediate family members.

(bb)    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties collectively.

(cc)    "Released Plaintiff Parties" means each and every Lead Plaintiff, Class Member and Plaintiffs' Counsel, and their respective current or former parents, subsidiaries and affiliates and their respective trustees, officers, directors, principals, employees, agents, partners, insurers, reinsurers, experts, investigators, auditors, accountants, creditors, administrators, estates, legal representatives, heirs, attorneys, predecessors, successors or assigns, parents, subsidiaries, divisions, joint ventures, general or limited partners or partnerships, limited liability companies and any trust of which any Lead Plaintiff, Class Member, or Plaintiffs' Counsel is the settlor or which is for the benefit of their immediate family members.

(dd)    "Settlement" means the resolution of the Litigation as against the Settling Defendants in accordance with the terms and provisions of this Stipulation.

(ee)    "Settlement Amount" means the total principal amount of $90,000,000.00 in cash.

(ff)    "Settlement Fund" means: (i) $90,000,000.00 in cash to be paid by or on behalf of the Settling Defendants into the Escrow Account (as set forth in ¶7 below) and (ii) any earnings on any monies held in the Escrow Account.

12

(gg)    "Settlement Hearing" means the hearing to be held by the Court to determine whether the proposed Settlement is fair, reasonable and adequate and should be approved.

(hh)    "Settling Defendants" means MF Global, Man Group, Man UK, the Individual Defendants and the Underwriter Defendants.

(ii)    "Settling Defendants' Counsel" means the law firms of Wachtell, Lipton, Rosen & Katz, Boies, Schiller & Flexner LLP and Shearman & Sterling LLP.

(jj)    "Settling Party" or "Settling Parties" means Settling Defendants and Lead Plaintiffs, on behalf of themselves and the other Class Members.

(kk)    "Stipulation" means this Stipulation and Agreement of Settlement.

(ll)    "Summary Notice" means the Summary Notice of Pendency of Class Action and Proposed Settlement for publication, which shall be substantially in the form attached as Exhibit A-3 to Exhibit A hereto.

(mm)   "Taxes" means all taxes arising with respect to the Settlement Fund and any expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties, and fees of accountants or tax attorneys so long as they are hired by Lead Counsel or the Claims Administrator).

(nn)    "Underwriter Defendants" means Citigroup Global Markets Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), Merrill Lynch, Pierce, Fenner & Smith, Incorporated, UBS Securities LLC, Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Morgan Stanley & Co. Incorporated, ABN AMRO Rothschild LLC, Banc of America Securities LLC, BMO Capital Markets Corp., HSBC Securities (USA) Inc., Keefe, Bruyette & Woods, Inc., Sandler O'Neill & Partners, L.P.,

13

Wachovia Capital Markets, LLC, Blaylock & Co. Inc., Calyon Securities (USA) Inc. (n/k/a

Crédit Agricole Securities (USA) Inc.), Chatsworth Securities LLC, CL King & Associates, Inc.,

Dowling & Partners Securities, LLC, E*TRADE Securities LLC, Fortis Securities LLC, Guzman

& Co., ING Financial Markets, LLC, Jefferies & Co., Inc., Lazard Capital Markets LLC, M.R.

Beal & Co., Mizuho Securities USA Inc., Muriel Siebert & Co., Inc., Oppenheimer & Co. Inc.,

Piper Jaffray & Co., Raymond James & Associates, Inc., RBC Capital Markets Corp., Robert W.

Baird & Co. Inc., Samuel A. Ramirez & Co., Inc., SMH Capital Inc. (n/k/a Sanders Morris

Harris Inc.), Stifel, Nicolaus & Co., Inc., SunTrust Capital Markets, Inc. (n/k/a SunTrust

Robinson Humphrey, Inc.), The Williams Capital Group, L.P., Utendahl Capital Partners, L.P.,

Wells Fargo Securities, LLC, and William Blair & Co., LLC.

(oo)    "Unknówn Claims" means any and all Released Claims, which any Lead

Plaintiff, any other Class Member or any other Released Plaintiff Party does not know or suspect

to exist in his, her or its favor at the time of the release of the Released Defendant Parties, and

any Released Defendants' Claims that any Settling Defendant or any other Released Defendant

Party (except for Lehman and its respective Released Defendant Parties) does not know or

suspect to exist in his, her or its favor at the time of the release of the Released Plaintiff Parties,

which if known by him, her or it might have affected his, her or its decision(s) with respect to the

Settlement.  With respect to any and all Released Claims and Released Defendants' Claims, the

Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and the Settling

Defendants shall expressly, and each other Class Member, Released Plaintiff Party and Released

Defendant Party (except for Lehman and its respective Released Defendant Parties) shall be

deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished

any and all provisions, rights and benefits conferred by any law of any state or territory of the

United States, or principle of common law, which is similar, comparable, or equivalent to Cal.
Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor
> does not know or suspect to exist in his or her favor at the time
> of executing the release, which if known by him or her must
> have materially affected his or her settlement with the debtor.**

Lead Plaintiffs, the other Class Members, the other Released Plaintiff Parties, the Settling

Defendants or the other Released Defendant Parties (except for Lehman and its respective

Released Defendant Parties) may hereafter discover facts in addition to or different from those

which he, she, or it now knows or believes to be true with respect to the subject matter of the

Released Claims and the Released Defendants' Claims, but Lead Plaintiffs and the Settling

Defendants shall expressly, fully, finally and forever settle and release, and each other Class

Member, Released Plaintiff Party and Released Defendant Party (except for Lehman and its

respective Released Defendant Parties) shall be deemed to have settled and released, and upon

the Effective Date and by operation of the Judgment shall have settled and released, fully,

finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable,

without regard to the subsequent discovery or existence of such different or additional facts.

Lead Plaintiffs and the Settling Defendants acknowledge, and other Class Members by operation

of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the

definition of Released Claims and Released Defendants' Claims was separately bargained for

and was a key element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2. The obligations incurred pursuant to this Stipulation are, subject to approval by

the Court and such approval becoming Final, in full and final disposition of the Litigation with

15

respect to the Released Parties and any and all Released Claims and Released Defendants'
Claims.

3.      For purposes of this Settlement only, Lead Plaintiffs and the Settling Defendants
agree to: (i) certification of the Litigation as a class action, pursuant to Fed. R. Civ. P. 23(a) and
23(b)(3), on behalf of the Class as defined in ¶1(c); (ii) the certification of Lead Plaintiffs as
Class Representatives for the Class; and (iii) the appointment of Lead Counsel as Class Counsel
for the Class.

4.      Nothing in this Stipulation, the Preliminary Approval Order, the Judgment or any
of the proceedings held in connection with the Settlement shall be taken as an admission or
concession that the Class or any other class could or could not properly be certified if this
Litigation were not settled. The Parties agree that, in the event the Settlement is terminated or
the Effective Date does not occur for any reason, the Settlement Class shall be decertified and
neither this Stipulation nor the Preliminary Approval Order nor the Judgment nor any of the
proceedings had in connection with the Settlement shall be referred to or offered into evidence to
support any argument or contention that a class could or should be certified in the Litigation.

5.      By operation of the Judgment, as of the Effective Date, and subject to ¶38, Lead
Plaintiffs, each and every other Class Member and each of their respective Released Plaintiff
Parties, on behalf of themselves and each of their respective heirs, agents, executors, trustees,
administrators, predecessors, successors and assigns (i) shall be deemed to have fully, finally and
forever waived, released, discharged and dismissed each and every one of the Released Claims,
as against each and every one of the Released Defendant Parties; (ii) shall forever be barred and
enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims
against any of the Released Defendant Parties; and (iii) shall be deemed to have covenanted not

16

to sue any Released Defendant Party on the basis of any Released Claim or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Claim against any Released Defendant Party. The foregoing release is given regardless of whether such Lead Plaintiffs or Class Members have: (i) executed and delivered a Proof of Claim; (ii) received the Notice; (iii) participated in the Settlement Fund; (iv) filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Plaintiffs' Counsel for attorneys' fees and expenses; or (v) had their claims approved or allowed. Nothing contained herein shall, however, bar any action or claim to enforce the terms of this Stipulation or the Final Judgment.

6.      By operation of the Judgment, as of the Effective Date, the Settling Defendants and each of their respective Released Defendant Parties (except for Lehman and its respective Released Defendant Parties), on behalf of themselves and each of their respective heirs, agents, executors, trustees, administrators, predecessors, successors and assigns (i) shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims, as against each and every one of the Released Plaintiff Parties; (ii) shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties; and (iii) shall be deemed to have covenanted not to sue any Released Defendant Party on the basis of any Released Claim or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Claim against any Released Defendant Party. Nothing contained herein shall, however, bar any action or claim to enforce the terms of this Stipulation or the Final Judgment.

17

## THE SETTLEMENT CONSIDERATION

7.      In full settlement of the claims asserted in the Litigation against the Settling Defendants and in consideration of the releases specified in ¶¶5-6, above, the Funding Defendants shall pay or cause to be paid the sum of $90,000,000.00 in cash (the "Settlement Amount"). The Funding Defendants shall cause the Settlement Amount to be deposited into the Escrow Account within ten (10) business days of entry of the Preliminary Approval Order by the Court. Each Funding Defendant's obligation to secure payment of the Settlement Amount shall be several. Defendants other than the Funding Defendants shall have no responsibility to pay or cause to be paid any portion of the Settlement Amount.

8.      With the sole exception of the Funding Defendants' obligation to secure payments into the Escrow Account as provided for in ¶7, the Released Defendant Parties and Settling Defendants' Counsel shall have no obligation to make or cause to be made any payment into the Escrow Account pursuant to this Stipulation, and shall have no responsibility or liability with respect to the Escrow Account or the monies maintained in the Escrow Account, including, without limitation, any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, supervision or distributions of any portion of the Settlement Amount.

9.      The Settling Parties agree to cooperate in expeditiously seeking preliminary and final approval of the Settlement.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

10.     The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses awarded by the Court; (iv) to pay any costs and expenses allowed by the PSLRA and awarded to the Lead Plaintiffs by the Court; and (v) to pay claims to Authorized Claimants.

18

11.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶23-26 hereof. The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be disbursed or returned, pursuant to ¶45 of this Stipulation, and/or further order of the Court. The Escrow Agent shall invest the funds held in the Escrow Account in instruments backed by the full faith and credit of the United States Government, or fully insured by the United States Government or an agency thereof, and the proceeds of these instruments shall be reinvested as they mature in similar instruments at the then-current market rates. However, in the event that financial instability creates a bona fide issue concerning the safety, security or liquidity of such investments, Lead Plaintiffs may but shall not be required to move, and only if Lead Plaintiffs make such a motion, the Court may order that all or part of the funds be invested or reinvested in one or more alternative investments with equal or greater safety, security and liquidity. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund. The Released Defendant Parties and Settling Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

12.     The Settling Parties agree that the Settlement Fund is intended to be a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, Plaintiffs' Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph, including, as necessary, making a "relation-back election" (as defined in Treas. Reg. § 1.468B-1) to cause the qualified settlement fund to come into existence at the earliest permitted date. Such election shall be made in compliance with the procedures and

19

requirements contained in such regulations. It shall be the responsibility of Plaintiffs' Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing to occur.

(a)     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Plaintiffs' Counsel or their successors, who shall timely and properly file, or cause to be filed, all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) hereof.

(b)     All Taxes shall be paid solely out of the Escrow Account. In all events, the Released Defendant Parties and Settling Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority. In the event any Taxes are owed by any of the Released Defendant Parties on any interest earned on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Escrow Account. The Settling Parties agree that the Released Defendant Parties shall be entitled to reimbursement for any Taxes, which shall also be paid out of the Escrow Account. Any taxes or tax expenses owed on any interest earned on the Settlement Amount prior to its transfer to the Escrow Account shall be the sole responsibility of the Funding Defendants.

20

(c)     Taxes shall be treated as, and considered to be, a cost of administration of

the Settlement and shall be timely paid, or caused to be paid, by Plaintiffs' Counsel out of the

Escrow Account without prior order from the Court, and Plaintiffs' Counsel shall be obligated

(notwithstanding anything herein to the contrary) to withhold from distribution to Authorized

Claimants any funds necessary to pay such amounts (as well as any amounts that may be

required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). The Settling Parties agree to

cooperate with Plaintiffs' Counsel, each other, and their tax attorneys and accountants to the

extent reasonably necessary to carry out the provisions of this paragraph.

13.     This is not a claims-made settlement. Unless the Settlement is terminated after

the Effective Date pursuant to ¶42, as of the Effective Date, neither Settling Defendants, nor any

person or entity making payments on their behalf, shall have any right to the return of the

Settlement Fund or any portion thereof for any reason.

## ATTORNEYS' FEES AND EXPENSES

14.     Plaintiffs' Counsel will apply to the Court for an award from the Settlement Fund:

of (i) attorneys' fees; and (ii) reimbursement of litigation expenses incurred in prosecuting the

Litigation, plus any interest on such amounts at the same rate and for the same periods as earned

by the Settlement Fund ("Fee and Expense Application"). The Settling Defendants will not

oppose the Fee and Expense Application.

15.     The amount of attorneys' fees and expenses awarded by the Court is within the

sole discretion of the Court. Any attorneys' fees and expenses awarded by the Court shall be

paid from the Settlement Fund to Plaintiffs' Counsel immediately after entry of the Order

awarding such attorneys' fees and expenses, notwithstanding the existence of any timely filed

21

objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the obligations of Plaintiffs' Counsel pursuant to paragraph 16.

16.     Any payment of attorneys' fees and litigation expenses pursuant to paragraph 15 above shall be subject to Plaintiffs' Counsel's obligation to make refunds or repayments to the Settlement Fund of any paid amounts, plus accrued interest at the same rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or litigation expenses is reduced or reversed by final non-appealable court order. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than ten (10) business days after receiving notice from a court of appropriate jurisdiction of the termination of the Settlement or notice of any reduction of the award of attorneys' fees and/or litigation expenses by final non-appealable court order. Lead Plaintiffs and Plaintiffs' Counsel may not cancel or terminate the Stipulation or the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or litigation expenses.

17.     With the sole exception of the Funding Defendants securing payment into the Escrow Account as provided for in ¶7, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment to Plaintiffs' Counsel or any other plaintiffs' counsel that may occur at any time.

18.     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation of any attorneys' fees or expenses among any plaintiffs' counsel, or any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Litigation.

19.     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of the Class Members, whether or not paid from the Escrow Account.

20.     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not necessary terms of the Settlement set forth in this Stipulation, and are separate from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in the Stipulation. Any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees in an amount less than the amount requested by Plaintiffs' Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement set forth herein, including, but not limited to, the release, discharge, and relinquishment of the Released Claims against the Released Defendant Parties, or any other orders entered pursuant to the Stipulation.

## ADMINISTRATION EXPENSES

21.     Except as otherwise provided herein, the Settlement Fund shall remain in escrow pending: (i) final approval of the Settlement by the Court, (ii) the expiration of all rights of appeal of the Judgment; and (iii) the final denial of any and all appeals or objections or collateral attacks or challenges to the Settlement.

22.     Prior to the Effective Date, without further approval from the Settling Defendants or further order of the Court, Plaintiffs' Counsel may expend up to $500,000 from the Settlement Fund to pay the Notice and Administration Expenses actually incurred. Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the

23

administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted claims, and the fees, if any, related to the Escrow Account and the investment of the Settlement Fund. In the event that the Settlement does not receive final approval, Plaintiffs' Counsel shall have no obligation to refund to Defendants costs and expenses actually paid or incurred under this paragraph. After the Effective Date, without further approval of the Settling Defendants or further order of the Court, Notice and Administration Expenses may be paid as incurred.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

23.     Plaintiffs' Counsel will apply to the Court for a Distribution Order, on notice to Settling Defendants' Counsel, approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein, and, if the Effective Date has occurred, directing the payment of the Net Settlement Fund to Authorized Claimants.

24.     The Claims Administrator shall administer the Settlement under Plaintiffs' Counsel's supervision and subject to the jurisdiction of the Court. Except as stated in ¶¶7 and 28 hereof, the Released Defendant Parties and Settling Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Class in connection with such administration.

25.     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss, as defined in the Plan of Allocation of Net Settlement Fund (the "Plan of Allocation") included in the Notice, or in such other plan of allocation as the Court may approve.

24

26.     The Settling Defendants will take no position with respect to the Plan of

Allocation. The Plan of Allocation is a matter separate and apart from the proposed Settlement

between Lead Plaintiffs and the Settling Defendants, and any decision by the Court concerning

the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The

Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this

Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and

Plaintiffs' Counsel may not cancel or terminate the Stipulation or the Settlement in accordance

with ¶38 or otherwise based on the Court's or any appellate court's ruling with respect to the

Plan of Allocation or any plan of allocation in the Litigation. The Released Defendant Parties

and Settling Defendants' Counsel shall have no responsibility or liability for reviewing or

challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net

Settlement Fund.

## ADMINISTRATION OF THE SETTLEMENT

27.     Any member of the Class who fails to timely submit a valid Proof of Claim

(substantially in the form of Exhibit A-2 to Exhibit A hereto) will not be entitled to receive any

of the proceeds from the Net Settlement Fund, except as otherwise ordered by the Court, but will

otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms

of the Judgment to be entered in the Litigation and the releases provided for herein, and will be

permanently barred and enjoined from bringing any action, claim or other proceeding of any

kind against any Released Defendant Party concerning any Released Claim, whether or not such

Class Member has filed an objection to the Settlement, the proposed Plan of Allocation, or any

Fee and Expense Application by Plaintiffs' Counsel.

28.    Plaintiffs' Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Plaintiffs' Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Plaintiffs' Counsel deem to be *de minimis* or formal or technical defects in any Proofs of Claim submitted. For the purpose of identifying and providing notice to the Class, within five (5) business days after the date of entry of the Preliminary Approval Order MF Global shall provide to Plaintiffs' Counsel, or the Claims Administrator, at no cost, a list in electronic searchable form of the names and last known addresses of the Persons, who can be identified with reasonable effort, who purchased MF Global common stock pursuant to or traceable to MF Global's IPO, as set forth on the books and records maintained by MF Global or its transfer agent. Except for MF Global's obligations arising under ¶7 and MF Global's obligation to produce the list described in this paragraph, the Released Defendant Parties and Settling Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund or reviewing or challenging of claims of members of the Class. Plaintiffs' Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

29.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.    Each Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2 to Exhibit A, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Plaintiffs' Counsel, in their discretion, may deem acceptable;

26

b.      All Claim Forms must be submitted by the date set by the Court in the

Preliminary Approval Order and specified in the Notice, unless such deadline is extended

by Lead Counsel in their discretion, or by Order of the Court. Any Class Member who

fails to submit a Claim Form by such date shall be barred from receiving any distribution

from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order

of the Court or the discretion of Lead Counsel, late-filed Claim Forms are accepted), but

shall in all other respects be bound by all of the terms of this Stipulation and the

Settlement, including the terms of the Judgment to be entered in the Litigation and the

releases provided for herein, and will be permanently barred and enjoined from bringing

any action, claim or other proceeding of any kind against any Released Party concerning

any Released Claim or Released Defendants' Claims, whether or not such Class Member

has filed an objection to the Settlement, the proposed Plan of Allocation, or any Fee and

Expense Application by Plaintiffs' Counsel. Provided that it is received before the

motion for the Distribution Order is filed, a Claim Form shall be deemed to be submitted

when mailed, if received with a postmark on the envelope and if mailed by first-class or

overnight U.S. Mail and addressed in accordance with the instructions thereon. In all

other cases, the Claim Form shall be deemed to have been submitted when actually

received by the Claims Administrator;

c.      Each Claim Form shall be submitted to and reviewed by the Claims

Administrator, under the supervision of Plaintiffs' Counsel, who shall determine in

accordance with this Stipulation the extent, if any, to which each claim shall be allowed,

subject to review by the Court pursuant to subparagraph (e) below;

d.      Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under supervision of Plaintiffs' Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below;

e.      If any claimant whose claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Plaintiffs' Counsel shall thereafter present the request for review to the Court; and

f.      The administrative determinations of the Claims Administrator accepting and rejecting disputed claims shall be presented to the Court, on notice to Settling Defendants' Counsel, for approval by the Court in the Distribution Order.

30.     Each claimant who submits a Proof of Claim form shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided

28

that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's claim.  In connection with processing the Proofs of Claim, no discovery shall be allowed on the merits of the Litigation or the Settlement.

31.     Payment pursuant to the Distribution Order shall be final and conclusive against all Class Members.  Any Class Member whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Litigation and the releases provided for herein, and will be permanently barred and enjoined from bringing any action against any Released Defendant Party concerning any Released Claim, whether or not such Class Member has filed an objection to the Settlement, the proposed Plan of Allocation, or any Fee and Expense Application by Plaintiffs' Counsel.

32.     All proceedings with respect to the administration, processing and determination of claims described by ¶¶23 through 34 of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.

33.     No Person shall have any claim of any kind against the Released Defendant Parties or their counsel with respect to the matters set forth in this Section or any of its subsections.

34.     No Person shall have any claim against the Lead Plaintiffs or their counsel (including Plaintiffs' Counsel), or the Claims Administrator, or other agent designated by Plaintiffs' Counsel, based on the distributions made substantially in accordance with this

Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

35. Concurrently with their application for preliminary Court approval of the Settlement contemplated by this Stipulation and promptly after execution of this Stipulation, Lead Counsel and Settling Defendants' Counsel shall jointly apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A. The Preliminary Approval Order will, *inter alia*, set the date for the Settlement Hearing and prescribe the method for giving notice of the Settlement to the Class.

## TERMS OF THE JUDGMENT

36. If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Settling Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION

37. The Effective Date of this Settlement shall be the date when all of the following shall have occurred:

(a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)     payment of the Settlement Amount into the Escrow Account;

(c)     approval by the Court of the Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d)     a Judgment, which shall be in all material respects substantially in the

form of the Proposed Judgment, has been entered by the Court and has become Final; or in the

event a Judgment is entered that is not substantially in the form of the Proposed Judgment has

been entered (i) none of the parties elects to terminate the Settlement by reason of such variance

from the Proposed Judgment, and (ii) the Judgment becomes Final.

38.     Each Settling Party shall have the right to terminate the Settlement and this

Stipulation by providing written notice of its election to do so, to all other Settling Parties hereto

within thirty (30) calendar days of: (a) the Court's final refusal to enter the Preliminary

Approval Order in any material respect; (b) the Court's final refusal to approve this Stipulation

or any material part of it; (c) the Court's final refusal to enter the Proposed Judgment in any

material respect (with the understanding that those parts that pertain to the Plan of Allocation or

the award of attorneys' fees and expenses are not material for this purpose); or (d) the date upon

which the Judgment is modified or reversed in any material respect by the United States Court of

Appeals or the Supreme Court of the United States (with the understanding that those parts that

pertain to the Plan of Allocation or the award of attorneys' fees and expenses are not material for

this purpose).

39.     Simultaneously herewith, Settling Defendants' Counsel and Plaintiffs' Counsel

are executing a Supplemental Agreement Regarding Requests for Exclusion ("Supplemental

Agreement"). The Supplemental Agreement sets forth certain conditions under which MF

Global and Man Group shall each have the option, in its sole, absolute and unqualified

discretion, to terminate the Settlement and render this Stipulation null and void in the event that

requests for exclusion from the Class exceed certain agreed-upon criteria (the "Opt-Out

Threshold"). The Settling Parties agree to maintain the confidentiality of the Opt-Out Threshold

31

in the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless required by the Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Opt-Out Threshold submitted to the Court *in camera*.

40.     In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶45 which shall continue to apply.

41.     Lead Plaintiffs and the Funding Defendants shall have the option and right, each in its sole, absolute and unqualified discretion, to terminate the Settlement in the event that the entire Settlement Amount is not paid into the Escrow Account by the deadline contained in ¶7 above. Any Lead Plaintiff or Funding Defendant that wishes to terminate the Settlement pursuant to this paragraph must provide written notice of its intent to terminate to all other Settling Parties to this Stipulation within ten (10) calendar days after the expiration of this deadline; if, thereafter, the Funding Defendants fail to pay or cause to be paid any unpaid portion of the Settlement Amount (along with interest at the New York statutory rate for the time passed after the expiration of the deadline), within fourteen (14) calendar days of the Settling Defendants' receipt of such written notice, the Settlement shall be deemed terminated.

42.     If any portion of the Settlement Amount is required, by judicial order, government directive or otherwise by operation of law, to be to be returned or refunded from the Escrow Account and is in fact returned or refunded from the Escrow Account before the Distribution Order is entered and before any funds from the Net Settlement Fund are distributed to the Class, Lead Plaintiffs and the Funding Defendants shall have the option and right, each in its sole,

32

absolute and unqualified discretion, to terminate the Settlement. Any Lead Plaintiff or Funding Defendant that wishes to terminate the Settlement pursuant to this paragraph must provide written notice of its intent to terminate to all other Settling Parties to this Stipulation within ten (10) calendar days after such portion of the Settlement Amount is returned or refunded from the Escrow Account; if, thereafter, the Funding Defendants fail to pay or cause to be paid any returned or refunded portion of the Settlement Amount, with statutory interest, within fourteen (14) calendar days of the Settling Defendants' receipt of such written notice, the Settlement shall be deemed terminated. If any Lead Plaintiff or Funding Defendant terminates the Settlement pursuant to this paragraph after the Effective Date has passed, it may seek to give effect to the termination by, among other things, making a post-judgment motion or otherwise seeking extraordinary relief to terminate the Settlement, vacate any Judgment and reinstate the Litigation.

43.    If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶38, 39, 41 or 42 above: (i) neither the Settling Defendants nor Lead Plaintiffs will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be in the sole and unfettered discretion of each of the Settling Defendants or Lead Plaintiffs, as applicable.

44.    Except as otherwise provided herein, in the event the Settlement is terminated or fails to become effective for any reason, then: the Settlement shall be without prejudice, and none of its terms, including, but not limited to, the certification of the Class, shall be effective or enforceable except as specifically provided herein; the Settling Parties to this Stipulation shall be deemed to have reverted to their respective litigation positions in the Litigation immediately prior to their acceptance of the mediator's recommendation; any portion of the Settlement Amount previously paid shall be returned pursuant to ¶45, and, except as otherwise expressly

33

provided, the Settling Parties in the Litigation shall proceed in all respects as if this Stipulation and any related orders had not been entered.  In such event, the fact and terms of the mediator's recommendation, this Stipulation or any aspect of the negotiations leading to this Stipulation, shall not be admissible in this Litigation and shall not be used by any Lead Plaintiff against any Settling Defendant or by any Settling Defendant against any Lead Plaintiff in any court filings, depositions, at trial or otherwise.

      45.     Within ten (10) business days after the Escrow Agent is sent written notification that the Settlement failed to become effective as defined herein or was terminated pursuant to the provisions of ¶¶38, 39, 41 or 42 above, any portion of the Settlement Amount previously paid by or on behalf of the Settling Defendants, together with any interest earned thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount shall be returned by the Escrow Agent to the Funding Defendants or the persons or entities who contributed these funds on their behalf on a *pro rata*  basis based on each person or entity's contribution actually paid into the Escrow Account.  For purposes of the Escrow Agent calculating the amounts to be refunded under the circumstances addressed in this paragraph, interest, Taxes and Notice and Administration Expenses shall be attributed *pro rata* based on the amounts paid into the Settlement Fund, except that any interest, Taxes and Notice and Administration Expenses attributed to MF Global's insurers shall be allocated amongst the insurers as set forth in the Settlement Agreement and Release entered into between MF Global, the Individual Defendants and these insurers (the "MF Global Insurer Agreement").  At the request of counsel to any party who contributed funds to the Escrow Account, the Escrow Agent or its designee shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such

application(s), for refund to the persons or entities who contributed funds to the Escrow Account on a *pro rata* basis based on their contributions actually paid into the Escrow Account, except that any refund for Taxes paid by or due from the MF Global insurers shall be paid to the MF Global insurer(s) obliged to cover those Taxes under the MF Global Insurer Agreement. Instructions as to the proper allocation of any interest, Taxes and Notice and Administration Expenses, as well as any tax refund proceeds, amongst the MF Global insurers pursuant to the MF Global Insurer Agreement shall be communicated to Plaintiffs' Counsel in a writing signed by counsel for MF Global, and Plaintiffs' Counsel, the Escrow Agent and its designees may rely upon the instructions provided.

## NO ADMISSION OF WRONGDOING

46.     Except as set forth in ¶47 below, this Stipulation, whether or not consummated, and any negotiations, proceedings or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against the Released Parties for any purpose, and in particular:

(a)     do not constitute, and shall not be offered or received against the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs and the Class or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Released Defendant Parties;

(b)     do not constitute, and shall not be offered or received against the Released Defendant Parties as evidence of a presumption, concession or admission of any fault,

35

misrepresentation or omission with respect to any statement or written document approved or made by the Released Defendant Parties, or against the Released Defendant Parties, Lead Plaintiffs or any other members of the Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Litigation;

(c)   do not constitute, and shall not be offered or received against the Released Parties, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)   do not constitute, and shall not be construed against the Released Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(e)   do not constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against Lead Plaintiffs or any other members of the Class or any of them that any of their claims are without merit or infirm, that a Class should not be certified, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

47.   The Released Parties may file or refer to this Stipulation, the Judgment, and/or any Claim Form submitted by a Class Member (i) to effectuate the liability protection granted hereunder, including, without limitation, to support a defense or counterclaim based on principles of *res judicata*, *collateral estoppel*, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or

counterclaim; or (ii) to effectuate the liability protection granted them under any applicable insurance policies. The Released Parties may file or refer to this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment. All Released Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

48.      All of the exhibits to the Stipulation, except any Plan of Allocation, to the extent incorporated in those exhibits, are material and integral parts hereof and are fully incorporated herein by this reference.

49.      Each Funding Defendant warrants on behalf of itself that, to its knowledge, at the time that the Funding Defendant will make or cause to be made payment pursuant to ¶7 above, the Funding Defendant will not be insolvent, nor will the payment required to be made by or on behalf of the Funding Defendant render that Funding Defendant insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof, or any applicable fraudulent transfer or conveyance law.

50.      The Settling Parties to this Stipulation intend the Settlement of the Litigation to be the full, final and complete resolution of all claims asserted or which could have been asserted by the Settling Parties and other Released Parties with respect to the Released Claims and Released Defendants' Claims. Accordingly, Lead Plaintiffs and the Settling Defendants agree not to assert in any forum or tribunal that the Litigation was brought, prosecuted or defended in bad faith or without a reasonable basis. The Settling Parties agree that at all times each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense and settlement of the Litigation. The Settling Defendants and Lead

37

Plaintiffs agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the Settling Defendants and Lead Plaintiffs, and their respective counsel, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

51.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties hereto or their successors. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

52.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

53.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of, *inter alia*, entering orders providing for awards of attorneys' fees and any expenses, awarding reimbursement to the Lead Plaintiffs for their reasonable costs and expenses (including lost wages), and implementing and enforcing the terms of this Stipulation, including, but not limited to, administration of the Settlement, distribution of the Settlement Fund, and enforcement of the releases provided for herein.

54.     Unless ordered by a Court or other tribunal, no Settling Party, its insurers or reinsurers, or any of their respective counsel shall disseminate, refer to, or otherwise distribute to any third party any information or documents they obtained from another Settling Party in connection with the Settlement, including the mediation and negotiations resulting in this Stipulation, except as necessary in connection with this Stipulation or Court approval of the Settlement, or as the Settling Parties may otherwise agree, or as may be required by applicable

38

securities or other law, including, without limitation, any freedom of information, open records or "sunshine" statute or similar regulation or common law. All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

55.     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

56.     This Stipulation, its exhibits and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto concerning the Settlement of the Litigation, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

57.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection, nor shall it constitute an agreement that such privilege or immunity exists or is applicable here.

58.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Settling Parties to this Stipulation shall exchange among themselves original signed counterparts. Signatures sent by facsimile or in PDF format sent by e-mail shall be deemed originals.

59.     This Stipulation shall be binding when signed, but the Settlement shall be effective only on the condition that the Effective Date occurs.

39

60.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto.

61.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

62.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

63.     Plaintiffs' Counsel, on behalf of the Class Members, warrants and represents that it is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class Members pursuant to the Stipulation to effectuate its terms and also is expressly authorized by Lead Plaintiffs to enter into any modifications or amendments to the Stipulation on behalf of the Class Members that it deems appropriate.

64.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

65.     Plaintiffs' Counsel and Settling Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminarily Approval Order, the Stipulation and the Settlement and in consummating the Settlement in accordance with its terms, and to promptly

agree upon and execute all such other documentation as reasonably may be required to obtain final approval by the Court of the Settlement.

66.     Other than disclosures required by law, the Settling Parties will not make public statements that substantially deviate from the following: reporting the amount and terms of the Settlement; reporting that the Settling Parties have reached a mutually acceptable resolution of the Litigation by way of a mediated settlement that will avoid protracted and expensive litigation; and reporting that the Settling Parties are satisfied with the resolution.

67.     Except as otherwise provided herein, each party shall bear its own costs.

**IN WITNESS WHEREOF,** the Settling Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of August 5, 2011.

> **BARRACK, RODOS & BACINE**
>
> Mark R. Rosen
> 3300 Two Commerce Square
> 2001 Market Street
> Philadelphia, PA 19103
> Tel: (215) 963-0600
> Fax: (215) 963-0838
>
> William J. Ban
> 425 Park Avenue, 31st Floor
> New York, NY 10022
> Tel: (212) 688-0782
> Fax: (212) 688-0783
>
> **COHEN MILSTEIN SELLERS & TOLL PLLC**
>
> Carol V. Gilden
> 190 S. LaSalle Street, Suite 1705
> Chicago, IL 60603
> Tel: (312) 357-0370
> Fax: (312) 357-0369

175047

41

Steven J. Toll
Daniel S. Sommers
S. Douglas Bunch
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005-3964
Tel: (202) 408-4600
Fax: (202) 408-4699

*Co-Lead Counsel for Lead Plaintiffs and the
Class*

**LABATON SUCHAROW, LLP**

Christopher J. Keller
Jonathan Gardner
Angelina Nguyen
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477

*Additional Counsel for Plaintiff State-Boston
Retirement System*

**WACHTELL, LIPTON, ROSEN & KATZ**

Bernard W. Nussbaum
Warren R. Stern
David B. Anders
Tracy O. Appleton
51 West 52nd Street
New York, NY 10019-6150
Tel: (212) 403-1000
Fax: (212) 403-2000

*Counsel for MF Global Holdings Ltd. and
Individual Defendants*

Steven J. Toll
Daniel S. Sommers
S. Douglas Bunch
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005-3964
Tel: (202) 408-4600
Fax: (202) 408-4699

*Co-Lead Counsel for Lead Plaintiffs and the Class*

**LABATON SUCHAROW, LLP**

Christopher J. Keller
Jonathan Gardner
Angelina Nguyen
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477

*Additional Counsel for Plaintiff State-Boston Retirement System*

**WACHTELL, LIPTON, ROSEN & KATZ**

Bernard W. Nussbaum
Warren R. Stern
David B. Anders
Tracy O. Appleton
51 West 52nd Street
New York, NY 10019-6150
Tel: (212) 403-1000
Fax: (212) 403-2000

*Counsel for MF Global Holdings Ltd. and Individual Defendants*

42

**BOIES SCHILLER & FLEXNER LLP**

David A. Barrett
Marilyn C. Kunstler
575 Lexington Avenue
New York, NY 10022
Tel: (212) 446-2300
Fax: (212) 446-2350

*Counsel for Man Group plc and Man Group
UK Ltd.*

**SHEARMAN & STERLING LLP**

Stuart S. Baskin
Adam S. Hakki
Herbert S. Washer
599 Lexington Avenue
New York, NY 10022
Tel: (212) 848-4000
Fax: (212) 848-7179

*Counsel for Underwriter Defendants*

**BOIES SCHILLER & FLEXNER LLP**

_____

David A. Barrett
Marilyn C. Kunstler
575 Lexington Avenue
New York, NY 10022
Tel: (212) 446-2300
Fax: (212) 446-2350

*Counsel for Man Group plc and Man Group
UK Ltd.*

**SHEARMAN & STERLING LLP**

_____

Stuart S. Baskin
Adam S. Hakki
Herbert S. Washer
599 Lexington Avenue
New York, NY 10022
Tel: (212) 848-4000
Fax: (212) 848-7179

*Counsel for Underwriter Defendants*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MICHAEL RUBIN, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 08 Civ. 2233 (VM) |
| MF GLOBAL, LTD., et al., | : | **[PROPOSED] PRELIMINARY** |
| | : | **APPROVAL ORDER** |
| Defendants. | : | **PROVIDING FOR NOTICE AND** |
| | : | **HEARING IN CONNECTION** |
| | : | **WITH PROPOSED CLASS** |
| | : | **ACTION SETTLEMENT** |

WHEREAS, on August __ 2011, the Iowa Public Employees' Retirement System, the

Policemen's Annuity & Benefit Fund of Chicago, the Central States, Southeast and Southwest

Areas Pension Fund, and the State-Boston Retirement System (collectively, "Lead Plaintiffs"),

on behalf of themselves and the Class, and the Settling Defendants[1] entered into a Stipulation

and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Litigation"),

which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which,

---

[1] The Settling Defendants are: MF Global Holdings Ltd. (formerly known as MF Global, Ltd.) ("MF Global" or the "Company"), Man Group plc ("Man Group"), Man Group UK Ltd. ("Man UK"), Kevin R. Davis ("Davis"), Amy S. Butte ("Butte"), Alison J. Carnwath ("Carnwath"), Christopher J. Smith ("Smith"), Christopher Bates ("Bates"), Henri J. Steenkamp ("Steenkamp"), and Edward L. Goldberg ("Goldberg") (Davis, Butte, Carnwath, Smith, Bates, Steenkamp and Goldberg are collectively the "Individual Defendants"), Citigroup Global Markets Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), Merrill Lynch, Pierce, Fenner & Smith, Incorporated, UBS Securities LLC, Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Morgan Stanley & Co. Incorporated, ABN AMRO Rothschild LLC, Banc of America Securities LLC, BMO Capital Markets Corp., HSBC Securities (USA) Inc., Keefe, Bruyette & Woods, Inc., Sandler O'Neill & Partners, L.P., Wachovia Capital Markets, LLC, Blaylock & Co. Inc., Calyon Securities (USA) Inc. (n/k/a Crédit Agricole Securities (USA) Inc.), Chatsworth Securities LLC, CL King & Associates, Inc., Dowling & Partners Securities, LLC, E*TRADE Securities LLC, Fortis Securities LLC, Guzman & Co., ING Financial Markets, LLC, Jefferies & Co., Inc., Lazard Capital Markets LLC, M.R. Beal & Co., Mizuho Securities USA Inc., Muriel Siebert & Co., Inc., Oppenheimer & Co. Inc., Piper Jaffray & Co., Raymond James & Associates, Inc., RBC Capital Markets Corp., Robert W. Baird & Co. Inc., Samuel A. Ramirez & Co., Inc., SMH Capital Inc. (n/k/a Sanders Morris Harris Inc.), Stifel, Nicolaus & Co., Inc., SunTrust Capital Markets, Inc. (n/k/a SunTrust Robinson Humphrey, Inc.), The Williams Capital Group, L.P., Utendahl Capital Partners, L.P., Wells Fargo Securities, LLC, and William Blair & Co., LLC (collectively, the "Underwriter Defendants").

together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the First Amended Consolidated Class Action Complaint (the "Complaint") against the Settling Defendants on the merits and with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the accompanying exhibits; and the Settling Parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used in this Order that are not otherwise defined herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of August, 2011 that:

1.      The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of the Settlement only, the Litigation as a class action on behalf of any person or entity, including their legal representatives, heirs, successors or assigns, who purchased or otherwise acquired MF Global common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with the Company's Initial Public Offering (the "IPO") on or about July 19, 2007, and was damaged thereby (the "Class"). Excluded from the Class are: the Settling Defendants; Lehman; the officers and directors of the Company, of Man Group, of Man U.K., of the Underwriter Defendants and of Lehman at all relevant times; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any Settling Defendant or Lehman has or had a majority interest. Also excluded from the Class are any proposed Class Members who properly

2

exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice of Pendency of Class Action and Proposed Settlement (the "Notice").

3.      The Court finds and concludes for the purposes of the Settlement only that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Class defined herein, in that:

(a)      the members of the Class are so numerous that joinder of all Class Members is impracticable;

(b)      there are questions of law and fact common to the Class Members;

(c)      the claims of Lead Plaintiffs are typical of the Class's claims;

(d)      Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Class;

(e)      the questions of law and fact common to Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Class Members in the Litigation are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Class Members are too small to justify the expense of individual actions; and it does not appear that there is any interest among Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are certified as Class Representatives for the Class. The

3

law firms of Barrack Rodos & Bacine and Cohen Milstein Sellers & Toll PLLC are appointed
Class Counsel for the Class.

     5.     A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules
of Civil Procedure is hereby scheduled to be held before the Court on _____, 2011, at
__:___ ___.m. for the following purposes:

     (a)     to determine whether the proposed Settlement is fair, reasonable and
adequate, and should be approved by the Court;

     (b)     to determine whether the proposed Final Order and Judgment
("Judgment") as provided under the Stipulation should be entered, dismissing the Litigation in
its entirety and with prejudice; to determine whether the covenants by the Class and the release
by the Class of the Released Claims, as set forth in the Stipulation, should be provided to the
Released Defendant Parties; and to determine whether the Class should be forever barred and
enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims
against any of the Released Defendant Parties;

     (c)     to determine, for the purposes of the Settlement only: whether the Class
should be finally certified; whether Lead Plaintiffs should be finally certified as Class
Representatives for the Class; and whether the law firms of Barrack Rodos & Bacine and Cohen
Milstein Sellers & Toll PLLC should be finally appointed as Class Counsel for the Class;

     (d)     to determine whether the proposed Plan of Allocation for the proceeds of
the Settlement is fair and reasonable and should be approved by the Court;

     (e)     to consider Plaintiffs' Counsel's application for an award of attorneys'
fees and reimbursement of expenses (which may include an application for an award to Lead

4

Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representations of the Class); and

      (f)    to rule upon such other matters as may properly be before the Court in connection with the Settlement.

      6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind, provided that each Settling Party retains the right to terminate the Settlement in accordance with the terms of the Stipulation by reason of such modification to the Settlement. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Class.

      7.    The Court approves the form, substance and requirements of the Notice and the Proof of Claim and Release Form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

      8.    The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after the Claims Administrator's receipt of a list in electronic searchable form of the names and last known addresses of the Persons, who can be identified with reasonable effort, who purchased MF Global common stock pursuant to or traceable to MF Global's IPO, as set forth on the books and records maintained by MF Global or its transfer agent ("Shareholder List"). MF Global, to the extent it has not already done so, shall provide to Plaintiffs' Counsel, or the Claims Administrator, at no cost to Lead Plaintiffs, Plaintiffs' Counsel, the Class or the

Claims Administrator the Shareholder List, no later than five (5) business days after entry of this Order.

9.    The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased MF Global common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with the Company's IPO as record owners but not as beneficial owners. Such nominee purchasers are directed, within ten (10) calendar days of their receipt of the Notice, to either (i) provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners by first-class mail, or (ii) request additional copies of the Notice and Proof of Claim, and within ten (10) calendar days of receipt of such copies send them by first-class mail directly to the beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Notices and Proofs of Claim to beneficial owners.

10.    Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

11.    The Court approves the form of the Summary Notice of Pendency of Class Action and Proposed Settlement ("Summary Notice") substantially in the form annexed hereto as

6

Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in the *Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.     The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

        (a)     A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than 120 calendar days after the Notice Date. Such deadline may be further extended by Court Order or by Lead Counsel in their discretion. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted

7

when it was actually received at the address designated in the Notice. Any Class Member who does not timely submit a Proof of Claim within the time provided for (i) shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but (ii) shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of all orders, determinations and judgments entered in this Litigation, whether favorable or unfavorable, and the releases and covenants provided for therein and in the Stipulation, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim or Released Defendants' Claims, whether or not such Class Member has filed an objection to the Settlement, the proposed Plan of Allocation, or any application for an award of attorneys' fees or reimbursement of expenses by Plaintiffs' Counsel.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

8

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and the subject matter of the Settlement.

14.     Unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided, Class Members shall be bound by all of the terms of the Stipulation and the Settlement, including the terms of all orders, determinations and judgments entered in this Litigation, whether favorable or unfavorable, and the releases and covenants provided for therein and in the Stipulation, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim or Released Defendants' Claims. A Class Member wishing to make such an exclusion request shall deliver or mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address and telephone number of the person seeking exclusion, that the sender requests exclusion from the Class in *Rubin v. MF Global, Ltd.*, *et al.*, No. 08 Civ. 2233 (VM) (S.D.N.Y.) and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases, acquisitions and sales of MF Global common stock-pursuant or traceable to the IPO. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above.

15.     Class Members requesting exclusion from the Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

16.     The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or reimbursement of

9

expenses only if such Class Member has served by hand or by mail his, her or its written
objection and supporting papers such that they are received on or before twenty-one (21)
calendar days before the Settlement Hearing, upon Lead Counsel, Mark R. Rosen and Leslie B.
Molder, Barrack Rodos & Bacine, Two Commerce Square, Suite 3300, 2001 Market Street,
Philadelphia, PA 19103; Carol V. Gilden, Cohen Milstein Sellers & Toll PLLC, 190 S. LaSalle
Street, Suite 1705, Chicago, IL 60603 and designated counsel for the Settling Defendants, David
B. Anders, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019-6150,
and has filed said objections and supporting papers with the Clerk of the Court, United States
District Court for the Southern District of New York, Daniel Patrick Moynihan United States
Courthouse, 500 Pearl Street, New York, New York 10007-1312. Any Class Member who does
not make his, her or its objection in the manner provided for in the Notice shall be deemed to
have waived such objection and shall forever be foreclosed from making any objection to any
aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and
expenses, unless otherwise ordered by the Court, but shall otherwise be bound by all of the terms
of the Stipulation and the Settlement, including the terms of all orders, determinations and
judgments entered in this Litigation, whether favorable or unfavorable, and the releases and
covenants provided for therein and in the Stipulation, and will be permanently barred and
enjoined from bringing any action, claim or other proceeding of any kind against any Released
Party concerning any Released Claim or Released Defendants' Claims. Attendance at the
hearing is not necessary; however, Persons wishing to be heard orally in opposition to the
approval of the Settlement, the Plan of Allocation, and/or the application for an award of
attorneys' fees and other expenses are required to indicate in their written objection their
intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of

10

Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

17. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action concerning any Released Claims against any of the Released Defendant Parties. This Litigation shall remain stayed through the Court's ruling on this Settlement, except as to any proceedings relating to the Settlement.

18. As provided in the Stipulation, prior to the Effective Date, Plaintiffs' Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund without further approval from the Defendants and without further order of the Court.

19. All papers in support of the Settlement, Plan of Allocation, and Plaintiffs' Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before twenty-eight (28) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

20. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Class Member or Plaintiffs' Counsel shall have any right to any portion of, or to any distribution

11

of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

21.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

22.     If the Settlement fails to become effective as defined in the Stipulation or is terminated pursuant to the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order (including its class certification provisions) shall be null and void, of no further force or effect, and without prejudice to any Settling Party; the fact and terms of the Settlement, including the mediator's settlement recommendation, the Stipulation or any aspect of the negotiations leading to the Stipulation, and this Preliminary Approval Order (including its class certification provisions) shall not be admissible in this Litigation and may not be introduced as evidence or used in any actions, proceedings, or otherwise by any person or entity against any of the Settling Parties; any portion of the Settlement Amount previously paid shall be returned pursuant to the Stipulation, except as otherwise provided for in the Stipulation; the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Litigation immediately prior to their acceptance of the mediator's recommendation; and, except as otherwise expressly provided in the Stipulation, the Settling Parties in the Litigation shall proceed in all respects as if the Stipulation and any related orders, including this Preliminary Approval Order, had not been entered.

23.     As contemplated by the Stipulation, and except as otherwise provided therein or herein, the Stipulation, whether or not consummated, and any negotiations, proceedings or

12

agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, including this Preliminary Approval Order, shall not be offered or received against the Released Parties for any purpose, and in particular:

(a)     do not constitute, and shall not be offered or received against the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs and the Class or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Released Defendant Parties;

(b)     do not constitute, and shall not be offered or received against the Released Defendant Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Defendant Parties, or against the Released Defendant Parties, Lead Plaintiffs or any other members of the Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Litigation;

(c)     do not constitute, and shall not be offered or received against the Released Parties, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, this Preliminary Approval Order or the Settlement;

13

(d)      do not constitute, and shall not be construed against the Released Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(e)      do not constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against Lead Plaintiffs or any other members of the Class or any of them that any of their claims are without merit or infirm, that a Class should not be certified, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

24.     The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

Dated: _____ \_\_ _____ 2011

_____
Honorable Victor Marrero
UNITED STATES DISTRICT JUDGE

14

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| MICHAEL RUBIN, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 08 Civ. 2233 (VM) |
| MF GLOBAL, LTD., et al., | : | **NOTICE OF PENDENCY OF** |
| | : | **CLASS ACTION AND** |
| Defendants. | : | **PROPOSED SETTLEMENT** |
| | : | |

## IF YOU PURCHASED OR OTHERWISE ACQUIRED MF GLOBAL COMMON STOCK PURSUANT OR TRACEABLE TO THE REGISTRATION STATEMENT AND PROSPECTUS ISSUED IN CONNECTION WITH THE COMPANY'S INITIAL PUBLIC OFFERING (THE "IPO") THAT WAS ORIGINALLY ISSUED ON OR ABOUT JULY 19, 2007 YOU MAY BE ELIGIBLE FOR A PAYMENT FROM A CLASS ACTION SETTLEMENT

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

- Court-appointed lead plaintiffs, the Iowa Public Employees' Retirement System, the Policemen's Annuity & Benefit Fund of Chicago, the Central States, Southeast and Southwest Areas Pension Fund, and the State-Boston Retirement System ("Lead Plaintiffs"), on behalf of the Class (as defined below), have reached a proposed settlement in the amount of $90,000,000 in cash that will resolve all claims against MF Global, Ltd. (n/k/a MF Global Holdings Ltd.) ("MF Global" or the "Company") and the other Released Defendant Parties (as defined below) (the "Settlement") in this proposed class action (the "Litigation").

- The Settlement resolves claims in the Litigation that MF Global's investors were misled about MF Global's business performance; avoids the costs and risks of continuing the Litigation, pays money to investors like you, and releases the Released Defendant Parties from liability.

- This Notice explains important rights you may have, including your possible receipt of cash from the Settlement. **Your legal rights will be affected whether or not you act. Please read this Notice carefully!**

- The Court in charge of the Litigation still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **ACTIONS YOU MAY PURSUE** | **EFFECT OF TAKING THIS ACTION** |
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2011.** | This is the only way to get a payment. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN _____, 2011.** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Released Defendant Parties concerning the claims that were, or could have been, asserted in this case. It is also the *only* way for Class Members to remove themselves from the Class. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION POSTMARKED NO LATER THAN _____, 2011.** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of expenses. In order to object, you must remain a member of the Class and may not exclude yourself and you will be bound by the determination of the Court. |
| **GO TO THE HEARING ON _____, 2011 AT _:___.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS POSTMARKED NO LATER THAN _____, 2011.** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
| **DO NOTHING** | Get no payment. Remain a Class Member. Give up your rights. |

## SUMMARY OF THIS NOTICE

### I.    Description of the Litigation and the Class

This Notice relates to the proposed Settlement with the Settling Defendants. The Settling

Defendants are: MF Global, Man Group plc ("Man Group"), Man Group UK Ltd. ("Man UK"),

Kevin R. Davis ("Davis"), Amy S. Butte ("Butte"), Alison J. Carnwath ("Carnwath"),

Christopher J. Smith ("Smith"), Christopher Bates ("Bates"), Henri J. Steenkamp

("Steenkamp"), and Edward L. Goldberg ("Goldberg") (Davis, Butte, Carnwath, Smith, Bates,

Steenkamp and Goldberg are collectively the "Individual Defendants"), Citigroup Global

Markets Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), Merrill Lynch,

Pierce, Fenner & Smith, Incorporated, UBS Securities LLC, Credit Suisse Securities (USA)

LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Morgan Stanley & Co.

Incorporated, ABN AMRO Rothschild LLC, Banc of America Securities LLC, BMO Capital

Markets Corp., HSBC Securities (USA) Inc., Keefe, Bruyette & Woods, Inc., Sandler O'Neill &

Partners, L.P., Wachovia Capital Markets, LLC, Blaylock & Co. Inc., Calyon Securities (USA)

Inc. (n/k/a Crédit Agricole Securities (USA) Inc.), Chatsworth Securities LLC, CL King &

Associates, Inc., Dowling & Partners Securities, LLC, E*TRADE Securities LLC, Fortis

Securities LLC, Guzman & Co., ING Financial Markets, LLC, Jefferies & Co., Inc., Lazard

Capital Markets LLC, M.R. Beal & Co., Mizuho Securities USA Inc., Muriel Siebert & Co., Inc.,

Oppenheimer & Co. Inc., Piper Jaffray & Co., Raymond James & Associates, Inc., RBC Capital

Markets Corp., Robert W. Baird & Co. Inc., Samuel A. Ramirez & Co., Inc., SMH Capital Inc.

(n/k/a Sanders Morris Harris Inc.), Stifel, Nicolaus & Co., Inc., SunTrust Capital Markets, Inc.

(n/k/a SunTrust Robinson Humphrey, Inc.), The Williams Capital Group, L.P., Utendahl Capital

Partners, L.P., Wells Fargo Securities, LLC, and William Blair & Co., LLC (collectively, the

"Underwriter Defendants" and with the Company, Man Group, Man UK, and the Individual

Defendants, the "Settling Defendants").

As explained in more detail below, the proposed Settlement, if approved by the Court,

will settle claims of persons and entities, including claims of their legal representatives, heirs,

successors or assigns, who purchased or otherwise acquired MF Global common stock pursuant

or traceable to the Registration Statement and Prospectus issued in connection with the

Company's IPO on or about July 19, 2007, and were damaged thereby (the "Class").

## II.    Statement of the Plaintiffs' Recovery

Subject to Court approval, and as described more fully on page [      ] below, Lead

Plaintiffs, on behalf of the proposed Class, have agreed to settle all claims related to the purchase

of MF Global common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with the Company's IPO that were or could have been asserted in the Litigation in exchange for a payment of $90,000,000 in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account (the "Settlement Fund"). Based on Lead Plaintiffs' consulting damages expert's estimate of the amount of MF Global common stock that may have been damaged as a result of the alleged misstatements and omissions by the Settling Defendants, and assuming that all those shares participate in the Settlement, Plaintiffs' Counsel estimates that the average gross recovery would be approximately $[___] per allegedly damaged share,[1] before the deduction of Court-approved attorneys' fees and expenses, taxes, and notice and administration costs. Class Members should note, however, that this is only an estimate based on the overall number of potentially damaged shares in the Class. Some Class Members may recover more or less than this estimated amount depending on, among other factors, when, where, and the prices at which their shares were purchased or sold. The Net Settlement Fund (the Settlement Fund less taxes, notice and administration costs, and attorneys' fees and litigation expenses awarded to Plaintiffs' Counsel) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be allocated to the members of the Class. The proposed Plan of Allocation is included in this Notice (see page ___ below).

## III.    Statement of Potential Outcome of the Case

The Settling Parties do not agree on whether Lead Plaintiffs would have prevailed on the merits of their claims against the Settling Defendants, nor do they agree on the average amount of damages per share that might be recoverable if Lead Plaintiffs were to prevail on the claims

---

[1] An allegedly damaged share might have been traded more than once and this average recovery would be the total for all purchasers of that share.

against the Settling Defendants.  The Settling Defendants deny that they have any liability whatsoever for any of the claims that Lead Plaintiffs allege in the Complaint and that the price of any shares of MF Global were damaged as a result of the misstatements and omissions alleged by Lead Plaintiffs.  The issues on which the Settling Parties disagree include, for example: (i) whether any of the Settling Defendants made any materially false or misleading statements or omissions in the Registration Statement and Prospectus issued in connection with the IPO of MF Global common stock; (ii) whether any or all of the Settling Defendants are liable even if such alleged misstatements or omissions were made, including whether certain definitions in the relevant statutory provisions apply to Man Group; (iii) whether the claims against the Settling Defendants are subject to various defenses that would preclude any liability that might otherwise exist, including the defense of due diligence applicable under the relevant statutory provisions to the Underwriter Defendants; (iv) the amount, if any, by which the price of MF Global common stock was artificially inflated as a result of the alleged misstatements and omissions by the Settling Defendants; (v) the amount, if any, of any alleged damages suffered by purchasers of MF Global common stock; (vi) the appropriate economic models for determining the amounts by which the price of MF Global's shares was allegedly artificially inflated (if at all), and (vii) the effect of various market forces (aside from any alleged misstatements or omissions) on the trading prices of MF Global's common stock.

**IV.     Statement of Attorneys' Fees and Litigation Expenses Sought**

Plaintiffs' Counsel (as defined on page [  ] below) will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed ___% of the Settlement Fund, plus interest from the date of funding at the same rate as earned by the Settlement Fund. In addition, Plaintiffs' Counsel also will apply for the reimbursement of litigation expenses paid

or incurred in connection with the prosecution and resolution of the Litigation, in an amount not to exceed $_____, plus interest from the date of funding at the same rate as earned by the Settlement Fund, and for reimbursement to the Lead Plaintiffs for an amount not to exceed a total of $_____ for their reasonable costs and expenses (including lost wages) directly relating to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act.  Plaintiffs' Counsel's overall request for reimbursement of litigation expenses may include a request for an award to Lead Plaintiffs the Iowa Public Employees' Retirement System, the Policemen's Annuity & Benefit Fund of Chicago, the Central States, Southeast and Southwest Areas Pension Fund, and the State-Boston Retirement System for reimbursement of their reasonable costs and expenses directly related to their representation of the Class in an amount not to exceed $_____.  If the Court approves Plaintiffs' Counsel's attorneys' fee application in full, the average amount of fees and expenses will be approximately $___ per allegedly damaged share.

## V.      Identification of Attorneys' Representatives

Lead Plaintiffs and the Class are being represented by Barrack Rodos & Bacine and Cohen Milstein Sellers & Toll PLLC, the Court-appointed Lead Counsel.  Any questions regarding the Settlement should be directed to Leslie B. Molder, Barrack Rodos & Bacine, Two Commerce Square, Suite 3300, 2001 Market Street, Philadelphia, PA 19103, Tel: [(215) 963-0600], www.barrack.com; Carol V. Gilden, Cohen Milstein Sellers & Toll PLLC, 190 S. LaSalle Street, Suite 1705, Chicago, IL 60603, [Tel: (312) 357-0370], www.cohenmilstein.com.

## VI.     Reasons for the Settlement

For Lead Plaintiffs, the principal reason for the Settlement is the immediate benefit of a substantial cash recovery for the Class.  This benefit must be compared to the risk that no

recovery or a smaller recovery might be achieved after the Court decides any motions to dismiss the Complaint filed in the Litigation, fact and expert discovery are complete, summary judgment motions are made by the Settling Defendants, and a contested trial and likely appeals are resolved, possibly years into the future.  For the Settling Defendants, who deny all allegations of liability and deny that any Class Members were damaged, the principal reason for the Settlement is to eliminate the burden, expense, uncertainty and risk of further litigation.

**[END OF COVER PAGE]**

## BASIC INFORMATION

| 1. | Why did I get this notice package? |
|---|---|

You or someone in your family may have purchased or otherwise acquired MF Global common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with the Company's IPO on or about July 19, 2007.

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement. If approved, the Settlement will end all of the Class's claims against the Settling Defendants. The Court will consider whether to approve the Settlement at a Settlement Hearing on _____, 2011 at __:__ __.m. If the Court approves the Settlement, and after any appeals are resolved and the Settlement administration is completed, the claims administrator appointed by the Court will make the payments that the Settlement allows.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *Rubin v. MF Global, Ltd., et al.,* No. 08-Civ-02233-VM (S.D.N.Y.). This case was assigned to United States District Judge Victor Marrero. The persons who are suing are called "plaintiffs" and the company and the persons being sued are called "defendants."

| 2. | What is this lawsuit about and what has happened so far? |
|---|---|

Lead Plaintiffs' claims in the Litigation are stated in the First Amended Consolidated Class Action Complaint dated November 5, 2010 (the "Complaint"). Lead Plaintiffs allege that MF Global and the other Settling Defendants violated Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") by making material misstatements and omissions in

a Registration Statement and Prospectus issued in connection with the IPO of MF Global. On March 30, 2007, defendant Man Group announced that it would spin-off its brokerage business. The separation, subject to approval of Man Group's shareholders, was accomplished by an initial public offering on the New York Stock Exchange ("NYSE") of a majority interest in the new company, MF Global.

On July 18, 2007, MF Global announced that the IPO of approximately 97.4 million shares of its common stock had been priced at $30 per share – for anticipated gross proceeds of more than $2.92 billion – and that the shares were expected to begin trading the following day, July 19, 2007. Prior to the IPO, no public market existed for trading of the Company's securities.

On July 20, 2007, the Registration Statement and Prospectus were filed with the SEC, purportedly describing MF Global's operations, the nature of MF Global's spin-off from its parent, Man Group, and the relationship that existed between MF Global and Man Group. Key to the potential success of the Company was allegedly its need to manage the potential risks attendant to its high volume brokerage and clearing operations. Accordingly, the Registration Statement and Prospectus were alleged to have provided assurances to prospective shareholders that the Company had in place a rigorously and consistently applied risk management system.

Plaintiffs allege that the actual risk management procedures employed in the Company's day-to-day operations, however, prior to and at the time of the IPO, bore little or no resemblance to the risk management system described in the Registration Statement and Prospectus. News of fundamental weaknesses in the Company's risk management system allegedly was exposed on February 28, 2008, when the Company announced that one of its brokers had engaged in unauthorized trading that resulted in a loss of approximately $141 million in the brief span of a

few hours.  Allegedly upon disclosure that the Company would have to clear the unauthorized

trading and absorb the loss, MF Global's stock price fell and the purported flaws in the

Company's risk management system allegedly came to light.

The Litigation began on March 6, 2008 when a series of proposed class actions were filed

against the Settling Defendants.  On March 31, April 7, April 9 and April 15, 2008 the Court

issued orders consolidating these cases into the present Litigation before Judge Victor Marrero in

the United States District Court for the Southern District of New York.  On June 23, 2008, the

Court appointed Lead Plaintiffs and approved their selection of Barrack Rodos & Bacine and

Cohen Milstein Sellers & Toll PLLC as Lead Counsel to represent the Class.

Lead Plaintiffs filed a Consolidated Class Action Complaint on September 12, 2008

(the "September 2008 Complaint") against the Settling Defendants and Lehman Brothers, Inc.

("Lehman").  On November 13, 2008, the Court ordered further proceedings against Lehman

stayed pursuant to the automatic stay provision of the Bankruptcy Code.  On January 12, 2009,

the Settling Defendants filed motions to dismiss the September 2008 Complaint.  By order and

opinion dated July 16, 2009 the Court dismissed all claims against the Settling Defendants, and

gave Lead Plaintiffs twenty days to request leave to amend.

On September 11, 2009, the Court denied Lead Plaintiffs' motion for leave to amend the

September 2008 Complaint and entered final judgment for the Settling Defendants.  On

September 18, 2009 Lead Plaintiffs timely appealed the Court's orders dismissing the September

2008 Complaint and denying Lead Plaintiffs' motion for leave to amend.  The parties fully

briefed Lead Plaintiffs' appeal to the United States Court of Appeals for the Second Circuit and

oral argument was held on July 15, 2010.  On September 14, 2010, the Second Circuit affirmed

in part, vacated in part the Court's rulings, and remanded the Litigation to the Court for proceedings consistent with its opinion.

On September 27, 2010, the Court granted Lead Plaintiffs' request to file an amended complaint consistent with the Second Circuit's opinion. On November 5, 2010, Lead Plaintiffs filed the operative complaint in this Litigation against the Settling Defendants, the First Amended Consolidated Class Action Complaint (the "Complaint").

On December 15, 2010 and December 21, 2010, the Settling Parties participated in mediation sessions with former United States District Court Judge Layn R. Phillips ("Judge Phillips") to assist them in exploring a potential negotiated resolution of the claims against the Settling Defendants. The first mediation resulted in an extended effort to settle the case and was followed by numerous discussions between Judge Phillips and the Settling Parties in the week between the mediation sessions. This Settlement was reached after the second mediation, when the Settling Parties agreed to a mediator's recommendation issued by Judge Phillips to the Settling Parties.

The Settling Parties entered into the Stipulation and Agreement of Settlement (the "Stipulation") on August ___, 2011. On _____, 2011, the Court preliminarily approved the Settlement, authorized this Notice to be sent to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

The Settling Defendants deny the claims and contentions alleged by Lead Plaintiffs in this Litigation, deny any liability whatsoever, and maintain that they have meritorious defenses to all claims that were raised or could have been raised in the Litigation.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called class representatives (in this case Lead Plaintiffs on behalf of the Class) sue on behalf of people or entities, known as "Class Members," who have similar claims. A class action allows one court to resolve in a single case many similar claims that, if brought separately by individuals, might be so small that they would not be economical to litigate and thus would never be brought. One court resolves the issues for all class members, except for those who exclude themselves, or "opt out," from the Class (see page ___ below).

| 4. | Why is there a settlement? |
|---|---|

The Court did not decide in favor of Lead Plaintiffs or the Settling Defendants. The Settlement will end all the claims against the Settling Defendants in the Litigation and avoid the uncertainties and costs of further litigation and any future trial. Affected investors will be eligible to get compensation immediately, rather than after the time it would take to resolve future motions to dismiss, conduct additional discovery, have a trial and exhaust all appeals.

The Settlement was reached after three years of hard-fought litigation. Lead Plaintiffs, through Plaintiffs' Counsel, conducted an extensive investigation of the claims and underlying events and transactions relating to the Litigation. This investigation included, among other things, reviewing and analyzing: (i) a grand jury's indictment of MF Global's broker who had engaged in the trading, as well as investigative findings by the Chicago Board of Trade and the Commodity Futures Trading Commission; (ii) MF Global's filings with the Securities and Exchange Commission (the "SEC"); and (iii) securities analysts' reports, public statements, media reports, and court records. Plaintiffs' Counsel also located and interviewed numerous confidential witnesses. Plaintiffs' Counsel also consulted with an experienced damages expert.

The process was further informed by Lead Plaintiffs' briefing and successful appeal of the

dismissal of the September 2008 Complaint. Finally, Plaintiffs' Counsel and Lead Plaintiffs

participated in protracted and hard-fought arm's-length negotiations and mediations before an

experienced mediator prior to entering into the Settlement.

The Settling Defendants deny all allegations of liability contained in the Complaint and

deny that they are liable to the Class. The Settlement should not be seen as an admission or

concession on the part of the Settling Defendants about any of the claims, their fault or liability

for damages.

## WHO IS IN THE SETTLEMENT

| 5. How do I know if I am part of the Settlement? |
| --- |

The Court determined, for the purposes of the Settlement only, that everyone who fits the

following description, and is not excluded by definition from the Class (see Question [6] below),

is a member of the Class, or a "Class Member," unless they take steps to exclude themselves:

> any person or entity, including their legal representatives, heirs
> successors or assigns, who purchased or otherwise acquired MF
> Global common stock pursuant or traceable to the Registration
> Statement and Prospectus issued in connection with the
> Company's IPO on or about July 19, 2007, and was damaged
> thereby.

Receipt of this Notice does not mean that you are a Class Member. Please check your records or

contact your broker to see if you purchased or otherwise acquired MF Global common stock

issued in the IPO as described above.

| 6. Are there exceptions to being included in the Class? |
| --- |

There are some people who are excluded from the Class by definition. Excluded from

the Class are the Settling Defendants; Lehman; the officers and directors of the Company, of

Man Group, of Man U.K., of the Underwriter Defendants and of Lehman at all relevant times; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any Settling Defendant or Lehman has or had a majority interest.

Also excluded from the Class are any proposed Class Members who properly exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in this Notice.

If you do not want to be a Class Member - for example if you want to continue with or bring your own lawsuit against the Settling Defendants at your own expense for the claims that are being released as part of the Settlement - **you must** exclude yourself by submitting a request for exclusion in accordance with the requirements explained below.

You are a Class Member only if you (or your broker on your behalf) directly purchased or otherwise acquired MF Global common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with the IPO, or if you are a legal representative, heir, successor or assign of someone who did so.

| 7. | What if I am still not sure if I am included? |
| --- | --- |

If you are still not sure whether you are included, you can ask for free help by writing to or calling the Claims Administrator: *Rubin v. MF Global, Ltd., et al.*, Claims Administrator, c/o A.B. Data, Ltd., PO Box 170500, Milwaukee, WI 53217-8042, within the U.S. and Canada: 866-217-4456, or outside the U.S. and Canada: 416-961-6520, www.MFGlobalSettlement.com. Or you can fill out and return the Proof of Claim and Release form ("Proof of Claim") described on page [____], in Question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS—WHAT YOU MAY RECEIVE

| 8. | What does the Settlement provide? |
|---|---|

In the Settlement, MF Global and Man Group have agreed to pay or cause to be paid $90,000,000 in cash, which will be deposited in an interest-bearing escrow account for the benefit of the Class (the "Settlement Fund"). The Settlement Fund will be divided, after deduction of Court-awarded attorneys' fees and expenses, settlement administration costs and any applicable taxes, among all Class Members who timely submit valid Proofs of Claim that are accepted for payment by the Court ("Authorized Claimants").

| 9. | How much will my payment be? |
|---|---|

The Plan of Allocation, discussed on pages [____] below, explains how claimants' "Recognized Losses" will be calculated. Your share of the Net Settlement Fund will depend on several things, including: (i) the quantity of MF Global common stock you bought; (ii) how much you paid for the common stock; (iii) when you bought it; (iv) whether or when you sold it (and, if so, for how much you sold it); and (v) the amount of Recognized Losses of other Authorized Claimants.

It is unlikely that you will get a payment for your entire Recognized Loss, given the number of potential Class Members. After all Class Members have sent in their Proofs of Claim, the payment any Authorized Claimant will get will be their *pro rata* share of the Net Settlement Fund. An Authorized Claimant's share will be his, her or its Recognized Loss divided by the total of all Authorized Claimants' Recognized Losses and then multiplied by the total amount in the Net Settlement Fund. *See* the Plan of Allocation beginning on page [____] for more information.

Once all the Proofs of Claim are processed and claims are calculated, Plaintiffs' Counsel, without further notice to the Class, will apply to the Court for an order authorizing distribution of the Net Settlement Fund to the Authorized Claimants. Plaintiffs' Counsel will also ask the Court to approve payment of the Claims Administrator's fees and expenses incurred in connection with administering the Settlement that have not already been reimbursed.

### HOW YOU GET A PAYMENT—SUBMITTING A PROOF OF CLAIM

| 10. | How can I get a payment? |
|-----|--------------------------|

To qualify for a payment, you must timely send in a valid Proof of Claim with supporting documents (DO NOT SEND ORIGINALS of your supporting documents). A Proof of Claim is enclosed with this Notice. You may also get copies of the Proof of Claim on the Internet at the websites for the Claims Administrator: www.MFGlobalSettlement.com, or Lead Counsel: www.barrack.com, or www.cohenmilstein.com. Please read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail it to the Claims Administrator by First-Class Mail, **postmarked on or before** _____, **2011.** *The Claims Administrator needs all of the information requested in the Proof of Claim in order to determine if you are eligible to receive a distribution from the Net Settlement Fund.*

| 11. | When would I get my payment? |
|-----|------------------------------|

The Court will hold a hearing on _____, 2011 at __:__ _.m., to decide whether to, among other things, approve the Settlement and the proposed Plan of Allocation. All Proofs of Claim must be submitted to the Claims Administrator, **postmarked on or before**

_____, **2011**. If the Court approves the Settlement, there may still be appeals which would delay payment, perhaps for more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

12.   What am I giving up by staying in the Class?

Unless you exclude yourself, you will stay in the Class, which means that as of the date

that the Settlement becomes effective under the terms of the Stipulation (the "Effective Date"),

you will forever give up and release all "Released Claims" (as defined below) against the

"Released Defendant Parties" (as defined below).  You will not in the future be able to bring a

case asserting any Released Claim against the Released Defendant Parties.

(a)      "Released Claims" means all claims, rights and causes of action,

controversies, duties, obligations, demands, actions, debts, sums of money, suits, contracts,

agreements, promises, damages, judgments, and liabilities of every nature and description,

whether known or Unknown (as defined below), suspected or unsuspected, fixed or contingent,

accrued or unaccrued, liquidated or unliquidated, matured or unmatured, hidden or concealed,

arising under the laws, regulations or common law of the United States of America, any state or

political subdivision thereof, or any foreign country or jurisdiction, in law or in equity, whether

direct, derivative, individual, class or of any other description asserted or that could have been

asserted by any Lead Plaintiff, any other Class Member or any other Released Plaintiff Party (as

defined below), or their heirs, agents, executors, administrators, trustees, beneficiaries,

predecessors, successors or assigns, that arise out of, are based upon, involve, or relate in any

way to any of the allegations, transactions, facts, circumstances, situations, events, matters,

occurrences, representations, acts, or omissions that were or could have been involved, set forth,

or referred to in the Litigation, including in the complaints filed in the Litigation (the "Asserted

and Unasserted Claims"), or that relate directly or indirectly to Asserted and Unasserted Claims

in connection with the purchase, other acquisition, sale or holding of MF Global common stock

pursuant or traceable to the Registration Statement and Prospectus issued in connection with the

Company's IPO. Released Claims do not include: (i) claims to enforce the Settlement; or (ii) any governmental or regulatory agency's claims asserted in any criminal or civil action against any of the Settling Defendants in its law or regulatory enforcement capacity that is not based on such governmental entity's or agency's own purchase, other acquisition, sale or holding of MF Global common stock, or its acquisition of the claims or rights of any member of the Class.

(b)    "Released Defendants' Claims" means all claims, rights and causes of action, controversies, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, judgments, and liabilities of every nature and description, whether known or Unknown (as defined below), suspected or unsuspected, fixed or contingent, accrued or unaccrued, liquidated or unliquidated, matured or unmatured, hidden or concealed, arising under the laws, regulations or common law of the United States of America, any state or political subdivision thereof, or any foreign country or jurisdiction, in law or in equity, whether direct, derivative, individual, class or of any other description, that the Settling Defendants or any Released Defendant Party (except for Lehman and its respective Released Defendant Parties), or their heirs, agents, executors, administrators, trustees, beneficiaries, predecessors, successors or assigns  asserted, or could have asserted, against any of the Released Plaintiff Parties (as defined below) that arise out of, are based upon, involve, or relate in any way to the commencement, prosecution, settlement or resolution of the Litigation (other than claims to enforce the Settlement).

(c)    "Released Defendant Parties" means the Settling Defendants and Lehman and their respective current or former parents, subsidiaries and affiliates and their respective trustees, officers, directors, principals, employees, agents, partners, insurers, reinsurers, experts, investigators, auditors, accountants, creditors, administrators, estates, legal representatives, heirs,

attorneys, predecessors, successors or assigns, parents, subsidiaries, divisions, joint ventures, general or limited partners or partnerships, limited liability companies and any trust of which any Individual Defendant is the settlor or which is for the benefit of their immediate family members.

(d)     "Released Plaintiff Parties" means each and every Lead Plaintiff, Class Member and Plaintiffs' Counsel, and their respective current or former parents, subsidiaries and affiliates and their respective trustees, officers, directors, principals, employees, agents, partners, insurers, reinsurers, experts, investigators, auditors, accountants, creditors, administrators, estates, legal representatives, heirs, attorneys, predecessors, successors or assigns, parents, subsidiaries, divisions, joint ventures, general or limited partners or partnerships, limited liability companies and any trust of which any Lead Plaintiff, Class Member, or Plaintiffs' Counsel is the settlor or which is for the benefit of their immediate family members.

(e)     "Unknown Claims" means any and all Released Claims, which any Lead Plaintiff, any other Class Member or any other Released Plaintiff Party does not know or suspect to exist in his, her or its favor at the time of the release of the Released Defendant Parties, and any Released Defendants' Claims that any Settling Defendant or any other Released Defendant Party (except for Lehman and its respective Released Defendant Parties) does not know or suspect to exist in his, her or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and the Settling Defendants shall expressly, and each other Class Member, Released Plaintiff Party and Released Defendant Party (except for Lehman and its respective Released Defendant Parties) shall be deemed to have, and by operation of the Judgment shall have, expressly waived and relinquished

any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs, the other Class Members, the other Released Plaintiff Parties, the Settling Defendants or the other Released Defendant Parties (except for Lehman and its respective Released Defendant Parties) may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims and the Released Defendants' Claims, but Lead Plaintiffs and the Settling Defendants shall expressly, fully, finally and forever settle and release, and each other Class Member, Released Plaintiff Party and Released Defendant Party (except for Lehman and its respective Released Defendant Parties) shall be deemed to have settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs and the Settling Defendants acknowledge, and other Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims was separately bargained for and was a key element of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep any right you may have to sue or continue to sue the Released Defendant Parties on your own about the Released Claims, then you must take steps to exclude

yourself from the Class.  Excluding yourself is known as "opting out" of the Class.  The Settling

Defendants may withdraw from and terminate the Settlement if potential Class Members who

purchased in excess of a certain amount of MF Global common stock opt out from the Class.

| 13. | How do I "opt out" (exclude myself) from the proposed Settlement? |
|---|---|

To "opt out" (exclude yourself) from the Class, you must deliver or mail a signed letter

by First-Class Mail stating that you "request exclusion from the Class in *Rubin v. MF Global,*

*Ltd., et al.*, No. 08-Civ-02233-VM (S.D.N.Y.)."  Your letter ***must*** state the date(s), price(s) and

number of shares of all your purchases, acquisitions and sales of MF Global common stock

pursuant or traceable to the IPO.  This information is needed to determine whether you are a

Class Member.  In addition, you must include your name, address, telephone number, and your

signature.  You must submit your request for exclusion addressed to *Rubin v. MF Global, Ltd., et*

*al.,* Claims Administrator, EXCLUSIONS, c/o A.B. Data, Ltd., PO Box 170500, Milwaukee, WI

53217-8042.  The request for exclusion must be **received on or before** _____, **2011**.

**You cannot exclude yourself or opt out by telephone or by email.**  Your request for exclusion

must comply with these requirements in order to be valid.  If you are excluded, you will not be

eligible to get any payment from the Settlement proceeds and you cannot object to the

Settlement, the proposed Plan of Allocation or the application for attorneys' fees and

reimbursement of expenses.

| 14. | If I do not exclude myself, can I sue the Settling Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No.  Unless you exclude yourself, you give up any rights you may have to sue the

Settling Defendants and the other Released Defendant Parties for all Released Claims.  If you

have a pending lawsuit, speak to your lawyer in that case **immediately**.  You must exclude

yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is

_____, 2011.

| 15. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, do not send in a Proof of Claim to ask for any money. But, you may exercise any right you may have to sue, continue to sue or be part of a different lawsuit against the Settling Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |
|---|---|

The law firms of Barrack Rodos & Bacine and Cohen Milstein Sellers & Toll PLLC were appointed to represent all Class Members. These lawyers are called Lead Counsel. There is also additional counsel for Lead Plaintiff State-Boston Retirement System, Labaton Sucharow LLP (together with Lead Counsel, "Plaintiffs' Counsel"). You will not be separately charged for these lawyers. The Court will determine the amount of Plaintiffs' Counsel's fees and expenses. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 17. | How will the lawyers be paid? |
|---|---|

Plaintiffs' Counsel has not received any payment for their services in pursuing the claims against the Settling Defendants on behalf of the Class, nor have they been reimbursed for their litigation expenses. At the Settlement Hearing described below, or at such other time as the Court may order, Plaintiffs' Counsel will ask the Court to award them, from the Settlement Fund, attorneys' fees of no more than ___% of the Settlement Fund, plus interest from the date of funding at the same rate as earned by the Settlement Fund, and to reimburse them for their

litigation expenses, such as the cost of experts, that they have incurred in pursuing the Litigation. The request for reimbursement of expenses will not exceed $_____, plus interest on the expenses from the date of funding at the same rate earned by the Settlement Fund.  Plaintiffs' Counsel's overall request for reimbursement of litigation expenses may include a request for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses, in an amount that will not exceed $_____, directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995.

## OBJECTING TO THE SETTLEMENT

| 18. How do I tell the Court that I do not like something about the proposed Settlement? |
| --- |

If you are a Class Member and do not "opt out," you can object to any part of the Settlement, the proposed Plan of Allocation, and/or the application by Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses.  You must write to the Court setting out your objection, giving reasons why you think the Court should not approve any part or all of the Settlement.

To object, you must send a signed letter stating that you object to the proposed Settlement in the case known as: *Rubin v. MF Global, Ltd., et al.,* No. 08-Civ-02233-VM (S.D.N.Y.).  You must include your name, address, telephone number and your signature; identify the date(s), price(s) and number of shares of all purchases, acquisitions and sales of MF Global common stock pursuant or traceable to the IPO; and state the reasons why you object to the Settlement. This information is needed to demonstrate your membership in the Class.

Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will not be able to make any objection to the Settlement, the proposed Plan of Allocation, and/or the application for attorneys' fees and reimbursement of expenses in the future.

Your objection must be filed with the United States District Court for the Southern District of New York by hand or by mail such that it is **received on or before** _____, **2011** at the address set forth below. You must also serve the papers on Lead Counsel and Settling Defendants' Counsel at the addresses set forth below so that the papers are **received on or before** _____, **2011**.

**COURT:**

CLERK OF THE COURT
United States District Court for the
    Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**DESIGNATED COUNSEL FOR SETTLING DEFENDANTS:**

WACHTELL, LIPTON, ROSEN & KATZ
David B. Anders
51 West 52nd Street
New York, NY 10019-6150

**LEAD COUNSEL:**

BARRACK, RODOS & BACINE
Mark R. Rosen
Leslie B. Molder
Two Commerce Square, Suite 3300
2001 Market Street
Philadelphia, PA 19103

COHEN MILSTEIN SELLERS &
TOLL PLLC
Carol V. Gilden
190 S. LaSalle Street, Suite 1705
Chicago, IL 60603

---

19.    What is the difference between objecting and requesting exclusion?

Objecting is simply telling the Court that you do not like something about the proposed Settlement. You can still recover from the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S SETTLEMENT HEARING

20. When and where will the Court decide whether to approve the proposed Settlement?

The Court will hold a Settlement Hearing at ____ __.m. on _____, 2011, in

Courtroom 20B of the United States District Court for the Southern District of New York, Daniel

Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312. At

this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. The

Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and

the applications for attorneys' fees and reimbursement of expenses. The Court will take into

consideration any written objections filed in accordance with the instructions set out above in the

answer to Question 18. We do not know how long it will take the Court to make these decisions.

You should also be aware that the Court may change the date and time of the Settlement

Hearing without another notice being sent to Class Members. If you want to come to the

hearing, you should check with Lead Counsel before coming to be sure that the date and/or time

has not changed.

21. Do I have to come to the hearing?

No. Lead Counsel will answer any questions the Court may have. But, you are welcome

to come at your own expense. If you validly submit an objection, it will be considered by the

Court. You do not have to come to Court to talk about it.

22. May I speak at the hearing and submit additional evidence?

If you file an objection, you may ask the Court for permission to speak at the Settlement

Hearing. To do so, you must include with your objection (*see* Question 18 above) a statement

that it is your "notice of intention to appear in *Rubin v. MF Global, et al.,* No. 08-Civ-02233-VM

(S.D.N.Y.)." Persons who object and want to present evidence at the Settlement Hearing must also include in their written objection the identity of any witness they may call to testify and exhibits they intend to introduce at the Settlement Hearing. You cannot speak at the hearing if you excluded yourself from the Class or if you have not provided written notice of your intention to speak at the Settlement Hearing according to the procedures described above and in the answer to Question 18.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
| --- | --- |

If you do nothing, you will get no money from this Settlement and you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Settling Defendants and the Released Defendant Parties about the Released Claims in this case. To be eligible to share in the Net Settlement Fund you must submit a Proof of Claim (*see* Question 10). To start, continue or be a part of any *other* lawsuit against the Settling Defendants and the other Released Defendant Parties about the Released Claims in this case you must exclude yourself from this Class (*see* Question 13).

## GETTING MORE INFORMATION

| 24. | Are there more details about the proposed Settlement and the lawsuit? |
| --- | --- |

This Notice summarizes the proposed Settlement. More details are in the Stipulation and Agreement of Settlement, dated as of August __, 2011 (the "Stipulation"). You may review the Stipulation filed with the Court and all documents filed in the Litigation during business hours at the Office of the Clerk of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312.

You also can call the Claims Administrator within the U.S. and Canada: 866-217-4456,

or outside the U.S. and Canada call: 414-961-6520; call Lead Counsel: Barrack Rodos & Bacine

at (215) 963-0600 or Cohen Milstein Sellers & Toll PLLC at (312) 357-0370; write to *Rubin v.*

*MF Global, Ltd., et al.,* No. 08-Civ-02233-VM (S.D.N.Y.), Claims Administrator, c/o A.B. Data,

Ltd., PO Box 170500, Milwaukee, WI 53217-8042; or visit the websites

www.MFGlobalSettlement.com, www.barrack.com, www.cohenmilstein.com, where you can

download copies of this Notice and the Proof of Claim. **Please Do Not Call the Court or MF**

**Global With Questions About the Settlement.**

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND
## AMONG CLASS MEMBERS

## I.    GENERAL PROVISIONS

The Net Settlement Fund shall be distributed to each Class Member who timely submits a

valid Proof of Claim to the Claims Administrator that is accepted for payment by the Court

("Authorized Claimant"). The Net Settlement Fund will not be distributed to Authorized

Claimants until the Court has approved the Settlement and a plan of allocation, and the time for

any petition for rehearing, appeal or review, whether by *certiorari* or otherwise, of the order(s)

approving the Settlement and the plan of allocation has expired. Unless the Settlement is

terminated pursuant to paragraph 42 of the Stipulation, the Settling Defendants are not entitled to

get back any portion of the Settlement Fund once the Effective Date of the Settlement has

occurred. The Settling Defendants shall not have any liability, obligation or responsibility for

the administration of the Settlement or disbursement of the Net Settlement Fund or the plan of

allocation.

Approval of the Settlement is independent from approval of the plan of allocation. Any

determination with respect to the plan of allocation will not affect the Settlement, if approved.

The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiffs and Lead Counsel to the Court for approval. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.MFGlobalSettlement.com.

Payment pursuant to the Plan of Allocation approved by the Court shall be final and conclusive against all Class Members. No person shall have any claim of any kind against the Released Defendant Parties or their counsel with respect to the administration of the settlement, including the plan of allocation. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator or other agent designated by Plaintiffs' Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court. Lead Plaintiffs, the Settling Defendants, their respective counsel, Lead Plaintiffs' damages expert, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund consistent with the terms of the Stipulation, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

A "Recognized Loss" will be calculated as described in Section II below for each purchase or other acquisition of MF Global common stock that is listed in the Claim Form, and for which adequate documentation is provided. The calculation of Recognized Loss will depend upon several factors, including (i) when the common stock was purchased or otherwise acquired and (ii) when the common stock was sold.

The Recognized Loss formula set forth below is not intended to be an estimate of the amount that a Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Class Members who suffered economic losses as a result of the alleged misrepresentations and omissions of the Settling Defendants, as opposed to losses caused by market or industry factors or other Company-specific factors. Recognized Loss amounts are based on the level of alleged artificial inflation in the price of MF Global's common stock at the time of purchase or other acquisition. The Plan of Allocation reflects Lead Plaintiffs' determination of potentially recoverable losses based on Lead Plaintiffs' consulting damages expert's analysis. Lead Plaintiffs' expert's analysis included a review of publicly available information regarding MF Global and statistical analyses of the price movements of MF Global's common stock.

## II.    RECOGNIZED LOSS FORMULA

(i)    The proceeds of the settlement will be distributed to Authorized Claimants in accordance with this Plan of Allocation (the "Plan") or as otherwise ordered by the Court. The amount to be distributed to Authorized Claimants will be determined as follows: first, the expenses of the litigation (including taxes, approved costs and fees) will be deducted from the $90 million Settlement Amount to arrive at the Net Settlement Fund. The Net Settlement Fund plus the interest earned thereon shall be distributed to members of the Class who timely submit valid Proof of Claim forms ("Authorized Claimants").

(ii)    For purposes of determining the amount an Authorized Claimant may recover under the Plan, Lead Counsel conferred with a damages consultant, who prepared the Plan in order to provide an economically reasonable and equitable basis for distributing the Net Settlement Fund among Authorized Claimants.

(iii)    An Authorized Claimant's pro rata share of the Net Settlement Fund will be determined based upon the Authorized Claimant's "Recognized Loss" (as described below in paragraph v).

(iv)    General Provision:  Subject to Court approval or modification without further notice, an Authorized Claimant's Recognized Loss will be calculated in accordance with the following general provision:

> a)    To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss, as defined below.
>
> > (i)    If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants ("pro rata share").  Payment in this manner shall be deemed conclusive against all Authorized Claimants.
> >
> > (ii)    In light of the costs of administering and paying very small claims, no payment will be made to any Authorized Claimant if the

payment to that Claimant would be less than $10.00. The calculation of the pro rata share distribution amounts will not include such claims.

b) The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Settlement Fund based on the per share calculations below, multiplied by the number of shares purchased or otherwise acquired by each Authorized Claimant ("Recognized Loss Formula").

c) The Recognized Loss Formula is not intended to be an estimate of the amount that an Authorized Claimant might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss Formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

d) To calculate a Claimant's Recognized Loss, sales of MF Global stock during the period from and including July 19, 2007 through March 6, 2008 (the "Relevant Period") will be matched to earlier purchases that were made during the Relevant Period, in chronological order, on a first-in, first-out basis.

e) Any person or entity that sold MF Global common stock "short" shall have no Recognized Loss with respect to purchases during the Relevant Period to cover short sales. Claimants must identify all short sales and purchases to cover short sales on the Claimant's Proof of Claim form.

f)      The price per share, purchased or sold, shall be exclusive of all commissions, taxes and fees. The purchase or sale date of any MF Global stock is the trade date, not the settlement date.

g)      The Recognized Loss for common stock is based on the per share amounts of alleged artificial inflation present in MF Global's stock price from July 19, 2007 through March 6, 2008.

(v)      An Authorized Claimant's Recognized Loss will be calculated as follows:

a)      For shares of MF Global common stock purchased or otherwise acquired during the Relevant Period, and sold before February 28, 2008, the Recognized Loss per share is $0.

b)      For shares of MF Global common stock purchased or otherwise acquired during the Relevant Period, and sold on or after February 28, 2008 and before March 6, 2008 (the lawsuit filing date), the Recognized Loss per share is the lesser of (but not less than zero): (i) the purchase price minus the sale price; or (ii) $30 minus the sale price.

c)      For shares of MF Global common stock purchased or otherwise acquired during the Relevant Period, and still held on March 6, 2008, the Recognized Loss per share is the lesser of (i) the purchase price minus $18.39; or (ii) $11.61.

## III.    ADDITIONAL PROVISIONS

If a Class Member has more than one purchase/acquisition or sale of MF Global common stock, all purchases/acquisitions and sales shall be matched on a First In, First Out ("FIFO")

basis. Sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition. Purchases or acquisitions and sales of MF Global common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of MF Global common stock shall not be deemed a purchase, acquisition or sale of these shares of MF Global common stock for the calculation of an Authorized Claimant's Recognized Loss for these shares nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such MF Global common stock unless: (i) the donor or decedent purchased or otherwise acquired such shares of MF Global common stock during the Relevant Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such MF Global common stock; and (iii) the assignment is specifically provided for in the instrument of gift or assignment.

The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of MF Global common stock. The date of a "short sale" is deemed to be the date of sale of MF Global common stock. The Recognized Loss for "short sales" is zero. In the event that there is an opening short position in MF Global common stock, the earliest Relevant Period purchases shall be matched against such opening short position, and not be matched against sales, until that short position is fully covered.

To the extent a Claimant had a market gain from his, her, or its overall transactions in MF Global common stock during the Relevant Period, the value of the claim will be zero. Such Claimants will, in any event, be bound by the Settlement. To the extent that a Claimant suffered an overall market loss on his, her, or its overall transactions in MF Global common stock during the Relevant Period, but that market loss was less than the total Recognized Loss calculated

above, then the Claimant's Recognized Loss shall be limited to the amount of the actual market loss.

Each Authorized Claimant shall recover his, her, or its pro rata share of the Net Settlement Fund. If the prorated share calculates to less than $10.00, it will be removed from the calculation and it will not be paid.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. Following an initial distribution of the Net Settlement Fund, if Plaintiffs' Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a redistribution of any funds remaining in the Net Settlement Fund by reason of returned or uncashed checks or otherwise, to Authorized Claimants who have cashed their initial distribution checks and who would receive at least $10.00 on such redistribution based on their Recognized Losses, after payment from the Net Settlement Fund of any unpaid costs or fees incurred in administering the funds, including for such redistribution. Additional redistributions may occur thereafter to Authorized Claimants if Plaintiffs' Counsel, in consultation with the Claims Administrator, determines that additional redistribution is cost-effective. At such time as it is determined that the redistribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund shall be contributed to a non-sectarian, § 501(c)(3) not-for-profit organization.

Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Claim Form.

## SPECIAL NOTICE TO SECURITIES BROKERS
## AND OTHER NOMINEES

25.    What if I bought shares of MF Global common stock on someone else's behalf?

If you purchased or otherwise acquired MF Global Common stock (NYSE: MF) pursuant

or traceable to the IPO for the beneficial interest of a person or organization other than yourself,

the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF

THIS NOTICE, you either: (a) provide to the Claims Administrator the name and last known

address of each person or organization for whom or which you purchased or otherwise acquired

MF Global common stock (preferably in an MS Excel, .CSV, or .TXT format), setting forth

(i) title/registration, (ii) street address, and (iii) city/state/zip; (b) provide computer-generated

mailing labels or; (c) request additional copies of this Notice and the Proof of Claim form, which

will be provided to you free of charge, and within ten (10) calendar days of receipt of such

copies send them by First-Class Mail directly to the beneficial owners of those MF Global

shares.

If you choose to follow alternative procedure (c), the Court has directed that, upon such

mailing, you shall send a statement to the Claims Administrator confirming that the mailing was

made as directed.  You are entitled to reimbursement from the Settlement Fund of your

reasonable expenses actually incurred in connection with the foregoing, including reimbursement

of postage expenses and the cost of ascertaining the names and addresses of beneficial owners.

Those expenses will be paid after request and submission of appropriate supporting

documentation.  All communications concerning the foregoing should be addressed to the

Claims Administrator:

*Rubin v. MF Global, Ltd., et al.*
Claims Administrator
Attention:  Fulfillment Department

c/o A.B. Data, Ltd.
3410 West Hopkins Street
PO Box 170500
Milwaukee, WI 53217-8042
Phone within the U.S. and Canada: 866-561-6065; Phone outside the U.S. and Canada: 1-414-961-4888
Fax: 1-414-961-7499
fulfillment@abdata.com
www.abdataclassaction.com


Dated: _____, 2011

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| MICHAEL RUBIN, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 08 Civ. 2233 (VM) |
| MF GLOBAL, LTD., et al., | : | **PROOF OF CLAIM** |
| Defendants. | : | **AND RELEASE** |

TO HAVE AN OPPORTUNITY TO RECEIVE A SHARE OF THE SETTLEMENT FUND, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM FORM, AND RETURN IT TO:

*RUBIN V. MF GLOBAL, LTD., ET AL.*
Claims Administrator
c/o A.B. Data, Ltd.
PO Box 170500
Milwaukee, WI  53217-8042

MAIL THIS FORM BY PREPAID, FIRST-CLASS MAIL, **POSTMARKED NO LATER THAN** _____. FAILURE TO SUBMIT YOUR CLAIM BY _____ WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION.

DO NOT MAIL OR DELIVER YOUR CLAIM FORM TO THE COURT, THE SETTLING PARTIES OR THEIR COUNSEL.  ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED.  SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

## PART I – CLAIMANT INFORMATION

Last Name (Claimant)

First Name (Claimant)

Last Name (Beneficial Owner if Different From Claimant)

First Name (Beneficial Owner)

Last Name (Co-Beneficial Owner)

First Name (Co-Beneficial Owner)

Company/Other Entity (If Claimant Is Not An Individual)

Contact Person (If Claimant is Not An Individual)

Trustee/Nominee/Other

Account Number (If Claimant Is Not an Individual)

Trust/Other Date (If Applicable)

Address Line 1

Address Line 2 (If Applicable)

City                           State                    Zip Code

Foreign Province               Country                  Foreign Zip Code

Telephone Number (Day)                          Telephone Number (Night)

Beneficial Owner's Employer Identification Number or Social Security Number[1]

[1] The taxpayer identification number (TIN), consisting of a valid Social Security number (SSN) for individuals or employer identification number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.

Email Address *(Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)*

IDENTITY OF CLAIMANT (check only one box):
[ ] Individual          [ ] Joint Owners          [ ] Estate
[ ] Corporation         [ ] Trust                 [ ] Partnership
[ ] Private Pension Fund [ ] IRA, Keogh, or other type of individual retirement plan
[ ] Legal Representative      (indicate type of plan, mailing address, and name of current custodian)
[ ] Other (specify, describe
          on separate sheet)

## PART II - GENERAL INSTRUCTIONS

1.      It is important that you completely read the Notice of Pendency of Class Action and Proposed Settlement (the "Notice") that accompanies this Proof of Claim and Release ("Proof of Claim" or "Claim Form") and the Plan of Allocation included in the Notice. The Notice contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read the Notice, including the terms of the releases described therein and provided for herein.

2.      This Proof of Claim is directed to all persons or entities, including their legal representatives, heirs, successors or assigns, who purchased or otherwise acquired MF Global common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with the Company's IPO on or about July 19, 2007, and were damaged thereby (the "Class").

3.      IF YOU ARE NOT A CLASS MEMBER OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, FILED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A PROOF OF CLAIM. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER. THUS, IF YOU FILE A VALID REQUEST FOR EXCLUSION IN A TIMELY MANNER, ANY PROOF OF CLAIM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      You may only participate in the distribution of the Net Settlement Fund if you are a member of the Class and if you complete and return this form as specified below. If you fail to file a timely, properly addressed, and completed Claim Form, your claim may be rejected and you may be precluded from receiving any distribution from the Net Settlement Fund.

5.      **Submission of this Claim Form does not guarantee that you will share in the Net Settlement Fund.** The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if approved by the Court, or such other plan of allocation as the Court approves.

6.      Use Part III of this Claim Form entitled "SCHEDULE OF TRANSACTIONS IN MF GLOBAL COMMON STOCK" to supply all required details of your transaction(s) in MF Global common stock. On the schedule, provide all the requested information with respect to all purchases, acquisitions, free receipts, sales, transfers, and free deliveries of MF Global common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with the Company's IPO.

7.      You are required to submit genuine and sufficient documentation for all your transactions in and holdings of MF Global common stock as set forth in the Schedule of Transactions in Part III. Documentation may consist of copies of brokerage confirmations or monthly statements. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. Please keep a copy of all documents that you send to the Claims Administrator.

8.      Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a

single Claim Form should be submitted on behalf of one legal entity, with all transactions made by that entity included on that one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form)

9.      All joint beneficial owners must each sign this Claim Form.  If you purchased or acquired MF Global common stock and held the securities in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased or acquired MF Global common stock and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, Social Security number (or employer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the MF Global common stock; and

(c)      furnish herewith evidence of their authority to bind the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

11.     **NOTICE REGARDING ELECTRONIC FILES:**  Claims with 50 or more transactions or on behalf of 10 or more different accounts should be submitted electronically and in the required format.  The electronic filing instructions and file layout requirements are available at www.MFGlobalSettlement.com or you may request the instructions by sending an email to the Claims Administrator at efiling@abdata.com.  Upon receipt of an electronic filing, the Claims Administrator will issue an email confirmation of receipt.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an additional email after processing the claim that contains your claim numbers and respective account information.  Do not assume that your file has been processed until you receive this email.  If you do not receive such an email within 10 business days of your submission, you should contact the Claims Administrator's electronic filing department at efiling@abdata.com to inquire about the status of your filing.

12.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address or by phone within the U.S. and Canada at 866-217-4456 or outside the U.S. and Canada at 416-961-6520, or you may download the documents from www.MFGlobalSettlement.com.

**PART III – SCHEDULE OF TRANSACTIONS IN MF GLOBAL COMMON STOCK**

## A.    PURCHASES AND/OR ACQUISITIONS OF MF GLOBAL COMMON STOCK:

Separately list each and every MF Global common stock purchase/ acquisition, including free receipts, pursuant or traceable to the Registration Statement and Prospectus issued in connection with the Company's IPO on or about July 19, 2007 through close of trading on March 6, 2008.

**IF NONE, CHECK HERE**

○

| Date(s) of Purchase(s) (List Chronologically) Month/Day/Year | Number of Shares Purchased | Purchase Price Per Share (excluding commissions, taxes & fees) | Proof of Purchase Enclosed ○Y ○N |
|---|---|---|---|
| __/__/__ | _____ | $_____ | |
| __/__/__ | _____ | $_____ | ○Y ○N |
| __/__/__ | _____ | $_____ | ○Y ○N |
| __/__/__ | _____ | $_____ | ○Y ○N |

## B.    SALES AND/OR TRANSFERS OF MF GLOBAL COMMON STOCK:

Separately list each and every sale or transfer, including free deliveries, of MF Global common stock purchased pursuant or traceable to the Registration Statement and Prospectus issued in connection with the Company's IPO on or about July 19, 2007 through close of trading on March 6, 2008..

**IF NONE, CHECK HERE**

○

| Date(s) of Sale(s) (List Chronologically) Month/Day/Year | Number of Shares Sold | Sale Price Per Share (excluding commissions, taxes & fees) | Proof of sale enclosed |
|---|---|---|---|
| __/__/__ | _____ | $_____ | ○Y ○N |
| __/__/__ | _____ | $_____ | ○Y ○N |
| __/__/__ | _____ | $_____ | ○Y ○N |
| __/__/__ | _____ | $_____ | ○Y ○N |

## C.    CLOSING POSITION ON MARCH 6, 2008:

State the number of shares of MF Global Common Stock shares owned at the close of trading on March 6, 2008. If none, enter "0". If other than zero, be sure to attach the required documentation.

| Number of Shares | Proof enclosed? |
|---|---|
| _____ | ○Y ○N |

**IF YOU REQUIRE ADDITIONAL SPACE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT AS ABOVE. PRINT THE BENEFICIAL OWNER'S FULL NAME AND TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.**

## PART IV – RELEASE AND CERTIFICATION

## YOU MUST SIGN ON PAGE ____ OF THIS CLAIM FORM

A.    On behalf of myself (ourselves), my (our) Released Plaintiff Parties and each of our heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, release, discharge, and dismiss each and every one of the Released Defendant Parties with respect to any and all of the Released Claims, as those terms are defined in the accompanying Notice.

B.    On behalf of myself (ourselves), my (our) Released Plaintiff Parties and each of our heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, I (we) hereby acknowledge that as of the Effective Date, I (we) shall: (i) have and be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims, as against each and every one of the Released Defendant Parties; (ii) forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties; and (iii) have and be deemed to have covenanted not to sue any Released Defendant Party on the basis of any Released Claim or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Claim against any Released Defendant Party.

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represents the claimant(s) certifies (certify), as follows:

1.    that I (we) have read the Notice, the Plan of Allocation and the Claim Form, including the releases provided for in the Settlement;

2.    that the claimant(s) is (are) Class Member(s), as defined in the Notice, and is (are) not excluded from the Class;

3.    that the claimant(s) has (have) not submitted a request for exclusion from the Class;

4.    that the claimant(s) owns(ed) the MF Global common stock identified in the Claim Form and has (have) not assigned the claim against the Released Defendant Parties to another, or that, in signing and submitting this Claim Form, the claimant(s) has (have) the authority to act on behalf of the owner(s) thereof;

5.    that the claimant(s) has (have) not submitted any other claim covering the same purchases, acquisitions, sales, or holdings of MF Global common stock and knows (know) of no other person having done so on his/her/its/their behalf;

6.    that the claimant(s) submits (submit) to the jurisdiction of the Court with respect to his/her/its/their claim and for purposes of enforcing the releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim Form as the Claims Administrator or the Court may require;

8.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and covenants set forth herein; and

9.     that I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

NOTE: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above. The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of Claimant

_____          _____
Print Name of Claimant                                Date

_____
Signature of Joint Claimant, if any

_____          _____
Print Name of Joint Claimant                        Date

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, POSTAGE PREPAID, **POSTMARKED BY** _____, ADDRESSED AS FOLLOWS:

*RUBIN V. MF GLOBAL, LTD., ET AL.*
Claims Administrator
c/o A.B. Data, Ltd.
PO Box 170500
Milwaukee, WI 53217-8042

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please notify the Claims Administrator of any change of address.

## REMINDER CHECKLIST

1.     Please sign the above release and certification. If this Claim Form is being submitted on behalf of joint claimants, then both must sign.

2.     Remember to attach only copies of acceptable supporting documentation.

3.     Please do not highlight any portion of the Claim Form or any supporting documents.

4.     Do not send original stock certificates or documentation. These items cannot be returned to you by the Claims Administrator.

5.  Keep copies of the completed Claim Form and documentation for your own records.

6.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator within the U.S. or Canada at 866-217-4456 or outside the U.S. and Canada at 414-961-6520.

7.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, please send the Claims Administrator written notification of your new address. If you change your name, please inform the Claims Administrator.

8.  If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the above address or within the U.S. and Canada call: 866-217-4456 or outside the U.S. and Canada call: 414-961-6520, or visit www.MFGlobalSettlement.com.

# EXHIBIT A-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHAEL RUBIN, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 08 Civ. 2233 (VM) |
| MF GLOBAL, LTD., et al., | : | **SUMMARY NOTICE OF** |
| | : | **PENDENCY OF CLASS ACTION** |
| Defendants. | : | **AND PROPOSED SETTLEMENT** |
| | : | |

**TO:    ANY PERSON OR ENTITY, INCLUDING THEIR LEGAL
REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS, WHO
PURCHASED OR OTHERWISE ACQUIRED MF GLOBAL COMMON
STOCK PURSUANT OR TRACEABLE TO THE REGISTRATION
STATEMENT AND PROSPECTUS ISSUED IN CONNECTION WITH THE
COMPANY'S INITIAL PUBLIC OFFERING (THE "IPO") ON OR ABOUT
JULY 19, 2007, AND WAS DAMAGED THEREBY (THE "CLASS").**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the Court, that the above-captioned litigation ("Litigation") has been

preliminarily certified as a class action for the purposes of settlement only and that a settlement

with MF Global, Ltd. (n/k/a MF Global Holdings Ltd.), Man Group plc, Man Group UK Ltd.,

Kevin R. Davis, Amy S. Butte, Alison J. Carnwath, Christopher J. Smith, Christopher Bates,

Henri J. Steenkamp, Edward L. Goldberg, Citigroup Global Markets Inc., J.P. Morgan Securities

Inc. (n/k/a J.P. Morgan Securities LLC), Merrill Lynch, Pierce, Fenner & Smith, Incorporated,

UBS Securities LLC, Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc.,

Goldman, Sachs & Co., Morgan Stanley & Co. Incorporated, ABN AMRO Rothschild LLC,

Banc of America Securities LLC, BMO Capital Markets Corp., HSBC Securities (USA) Inc.,

Keefe, Bruyette & Woods, Inc., Sandler O'Neill & Partners, L.P., Wachovia Capital Markets,

LLC, Blaylock & Co. Inc., Calyon Securities (USA) Inc. (n/k/a Crédit Agricole Securities (USA)

Inc.), Chatsworth Securities LLC, CL King & Associates, Inc., Dowling & Partners Securities,

LLC, E*TRADE Securities LLC, Fortis Securities LLC, Guzman & Co., ING Financial Markets,

LLC, Jefferies & Co., Inc., Lazard Capital Markets LLC, M.R. Beal & Co., Mizuho Securities

USA Inc., Muriel Siebert & Co., Inc., Oppenheimer & Co. Inc., Piper Jaffray & Co., Raymond

James & Associates, Inc., RBC Capital Markets Corp., Robert W. Baird & Co. Inc., Samuel A.

Ramirez & Co., Inc., SMH Capital Inc. (n/k/a Sanders Morris Harris Inc.), Stifel, Nicolaus &

Co., Inc., SunTrust Capital Markets, Inc. (n/k/a SunTrust Robinson Humphrey, Inc.), The

Williams Capital Group, L.P., Utendahl Capital Partners, L.P., Wells Fargo Securities, LLC,  and

William Blair & Co., LLC (collectively, the "Settling Defendants"), in the amount of

$90,000,000 in cash has been proposed by the Settling Parties.

A hearing will be held before the Honorable Victor Marrero of the United States District

Court for the Southern District of New York in the Daniel Patrick Moynihan United States

Courthouse, 500 Pearl Street, Courtroom 20B, New York, NY 10007-1312 at __:___ _.m., on

_____, 2011 to, among other things: determine whether the proposed Settlement should be

approved by the Court as fair, reasonable, and adequate; determine whether the proposed Plan of

Allocation for distribution of the settlement proceeds should be approved as fair and reasonable;

and consider the application of Plaintiffs' Counsel for an award of attorneys' fees and

reimbursement of litigation expenses.  The Court may change the date of the hearing without

providing another notice.

**IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR**
**RIGHTS WILL BE AFFECTED BY THE PENDING LITIGATION AND THE**
**PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO SHARE IN THE NET**
**SETTLEMENT FUND.**  If you have not yet received the full printed Notice of Pendency of

2

Class Action and Proposed Settlement ("Notice") and a Proof of Claim and Release Form

("Proof of Claim"), you may obtain copies of these documents by contacting the Claims

Administrator:

*Rubin v. MF Global, Ltd. et al.*
Claims Administrator
c/o A.B. Data, Ltd.
PO Box 170500
Milwaukee, WI 53217-8042
Phone Within U.S. and Canada: 866-217-4456
Phone Outside U.S. and Canada: 414-961-6520
www.MFGlobalSettlement.com

Inquiries, other than requests for information about the status of a claim, may also be

made to Lead Counsel.

BARRACK, RODOS & BACINE
Leslie B. Molder
Two Commerce Square, Suite 3300
2001 Market Street
Philadelphia, PA 19103
Tel: [(215) 963-0600]
www.barrack.com

COHEN MILSTEIN SELLERS & TOLL PLLC
Carol V. Gilden
190 S. LaSalle Street, Suite 1705
Chicago, IL 60603
Tel: [(312) 357-0370]
www.cohenmilstein.com

If you are a Class Member, to be eligible to share in the distribution of the Settlement

proceeds, you must submit a Proof of Claim postmarked no later than _____, 2011. To

exclude yourself from the Class, you must submit a written request for exclusion such that it is

received no later than twenty-one (21) calendar days prior to the Settlement Hearing, in

accordance with the instructions set forth in the Notice. If you are a Class Member and do not

exclude yourself from the Class, you will be bound by the Final Order and Judgment of the

3

Court. Any objections to the proposed Settlement, Plan of Allocation, and/or application for attorneys' fees and reimbursement of expenses must be filed with the Court and served on counsel for the Settling Parties such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, in accordance with the instructions set forth in the Notice. If you are a Class Member and do not timely submit a valid Proof of Claim, you will not be eligible to share in the Net Settlement Fund, but you nevertheless will be bound by the Final Order and Judgment of the Court.

DATED: _____          BY ORDER OF THE COURT
                                  UNITED STATES DISTRICT COURT
                                  SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL RUBIN, | : |
| Plaintiff, | : |
| v. | : Case No. 08 Civ. 2233 (VM) |
| MF GLOBAL, LTD., et al., | : **[PROPOSED] FINAL ORDER** |
| | : **AND JUDGMENT** |
| Defendants. | : |

WHEREAS:

A.    On August ___ 2011, the Iowa Public Employees' Retirement System, the

Policemen's Annuity & Benefit Fund of Chicago, the Central States, Southeast and Southwest

Areas Pension Fund, and the State-Boston Retirement System (collectively, "Lead Plaintiffs"),

on behalf of themselves and the Class, and the Settling Defendants[1] entered into a Stipulation

and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Litigation").

---

[1] The Settling Defendants are: MF Global Holdings, Ltd. (formerly known as MF Global, Ltd.) ("MF Global" or the "Company"), Man Group plc ("Man Group"), Man Group UK Ltd. ("Man UK"), Kevin R. Davis ("Davis"), Amy S. Butte ("Butte"), Alison J. Carnwath ("Carnwath"), Christopher J. Smith ("Smith"), Christopher Bates ("Bates"), Henri J. Steenkamp ("Steenkamp"), and Edward L. Goldberg ("Goldberg") (Davis, Butte, Carnwath, Smith, Bates, Steenkamp and Goldberg are collectively the "Individual Defendants"), Citigroup Global Markets Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), Merrill Lynch, Pierce, Fenner & Smith, Incorporated, UBS Securities LLC, Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Morgan Stanley & Co. Incorporated, ABN AMRO Rothschild LLC, Banc of America Securities LLC, BMO Capital Markets Corp., HSBC Securities (USA) Inc., Keefe, Bruyette & Woods, Inc., Sandler O'Neill & Partners, L.P., Wachovia Capital Markets, LLC, Blaylock & Co. Inc., Calyon Securities (USA) Inc. (n/k/a Crédit Agricole Securities (USA) Inc.), Chatsworth Securities LLC, CL King & Associates, Inc., Dowling & Partners Securities, LLC, E*TRADE Securities LLC, Fortis Securities LLC, Guzman & Co., ING Financial Markets, LLC, Jefferies & Co., Inc., Lazard Capital Markets LLC, M.R. Beal & Co., Mizuho Securities USA Inc., Muriel Siebert & Co., Inc., Oppenheimer & Co. Inc., Piper Jaffray & Co., Raymond James & Associates, Inc., RBC Capital Markets Corp., Robert W. Baird & Co. Inc., Samuel A. Ramirez & Co., Inc., SMH Capital Inc. (n/k/a Sanders Morris Harris Inc.), Stifel, Nicolaus & Co., Inc., SunTrust Capital Markets, Inc. (n/k/a SunTrust Robinson Humphrey, Inc.), The Williams Capital Group, L.P., Utendahl Capital Partners, L.P., Wells Fargo Securities, LLC, and William Blair & Co., LLC (collectively, the "Underwriter Defendants").

B.      Pursuant to the Preliminary Approval Order Providing for Notice and Hearing in

Connection With Proposed Class Action Settlement, entered _____, 2011 (the

"Preliminary Approval Order"), the Court scheduled a hearing for _____, 2011, at

____ ____.m. (the "Settlement Hearing") to, among other things: (i) determine whether the

proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation

is fair, reasonable and adequate, and should be approved by the Court; and (ii) determine

whether a judgment as provided for in the Stipulation should be entered.

C.      The Court ordered that the Notice of Pendency of Class Action and Proposed

Settlement (the "Notice") and a Proof of Claim and Release Form ("Proof of Claim"),

substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2,

respectively, be mailed by first-class mail, postage prepaid, to all putative Class Members who

could be identified through reasonable effort, on or before ten (10) business days after the Claims

Administrator's receipt of a list in electronic searchable form of the names and last known

addresses of the Persons, who can be identified with reasonable effort, who purchased MF

Global common stock pursuant to or traceable to MF Global's IPO, as set forth on the books and

records maintained by MF Global or its transfer agent ("Notice Date") and that a Summary

Notice of Pendency of Class Action and Proposed Settlement (the "Summary Notice"),

substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published

in the *Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days

of the Notice Date.

D.      The Notice and the Summary Notice advised Class Members of the date, time,

place and purpose of the Settlement Hearing. The Notice further advised that any objections to

2

the Settlement were required to be filed with the Court and served on counsel for the Settling

Parties postmarked by _____, 2011.

E.    The provisions of the Preliminary Approval Order as to notice were complied

with.

F.    On _____, 2011, Lead Plaintiffs moved for final approval of the

Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly

held before this Court on _____, 2011, at which time all interested Persons were

afforded the opportunity to be heard.

G.    This Court has duly considered Lead Plaintiffs' motion, the affidavits,

declarations and memorandum of law submitted in support thereof, and all of the submissions

and arguments presented with respect to the proposed Settlement.

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND

DECREED that:

1.    This Judgment fully incorporates and makes a part hereof: the Stipulation, the

Notice and the Summary Notice. More specifically, this Judgment incorporates by reference the

definitions in the Stipulation, and all capitalized terms used in this Judgment that are not

otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.    This Court has jurisdiction over the subject matter of the Litigation and over all

Settling Parties to the Litigation, including all members of the Class.

3.    The Court hereby affirms its determinations in the Preliminary Approval Order

and finally certifies, for the purposes of the Settlement only, the Litigation as a class action

pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of any

person or entity, including their legal representatives, heirs, successors or assigns, who purchased

3

or otherwise acquired MF Global common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with the Company's Initial Public Offering (the "IPO") on or about July 19, 2007, and was damaged thereby (the "Class"). Excluded from the Class are: the Settling Defendants; Lehman; the officers and directors of the Company, of Man Group, of Man U.K., of the Underwriter Defendants and of Lehman at all relevant times; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any Settling Defendant or Lehman has or had a majority interest. Also excluded from the Class are any proposed Class Members who properly excluded themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice, as listed on Exhibit A hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiffs the Iowa Public Employees' Retirement System, the Policemen's Annuity & Benefit Fund of Chicago, the Central States, Southeast and Southwest Areas Pension Fund, and the State-Boston Retirement System as Class Representatives for the Class; and finally appoints Barrack Rodos & Bacine and Cohen Milstein Sellers & Toll PLLC as Class Counsel for the Class.

5. Notice of the proposed Settlement of this Action was given to all Class Members who could be identified with reasonable effort. The notification provided for and given to the Class was in compliance with the Preliminary Approval Order, and said notification constituted the best notice practicable under the circumstances, constituted due and sufficient notice to all persons and entities entitled thereto, and is in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933,

4

15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law.

6.      The proposed Settlement of the Litigation on the terms and conditions set forth in the Stipulation is in all respects fair, reasonable and adequate, and in the best interests of the Class Members, in light of the benefits to the Class, the complexity, expense and possible duration of further litigation against the Settling Defendants and the risks of establishing liability and damages and the costs of continued litigation. This Court further finds the Settlement set forth in the Stipulation is the result of substantial, good-faith, arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiffs, the Class and the Settling Defendants.

7.      The Stipulation and the proposed Settlement are hereby approved as fair, reasonable, adequate, and in the best interests of the Class Members, and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.      The First Amended Consolidated Class Action Complaint, filed November 5, 2010, is hereby dismissed in its entirety, with prejudice, and without costs to any Settling Party, except as otherwise provided in the Stipulation.

9.      The Court further finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.     The terms of the releases set forth in the Stipulation, including paragraphs 5-6 of the Stipulation and definitions related to the releases contained in paragraph 1 of the Stipulation, are expressly incorporated herein in all respects. Accordingly, as of the Effective Date:

5

(a)     Lead Plaintiffs, each and every other Class Member and each of their respective Released Plaintiff Parties, on behalf of themselves and each of their respective heirs, agents, executors, trustees, administrators, predecessors, successors and assigns, (i) shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims, as against each and every one of the Released Defendant Parties; (ii) shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties; and (iii) shall be deemed to have covenanted not to sue any Released Defendant Party on the basis of any Released Claim or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Claim against any Released Defendant Party. Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Stipulation or this Final Judgment.

(b)     The Settling Defendants and each of the other Released Defendant Parties (except for Lehman and its respective Released Defendant Parties), on behalf of themselves and each of their respective heirs, agents, executors, trustees, administrators, predecessors, successors and assigns (i) shall be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims, as against each and every one of the Released Plaintiff Parties; (ii) shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties; and (iii) shall be deemed to have covenanted not to sue any Released Defendant Party on the basis of any Released Claim or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Claim against

6

any Released Defendant Party. Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Stipulation or this Final Judgment.

11. Each Class Member including the Lead Plaintiffs is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation, regardless of whether such Class Member (i) executes and delivers a Proof of Claim; (ii) receives the Notice; (iii) participates in the Settlement Fund; (iv) objects to the Settlement, the proposed Plan of Allocation, or any application by Plaintiffs' Counsel for attorneys' fees and expenses; or (v) has their claim approved or allowed.

12. Except as set forth in the Stipulation and in paragraph 13 below, this Judgment and the Stipulation, whether or not consummated, and any negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against the Released Parties for any purpose, and in particular:

(a) do not constitute, and shall not be offered or received against the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs and the Class or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Released Defendant Parties;

(b) do not constitute, and shall not be offered or received against the Released Defendant Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or

7

made by the Released Defendant Parties, or against the Released Defendant Parties, Lead Plaintiffs or any other members of the Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Litigation;

(c)     do not constitute, and shall not be offered or received against the Released Parties, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, the Settlement and this Judgment;

(d)     do not constitute, and shall not be construed against the Released Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(e)     do not constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against Lead Plaintiffs or any other members of the Class or any of them that any of their claims are without merit or infirm, that a Class should not be certified, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

13.     The Released Parties may file or refer to the Stipulation, this Judgment, and/or any Claim Form submitted by a Class Member (i) to effectuate the liability protection granted under the Stipulation and this Judgment, including, without limitation, to support a defense or counterclaim based on principles of *res judicata, collateral estoppel*, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; or (ii) to effectuate the liability protection granted them under

8

any applicable insurance policies. The Released Parties may file or refer to this Stipulation and/or this Judgment in any action that may be brought to enforce the terms of this Stipulation and/or this Judgment. All Released Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

14.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

15.     The Released Defendant Parties and Settling Defendants' Counsel shall have no liability, obligation or responsibility for the administration of the Settlement, including the allocation of the Net Settlement Fund or the reviewing or challenging of claims of members of the Class. No person shall have any claim of any kind against the Released Defendant Parties or their counsel with respect to the administration of the Settlement.

16.     If the Effective Date does not occur or the Settlement is terminated pursuant to the Stipulation, then this Judgment (and any orders of the Court relating to the Settlement) shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     The Settling Parties are hereby directed to consummate the Stipulation and to perform its terms.

19.     A separate order shall be entered regarding Plaintiffs' Counsel's application for attorneys' fees and reimbursement of expenses as allowed by the Court. A separate order shall

9

be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing and exclusive jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Litigation; (v) all Settling Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: _____, 2011

_____
Honorable Victor Marrero
UNITED STATES DISTRICT JUDGE

10

**EXHIBIT A**