UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



MICHAEL RUBIN,

   Plaintiff,

v.

MF GLOBAL, LTD., et al.,

   Defendants.

Case No. 08 Civ. 2233 (VM)

**PRELIMINARY APPROVAL ORDER PROVIDING FOR NOTICE AND HEARING IN CONNECTION WITH PROPOSED CLASS ACTION SETTLEMENT**

  WHEREAS, on August 10, 2011, the Iowa Public Employees' Retirement System, the Policemen's Annuity & Benefit Fund of Chicago, the Central States, Southeast and Southwest Areas Pension Fund, and the State-Boston Retirement System (collectively, "Lead Plaintiffs"), on behalf of themselves and the Class, and the Settling Defendants[1] entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Litigation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which,

---

[1] The Settling Defendants are: MF Global Holdings Ltd. (formerly known as MF Global, Ltd.) ("MF Global" or the "Company"), Man Group plc ("Man Group"), Man Group UK Ltd. ("Man UK"), Kevin R. Davis ("Davis"), Amy S. Butte ("Butte"), Alison J. Carnwath ("Carnwath"), Christopher J. Smith ("Smith"), Christopher Bates ("Bates"), Henri J. Steenkamp ("Steenkamp"), and Edward L. Goldberg ("Goldberg") (Davis, Butte, Carnwath, Smith, Bates, Steenkamp and Goldberg are collectively the "Individual Defendants"), Citigroup Global Markets Inc., J.P. Morgan Securities Inc. (n/k/a J.P. Morgan Securities LLC), Merrill Lynch, Pierce, Fenner & Smith, Incorporated, UBS Securities LLC, Credit Suisse Securities (USA) LLC, Deutsche Bank Securities Inc., Goldman, Sachs & Co., Morgan Stanley & Co. Incorporated, ABN AMRO Rothschild LLC, Banc of America Securities LLC, BMO Capital Markets Corp., HSBC Securities (USA) Inc., Keefe, Bruyette & Woods, Inc., Sandler O'Neill & Partners, L.P., Wachovia Capital Markets, LLC, Blaylock & Co. Inc., Calyon Securities (USA) Inc. (n/k/a Crédit Agricole Securities (USA) Inc.) , Chatsworth Securities LLC, CL King & Associates, Inc., Dowling & Partners Securities, LLC, E*TRADE Securities LLC, Fortis Securities LLC, Guzman & Co., ING Financial Markets, LLC, Jefferies & Co., Inc., Lazard Capital Markets LLC, M.R. Beal & Co., Mizuho Securities USA Inc., Muriel Siebert & Co., Inc., Oppenheimer & Co. Inc., Piper Jaffray & Co., Raymond James & Associates, Inc., RBC Capital Markets Corp., Robert W. Baird & Co. Inc., Samuel A. Ramirez & Co., Inc., SMH Capital Inc. (n/k/a Sanders Morris Harris Inc.), Stifel, Nicolaus & Co., Inc., SunTrust Capital Markets, Inc. (n/k/a SunTrust Robinson Humphrey, Inc.), The Williams Capital Group, L.P., Utendahl Capital Partners, L.P., Wells Fargo Securities, LLC, and William Blair & Co., LLC (collectively, the "Underwriter Defendants").

together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the First Amended Consolidated Class Action Complaint (the "Complaint") against the Settling Defendants on the merits and with prejudice (the "Settlement"); and the Court having read and considered the Stipulation and the accompanying exhibits; and the Settling Parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used in this Order that are not otherwise defined herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of August, 2011 that:

1. The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of the Settlement only, the Litigation as a class action on behalf of any person or entity, including their legal representatives, heirs, successors or assigns, who purchased or otherwise acquired MF Global common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with the Company's Initial Public Offering (the "IPO") on or about July 19, 2007, and was damaged thereby (the "Class"). Excluded from the Class are: the Settling Defendants; Lehman; the officers and directors of the Company, of Man Group, of Man U.K., of the Underwriter Defendants and of Lehman at all relevant times; members of their immediate families and their legal representatives, heirs, successors or assigns; and any entity in which any Settling Defendant or Lehman has or had a majority interest. Also excluded from the Class are any proposed Class Members who properly

exclude themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice of Pendency of Class Action and Proposed Settlement (the "Notice").

3.  The Court finds and concludes for the purposes of the Settlement only that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Class defined herein, in that:

   (a)  the members of the Class are so numerous that joinder of all Class Members is impracticable;

   (b)  there are questions of law and fact common to the Class Members;

   (c)  the claims of Lead Plaintiffs are typical of the Class's claims;

   (d)  Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Class;

   (e)  the questions of law and fact common to Class Members predominate over any individual questions; and

   (f)  a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Class Members in the Litigation are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Class Members are too small to justify the expense of individual actions; and it does not appear that there is any interest among Class Members in individually controlling the litigation of their claims.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are certified as Class Representatives for the Class. The

law firms of Barrack Rodos & Bacine and Cohen Milstein Sellers & Toll PLLC are appointed Class Counsel for the Class.

5. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on November 18, 2011, at 1:30 p.m. for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, dismissing the Litigation in its entirety and with prejudice; to determine whether the covenants by the Class and the release by the Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties; and to determine whether the Class should be forever barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties;

(c) to determine, for the purposes of the Settlement only: whether the Class should be finally certified; whether Lead Plaintiffs should be finally certified as Class Representatives for the Class; and whether the law firms of Barrack Rodos & Bacine and Cohen Milstein Sellers & Toll PLLC should be finally appointed as Class Counsel for the Class;

(d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e) to consider Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses (which may include an application for an award to Lead

Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representations of the Class); and

(f)     to rule upon such other matters as may properly be before the Court in connection with the Settlement.

6.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind, provided that each Settling Party retains the right to terminate the Settlement in accordance with the terms of the Stipulation by reason of such modification to the Settlement. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the dates herein without further notice to members of the Class.

7.     The Court approves the form, substance and requirements of the Notice and the Proof of Claim and Release Form ("Proof of Claim"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

8.     The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after the Claims Administrator's receipt of a list in electronic searchable form of the names and last known addresses of the Persons, who can be identified with reasonable effort, who purchased MF Global common stock pursuant to or traceable to MF Global's IPO, as set forth on the books and records maintained by MF Global or its transfer agent ("Shareholder List"). MF Global, to the extent it has not already done so, shall provide to Plaintiffs' Counsel, or the Claims Administrator, at no cost to Lead Plaintiffs, Plaintiffs' Counsel, the Class or the

Claims Administrator the Shareholder List, no later than five (5) business days after entry of this Order.

9. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased MF Global common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with the Company's IPO as record owners but not as beneficial owners. Such nominee purchasers are directed, within ten (10) calendar days of their receipt of the Notice, to either (i) provide the Claims Administrator with lists of the names and last known addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners by first-class mail, or (ii) request additional copies of the Notice and Proof of Claim, and within ten (10) calendar days of receipt of such copies send them by first-class mail directly to the beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, after receipt by the Claims Administrator of proper documentation, for their reasonable expenses actually incurred in sending the Notices and Proofs of Claim to beneficial owners.

10. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

11. The Court approves the form of the Summary Notice of Pendency of Class Action and Proposed Settlement ("Summary Notice") substantially in the form annexed hereto as

Exhibit 3, and directs that Lead Counsel shall cause the Summary Notice to be published in the *Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12. The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Notice, postmarked no later than 120 calendar days after the Notice Date. Such deadline may be further extended by Court Order or by Lead Counsel in their discretion. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted

when it was actually received at the address designated in the Notice. Any Class Member who does not timely submit a Proof of Claim within the time provided for (i) shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but (ii) shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the terms of all orders, determinations and judgments entered in this Litigation, whether favorable or unfavorable, and the releases and covenants provided for therein and in the Stipulation, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim or Released Defendants' Claims, whether or not such Class Member has filed an objection to the Settlement, the proposed Plan of Allocation, or any application for an award of attorneys' fees or reimbursement of expenses by Plaintiffs' Counsel.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and the subject matter of the Settlement.

14. Unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided, Class Members shall be bound by all of the terms of the Stipulation and the Settlement, including the terms of all orders, determinations and judgments entered in this Litigation, whether favorable or unfavorable, and the releases and covenants provided for therein and in the Stipulation, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim or Released Defendants' Claims. A Class Member wishing to make such an exclusion request shall deliver or mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address and telephone number of the person seeking exclusion, that the sender requests exclusion from the Class in *Rubin v. MF Global, Ltd., et al.*, No. 08 Civ. 2233 (VM) (S.D.N.Y.) and must be signed by such person. Such persons requesting exclusion are also directed to state: the date(s), price(s), and number(s) of shares of all purchases, acquisitions and sales of MF Global common stock-pursuant or traceable to the IPO. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above.

15. Class Members requesting exclusion from the Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

16. The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or reimbursement of

expenses only if such Class Member has served by hand or by mail his, her or its written objection and supporting papers such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel, Mark R. Rosen and Leslie B. Molder, Barrack Rodos & Bacine, Two Commerce Square, Suite 3300, 2001 Market Street, Philadelphia, PA 19103; Carol V. Gilden, Cohen Milstein Sellers & Toll PLLC, 190 S. LaSalle Street, Suite 1705, Chicago, IL 60603 and designated counsel for the Settling Defendants, David B. Anders, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019-6150, and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312. Any Class Member who does not make his, her or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by all of the terms of the Stipulation and the Settlement, including the terms of all orders, determinations and judgments entered in this Litigation, whether favorable or unfavorable, and the releases and covenants provided for therein and in the Stipulation, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Released Party concerning any Released Claim or Released Defendants' Claims. Attendance at the hearing is not necessary; however, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of

Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

17. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action concerning any Released Claims against any of the Released Defendant Parties. This Litigation shall remain stayed through the Court's ruling on this Settlement, except as to any proceedings relating to the Settlement.

18. As provided in the Stipulation, prior to the Effective Date, Plaintiffs' Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Settlement Fund without further approval from the Defendants and without further order of the Court.

19. All papers in support of the Settlement, Plan of Allocation, and Plaintiffs' Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before twenty-eight (28) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

20. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved. No person who is not a Class Member or Plaintiffs' Counsel shall have any right to any portion of, or to any distribution

of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

21. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

22. If the Settlement fails to become effective as defined in the Stipulation or is terminated pursuant to the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order (including its class certification provisions) shall be null and void, of no further force or effect, and without prejudice to any Settling Party; the fact and terms of the Settlement, including the mediator's settlement recommendation, the Stipulation or any aspect of the negotiations leading to the Stipulation, and this Preliminary Approval Order (including its class certification provisions) shall not be admissible in this Litigation and may not be introduced as evidence or used in any actions, proceedings, or otherwise by any person or entity against any of the Settling Parties; any portion of the Settlement Amount previously paid shall be returned pursuant to the Stipulation, except as otherwise provided for in the Stipulation; the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Litigation immediately prior to their acceptance of the mediator's recommendation; and, except as otherwise expressly provided in the Stipulation, the Settling Parties in the Litigation shall proceed in all respects as if the Stipulation and any related orders, including this Preliminary Approval Order, had not been entered.

23. As contemplated by the Stipulation, and except as otherwise provided therein or herein, the Stipulation, whether or not consummated, and any negotiations, proceedings or

agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, including this Preliminary Approval Order, shall not be offered or received against the Released Parties for any purpose, and in particular:

(a) do not constitute, and shall not be offered or received against the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs and the Class or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Released Defendant Parties;

(b) do not constitute, and shall not be offered or received against the Released Defendant Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Defendant Parties, or against the Released Defendant Parties, Lead Plaintiffs or any other members of the Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Litigation;

(c) do not constitute, and shall not be offered or received against the Released Parties, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation, this Preliminary Approval Order or the Settlement;

(d) do not constitute, and shall not be construed against the Released Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(e) do not constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against Lead Plaintiffs or any other members of the Class or any of them that any of their claims are without merit or infirm, that a Class should not be certified, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

24. The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

Dated: 12 August 2011

Honorable Victor Marrero
UNITED STATES DISTRICT JUDGE