UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL RUBIN, | Case No. 08 Civ. 2233 (VM) |
| Plaintiff, | |
| v. | USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 11/18/11 |
| MF GLOBAL, LTD., et al., | |
| Defendants. | |

### ORDER GRANTING PLAINTIFFS' COUNSEL'S PETITION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND LEAD PLAINTIFFS' PETITION FOR REIMBURSEMENT OF EXPENSES

WHEREAS the Court has granted final approval to the Settlement of the above-referenced class action;

WHEREAS Co-Lead Counsel, Barrack, Rodos & Bacine and Cohen Milstein Sellers & Toll PLLC, were appointed by the Court as Co-Lead Counsel and, together with Labaton Sucharow LLP (collectively, "Plaintiffs' Counsel"), have petitioned the Court for an award of attorneys' fees in compensation for the services provided to Lead Plaintiffs and the Class and for reimbursement of expenses incurred in connection with the prosecution of this Litigation, to be paid out of the Settlement Fund established pursuant to the Settlement;

WHEREAS Lead Plaintiffs, the Iowa Public Employees' Retirement System ("IPERS"), the Policemen's Annuity & Benefit Fund of Chicago ("PABF"), the Central States, Southeast and Southwest Areas Pension Fund ("Central States"), and the State-Boston Retirement System ("State-Boston") (collectively, "Lead Plaintiffs") have petitioned the Court for reimbursement of expenses directly related to their representation of the Class in this Litigation, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(4); and

1

WHEREAS, the Court has reviewed the Fee and Expense Petition and the supporting materials filed therewith, and has heard the presentation made by Plaintiffs' Counsel during the final approval hearing, and due consideration having been had thereon,

NOW, THEREFORE, it is hereby ordered:

1. Plaintiffs' Counsel are awarded 18% of the Settlement Fund as attorneys' fees in this Litigation, together with interest at the same rate earned by the Settlement Fund, from the date of the establishment of the fund to the date of payment.

2. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion and sole discretion of Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions to the prosecution of the Litigation.

3. The expenses of Plaintiffs' Counsel shall be reimbursed out of the Settlement Fund in the amount of $287,741.79.

4. The expenses of Lead Plaintiffs shall be reimbursed out of the Settlement Fund in the amount of $4,786.86 to IPERS; $5,300 to PABF; $5,412.54 to Central States; and $5,000 to State-Boston.

5. Except as otherwise provided herein, the attorneys' fees and reimbursement of expenses shall be paid in the manner and procedure provided for in the Stipulation and Agreement of Settlement dated August 10, 2011.

6. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $90 million in cash, plus interest to be earned thereon; and Class members who file timely and valid claims will benefit from the Settlement created by Plaintiffs' Counsel;

(b) over 28,000 copies of the Notice were disseminated to putative class members indicating that at the November 18, 2011 hearing, Plaintiffs' Counsel intended to seek a fee of up to 21% of the Settlement Fund in attorneys' fees and reimbursement of their litigation

expenses in an amount not to exceed $350,000; and Lead Plaintiffs intended to seek reimbursement for their expenses in an aggregate amount not to exceed $25,000;

(c) the Summary Notice was published in *The Wall Street Journal* and over *PR Newswire* as required by the Court;

(d) no Class Member has filed any objection to Plaintiffs' Counsel's request for attorneys' fees and reimbursement of expenses, or to Lead Plaintiffs' request for reimbursement of expenses;

(e) Plaintiffs' Counsel have conducted this Litigation and achieved the Settlement;

(f) the prosecution of this Litigation involved complex factual and legal issues and was actively prosecuted since its filing and in the absence of the Settlement, would have continued to involve complex factual and legal questions;

(g) if Plaintiffs' Counsel had not achieved the Settlement, there was a risk of either a smaller or no recovery; and

(h) the amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund and the awards to Lead Plaintiffs are consistent with the awards in similar cases.

Dated 18 November, 2011

SO ORDERED:

HON. VICTOR MARRERO
UNITED STATES DISTRICT JUDGE

3